## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

### Motion to Set Aside Entry of Default

COMES NOW, Rajesh Patel, by and through counsel, filing this **Motion to Set Aside Entry of Default** for the grounds set forth in the attached **Memorandum of Law**.

Dated March 4, 2013:

Respectfully Submitted:

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
806 Meadowlane Dr.
Douglas, GA 31533
(404) 579-9668
bchintel1@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC           :
                              :
            Plaintiff,        :
                              :
v.                         :   Civil Action No.
                              :   2:12-cv-00262-WCO
RAJESH PATEL,           :
                              :
            Defendant.     :

## Memorandum of Law

COMES NOW, Rajesh Patel, by and through counsel, filing this Motion to Set Aside Entry of Default, showing the Court as follows:

## Case Summary

Defendant commenced this action on November 2, 2012, alleging claims of copyright infringement, civil conspiracy, and negligence regarding a movie titled "Popular Demand."  Doc. No. 1.  The docket reflects that Defendant's mother was served on February 4, 2013 and that Defendant did not respond within the time allowed.  Doc. No. 11.  The Clerk entered default on February 27, 2013.  There exists good cause to set aside the entry of default in this case.

2

## Argument and Citation to Authority

A Court may set aside an entry of default upon a showing of "good cause."
Fed. R. Civ. P. Rule 55(c).  In determining whether good cause exists, a court
should consider whether the defaulting party presents a "plausible" explanation for
the default and acts promptly to vacate it, whether they assert a meritorious
defense, and the extent to which the non-defaulting party would suffer prejudice if
the entry of default were set aside.  Turner Broad. Sys., Inc. v. Sanyo Elec., Inc.,
33 B.R. 996, 1001 (N.D. Ga. 1983) (Vining, J.).  However, there is no "talismanic
factor" and a Court should consider any additional circumstances that are relevant,
including but not limited to whether a public interest is implicated.  Compania
Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d
948, 951-52 (11th Cir. 1996).  Guiding the court's overall decision is the strong
policy of resolving cases on their merits.  Charlton L. Davis & Co., P.C. v. Fedder
Data Ctr., Inc., 556 F.2d 308, 309 (5th Cir. 1977) (stating that a default judgment
should only be used in "extreme situations").[1]  Therefore, any doubts should be
resolved in favor of the party seeking to set aside an entry of default.  Davis v.
Parkhill-Goodloe Co., 495 (5th Cir. 1962).  Overall, the good cause standard is
"less stringent" than the "excusable neglect" standard required to set aside a

---

[1] In Bonner v. Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) this Circuit adopted
as precedent all Fifth Circuit decisions existing prior to October 1, 1981.

3

default judgment.  Matter of Rogers, 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993)

(Drake, J.).  See also E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524,

527-28 (11th Cir. 1990) (excusable neglect is "more rigorous");

        In this case, there is good cause to set aside the entry of default considering

all of the relevant circumstances.

### Potential Fraud

        The document attached as Exhibit B of Plaintiff's Complaint (Assignment)

is potentially forged, which implicates a public interest that a party should not

obtain a judgment through fraud, misrepresentation, misconduct or fraud upon the

Court.  Compania at 951.  See generally Rozier v. Ford Motor Co., 573 F.2d 1332,

1339 (5th Cir. 1978) (discussing fraud as a basis for setting aside a judgment).

Litigation is currently pending in multiple jurisdictions involving the potentially

forged signature of Alan Cooper, who Plaintiff alleges signed the Assignment.

Attached as **Exhibit A** is a lawsuit filed on January 23, 2013 in the Minnesota

District Court, Fourth Judicial District: *Alan Cooper v. John Lawrence Steele,*

*Prenda Law Inc., AF Holdings, LLC, Ingenuity 13, LLC*; 27-cv-13-3463.  In this

case, Mr. Cooper alleges that he does not know anything about AF Holdings, LLC

and that his name is being used without his permission to falsely portray him as an

officer or director.

