# Exhibit G

```
 1              UNITED STATES DISTRICT COURT

 2      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3               HONORABLE OTIS D. WRIGHT

 4          UNITED STATES DISTRICT JUDGE PRESIDING

 5                       - - -

 6
     Ingenuity 13 LLC,                )
 7                    PLAINTIFF,      )
                                      )
 8   VS.                              )  NO. CV 12-8333 ODW
                                      )
 9   John Doe, et al.,                )
                       DEFENDANT,     )
10   _____)

11

12

13          REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                LOS ANGELES, CALIFORNIA

15                TUESDAY, APRIL 2, 2013

16

17

18          _____

19             KATIE E. THIBODEAUX, CSR 9858
               U.S. Official Court Reporter
20             312 North Spring Street, #436
               Los Angeles, California 90012
21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1  APPEARANCES OF COUNSEL:

 2

 3  FOR RESPONDENT GIBBS:

 4       WAXLER CARNER BRODSKY LLP
         BY:  ANDREW J. WAXLER
 5       -and- BARRY BRODSKY
         1960 E. Grand Avenue
 6       Suite 1210
         El Segundo, CA  90245
 7

 8

 9  FOR DEFENDANT:

10       THE PIETZ LAW FIRM
         BY:  MORGAN E. PIETZ
11       3770 Highland Avenue
         Suite 206
12       Manhattan Beach, CA  90266

13       -and-

14       NICHOLAS RANALLO LAW OFFICES
         BY:  NICHOLAS R. RANALLO
15       371 Dogwood Way
         Boulder Creek, CA  95006
16

17

18  FOR RESPONDENTS DUFFY, VAN DEN HEMEL & PRENDA LAW:

19       KLINEDINST LAW OFFICES
         BY:  HEATHER ROSING
20       -and- PHILIP W. VINEYARD III
         -and- DAVID M. MAJCHRZAK
21       501 W. Broadway
         Suite 600
22       San Diego, CA  92101

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   APPEARANCES:  (Cont'd)

 2


 3   FOR RESPONDENT HANSMEIER:

 4        BAKER, KEENER & NAHRA LLP
          BY:  PHILLIP A. BAKER
 5        -and- DANIEL PATRICK LEONARD
          633 West Fifth Street
 6        Fifty-fourth Floor
          Los Angeles, CA  90071
 7

 8   FOR RESPONDENT STEELE:

 9        MURPHY, PEARSON, BRADLEY & FEENEY
          BY:  THOMAS P. MAZZUCCO
10        -and- TIMOTHY J. HALLORAN
          88 Kearny Street
11        Tenth Floor
          San Francisco, CA  94108
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1           LOS ANGELES, CALIFORNIA; TUESDAY, APRIL 2, 2013
 2                             10:00 A.M.
 3                             - - - - -
 4
 5
 6        THE CLERK:  Calling Item No. 1,  CR 12-8333, ODW,
 7   Ingenuity 13, LLC, versus John Doe, et al.
 8           Counsel, please state your appearances.
 9        MR. PIETZ:  Morgan Pietz, P-I-E-T-Z, for the
10   putative John Doe defendant in 12-CV-8333.
11        MR. RANALLO:  And Nicholas Ranallo for the same
12   Doe.
13        THE COURT:  Morning, counsel.
14        MR. WAXLER:  Andrew Waxler and Barry Brodsky, both
15   for Brett Gibbs who is here today.
16        THE COURT:  By the way, thank you for your
17   submittal with respect to your efforts to effect service.
18   Thank you.
19        MR. BAKER:  Phil Baker and Dan Leonard specially
20   appearing for Paul Hansmeier.
21        MR. LEONARD:  Morning, your Honor.
22        MR. BAKER:  And he is present today.
23        THE COURT:  Where?
24        MR. BAKER:  Mr. Hansmeier, will you stand up.
25        THE COURT:  Front row.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          MR. HALLORAN:  Morning your Honor.  My name is Tim
 2   Halloran, Thomas Mazzacco on behalf of John Steele who is
 3   also present.
 4          THE COURT:  Mr. Steele.
 5          MR. STEELE:  Yes.
 6          MS. ROSING:  Morning, your Honor.  Heather Rosing
 7   with Klinedinst PC with my colleagues Phil Vineyard and
 8   Dave Majchrzak appearing on behalf of Paul Duffy, Angela
 9   Van Den Hemel and Prenda Law, and Mr. Duffy and
10   Ms. Van Den Hemel are in the audience today.
11          THE COURT:  Thank you.
12              Is that it?
13          MR. BAKER:  Your Honor?
14          THE COURT:  Yes.
15          MR. BAKER:  There are other individuals pursuant
16   to your order here.  They are not represented.
17          THE COURT:  Mark Lutz?
18          MR. BAKER:  Yes, he is present.
19          MR. LUTZ:  Yes.
20          THE COURT:  Mr. Lutz, welcome, sir.  Did Alan --
21   well, do we have an Alan Cooper?  Any Alan Cooper?
22        (No response.)
23          THE COURT:  All right.  Peter Hansmeier?
24          MR. HANSMEIER:  Yes, your Honor.
25          THE COURT:  Good morning, sir.
```

