# Exhibit K



# THE FLORIDA BAR

444 BRICKELL AVENUE
RIVERGATE PLAZE, SUITE M-100
MIAMI, FL 33131-2404

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

(305) 377-4445
WWW.FLORIDABAR.ORG

February 3, 2012

RECEIVED FEB 06 2012

Graham W Syfert, Esq
1529 Margaret St, Unit 2
Jacksonville, FL 32204

Re: **Unlicensed Practice of Law Investigation of John L Steele**
   **The Florida Bar File No. 2012-04047(11B)**

Dear Mr. Syfert:

Enclosed please find a copy of a response dated January 26, 2012, from Mr. Steele's Attorney, David Raben, Esq., in this matter. If you wish to forward a reply regarding his response, please do so on or before **February 17, 2012**.

Thank you.

Very truly yours,

*Jacquelyn P. Needelman*

JACQUELYN PLASNER NEEDELMAN
Bar Counsel
Unlicensed Practice of Law Department - Miami

JPN:ah

Enclosure

# RTR

## ROBBINS TUNKEY ROSS
## AMSEL RABEN & WAXMAN

LAWYER'S PLAZA
2250 SW 3 AVENUE
4TH FLOOR
MIAMI, FLORIDA 33129

WWW.CRIMLAWFIRM.COM

TOLL FREE: 800-226-9550
DADE: 305-858-9550
BROWARD: 954-522-6244
FAX: 305-858-7491

January 26, 2012

**VIA EMAIL: jneedelman@flabar.org**
and U.S. Mail
Jacquelyn Needelman, Bar Counsel
Unlicensed Practice of Law Department, Miami
The Florida Bar
444 Brickell Avenue, Suite M-100
Miami, Florida 33131

RECEIVED
JAN 27 2012
THE FLORIDA BAR
MIAMI-UPL DEPARTMENT

### RE: *Florida Bar v. John Steele*

RECEIVED FEB 0 6 2012

The Complainant is identified as Graham Syfert, an attorney in Jacksonville, Florida. Not coincidentally, Mr. Syfert is the same complainant in Florida Bar #2012-403511(B). In the prior complaint, Mr. Syfert alleged Mr. Steele was engaged in the unauthorized practice of law (UPL) in Florida. The Bar and Mr. Steele entered into a Cease and Desist stipulation in which Mr. Steele acknowledged the elements constituting UPL and pertinent case law, and agreed to abide by the law.

Simultaneously with the settlement, Mr. Syfert has filed a new complaint alleging a violation of "(2)(b) of the UPL rules" pursuant to *Florida Bar v. Savitt*, 363 So. 2d 559 (1978). This provision provides:

(2) Pursuant to the foregoing provisions of this order, the above named firm and its members, associates and employees properly may conduct the following activities, which shall not constitute the unauthorized practice of law:

(b) Communicate with clients and others (including attorneys) provided it is initially and immediately

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 2

> confirmed in writing and at all times made clear to such clients and others, in a manner which avoids confusion, that the person (if not a member of the Florida Bar) so communicating is not a member of the Florida Bar and that such communication (if it deals with Florida law) this made either in the presence of, or with the written approval of, a member of the Florida Bar who assumes professional responsibility for any such communication and retains the direct relationship with the client.

While not completely clear, it appears Mr. Syfert contends Mr. Steele "communicated with me" and impersonated a member of the Florida Bar. These allegations will be completely refuted by affidavits and exhibits.

## THE COMPLAINANT

The Florida Bar should be mindful of the background and potential bias of the complainant, Graham Syfert. The materials submitted by Mr. Syfert were ostensibly accumulated in December of 2011. His second formal complaint against Mr. Steele was filed around the same time the first complaint was resolved. Mr. Syfert is no stranger to Mr. Steele.

The predecessor complaint involved the law firm of Steele Hansmeier ("SH") and litigation involving piracy of copyrighted films that have been illegally downloaded. The "SH" firm had filed numerous federal lawsuits intended to identify and sanction individuals engaged in the unlawful downloading of movies that are copyrighted. Attached and incorporated by reference hereto are excerpts from Mr. Syfert's law firm web pages. (Exhibit A). His website makes clear he is actively engaged in the representation of individuals involved in the very same activity Steele Hansmeier sought to prosecute. In addition to actively seeking clients in this representation niche, Mr. Syfert sells self-help kits and forms seeking to generate additional revenue from clients who may not be sufficiently funded to retain his

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 3

services.

