# EXHIBIT C

Apr 2

**Jacques Nazaire** <nazaire.jacques@gmail.com>
to Bchintel1

Good Afternoon Mr. Chintella:

I am sorry that I had to get off the telephone call before we finished our conversation. However, I must say that I am disturbed by our recent conversation.

As you know the AF Holdings v. Patel case was voluntarily dismissed since Mr. Patel had never filed a formal Answer or a motion for Summary Judgment.

Mr. Patel always had the option of filing a motion for summary judgment if he though that the facts were so much in his favor but he elected not to do so and as a result thereof, the case was one that could be voluntarily dismissed.

I am disturbed by our last conversation because you in essence stated that Mr. Patel must receive payment from Prenda Law or he will accuse both Prenda (including their members) and/or me of forgery. Maybe I misunderstood what you were saying and if so please clarify. However, I will not allow anyone to extort me. Please advise Mr. Patel of the same. Once again, if I have misconstrued your statement please let me know. Also, I no longer represent AF Holdings. Merely because AF Holdings is not a Georgia corporation is not a valid reason for Mr. Patel to come after my bank account.

Aside from that one statement, you were quite cordial and I would like our conversations to remain the same.

Thank you.

**Bchintel1**                                                                                    Mar 17

to me

Jacques:

Please don't chastise me about attorney/client responsibilities. I've called and e-mailed multiple times to try and discuss the issues surrounding this case but at every turn you've refused to respond to the substance of my questions. You promised approximately two weeks ago to investigate whether the assignment agreement was potentially forged, who actually owns the copyright, etc., but you've refused to discuss the issues since. Instead, you basically accuse my client of somehow being affiliated with "Anonymous" and engaging in computer hacking (which this case doesn't even involve).

I always discuss important aspects of a case with my clients, and at this point my client is NOT willing to agree to a dismissal upon the condition that each is responsible for their own attorneys' fees. In case you weren't aware I would point out, however, as a matter of professional courtesy, that I believe that your client can dismiss this action of its own volition pursuant to Rule 41(a)(1), although you obviously need to make your own legal determination.

On a side note, I might ask you if you've presented MY client's settlement demand to your client? We never received a response to this as well...

Sincerely,

Blair Chintella
912-850-1885
404-579-9668
www.chintellalaw.com

**Bchintel1** <bchintel1@gmail.com>                                    Mar 13

to me

So you are aware of the California consolidated case?  I mentioned it in my motion.

Anyhow, my client is interested in recovering - at a minimum - the attorneys' fees and expenses that he's incurred as a result of what appears to be fraudulent activity by Steele, Lutz, Duffy et al.  Brett Gibbs basically admitted as much at Monday's hearing.

As far as bring a separate lawsuit, since there's already this one pending why not resolve these issues through the normal counterclaim  process?  No need to pay another filing fee and try to effect service on people who may even abscond to Nevis....

Sincerely,

Blair Chintella
912-850-1885
404-579-9668
www.chintellalaw.com

On Wed, Mar 13, 2013 at 2:37 PM, Jacques Nazaire <nazaire.jacques@gmail.com> wrote:
This is a Georgia case. As soon as you send me the stipulation to dismiss, I will file it with the court. If he wants to sue someone else in a separate action, he is free to do so. However, let's wrap this one up first. Send me the stip and I will file it immediately, thereby dismissing this claim. Thanks.


-Jacques.

On Wed, Mar 13, 2013 at 2:30 PM, Bchintel1 <bchintel1@gmail.com> wrote:
Why would he offer $3,000 when you just forwarded me a stipulation of dismissal "with prejudice?"  No, he's asking for $3,000 to settle any and all claims, although he would need to know some of the answers regarding Paul Duffy, John Steele, Mark Lutz, Brett Gibbs, AF Holdings, Livewire Holdings, et al. to know if a settlement would even be legitimate.  Right now it appears that Steele, Duffy, and Lutz could possibly be going to jail.  You  should be following the case in California.


Sincerely,

Blair Chintella
912-850-1885
404-579-9668
www.chintellalaw.com


On Tue, Mar 12, 2013 at 11:29 AM, Jacques Nazaire <nazaire.jacques@gmail.com>wrote:
Hi Blair:

Is Patel offering $3,000.00?


-Jacques

On Tue, Mar 12, 2013 at 7:31 AM, Bchintel1 <bchintel1@gmail.com> wrote:
Hi Jacques:

Has you client considered my client's settlement offer?  They would be willing to settle any and all claims for $3,000, which would cover their legal expenses thus far.


Sincerely,

Blair Chintella
912-850-1885
404-579-9668
www.chintellalaw.com


On Sun, Mar 10, 2013 at 7:45 PM, Jacques Nazaire <nazaire.jacques@gmail.com>wrote:
Good Evening Blair:

Attached please find a Stipulation of Dismissal, which in effect will, vacate the clerk's entry of default.  I will file this stipulation as soon as you email back a signed copy to me. Thank you.


-Jacques Nazaire