**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

<u>**Defendant's Response to Defendant's Motion for Sanctions**</u>

COMES NOW, Rajesh Patel, by and through counsel, filing this **Defendant's Response to Defendant's Motion for Sanctions** ("Reply"), showing the Court as follows:

**Procedural History**

This case was voluntarily dismissed with prejudice on March 18, 2013. ECF #14. On April 6, 2013, Defendant filed a motion seeking an award of attorneys' fees and sanctions pursuant to the Court's inherent power. ECF #16 ("Motion"). On April 20, 2013, Plaintiff filed two *identical* documents located at ECF #20 and #21 (collectively "Plaintiff's Response"). On April 22, 2013, the Clerk entered a Notice of Docket Correction designating ECF #20 as a response to the Sanctions Motion and ECF #21 as a separate motion for sanctions against counsel for Defendant. On April 29, 2013, Defendant filed a certificate of interested parties in

1

the format required by LR 3.3 NDGa, listing who he believe to be the persons

having an interest in this litigation.  On April 30, 2013, the undersigned asked

opposing counsel to file a certificate that complies with Local Rule 3.3 but one has

not been filed yet.  Most of the relevant facts are contained on pages 1-18 of

Defendant's Motion and Defendant.  However, several new facts have occurred or

been discovered since Defendant's Motion was filed, or become relevant in order

to reply to Plaintiff's Response.  Defendant asks the Court to take judicial notice of

the court filings listed on Exhibit A.

<b>Argument and Citation to Authority</b>

Sanctions against Plaintiff, Plaintiff's, and the key players identified in the

Motion are appropriate, especially considering that Plaintiff's harassing Response.

**I.      Objection to Personal Attacks**

Defendant objects to the scandalous and harassing references to a DUI arrest

on the basis that they are irrelevant or any relevance would be outweighed by their

prejudicial effect.  Defendant objects on the same grounds to any references to the

undersigned's alleged association with the Electronic Frontier Foundation ("EFF")

and what Plaintiff describes as its shared goals with a so-called "terrorist"

organization (Wikileaks).  Defendant objects on the same grounds to any

statements that the undersigned is motivated by a "deep personal resentment"

2

towards Steele or any other person affiliated with Prenda.[1]  Lastly, the undersigned

vehemently <u>denies</u> the charge of criminal extortion and looks forward to an

opportunity to debunk this shameful allegation at an upcoming hearing.

## II.   Personal Attacks are a Common Strategy with Prenda

The baseless personal attacks in Plaintiff's Response were filed for an

improper purpose – to harass – but they should instead serve as *further* evidence

that bad faith exists in this case.  *See generally Didie v. Howes*, 988 F.2d 1097

(11th Cir. 1993) (Rule 11 sanctions are appropriate when a filing is made for an

improper purpose).  Plaintiff makes clearly inflammatory and irrelevant

statements: "Blair Chintella . . . had other agendas" (page 3), "Mr. Chintella had

other motives" (page 4), "Blair Chintella harbors deep personal resentment towards

attorney John Steele" (page 4), "Steele and Chintella have had an acrimonious

relationship prior to the commencement of this action" (page 4), "Chintella's

interests in this case are far broader than those of his client" (page 6), "He clearly

does not have his client's interest at heart" (page 14), "Chintella perhaps believes

that Mr. Steele has spread Chintella's mug shot" (page 4), "Plaintiff's attorney has

a copy of the mugshot and can provide the same to the Court if so requested" (page

---

[1] The undersigned denies any allegations of bad faith behavior.  For example, the undersigned has only spoken to Steele *once* several years ago so it is absurd to assert that "Steele and Chintella have had an acrimonious relationship prior to the commencement of this action."

3

5), "Blair Chintella, who is a member of the EFF . . . the EFF has some of the same goals as the anti-government group 'Anonymous' as well as the terrorist group 'Wikileaks'" (pages 3, 5).[2]

Additional examples of Prenda *modus operandi* can be seen in *John Steele v. Godfread, Cooper, et. Al.*, 1:13-cv-20744, ECF 102 (S.D.Fl.) (accusing attorney Paul Godfread as having a vendetta against Steele); *Paul Duffy v. Godfread, Cooper, et al.*, 3:13-cv-00207, (S.D.Ill.) (alleged vendetta against Paul Duffy); *Prenda Law v. Godfread, Cooper, et al.*, 1:13-cv-01569 (N.D.Ill.) (alleged vendetta against Prenda); *AF Holdings v. Trinh*, 3:12-cv-02393, ECF 21, pg. 3 (N.D.Ca.) (criticizing attorney Nick Ranallo for disparaging Prenda); *Hard Drive Productions, Inc. v. Does 1-21*, 4:11-cv-00059, ECF 20, pg. 15 (S.D.In.) (personally attacking attorney Shannon Harrell).

