**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S NOTICE OF OBJECTION

**PLEASE TAKE NOTICE** that Plaintiff, by and through counsel Objects to Defendant's Response (ECF 27).

Plaintiff objects to defendant's response (E.C. F. No. 27) because it is a Sur-Reply, which is not permitted under the local rules. Plaintiff also objects to the defendant's attempt to force a mandate upon this Court by submitting an Order from a California Court as what it purports to be evidence.

Dated May 8, 2013:

Respectfully Submitted:

_____/s/ Jacques Nazaire_____
Jacques Nazaire
GA Bar No. 142388
125 Town Park Drive, Suite 300
Kennesaw, GA 30144
Tel: (404) 923-0529
Fax: (678) 559.0798
nazaire.jacques@gmail.com

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| AF HOLDINGS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OF LAW

1. Plaintiff objects to defendant's response (E.C. F. No. 27) as being a Sur-Reply. Plaintiff also objects to the defendant's attempt to force a mandate upon this Court by submitting the California Order as what it purports to be evidence.

2. Local Rule 7.1 states in part:

> B. Response to Motion. Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material

> C. Reply. A reply by the movant shall be permitted, but it is not necessary for the movant to file a reply as a routine practice.

3. The local Rules do not permit a Sur-Reply, which in essence is what the Defendant has filed. The defendant has already filed its Reply to plaintiff's Response to its motion (E.C.F. No.24) and a Response to Plaintiff's Cross-Motion (E.C.F. No. 25) and should not be permitted to file a Sur-Reply

4. As such, Defendant's filings (ECF No. 27) should be denied.

2

5.   The plaintiff also objects to the defendant's request for a mandate as follows.

6.   The defendant submits as ECF No. 27 what it brands as a "response". However, the filing is not a response. Defendant, has submitted the California Court Decision as a so called response in hopes of affecting the outcome of this instant case. The defendant has filed a copy of that Order hoping that it would be viewed as a mandate by this Court. However, the defendant's attempts to issue this mandate should fail for the following reasons.

7.   First and foremost the undersigned respects the California decision and believes that it was rendered in the best interest of the residents of California.

8.   Nevertheless, this instant case is pending in a Georgia District Court and it is trusted that any decision rendered, whether for or against the plaintiff, will be done so in the best interest of the residents and practitioners of Georgia.

9.   While this Court may or may not agree with some of the issues presented in the California case, unbeknownst to the defendant, the California case will not necessarily become a mandate on this Court. It is solely within the discretion of this Court to follow or not follow the decisions made in the California case.

10. The defendant should realize that California has different laws than Georgia, a different Governor than Georgia; a different legislative body than Georgia, different business needs than Georgia and different views than Georgia and as such all of its decisions cannot serve as a mandate for Georgia.

3

11. For example the California Courts have legalized gay marriage. *Perry v. Schwarzenegger* 704 F.Supp.2d 921 (N.D. Cal., 2010);*Certified question*, 628 F.3d 1191 (9th. Cir.); *Answered* 52 Cal.4th 1116 (2011) *Affirmed*, 671 F.3d 1052 (9th Cir.) Such a decision cannot serve as a mandate on Georgia Courts to legalize gay marriage as well.

12. The California Courts have eased the rules on immigration. Such decisions do not mandate that Georgia Courts follow suit.

13. The New York Courts have decided not to strike down the "Safe Act" a law that may affect Second Amendment rights. Such rulings cannot become mandates upon Georgia Courts.

14. States' rights go to the core of our Constitution and as such, decisions carried on by other states do not become mandates for Georgia Courts.

15. If Georgia Courts begin to follow the aforesaid California Order, all Georgia attorneys would be affected as follows.

a.  Law Firms who defend insurance companies would not be able to cut and paste basic information upon pleadings which were previously drafted for earlier cases (boilerplate). They would instead have to draft every single Answer, Discovery Demand, Response and Summary Judgment Motion from scratch.  They would have no choice but to bill the insurance companies 1.8 hours for drafting each Answer as oppose to billing said companies .2 for what some may term as a

"boilerplate" Answer. It is certain that Allstate, Progressive, Geico and other insurance companies would not appreciate this.

b.   Creditors' rights attorneys could no longer draft complaints and Request for Admissions on pleadings previously drafted for earlier cases ("boilerplate"). They would instead be required to draft every summons and complaint from scratch which would be an enormous amount of toil for firms, some of which charge as little as 18% contingency for litigating such cases.