4

He has raised similar allegations in case pending in District Court for the Central District of California: *AF Holdings, LLC v. John Doe*; 2:12-cv-05709.  A true and correct copy of Mr. Cooper's declaration in that case is attached as **Exhibit B** (Doc. No. 13-1 in that case).  The declaration also includes a contract showing that Mr. Cooper was actually a caretaker of property owned by John Steele who, as discussed in the declaration of Brett Gibbs (see below), is one of the masterminds orchestrating a massive amount of lawsuits similar to the instant case.

In a third example, a consolidated case in the United States District Court for the Central District of California, *Ingenuity 13 LLC v. John Doe*; 2:12-cv-08333-ODW-JC, the Court recently issued a show cause order requiring the plaintiff to explain why it should be sanctioned for, *inter alia*, attempting to defraud the court by using a document with Alan Cooper's allegedly forged signature.  Doc. No. 49, page 9.  On March 1, 2013, counsel for Plaintiff in that case, Brett Gibbs, filed a declaration stating that he is merely local counsel following the marching orders of John Steel and Paul Hansmeier of Prenda Law, Inc.:[2] "Mr. Steele and Mr. Hansmeier were the attorneys who informed me that they communicated with Prenda's clients, oversaw the litigations on behalf of those clients, and provided me with instructions and guidelines, which I was informed, originated from the

---

[2] Who are apparently not licensed in California, which raises a host of ethical concerns in addition to Rule 11 issues.

clients.  I reported to Mr. Steele and Mr. Hansmeier."  Doc. No. 58, ¶ 5.  **Exhibit C**.  Gibbs also states that, "I am informed that Mark Lutz is the CEO of AF Holdings." ¶ 7.

These are just three examples of a pattern of abusive and potentially fraudulent lawsuits that have been filed across the country, all of which involve Prenda Law, Inc. and the potentially forged signature of Alan Cooper.  Attached as **Exhibit D** is a true and correct copy of all such cases pending in the Central District of California as of December 3, 2012.[3]   In this District, four virtually identical cases were recently filed, one of which has a motion for default judgment currently pending:

- AF Holdings, LLC v. Jackson; 5:12-cv-00429

- AF Holdings, LLC v. Boltong; 1:12-cv-03482

- AF Holdings, LLC v. Robinson; 1:12-cv-03542[4]

- AF Holdings, LLC v. Hilmo; 2:12-cv-00263

This case appears to be virtually identical to the other Prenda Law cases discussed above.   For one, the pleadings are essentially verbatim taking into account minor changes to the IP addresses and defendants named.  Also, Plaintiff's

---

[3] This list was produced by the plaintiff in response to a show cause order.
[4] Motion for default judgment pending.

counsel lists himself as "Of Counsel to Prenda Law Inc." on the filings in this case, and below his signature is the e-mail address of Brett Gibbs: blgibbs@wefightpiracy.com.[5]   Defendant argues that potential fraud in this case weighs in favor of finding that good cause exists to set aside the entry of default.

### Traditional Factors

In addition to potential fraud, Defendant argues that all four of traditional Compania factors weigh in favor of setting aside the entry of default:

### A.    Plausible Explanation for the Default

Defendant provides a "plausible" excuse for not responding to Plaintiff's Complaint in a timely manner.   In Compania at 951, the District Court gave the defendant several extensions of time to respond to discovery and to obtain counsel.   88 F.3d at 952.   When he failed to do so, the trial court entered a default judgment and the Eleventh Circuit affirmed, reasoning that "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful."   Id.   See also Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986) (affirming an entry of default due to a "repeated failure to

---

[5] Neither Prenda Law, Inc., Brett Gibbs nor John Steele are listed as interested persons pursuant to Local Rule 3.3.

produce documents"). <u>Compare</u> <u>Blois v. Friday</u>, 612 F.2d 938, 940 (5th Cir. 1980).