1    MR. HANSMEIER:  Morning.
2    THE COURT:  Any representatives of any other
3  representatives of Prenda Law, Livewire Holdings, AF
4  Holdings other than Mr. Lutz, Ingenuity 13 other than
5  Mr. Lutz and 6881 Forensics, LLC.
6    MS. ROSING:  Mr. Duffy is appearing on behalf of
7  Prenda Law, your Honor.
8    THE COURT:  All right.  Here is my interest, and
9  we can proceed in any way that seems to make sense.  I am
10 pleasantly surprised that we have everyone here.
11 Otherwise, I was going to be forced to draw reasonable
12 inferences from the facts as I know them.
13   It should be clear by now that this court's
14 focus has now shifted dramatically from the area of
15 protecting intellectual property rights to attorney
16 misconduct such misconduct which I think brings discredit
17 to the profession.  That is much more of a concern now to
18 this court than what this litigation initially was about.
19   Mr. Steele -- well, let me do it this way.  I
20 have questions of Mr. Steele.  Mr. Steele can choose to
21 answer those questions or not.  The same applies for
22 Mr. Duffy and Mr. Hansmeier.
23   Now, as the attorneys, how do you all propose
24 we proceed?
25   MR. BAKER:  May I take the podium, your Honor?

1      THE COURT: Well, actually, we don't have one, but
2 we do have a lectern and you are free to use it.
3      MR. MAZZUCCO: Thomas Mazzucco on behalf of
4 Mr. Steele.
5           Your Honor, in light of some of the
6 information that was in the transcript of March 11th,
7 2013 in this courtroom and some of the concerns that this
8 court has mentioned, at this point in time, if Mr. Steele
9 is called to testify, he is going to exercise his Fifth
10 Amendment privilege against forced testimony.
11           And we state for two reasons, one, there were
12 serious allegations made by the court and others of not
13 just attorney misconduct but the word fraud was used
14 several times in the transcript.
15      THE COURT: Should have been.
16      MR. MAZZUCCO: The next step is there is also an
17 issue involving attorney-client privilege. If Mr. Steele
18 was to testify, that privilege belongs to the client.
19      THE COURT: Which client might that be?
20      MR. MAZZUCCO: That would be several of his
21 clients. Mr. Halloran is going to handle that part of
22 the argument, but that is a two pronged argument, your
23 Honor.
24      THE COURT: Are you talking about AF Holdings,
25 Ingenuity 13, those clients?

1          MR. MAZZUCCO:  Yes.
2          THE COURT:  And you think there is a difference
3   between those clients and Mr. Steele?
4          MR. MAZZUCCO:  I think there is, your Honor, yes.
5          THE COURT:  From what I know about this case,
6   there is no difference at all, but that is why I am glad
7   Mr. Steele is here.  Maybe he can clarify some of those
8   things, but if you say answering those kinds of questions
9   would incriminate him, I'll take you at your word.
10         MR. MAZZUCCO:  No, your Honor.  I'm not saying
11  they are going to incriminate him.  I said it is his
12  Fifth Amendment privilege against forced testimony.
13  There was language on the record from March 11th where
14  this court made some accusatory statements about fraud
15  upon the court, things that were in the transcript.
16         THE COURT:  Yes.
17         MR. MAZZUCCO:  You leave my client with no
18  alternative but.
19         THE COURT:  To rebut those statements.
20         MR. MAZZUCCO:  He can rebut those statements in
21  the proper venue, your Honor.  This is an order to show
22  cause in front of this court.
23         THE COURT:  Let's cut to the chase.  I am really
24  not interested in -- I want to know if some of my
25  conjecture is accurate.  The only way I can find out is

1   to have the principles here and answer those questions.
2          Now, if you say he will not answer those
3   questions, then I will draw whatever inferences I think
4   are reasonable from the facts as I know them.  This is an
5   opportunity for him to protect himself, to defend and
6   protect himself.  It is up to him.  So you are saying he
7   doesn't want to answer any questions, fine.  I am not
8   going to go through the charade of asking the questions
9   and have him assert the Fifth.
10         MR. MAZZUCCO:  Your Honor, he is not going to
11  respond to your questions.
12         THE COURT:  All right.  Fine.
13         What about Mr. Hansmeier?  What is his
14  position, the same?
15         MR. BAKER:  The exact same, your Honor.
16         THE COURT:  All right.  You may be seated.
17         Mr. Duffy.
18         MS. ROSING:  Your Honor, Mr. Duffy and
19  Ms. Van Den Hemel will also be taking the fifth
20  amendment.  Though, in response to your desire for
21  additional information, I do have approximately 25
22  minutes of argument, and I do have some exhibits that are
23  judicially noticeable.
24         THE COURT:  On what?  Relevant to what?
25         MS. ROSING:  To the seven issues pending before