## THE COMPLAINT

**The Alleged Impersonation of Balzebre by Steele.**

Mr. Syfert initially maintains "Steele impersonated a Florida attorney by using an email account purported to belong to Robert Balzebre, Florida Bar number 979694." Mr. Syfert maintains this occurred on December 7th, 2011 and notes Mr. Balzebre, a licensed Florida attorney, was employed by Steele Hansmeier according to the Florida Bar's own records. Mr. Syfert also points out Steele Hansmeier was purchased by Prenda Law. Prenda Law is headed by Paul Duffy and Florida attorney Joseph Perea (Bar number 47782).

Syfert attaches as "Exhibit A" an email string with "rpbalzebre@wefightpiracy.com". Wefightpiracy.com is the former website of Steele Hansmeier and current website of Prenda Law. Mr. Syfert, who is actively engaged in the representation of individuals prosecuted by Steele Hansmeier/Prenda, threatened Bar complaints, accused Balzebre of felonious activity, and sought to record their conversation. This course of conduct was a direct result of *Syfert representing a client that had received a demand letter from the Prenda law firm*. Rule of Professional Conduct 4-3-4(g) prohibits "threatening to present criminal charges solely to obtain an advantage in a civil matter." Mr. Syfert admits calling on behalf of a client and raising the scepter of felonious activity. Even Syfert acknowledges:

> "I humbly admit that the only threat involved in the email chain was my own threat of a Bar Complaint and I omitted that fact."

Mr. Syfert acknowledges his own unethical gamesmanship. His moral justification of chasing the piracy prosecutors rings hollow when it is done within the context of representing a client in a pending matter against Prenda. The Bar would be well advised to investigate this notorious admission by Syfert.

ROBBINS, TUNKEY, ROSS, AMSEL, RABEN & WAXMAN

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 4

 Moreover, Mr. Balzebre has provided an affidavit regarding his recollection of the brief interaction he had with Syfert. It is not surprising Balzebre would have a clear recollection of their conversation when one considers how infrequently a caller asks to record a phone conversation. Notably, Balzebre writes as a *former employee* of Steele Hansmeier so any allegation of bias to defend his employer would seemingly be substantially diminished. Mr. Balzebre recounts the brief conversation regarding Syfert's request to tape their conversation and affirms all emails contained in "Exhibit A" of the Syfert Complaint were in fact authored by Balzebre as a member of the Bar.

## THE HYPERLINK CONNECTION

 Mr. Syfert concludes there is a hyperlink connection between "rpbalzebre@wefightpiracy.com" and "jlsteele@wefightpiracy.com" as evidenced by his "Exhibit B". The "jlsteele" email address is the address formerly used by John Steele prior to the sale of the Steele Hansmeier law firm to Prenda. Mr. Syfert engages in a number of intriguing possibilities but admits "web conjecture is somewhat unreliable." Notwithstanding, he spent several paragraphs speeding down that unreliable path proving absolutely nothing of consequence.

 This is not a mystery and can be easily explained. Nearly every law firm uses a form of email signature block. Such signature blocks typically contain contact information and standard disclosures and disclaimers. One contact information item that is regularly included in signature blocks is a persons email address. When an email address is included in a signature block, an email program automatically assigns "meta" information to the text of the email address.

 To use an example, the email address "admin@lawfirm.com" is automatically assigned the following "meta" information: mailto:admin@lawfirm.com. If an individual clicks on admin@lawfirm.com their computer will automatically open up an email client (i.e., Microsoft Outlook) using the "meta" information to auto fill the email's recipient field with "admin@lawfirm.com."

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 5

If one changes the text of an email address, this change doe *not* also alter the "meta" information. For example, one could change admin@lawfirm.com to support@lawfirm.com but unless the person also remembered to change the "meta" information, anyone clicking on the latter email address will continue to see "admin@lawfirm.com" in the recipient field. Mr. Steele was the first email address at wefightpiracy.com. The creation of subsequent email addresses would typically include the "cut and paste" from the lengthy disclaimer and disclosure created originally for the "jlsteele" email and subsequently utilized by all others.