Unfortunately, the Courts have been subjected to Prenda's ire as well.[3]  For example, Judge Wright in the California Action (ECF #35) was accused of having a "deep-seated hostility" towards Plaintiff (page 2), being "clearly motivated by underlying vitriol towards the parties in question," and exhibiting "substantial

_____

[2] It was an extremely "low blow" to imply that the undersigned – who is a veteran – somehow endorses "terrorist" goals.

[3] In seeing how Prenda brazenly harasses a federal judge, hopefully the Court can glean what it must be liked for the average person who has their personal information subpoenaed and is then called by Prenda to "discuss" settlement.

prejudice against pornography copyright holders" in general (page 5). According to Prenda, Judge Wright's rulings are a result of his "deeply-held beliefs about the nature of such copyright holders" (page 7) and a desire to "punish" (page 3) by forcing them to "expend more money to protect its copyrights" (page 3). Prenda went on to find that Judge Wright's "considerable prejudice" (page 5) extended to *all* "claims of online infringement of pornography copyright—and perhaps any copyright" (pages 7-8).

Prenda also criticized Judge Wright's writing ability by stating that his orders contained "generalized, baseless aspersions against AF Holdings" (page 4) "repeated erroneous assertion[s]" (page 7), "more generalized aspersions" (page 10), and "summarily repeated nearly identical allegations . . . without offering a single factual basis" (page 10). Unbelievably, Prenda then attempted to judge Judge Wright by stating, "Judge Wright conducted himself in nearly the exact same manner." (page 6).[4] Plaintiff's Response is yet another example of this type of behavior and should be sanctioned accordingly, or at least serve as evidence of bad faith in this case.

## II.   Relief Requested

Plaintiff misstates the type of relief that Defendant is requesting. Defendant

---

[4] As discussed below, this document was electronically signed by Gibbs but the document's "metadata" indicates that ECF #35 was authored by "Paul."

specifically requested "attorneys' fees" under the Court's inherent power. Motion, page 4. Therefore, Defendant has provided "fair notice" of the type of relief sought. *See e.g. Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340 (Fed. Cir. 2005); *Cambridge Plating Co. v. Napco, Inc.*, 85 F.3d 752 (1st Cir. 1996).

## III.   Continuing Violation of Local Rule 3.3

On April 30, 2013, Defendant asked Plaintiff to file a proper Local Rule 3.3 certificate but it refuses to do so, which is further evidence of bad faith.

### a)   Invalid Lutz Affidavit and "Salt Marsh"

Attached to Plaintiff's Response is what purports to be an affidavit signed by Lutz. Defendant objects to this document as being invalid because ***it does not contain a date*** as required by Florida Statute § 117.05. The undersigned notified Plaintiff's counsel of this fact on April 30, 2013.

Even if the affidavit were valid, Defendant would object to its authenticity and the accuracy of the information contained in it. First, the affidavit conflicts with a party admission made in this case on March 5, 2013 stating that Steele has an interest in Plaintiff. Exhibit B ("John Steele, who has interest in AF"). *See Oscanyan v. Arms Co.*, 103 U.S. 261 (1880) (holding that party admissions made by counsel can be used to dispense of facts that would normally be proven at trial or through testimony); *Laird v. Air Carrier Engine Service, Inc.*, 263 F.2d 948 (5th

6

Cir. 1959) (holding that a party admission made by an attorney is an exception to the hearsay rule).

Second, it conflicts with Plaintiff's prior testimony that "The trust that owns AF Holdings is an *undefined* beneficiary trust," ECF #16, Exhibit A, page 39 (of the deposition), as well as documents filed in other cases. *See e.g. AF Holdings LLC v. Doe 1*, Case No. 4:11-cv-03067 (N.D.Cal), ECF #26 (listing "Salt Marsh" as an *"individual"* having discoverable information); *AF Holdings LLC v. John Doe*, Case No. 3:12-cv-02396 (N.D.Cal.), ECF #8 (certifying that "Salt Marsh" *read* an alternative dispute handbook as required by the local court rules); *AF Holdings LLC v. Does 1-96*, Case No. 3:11-cv-03335 (N.D.Cal.), ECF #17 (same).