c.   Divorce attorneys could no longer utilize pleadings previously drafted for earlier cases ("boilerplate"). These attorneys would have to devote many more hours drafting every document from scratch which may be unjust considering that such attorneys typically charge only a $500.00 to $1,000.00 flat fee for each uncontested divorce.

d.   Attorneys who file bankruptcy petitions could no longer use the Bankruptcy 2013, BestCase, EZ Filing or any other brand named software wherein they are simply plugging in names, addresses and figures. These attorneys would have to begin drafting Chapter 7 petitions from scratch to prevent all Chapter 7 petitions from appearing similar. Otherwise, similar petitions would appear shady to some.

e.   For the above stated reasons, this Court should not find that using boilerplate pleadings is a per se violation.

16.    The California Order also discusses a fraudulent signature. The defendant has suggested that the undersigned should have known that Alan Cooper's signature was falsified. However, the foregoing will demonstrate why this assertion is false.

17.    Although the California Court believes that Alan Cooper's signature was falsified, there is no proof of the same. Yes there is evidence but there is not proof beyond a reasonable doubt. Although Alan Cooper was politely questioned in Court on March 11th regarding the same. the plaintiff has not seen a report written by a handwriting expert opining who signed the assignment. Mr. Cooper amazingly explains to the Court that he first discovered the signature when someone sent him a text regarding the same. Furthermore, Mr. Cooper's incentive's creates a reasonable doubt. Once again the undersigned is not attesting to the accuracy or truthfulness of the assignment submitted.  It may very well not have been signed by Mr. Cooper.

18.    Presuming that the assignment was not signed by Cooper, the undersigned should not have been aware of the same. A close look at the exhibit will reveal that the assignment to "Popular Demand" was signed on December 20, 2011.  On that date, the undersigned was in Jalalabad, Afghanistan  and could not have witnessed the signing of that document unless it is being alleged that the document was signed in Afghanistan.

6

19.    Defendant also argues that plaintiff's counsel should have made reasonable inquiry of the signature. Prior to filing the document, the undersigned contacted Prenda Law to find out whether or not Mr. Cooper would be available to testify at trial but was advised that they could not locate Mr. Cooper.   The undersigned was advised that Mark Lutz and Peter Hansmeier would be available to testify as witnesses. Had the undersigned realized that the  Electronic Frontier Foundation was hanging with Mr. Cooper, he would have been able to track down Mr. Cooper and questioned him about the documents.  It turns out that Mr. Cooper was a caretaker of one of the properties of a Prenda Law member and had left said property in August, 2012.

20. Therefore, even if the undersigned had placed a knife to the throats of each of Prenda's members, none would have been able to give him Mr. Cooper's contact information at the time on November 5, 2012 when Plaintiff commenced its law suit. It is certainly not the first time a company has lost contact with an agent (or alleged agent as stated).

21. The allegations regarding the signature did not come to light until after the assignment was filed. It is not a violation for an attorney to submit a document which was allegedly signed by someone who no longer works for an entity. It was reasonable at the time for plaintiff's attorney and all attorneys who are "of Counsel" to Prenda Law to believe that Mr. Cooper, at one time, represented AF

7

Holdings and had signed the assignment in question.

22. Pursuant to FRE 902 (4), once a document is filed, it becomes a public record. Since the assignment was already part of Court records (in other jurisdiction) of previously filed AF Holdings cases, it was reasonable for any attorney "of Counsel" to Prenda Law to rely upon it. The first attorney or individual who filed the "Popular Demand" assignment (in whatever Court it was filed) should be held responsible for the filing such a document if it is indeed a fraudulent document. The undersigned filed this instant action on November 5, 2012. The assignment in question was signed approximately one year prior to the filing and had been used in similar cases without issue. Why would the plaintiff's counsel in this case have any reason to believe that the signature was fraudulent? Georgia attorneys should not, as a precondition to filing, be required to watch or videotape every single individual who signs a document.

23. The State Bar of Georgia Rules on Ethics and Professionalism states as follows:

### RULE 3.1 MERITORIOUS CLAIMS AND CONTENTIONS

Ethics & Discipline / Current Rules / Part IV (After January 1 / 2001) - Georgia Rules of Professional Conduct (also includes Disciplinary Proceedings and Advisory Opinion rules) / CHAPTER 1 GEORGIA RULES OF PROFESSIONAL CONDUCT AND ENFORCEMENT

THEREOF

In the representation of a client, a lawyer shall not:

a. file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another;

b. knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law.