In <u>Blois</u>, a party's attorney "neglected" to provide the Court with an updated address, which resulted in in a default judgment being entered because the attorney did not receive a copy of a summary judgment motion. <u>Id</u> at 939. The trial court denied the defendant's motion to set aside the default but the Circuit Court reversed, holding that the trial court abused its discretion. <u>Id</u> at 939 ("we find such abuse in this case"). The Court reasoned that there was no evidence of any "willful misconduct or other extreme or unusual circumstances," and it concluded by stating that although it did not ". . . condone the neglect of plaintiff's counsel. The plaintiff, however, should not have to pay . . . for his attorney's minor mistake without clear proof of serious misconduct and prejudice. Neither exists in this case." <u>Id</u> at 940.[6]

The Defendant's actions here are more similar to those in <u>Blois</u> rather than the repeated and willful behavior condemned in <u>Compania</u> and <u>Solaroll</u>. Here, Defendant did not repeatedly refuse to comply with multiple orders or deadlines under the procedural rules. Rather, he inadvertently "neglected" to respond due to problems that arose at his work, two gas stations that support he

---

[6] It is important to note that the Court reached its decision under the "more rigorous" "excusable neglect" standard. <u>See</u> <u>E.E.O.C.</u> at 527-28.

and his mother.[7]  **Exhibit E, ¶¶ 3, 4, 5, 7**.  This situation was exacerbated by the fact did not actually receive the papers on the day that they were served.  **¶ 1**.

      While Defendant recognizes that *pro se* parties are not exempt from the Rules of Civil Procedure, Defendant's behavior was not repeated or in willful disregard of these proceedings.  <u>Compare</u> <u>United States v. Ruetz</u>, 334 F. App'x 294, 294 (11th Cir. 2009) (finding willfulness).  Defendant's behavior is essentially the same as the "neglect" in <u>Blois</u>, which the Court found to be an insufficient basis to refuse to set aside a default judgment.  This is relevant because as soon as Defendant found the paperwork again he filed this Motion within five days, **Exhibit E, ¶ 6**; therefore, this factor weighs in favor of setting aside the entry of default.

**B.**    **Whether Defendant Acted Promptly to Vacate the Default**

      Defendant acted promptly to set aside the entry of default by filing this Motion within five days of learning of the default.  In general, a defendant must seek to set aside an entry of default within a "reasonable" period of time.  <u>In re Tires & Terms of Columbus, Inc.</u>, 262 B.R. 885, 888 (Bankr. M.D. Ga. 2000) (Laney, J.).  <u>See</u> <u>e.g.</u> <u>Owenby v. Gardner</u>, 264 F. Supp. 424, 425 (N.D. Ga.

---

[7] Defendant's mother in fact lives with him (not the other way around).

1967) (Hooper, J.) (a delay of three days was reasonable); In Matter of Rogers, 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993) (Drake, J.) (a delay of three weeks was not *per se* unreasonable).  Compare E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 529 (11th Cir. 1990) (holding that a Court does not abuse its discretion when there has been a delay of four months); S.E.C. v. Johnson, 436 F. App'x 939, 945 (11th Cir. 2011) (221 days); Atlanta Gas Light Co. v. Semaphore Adver., Inc., 747 F. Supp. 715, 718 (S.D. Ga. 1990) (ten months) (Bowen, J.).

In this case, the clerk entered default on February 27, 2013 and Defendant sought to set aside the entry of default on March 4, 2013, a mere five days later.  Therefore, the time frame within which Defendant acted is much more similar to the three-day delay in Owenby, where the default was set aside, as opposed to the four-month delay in E.E.O.C, the 221-day delay in S.E.C. and the 9-10 month delay in Atlanta Gas where it was not.  Therefore, this factor weighs in favor of setting aside the entry of default.