1  this court.
2          THE COURT:  Give me the Cliff Note version.  Just
3  give me a summary, what it is that you would like to --
4          MS. ROSING:  Well, your Honor, what I would like
5  to argue because my clients are entitled to a reasonable
6  opportunity to be heard, we weren't allowed --
7          THE COURT:  Excuse me.  They are giving up that
8  right to be heard.  Now, what have you got to say that is
9  under oath?
10         MS. ROSING:  Well, your Honor, my arguments are
11 legal arguments.
12         THE COURT:  I know.  I am looking for facts.  I
13 really am.  I am not a looking for legal arguments.
14         MS. ROSING:  Well, your Honor --
15         THE COURT:  Can you tell me, for example, who
16 directs the litigation here in California?  Who makes the
17 decision as to whether or not cases are dismissed or
18 settled for how much money?  Can you tell me that?
19         MS. ROSING:  Your Honor, I can't testify.
20         THE COURT:  "Yes" or "no", please.  Because we
21 need to move through this.  Can you tell me that?
22         MS. ROSING:  I personally cannot tell you that,
23 your Honor.
24         THE COURT:  All right.  Do you know whether or not
25 there is another Alan Cooper other than the one that was

```
 1  here at the last hearing?
 2          MS. ROSING:  I am not aware of another Alan
 3  Cooper, your Honor.
 4          THE COURT:  All right.  Good.
 5              What happens to the settlement money?
 6          MS. ROSING:  Your Honor, obviously, I represent
 7  Mr. Duffy and Ms. Van Den Hemel.  I don't have personal
 8  knowledge of any of this.
 9          THE COURT:  Why weren't notices of related cases
10  filed?  Who made the decision to hide from the court the
11  fact that all of these cases were related.
12          MS. ROSING:  I do have a judicially noticeable
13  document on that, your Honor, where the Northern District
14  declined to relate the cases.
15          THE COURT:  That is a different thing.  That is
16  consolidating them.
17          MS. ROSING:  It is actually an order declining to
18  relate them.
19          THE COURT:  Same plaintiff, same film, same causes
20  of action, and they are not related?  Excuse me?
21              Okay.  Tell me this.  Who made the decision
22  not to disclose to the court the fact that the law firms
23  have a financial interest in the outcome of this
24  litigation?
25          MS. ROSING:  Your Honor, there is no evidence
```

1  before this court at all that the law firm or any, well,
2  certainly, my clients, Paul Duffy or Angela Van Den
3  Hemel, have any financial interest in the outcome of this
4  litigation.
5          THE COURT:  Excuse me.  Did you read Hansmeier's
6  deposition?
7          MS. ROSING:  Yes, I did, your Honor.
8          THE COURT:  And then you make the statement you
9  just made?
10         MS. ROSING:  Your Honor, there is no evidence that
11 Mr. Duffy or Ms. Van Den Hemel who is a W2 paralegal at
12 Prenda Law --
13         THE COURT:  I understand that.
14         MS. ROSING:  And I would be happy --
15         THE COURT:  Wait a minute.  The money goes to
16 Prenda Law's trust account; right?
17         MS. ROSING:  Your Honor, I have no personal
18 knowledge, and I can't testify.  But I do have an
19 argument I would like to present to your Honor.
20         THE COURT:  Relative to what?  To anything I just
21 asked?
22         MS. ROSING:  Well, your Honor, it is a legal
23 argument with some objections and some judicially
24 noticeable documents.
25         THE COURT:  Relative to what?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          MS. ROSING:  Well, the seven issues before the
 2   court, the Alan Cooper issue, the discovery order issue,
 3   the Wagar investigation, the Denton investigation, Form
 4   CV30, the relationships, and March 11, the things that
 5   are noticed in this court's OSC.
 6          But, your Honor, we would be happy to submit
 7   this in a brief if that would be more --
 8          THE COURT:  Good.  Do that.  Thank you.
 9          We are done.
10       (Proceedings concluded.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1        CERTIFICATE

2

3

4  I hereby certify that pursuant to Section 753, Title 28,

5  United States Code, the foregoing is a true and correct

6  transcript of the stenographically reported proceedings held

7  in the above-entitled matter and that the transcript page

8  format is in conformance with the regulations of the

9  Judicial Conference of the United States.

10  Date:  April 5, 2013

11

12   /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25