Mr. Syfert claims that when he viewed the "meta" information associated with the email address in Mr. Balzebre's signature block, that he saw "mailto:jlsteele@wefightpiracy.com. The obvious explanation for this that Mr. Balzebre used the firm's form of signature block, but forgot to change the meta information associated with the signature block. This is hardly an uncommon or unusual occurrence, as many people are unaware that they need to change "meta" information.

## EXHIBIT D

Mr. Syfert provides an email from "Informant 99@gmail.com" to "jlsteele@wefightpiracy.com" dated December 5th, 2011. The "Informant" asks "Mr. Steele" to provide a correct address and makes reference to a federal case previously filed. Mr. Steele responds, thanking "informant" for pointing out an error. Notably, there is no discussion relating to any legal matter, only the correction of an address on pleadings previously filed. Since selling the Steele Hansmeier law firm to Prenda, the "jlsteele" email has been maintained to ensure continuity. As evidenced by "Exhibit D," there are numerous pleadings that contain the "jlsteele" email as the primary contact for the former Steele Hansmeier and now Prenda Law Firm. Mr. Steele is obliged to review all emails received at his former "jlsteele" address to ensure everything pertinent to Prenda is properly forwarded. Since the email provided in "Exhibit D" was not seeking any specific legal advice, Steele responded, noting the address error.

Florida Bar v. John Steele
Response to Complaint
January 26, 2012
Page 6

## THE AFFIDAVIT OF MARK LUTZ

We have also provided for the Bar's consideration the affidavit of Paralegal Mark Lutz (Exhibit C), reflecting another phone call made by Mr. Syfert to the Prenda firm on behalf of a civil client. This sworn statement from Mr. Lutz eerily echoes the prior exchange between Syfert and Balzebre. Syfert acknowledged he made threats to Balzebre regarding Bar complaints and "felonious" behavior. This affidavit brings into clear focus Mr. Syfert's actual motivation to obtain civil leverage on behalf of his clientele.

As previously indicated, the Prenda law firm has purchased Steele Hansmeier and now operates out of the Lincoln Road address. The Prenda law firm is composed of Attorney Joe Perea and Paralegal Mark Lutz. Mr. Steele is actually a client of Prenda. Steele maintains an ownership interest in several of Prenda's larger clients. His presence at Prenda would be solely in the capacity of a client.

I would be happy to meet with you in person to explain or clarify any of the information provided. I look forward to hearing from you.

Sincerely,

DAVID RABEN

DR/lp



Home | Map and Location | Practice Areas ▽ | Current Clients ▽ | Contact Info ▽ | Syfert.com

*Click to see my availability or schedule a meeting with me.*

...closure Defense
...inal Lawyer

## Graham Syfert, Jacksonville Defense Attorney

## Syfert.com - Home of Graham W. Syfert, Esq., P.A.

*"I write every one of my websites in notepad, and th[is] I guess, is proof."*



*

This is the homepage of Graham W. Syfert, a Jacksonville attorney practicing in the areas of Criminal Defense and Foreclosure Defense. This is a personal webpage and will contain examples of the cases and issues which have shaped me, and the stories that surround them. It sounds boring, but I might have a sense of humor in one of these stories.

**The latest news:**

Sunday, August, 14th, 2011

As some of you may have read, or heard, I gained some notoriety for my sale of Self-Help defense forms which I previously offered. I believe the good use of putting the forms up for sale has run its course, and I am now urging everyone to download these forms and take them to a local attorney. I have offered the forms for free at http://www.syfert.com/ Click on the Download for free link, and when you close Payloadz, you will find yourself at a directory listing which contains Form v1.2 and Comments to Form 1.2. Payloadz is only now for those who wish to donate .99 cents or $19.95. The comments and the forms are now free to the general public.

I have released these forms for free due to the actions of the Plaintiff's attorney's, the so called "Copyright Trolls", which now are representing the shameless industry of pornography, in an effort to coerce innocent people to pay settlements.

They use coercion and extortion, threatening to out homosexuals, to ruin marriages, and the weirder the pornography, the better for their purposes.