### b)   Failure to Disclose Other Parties in Interest

Further violations.  Twelve days before this case was filed, Duffy filed a declaration in *AF Holdings, L.L.C. v. David Harris*, D.Az., Case No. 2:12-cv-02144, ECF #12-1 stating, "I am national counsel for Plaintiff AF Holdings, L.L.C."  However, Plaintiff continues to refuse to file a certificate listing Duffy or Prenda.  The Complaint in this case (ECF #1) lists Gibbs' e-mail address, lists opposing counsel as "Of Counsel to Prenda Law, Inc.," and the ECF notices are being sent to "docket@wefightpiracy.com," yet Plaintiff refuses to file a certificate.

Also, it was recently discovered on April 16, 2013 that the metadata[5] in many of the documents filed in the California Action were "authored" by "SH01," "SH05," and "Paul."[6]   California Action, ECF #117-3, Pages 10-11.   Similar documents have been filed in this case:

| Docket Entry | Authored By: |
|---|---|
| #1 - Complaint | "User" |
| Exhibits A and B to #1 | "Brett Gibbs" |
| Civil Cover Sheet | "Jacques" |
| #4 – Certificate of Disclosure | "SH01" |
| #5 – Certificate of Disclosure | "SH01" |

Similar documents have been filed in other Georgia cases filed by opposing counsel for Prenda:

| Case | ECF | Author |
|---|---|---|
| *Guava, LLC v. John Doe*, M.D.Ga., Case No. 5:12-cv-00398 | #1 – Complaint | "SH01" |
| *Quad Int'l, Inc. v. John Doe*, M.D.Ga., Case No. 5:12-cv-00429 | #4 – Corporate Disclosure | "SH01" |
| *Quad Int'l., Inc. v. John Doe*, M.D.Ga., Case no. 5:12-cv-00417 | #1 – Complaint | "SH01" |
| *AF Holdings, LLC v. Howard Robinson*, N.D.Ga., | #7 – Voluntary Dismissal | "SH" |

[5] "Metadata" is "information that is hidden within a digital copy of document and not rendered visible when the document is printed."  29 A.L.R.6th 167, Page 1.
[6] This metadata can be seen by clicking on "File" and then "Properties" of an open PDF. "SH" could refer to Steel Hansmeier and "Paul" could refer to Paul Hansmeier or Paul Duffy.

| Case No. 1:12-cv-03542 | | |
| --- | --- | --- |
| *AF Holdings, LLC v. Perry Jackson*, M.D.Ga., Case No. 5:12-cv-00429 | #5 – Corporate Disclosure | "SH01" |

Moreover, Steele recently filed a motion in the Sunlust Action (ECF #51) that included what appears to be an agreement signed by Duffy obligating Prenda to represent Plaintiff on a national scale (Page 22 of ECF #51). The first page of the "Engagement Letter" has redacted portions that relate to "Fees and Expenses," further obscuring the persons with an interest in Plaintiff. *Id.*

According to Gibbs, Steele and Hansmeier are the "senior members" of Prenda that "communicated with the clients, oversaw the litigations on behalf of the law firm's clients, and provided me with instructions and guidelines, which I was informed, originated from the clients." California Action, ECF #58, ¶¶ 3-4 ("I reported to those members"). Sunlust Action, ECF #49-1, ¶ 4. Gibbs identifies these "senior members' as Steele and Hansmeier *Id*, ¶ 5 ("I reported to Mr. Steel and Mr. Hansmeier."). *Cf. Forsberg v. Pefanis*, 261 F.R.D. 694, 700 (N.D. Ga. 2009 (Forrester, J.) (holding that Fed. R. Civ. P. 43(c) trumps Fed. R. Evid. 802 governing hearsay).

Gibbs states that he has never met the Alan Cooper who supposedly signed the copyright assignment at issue in this case. California Action, ECF #50, ¶11.

9

According to opposing counsel, Cooper's is a "disgruntled employee who was probably not paid what he wanted to be paid and as such he is suing Mr. Steele. Regardless of whether Cooper was branded as a janitor or president of AF Holdings, he is what ***they*** [emphasis added] deemed him to be."  Exhibit B.