Comment

[1] The advocate has a duty to use legal procedure **for the fullest benefit of the client's cause,** but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.

[2] **The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery**. Such action is not frivolous even though the lawyer believes that the client's position

ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person, or, if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

[3] It is not ethically improper for a lawyer to file a lawsuit before complete factual support for the claim has been established provided that the lawyer determines that a reasonable lawyer would conclude that there is a reasonable possibility that facts supporting the cause of action can be established after the filing of the claim; and provided further that the lawyer is not required by rules of procedure. or otherwise to represent that the cause of action has an adequate factual basis. If after filing it is discovered that the lawsuit has no merit, the lawyer will dismiss the lawsuit or in the alternative withdraw.

24. Unfortunately for Prenda Law, Chapter 5 of the State Bar of California Rules of Professional Conduct does not encourage zealous representation as the above stated Georgia rule does. Nevertheless, the California Order should not apply to Prenda in this jurisdiction. While California law demands that an attorney has 100% of its evidence prior to filing an action, Georgia law clearly does not. In Georgia, the attorney simply has to be able to make a good faith argument in order to initiate the case.

10

25.    Once again, part of the complaint in this action alleges that the Rajesh Patel was negligent in securing his Wi-Fi. Mr. Patel has admitted to such in his declaration.  Once again under Georgia Law (not California law) this action is not frivolous and no attorney's fees can be sought by the defendant. To reiterate 1) Plaintiff's counsel has never met Mr. Patel prior to this action and has no desire to harass Mr. Patel. 2) Defendant's counsel has admittedly dealt with Prenda Law prior to the filing of this action and has every reason to seek the embarrassment of its members.

26. Plaintiff's counsel has never sent any threatening letters to Mr. Patel or any defendant whatsoever. Plaintiff's counsel has never called any Bit-Torrent defendant whatsoever to threaten them nor asked any such questions in any manner. The above stated action was referred to the undersigned for the sole purpose of litigation. Plaintiff's counsel is a litigator, not a shakedown artist as defendant would like this Court to believe. As a former debt collection attorney the undersigned is quite familiar with the FDCPA. The undersigned challenges the defendant or its counsel to produce one letter, at least one, which the undersigned has, in his 16 years of practice, forwarded to an individual. Neither defendant, nor its counsel can present such a document.

While Prenda law has been criticized for never trying a case, the same is not true for Plaintiff's counsel. In New York, the undersigned tried several consumer

11

litigation cases and received a favorable verdict in every single one. Next, a discussion of the California Order is necessary.

27.    The defendant's Counsel was so anxious to use the California case as a mandate that he volunteered to be a witness and submitted testimony[1] in that case.

28.    Mr. Chintella, is in essence, one of the two star witnesses in the California case, the other being Mr. Alan Cooper. The Georgia Rules of Professional Conduct States as follows.

## RULE 3.7 LAWYER AS WITNESS

a. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
   1. the testimony relates to an uncontested issue;
   2. the testimony relates to the nature and value of legal services rendered in the case; or
   3. disqualification of the lawyer would work substantial hardship on the client.
b. A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Comment

[1] Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.

---

[1] The testimony refers to his March 8th Affidavit Submitted to the Court.

[2] The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

29.     Submitted herewith as **Exhibit A** is the affidavit of Blair Chintella which was submitted to the California Courts as evidence against AF Holdings, who is the Plaintiff in this action. (a) The affidavit is made to prove a contested issue, who owns AF Holdings? (b) The affidavit does not mention attorney's fees. (c) Disqualifying Mr. Chintella should not create a hardship as this case was already dismissed.

30. Defendant's counsel is quite clever with his Five (5) steps process.

**Step 1**: Find a case in a different jurisdiction (California) that's going well against an entity (AF Holdings) which happens to have a case in Georgia.

**Step 2**: Advice one of the defendants (Patel) to motion the Court in Georgia to re-open the Georgia case.

**Step 3**: Testify against the Plaintiff in the California action regarding issues deemed related to the Georgia action (without being subpoenaed to do so).

**Step 4**:  After the attorney's testimony has affected the outcome of the California case to the detriment of the Plaintiff, wait for the order to be issued.

**Step 5**. File that Order (E.C.F. No.27)  in the Georgia case, thereby issuing a mandate to the Georgia Court stating that it must rule exactly as the California

Court ruled. The result thereof is calculated to be an award of attorney's fees to the affiant/lawyer.