## C.    Assertion of a Meritorious Defense

Defendant has asserted several meritorious defenses to Plaintiff's allegations.  General denials and conclusive statements are insufficient to establish a meritorious defense.  Turner Broad. Sys., Inc. v. Sanyo Elec., Inc.,

33 B.R. 996, 1002 (N.D. Ga. 1983) <u>aff'd sub nom.</u> <u>Turner Broad. v. Rubin</u>, 742

F.2d 1465 (11th Cir. 1984). However, mere allegations of a defense plus a brief

factual underpinnings is not so unsubstantial as to preclude, by themselves, the

setting aside of a default.  <u>Rasmussen v. W.E. Hutton & Co.</u>, 68 F.R.D. 231,

234 (N.D. Ga. 1975) (Hill, J.) ("some courts do not require elaboration on the

facts underlying a meritorious defense").  <u>See</u> <u>e.g.</u>  <u>See</u> <u>Turner v. Salvatierra</u>,

580 F.2d 199, 201 (5th Cir. 1978) (denying that privity of contract exists is

sufficient); <u>Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.</u>, 556 F.2d

308, 309 (5th Cir. 1977) (asserting that a party is not a successor in interest is

sufficient); <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979)

(filing an affidavit stating that a party did not write an infringing letter is

sufficient)[8]

### 1.    Copyright Infringement and Civil Conspiracy (Counts 1-4)

Defendant successfully alleges a meritorious with respect to Plaintiff's

allegations of copyright infringement and civil conspiracy.  Similar to <u>Freeman</u>,

Defendant has filed with this Motion a sworn statement that he did not

download the copyrighted work in question: Popular Demand.  <u>See</u> **Exhibit E,**

**¶ 9**.  Defendant also states under oath that he operates a gas stating, that his

---

[8] It is worth nothing that these examples involve the excusable neglect standard.

customers use the wireless Internet, and that he does not if anyone downloaded Popular Demand before he implemented a password.  ¶¶ **10, 11, 12**.  These factual allegations are not simply a "bald assertion" of a valid defense. Freeman at fn. 4.  Rather, they are factual statements contained in a sworn statement denying any knowledge or involvement in the alleged copyright infringement or conspiracy.[9]

### 2.    Negligence (Count 5)

Defendant has a meritorious defense to Plaintiff's negligence claim.  In paragraph 62 of Plaintiff's Complaint, it alleges that "Defendant had a duty to secure his Internet connection.  Defendant breached that duty by failing to secure his Internet connection."  Defendant contends that no such duty exists in Georgia.  See generally  Thomas v. Home Depot, U.S.A., Inc., 284 Ga. App. 699 (2007) (no duty to protect customers from protruding wire tips that another customer caused, even though there had been 23 other incidents at various stores).  Although the Eleventh Circuit has not directly addressed the specific question of whether a duty exists to secure one's wireless Internet, a growing number of jurisdictions have held that a duty does not exist.  See e.g. *AF Holdings, LLC v. John Doe and Josh Hatfield*; 4:12-cv-02049 (N.D.Cal. –

---

[9] Defendant will contend that a claim for civil conspiracy to commit copyright infringement is preempted by the Copyright Act.

Order dated September 4, 2012); *AF Holdings, LLC v. Chris Rogers*; 3:12-cv-01519 (S.D.Cal. – Order dated January 29, 2013).

And even if a duty does exist, Courts have almost uniformly held that a negligence claim involving copyright infringement is preempted by the Copyright Act.  See e.g. Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc., 713 F.Supp.2d 215 (S.D.N.Y. 2010); Dielsi v. Falk, 916 F.Supp. 985 (C.D.Cal. 1996); Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, affirmed in part, dismissed in part 90 Fed.Appx 496, 2003 WL 23095763, amended on denial of rehearing; Motown Record Corp. v. Georga A. Hormel & Co., 657 F.Supp. 1236 (C.D.Cal. 1987).  It appears that the Eleventh Circuit has not yet this specific issue either, but Defendant contends that the Copyright Act would preempt such a claim.  Cf. Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1297 (11th Cir. 2004) (a claim for conversion of an idea is not preempted because ideas are categorically excluded from copyright protection).