Those who believe in the free flow of information guaranteed by the first amendment, made available by the use of the internet understand that anonymity in freedom of speech is as important as the Bill of Rights.

These methods of coercion, threatening to out homosexuals, threatening families, and putting people in a position to not want to help through the free flow of information and the uninhibited flow of packets. These actions have harmed our telecommunication industry by causing unnecessary and untold costs associated with the diligent research of each IP address requested by a Plaintiffs attorney. These actions have harmed too many innocent citizens, and are making a mockery of the rules regarding Fundamental Fairness and Jurisdiction. These actions have harmed small businesses by causing them to incur fees and costs associated with defending these actions. Providers of free wifi find themselves subject to a subpoena and a demand letter, coercing settlement.

In a perfect world, everyone would have open and publically available WiFi hotspots and these would be encouraged. Everyone would distribute files through Tor. This model of open communication, which has been greatly protected by organizations like the Electronic Frontier Foundation is fundamental to America.

Also fundamental, is the right to be proven innocent in court, and to not be held accountable for things that were not your responsibility. If someone else committed the infringement, **you need to contact an attorney.** No attorney should honestly believe, and no judge should find that creating access to one's own chattel property, and onto the internet, is an act of negligence. It should be solely governed by the contract between the consumer and the internet service provider, and even then, restrictions on access should be severely limited so as not to disrupt the normal flow of information **from all computers, to all computers**. It is the right of the consumer, when not limited by these contracts, to share access how the consumer sees fit. Providers of true internet access, be they public, or private entities, should be allowed to grant access how they see fit.

I would like thank all of the Federal judges who ruled favorably against these massacre lawsuits, and now, too many people are simply sending letters in their defense. Everyone contemplating sending a letter to the court, contact an attorney in your state.

**Lightspeed Media Corp. v. John Does 1-160, State Case No. 2011-034345-0000-01 / Local Case No. 2011-34345-CA-01
Pink Lotus Entertainment, LLC., Boy Racer, Inc., AF Holdings, LLC, Axel Braun Productions, Baseprotect UG, Ltd., CP Productions, Inc., Camelot Distribution Group, Inc., Digital Sin, Inc., Discount Video Center, Inc.,**

Evasive Angles Entertainment, Inc., Evasive Angles, Inc., First Time Videos, LLC, Future Blue Inc., Hard Drive Productions, Inc., IO Group, Inc., Imperial Enterprises, Inc., K-Beech, Inc., MCGIP LLC, Maverick Entertainment Group Inc, Media Products, Inc., Millenium TGA, Inc., New Sensations, Inc., Nu Image, Inc., Pacific Century International Limited, Patrick Collins, Inc., Raw Films, Inc., SBO Pictures, Inc., Third Degree Films, Inc., Third World Media, LLC, Voltage Pictures, LLC, West Coast Productions Inc.,

Steele Hansmeier, Prenda Law, Terik Hashmi, Paul Duffy, Paul A. Duffy, John Steele, Brett Gibbs, Brett L. Gibbs, Alexander Lian, Alexander O. Lian, Joseph Perea, Mark Lutz, Joanne Diez, Wayne O'Bryan, Timothy V. Anderson, Timothy Anderson, Neil Rubin, Neil H. Rubin, Michael O'Malley, Transnational Law Group.

Home | Map and Location | Practice Areas ▽ | Current Clients ▽ | Contact Info ▽ | Syfert.com





**FLORIDA & GEORGIA**
**Attorney at Law**
**904-383-7448**

I have questions regarding Foreclosure Defense
*Click Here*

I have questions regarding Criminal Defense
*Click Here*

Welcome to Syfert . com home of **Attorney Graham Syfert**

1529 Margaret St, Unit 2
Jacksonville, FL 32204

graham@syfert.com

Foreclosure Defense

**Attorneys:**

**Graham W. Syfert, Esq.** (Fla., Ga.)
[E-Mail: graham@syfert.com]

Criminal Defense * Civil Ligitation * Administrative Law * Consumer Law * Technology Law

**Staff:**

Lucy I. Nord, Paralegal
[E-Mail: lucy@syfert.com]

ISP Subpoena FAQ

**This is required reading if you are not located in Florida and Georgia and wish to call me regarding a subpoena.**

Copyright Infringement Representation

If you are in Florida or Georgia, or involved in a lawsuit in those states, and are accused of an illegal download, call Graham today, at 904-383-7448. If not, click here for a list of other attorneys who can assist you.