There are many other examples of Prenda intentionally shielding those controlling and/or having an interest in these cases (including Plaintiff).  On January 26, 2013, for example, Steele states that Prenda consists of Duffy and Perea and that he is merely a client of Prenda's.  ECF #16-11, page 8.  Perea states five days later that Steele has "no role as an attorney" with Prenda instead but owns two companies that are clients of Prenda's.  ECF #16-11, page 18.

Approximately three months later, Steele states that he is "of counsel" to Prenda and lists an office address that is the ***same as Prenda's***.  *AF Holdings* case in D.D.C., Case No. 1:12-cv-00048, ECF #32.  Several months later, on November 27, 2012, Steele then states that he is ". . . not an attorney with any law firm right now," ECF #16-3 (this case), page 12 of transcript.  Approximately one month later, on December 17, 2012, Steele signs an affidavit stating that he lives in Las Vegas, Sunlust Case, ECF #40-5, ¶¶ 2, 11, 13, and that Florida lacks personal jurisdiction over him, adding that it is merely "speculation that Mr. Steele continues to practice law in the building listed as Prenda Law's address."  Sunlust

Case, ECF #40, pages 5-7.

Approximately one month after that, on January 25, 2013 Steele, appears with Hansmeier on behalf of one of Prenda's clients. ECF #16-14, page 2. Approximately two months later, he states that California does not have jurisdiction over him because he lives in Florida. California, Action, ECF #83, ¶¶1, 3. On April 2, 2013, counsel for Steele stated that AF Holdings is actually **Steele's Client** and that if Steele were to testify it would violate the attorney-client privilege (Steele, Duffy, and Hansmeier additionally invoked the Fifth Amendment). ECF #16-7 in this case, pages 7-8 of the transcript.

## V.  Scope of Bad Faith Alleged

Plaintiff incorrectly states that Defendant is alleging bad faith based solely on a failure to properly file the Local Rule 3.3 certificate and "knowingly submitting an assignment agreement that contains a forged signature." Page 9. Although Defendant believes that these actions could be sanctioned considering the continued refusal to file a certificate, Defendant also argues that this case was filed in bad faith (hence why so much background was given in the Motion).

The overall reason Prenda and its attorneys' file cases is not to litigate them, but to harass people into settling under the threat of being publicly accused of viewing pornography. *See generally Thomas v. Tenneco Packaging Co., Inc.*, 293

F.3d 1306 (11th Cir. 2007) (holding that a bad faith can exist when a meritorious claim is brought for the purpose of harassment).  When a defendant does not settle, Prenda's attorneys will file a lawsuit to force a defendant to incur legal fees as an example to others resisting settlement, and then dismiss the case voluntarily, preventing a defendant from vindicating the scandalous allegations contained in the Court record.

Defendant will not re-state all of his arguments contained in the Motion, but Defendant will point out that Plaintiff did not refute that it only files cases involving pornography, that Cooper's statements regarding Steele's motive are truthful nor the testimony (and declarations) of Gibbs that Steele and Hansmeier continue to be the persons primarily controlling this litigation.  Plaintiff also does not refute the assertion that not a single case has gone to trial.  Instead, Plaintiff merely states that the transcript of Plaintiff's deposition (via Hansmeier) is "doctored."  Defendant objects to this statement.  This is a very serious (and false) allegation that should be clarified.

## VII.   Validity of Copyright Assignment

Defendant objects to the alleged copyright assignment agreement on the grounds of authenticity.  Prenda's attorneys have invoked the Fifth Amendment when called to testify regarding Cooper's signature, so the inference is that the

signature is forged.  Considering this along with the improper purported Lutz affidavit filed in this case, Plaintiff's unwillingness to file a proper Local Rule 3.3 certificate, contradictory statements as to whether Plaintiff is owned by "Salt Marsh," an "unidentified beneficiary" trust, Steele (made by Nazaire) or Lutz (Sunlust Action, ECF #51, page 22, which is a letter from Prenda to Lutz stating that Plaintiff is "your company"), Defendant has a good faith basis to contest the authenticity of the purported copyright assignment as well as any other "copy" of any other document submitted by Prenda and its attorneys.