31.     It may have been calculated that this Court would never discover defendant counsel's   affidavit/testimony because the affiant had no plans of notifying this Court of the same and that opposing counsel would be too busy defending himself against defendant's bogus accusations, to notify the Court.

32.     Additionally, an email containing information that was sent by the undersigned, in strict confidence, to Mr. Chintella was presented as evidence in that California case by Mr. Chintella. Chintella went behind plaintiff's counsel's back without any notification and submitted the email contents as evidence in order to influence the California case; the same case that now he presents to this Court as a mandate; the same Georgia case from which he intends to profit.

33.     While the undersigned will admit that the aforesaid tactic was quite clever, it also saddens the undersigned to see a fellow attorney utilize such a tactic to gain an upper hand.

34. Defendant's Counsel submitted said affidavit in secret. Defendant's counsel did so without notifying the plaintiff's attorney of the same. Upon information and believe, defendant's counsel was not subpoenaed to give such testimony. If he was, he should produce a copy of the subpoena. It must be deduced that defendant's counsel gave such testimony for the sole purpose of

gaining an upper hand in this instant action which presents two questions.

a) is it ethical for defendant's counsel to give such testimony; and

b) is defendant's counsel required to notify this Court about his testimony given to the California Court since such testimony may have affected the very Order that he has filed as E.C.F. No. 27?

35.     The undersigned is not certain whether such actions are ethical or not but certainly realizes that such secret testimony results in great disrespect to this Court.

36.     Additionally, emails between attorneys are not evidence. Defendant's counsel cites the Laird  case ( *Laird v. Air Carrier Engine Service, Inc.*, 263 F.2d 948 (5th Cir. 1959, holding that a party admission made by an attorney is an exception to the hearsay rule) as a basis to releasing our email communications. However, defendant's attorney is being disingenuous The Laird case dealt with an attorney who gave ***testimony at a hearing*** regarding his client. The Laird case does not apply to EMAIL discussions sent in strict confidence from one attorney to the other.

37. Georgia attorneys are now put on notice that any email forwarded to Blair Chintella, in strict confidence, may be used against them or their clients in Court.

38. To reiterate, the Plaintiff objects to Defendant's filing of E.C.F. No. 27).

**Wherefore**, it is requested that the Defendant's filings not be considered and that this action be dismissed in its entirety.

Dated May 8, 2013:

Respectfully Submitted:

_____/s/ Jacques Nazaire_____
Jacques Nazaire
GA Bar No. 142388
125 Town Park Drive, Suite 300
Kennesaw, GA 30144
Tel: (404) 923-0529
Fax: (678) 559.0798
nazaire.jacques@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC              :
                                       :
             Plaintiff,            :
                                         :
v.                               :  Civil Action No.
                                         :   2:12-cv-00262-WCO
RAJESH PATEL,            :
                                         :
             Defendant.          :

Local Rule 7.1(D) Certification

I hereby certify that Plaintiff's Notice of Objection complies with all sections of

LR5.1

Dated: May 9, 2013:

                                       Respectfully Submitted:

                                       _____/s/ Jacques Nazaire_____
                                         Jacques Nazaire
                                         GA Bar No. 142388
                                         125 Town Park Drive
                                         Kennesaw, GA 30144
                                         Tel: (404) 923-0529
                                         Fax: (678) 559-0798
                                         nazaire.jacques@gmal.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

AF HOLDINGS, LLC                    :
                                    :
                Plaintiff,          :
                                    :
v.                                  :   Civil Action No.
                                    :    2:12-cv-00262-WCO
RAJESH PATEL,                       :
                                    :
                Defendant.          :


<u>Certificate of Service</u>

I hereby certify that on May 9, 2013, I filed the Plaintiff's Notice of

Objection with accompanying Memorandum of Law with the Clerk of Court using

the CM/ECF system which will automatically send e-mail notification to the

following attorney(s) of record:

Blair Chintella

Dated:  May 9, 2013:

                                        Respectfully Submitted:

                                        /s/ Jacques Nazaire_____
                                        Jacques Nazaire
                                        GA Bar No. 142388
                                        125 Town Park Drive
                                        Suite 300
                                        Kennesaw, GA 30144
                                        Tel: (404) 923-0529
                                        Fax: (678) 559-0798
                                        nazaire.jacques@gmail.com

18