Even if a duty exists and a negligence claim is not preempted (which Defendant does not concede), Defendant alleges sufficient "factual underpinnings" so as to support setting aside the entry of default.  Defendant states under oath that he received a letter notifying him of potential infringement and that he subsequently created a password to the wireless

13

Internet that only his customers could use. **Exhibit D, ¶¶ 11-12**. Defendant states that he does not know whether someone using the Internet connection at his gas station downloaded "Popular Demand, **¶ 10**, but that he subsequently secured his Internet with a password that he only gave to customers. **¶ 12**.

Overall, it is premature to decide whether a negligence claim exists when there has not been an opportunity for a factual investigation of this case nor a briefing on the substantive legal issues. A determination of whether a duty exists and/or is preempted by the Copyright Act is better determined at the motion to dismiss or summary judgment stage.[10] Because Defendant has asserted one or more meritorious defenses in this case, this factor weighs in favor of setting aside the entry of default.

**D.      Prejudice to Plaintiff**

Plaintiff would not suffer prejudice due to the extremely short delay between the Clerk's entry of default and the filing of this Motion. A slight delay results in slight prejudice. United States v. Varmado, 342 F. App'x 437, 441 (11th Cir. 2009) (concluding that a delay of seven days is "slight"). See also E. F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972)

---

[10] Another important issue is whether the intervening acts of a third party negate proximate cause in these types of cases. See generally Bethany Group, LLC v. Grobman, 315 Ga. App. 298 (2012).

14

(vacating an entry of default so that the trial court could determine whether a five-month delay was "dilatory or contumacious").  Cf. Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006) (holding that prejudice only exists if the delay caused a loss of evidence, increased opportunities for fraud or discovery difficulties).

In this case, any prejudice is slight because Defendant filed this Motion a mere five days after the Clerk's entry of default; therefore, this factor weighs in favor of setting aside the entry of default.

## Conclusion

All of the factors that courts traditionally consider weigh in favor of setting aside the clerk's entry of default.  Moreover, this case involves potentially fraudulent behavior, which further supports setting aside the entry of default.

Requested relief:

(a) Defendant requests that the Court set aside the clerk's entry of default and allow fourteen (14) days within which to respond to Plaintiff's Complaint; and

(b) Any other relief that the Court deems appropriate.

15

Respectfully submitted March 4, 2013:


**BLAIR CHINTELLA**

806 Meadowlane Dr.
Douglas, GA 31533                      _____/s/ Blair Chintella_____
404-579-9668                           Blair Chintella
No Fax Number                          Georgia Bar No. 510109
bchintel1@gmail.com                    Attorney for Defendant

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC                          :
                                          :
                    Plaintiff,            :
                                          :
v.                                        :   Civil Action No.
                                          :   2:12-cv-00262-WCO
RAJESH PATEL,                             :
                                          :
                    Defendant.            :

### <u>Local Rule 7.1(D) Certification</u>

I hereby certify that Defendant's **Motion to Set Aside Entry of Default** and

accompanying **Memorandum of Law** comply with LR 5.1B.


Dated March 4, 2013:


                                        Respectfully Submitted:


                                        _____/s/ Blair Chintella_____
                                        Blair Chintella
                                        GA Bar No. 510109
                                        806 Meadowlane Dr.
                                        Douglas, GA 31533
                                        (404) 579-9668
                                        bchintel1@gmail.com

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC         :
:
       Plaintiff,         :
:
v.                    :     Civil Action No.
:     2:12-cv-00262-WCO
RAJESH PATEL,       :
:
       Defendant.     :

### Certificate of Service

I hereby certify that on March 4, 2013, I filed the **Motion to Set Aside**

**Entry of Default** and accompanying **Memorandum of Law** with the Clerk of

Court using the CM/ECF system which will automatically send e-mail notification

to the following attorney(s) of record:

**Jacques Nazaire**

Dated March 4, 2013:

Respectfully Submitted:

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
806 Meadowlane Dr.
Douglas, GA 31533
(404) 579-9668
bchintel1@gmail.com

18