Copyright Defense Forms - $19.95

Free Download - Copyright Defense Forms



*Graham W. Syfert has been featured in all the above publications for his work on Self-Help forms for fighting bittorrent lawsuits.*

(Provided for **information purposes only, hire an attorney.** Read here for why these forms are free. The pay version of the forms are being only for those who wish to donate. **Read disclaimer on paid version before downloading.**)

---

**Graham Syfert - Jacksonville Defense Lawyer**

Home * About Graham Syfert * Contact Us * Map and Location
Graham's Personal Blog * Foreclosure Defense Blog

Graham W. Syfert, Esq., P.A.
Phone: 904-383-7448

Fax: 904-638-4726

graham@syfert.com

## AFFIDAVIT

PETITIONER AND AFFIANT, ROBERT BALZEBRE, states under oath as follows:

1. I am Robert Balzebre, an attorney formerly associated with Steele Hansmeier, PLLC.

2. I have reviewed the bar complaint 2012-4047(11B).

3. I had one brief phone conversation with a person who stated he was Graham Syfert. Without properly introducing himself, he asked if he could record our telephone conversation, and I said "No". I then told him I had to go. At no time did I have a discussion with him regarding any emails or the pending litigation between Mr. Syfert's client and Steele Hansmeier PLLC. In fact, there were no issues discussed at all in the extremely brief telephone exchange.

4. The emails referenced in Exhibit 'A' of Mr. Syfert's complaint were written by me.

_____
ROBERT BALZEBRE
Petitioner and Affiant

SUBSCRIBED AND SWORN to before me
This ___ day of _January_, 2012.

_____
Notary Public

Notary Public State of Florida
Vernon D Martin
My Commission EE014417
Expires 10/04/2014



# AFFIDAVIT

PETITIONER AND AFFIANT, MARK LUTZ, states under oath as follows:

1. I am Mark Lutz, a paralegal formally at Steele Hansmeier, PLLC, and now employed by Prenda Law, Inc.

2. In the normal course of my duties I routinely interact with attorneys calling in to our office regarding pending litigation.

3. On or about December 8th, 2011 I had a phone conversation with Graham Syfert, who claimed to be an attorney representing a 'John Doe' in a pending case, specifically 1:11-cv-23064, Hard Drive Productions Inc. vs. Does 1-16.

4. Mr. Syfert's first comment to me after introducing himself to me was, "I am sure you guys hate me, I made your lawyers scramble around the last time I filed a complaint against them". I was not sure what Mr. Syfert meant, so I asked for clarification.

5. Mr. Syfert began bragging about how he had gotten my law firm in trouble with the Florida Bar.

6. I asked Mr. Syfert if he wished to discuss the case involving his client.

7. Mr. Syfert proceeded to infer that it would be in the best interest of my firm if we were to drop his client from any potential litigation. I informed him that our client would not drop his client unless there was some settlement payment agreed to.

8. Mr. Syfert kept bringing up the fact he liked to file complaints against our firm, and then would immediately follow up with a statement such as "are you sure you don't want to drop my client?"

9. I understood Mr. Syfert's comments to be a threat that unless our firm drops his



      client from the pending litigation, Mr. Syfert would take some action that would harm either my office or the firm in general.

10. After going back and forth in this manner for several times, I informed Mr. Syfert that I could not settle the matter by simply dropping his client from the litigation, Mr. Syfert stated "Ok, Mr. Steele will be hearing from me again!" and hung up.

11. On December 30, 2011 I received a fax from Mr. Syfert formally stating that he represented Mr. Greg Funke in the above mentioned case. Mr. Syfert also called that same day. Unlike the previous call, Mr. Syfert informed me that his client no longer wished to settle under any circumstances.

                                                      /s/ MARK LUTZ  
                                                      MARK LUTZ  
                                                      Petitioner and Affiant

SUBSCRIBED AND SWORN to before me  
This 10 day of January, 2010.