Moreover, Defendant's objection is warranted based on the fact that the work at issue in this case is currently being distributed.  In other words, if another company has the right to distribute "Popular Demand" then Plaintiff lacks standing as Prenda and those affiliated with it are impermissible trying to separate ownership of the copyright with the ability to sue on infringements.  *Silvers v. Sony Pictures Entertainment, Inc.*, 330 F.3d 1204 (9th Cir.).  *See e.g.* http://business.avn.com/articles/video/Nina-Mercedez-Gets-First-D-P-in-New-Release-441902.html (listing "Popular Demand" as "coming from Heartbreaker Films and Esquisite Distribution");[7] http://aipdaily.com/2011/nina-mercedez-

---

[7] This statement purports to state that "Popular Demand" is owned by two companies; however, the purported assignment in this case does not even list a purported signature for the other company.

releases-the-highly-anticipated-popular-demand/ (stating "Nina Mercedez: *Popular Demand* will be distributed by Exile Distribution."); www.cduniverse.com [search for "popular demand] listing the work for sale for $24.99; https://secure.excaliburfilms.com [same search], on sale for $21.94; www.adultdvdempire.com [search for "Nina Mercedez Popular Demand"], offering *video streaming* of the movie. Nina Mercedez's Twitter account also identifies herself as the "CEO for Heartbreaker Films (as opposed to Raymond Rogers). https://twitter.com/Nina_Mercedez.

Also, if Plaintiff does not own the copyright to "Popular Demand," it would conflict with Plaintiff's testimony (through Hansmeier) that "The only source of revenue that AF Holdings will have with respect to its copyrights are if it increases in value." ECF #16-1, page 21 (of the transcript).

Steele (and Duffy and Hansmeier) had an opportunity to rebut these (and other) accusations on April 2, 2013 but he (and Duffy and Hansmeier) asserted their Fifth Amendment privilege against self-incrimination. ECF #16-7, Page 8. Invoking if the Fifth Amendment (and Hansmeier's and Duffy's) should give rise to a negative inference since this is a civil case. This is especially true when invoking the Fifth Amendment prevents an opposing party from uncovering how much they have been prejudiced. *Eagle Hosp. Physicians, LLC v. SRG Consulting,*

14

*Inc.*, 561 F.3d 1298 (11th Cir. 2009) (imposing sanctions, entering default judgment, and finding bad faith, reasoning that there was no way the opposing party could know how much they were prejudiced because the Fifth Amendment was invoked).  *See also U.S. v. Rylander*, 460 U.S. 752 (1983) (holding that a party cannot convert the Fifth Amendment from a "shield into a sword").

## Conclusion

The danger of these cases was recently highlighted by a Magistrate in this District.  *See Voltage Pictures, LLC v. Does 1-31*, Case No. 4:13-cv-00037-GRS, ECF #7.  The history of Prenda's litigation of these types of cases (including this case), deception as to who the relevant lawyers and interested persons, and abusive filings support a finding that bad faith exists in this case.

Dated May 6, 2013:

Respectfully Submitted:

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
4615 Hicks Rd.
Mableton, GA 30126
(404) 579-9668
bchintel1@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC                   :
                                   :
            Plaintiff,             :
                                   :
v.                                 :   Civil Action No.
                                   :   2:12-cv-00262-WCO
RAJESH PATEL,                      :
                                   :
            Defendant.             :

## <u>Local Rule 7.1(D) Certification</u>

I hereby certify that **Defendant's Response to Defendant's Motion for Sanctions** complies with LR 5.1B.


Dated May 6, 2013:


                                    Respectfully Submitted:


                                    _____/s/ Blair Chintella_____
                                    Blair Chintella
                                    GA Bar No. 510109
                                    4615 Hicks Rd.
                                    Mableton, GA 30126
                                    (404) 579-9668
                                    bchintel1@gmail.com

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC   :
          :
   Plaintiff,   :
          :
v.         : Civil Action No.
          : 2:12-cv-00262-WCO
RAJESH PATEL,   :
          :
   Defendant.  :

### Certificate of Service

I hereby certify that on May 6, 2013, I filed the **Defendant's Response to Defendant's Motion for Sanctions** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the following attorney(s) of record:

**Jacques Nazaire**

Dated May 6, 2013:

Respectfully Submitted:

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
4615 Hicks Rd.
Mableton, GA 30126
(404) 579-9668
bchintel1@gmail.com

17