/s/ Notary Public

                Notary Public State of Florida  
                Raul L. Chavarria  
                My Commission DD765932  
                Expires 03/06/2012



January 31, 2012

RECEIVED FEB 0 6 2012

The Florida Bar
Anne-Marie Martinez
651 East Jefferson Street
Tallahassee, Florida 32399-2300

**Re: Florida Bar File No. 2012-70,606 (11M)
Complaint by Graham W. Syfert against Joseph Perea**

Dear Mrs. Martinez,

This letter is my initial response to the complaint listed above.

As an initial matter, I wish to point out that neither the Florida Bar nor Prenda Law actually knows If the letter in Exhibit A is actually a letter sent out from Prenda Law in December to a Florida resident since all the relevant information is redacted. Without this information it is impossible for me to provide a specific response to this exact case, but I can certainly speak about our internal processes regarding letters.

If the letter in Exhibit A was actually sent out in December, then I personally sent the letter pursuant to the process I describe below.

Due to the large volume of letters I had to send out on several dates in December, I enlisted the assistance of a paralegal. Outgoing letters were divided between those that I was signing and sending out under my authority and those that were going out under Mr. Duffy's signature and authority. On some limited occasions, when a large number of letters were going out, I asked the paralegal to place the signature block on the letter and then I would sign the letter or use my signature stamp. If indeed a letter was sent out from Prenda Law in December to a Florida resident with a signature other than mine, the wrong signature block was placed on the letter due to a clerical error. I can unequivocally state that Mr. Duffy had absolutely no involvement whatsoever with sending any letters relating to the case

Fax: 312.893.5677        161 N Clark St., Suite 3200, Chicago, IL 60601        Tel: 312.880.9160
Fax: 305.748.2103        1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139      Tel: 305.748.2102

www.wefightpiracy.com

11-23036-RNS, AF Holdings, LLC v. Does 1-162. In addition, I am listed as the attorney of record for the matter AF Holdings, LLC v. Does 1-162, and anyone reviewing the complaint would see that.

We have worked very hard to build a very thorough process for drafting letters. Over the past two months, we have built in several safeguards such as requiring two people to check each letter to insure it is accurate. I know that the fact that we send out a large volume of letters is no excuse for any possible clerical error – if one even occurred in this case. However, I believe the point of the Florida Bar's investigation is to make sure only Florida attorneys are practicing law in Florida. In this instance, I am a Florida attorney who was directly responsible for sending this letter.

As an aside, I think it bears mentioning that attorney Graham Syfert could fairly be labeled as an extremely biased party. As part of his campaign against my firm he has filed a complaint with your office against virtually everyone involved in my firm and this firm's predecessor.

By way of background, Mr. Syfert has spent the past year unsuccessfully fighting digital copyright infringement litigation across the nation. Judges routinely deny Mr. Syfert's motions, and it is our understanding that he was sued by attorneys in the District of Columbia for selling frivolous motions to litigants in states where his licensing status is unclear. Perhaps recognizing that his arguments have been thoroughly rejected in the courts, Mr. Syfert has resorted to filing complaints with your office as a tactic for indirectly fighting our litigation. Further, Mr. Syfert currently represents parties opposed to us in this litigation. To the extent that my statements accurately reflect Mr. Syfert's underlying motives, I believe it is extremely inappropriate for an attorney to try to intimidate opposing counsel with repeated Florida Bar complaints or to misuse ethics complaints as a means of gaining leverage in ongoing litigation.

To the extent that Mr. Syfert would have me provide Mr. Steele's financials, I would respond that I do not have such information. Mr. Steele has no role as an attorney with Prenda Law. However, I do regularly interact with Mr. Steele, since two of his companies are clients of Prenda Law and I often have to let him know the status of various matters related to his companies.

I know that reasonable minds can disagree with Prenda Law's suits against people stealing our client's content. I believe the proper venue to object to our litigation is in court. Since I have been with Prenda Law, not a single judge has thrown out a single case of ours, or indicated anything Prenda Law is doing is

inappropriate. Furthermore, not a single motion of mine has been denied, nor have I lost a single hearing, nor has a single motion filed by an opposing counsel (including those drafted by Mr. Syfert) been successful.

I respectfully believe this inquiry/complaint should be dismissed as unfounded.

Very Truly Yours,

Joseph Perea