IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

**Defendant's Motion to Strike and for Sanctions**

COMES NOW, Rajesh Patel, by and through counsel, filing this **Defendant's Motion to Strike and for Attorneys' Fees** based on the grounds set forth in the attached **Memorandum of Law**. Defendant requests the following relief: (1) Striking ECF #29; (2) ordering Plaintiff to file a Local Rule 3.3 Certificate in the proper format; and (3) awarding reasonable attorneys' fees an expenses associated with bringing this motion.

Respectfully Submitted May 9, 2013:

              ____/s/ Blair Chintella_____
              Blair Chintella
              GA Bar No. 510109
              4615 Hicks Rd.
              Mableton, GA 30126
              (404) 579-9668
              bchintel1@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. |
| v. | : 2:12-cv-00262-WCO |
| | : |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF LAW**

**Procedural History**

On May 6, 2013, Plaintiff filed a reply (ECF #26) regarding its motion for sanctions (ECF #21) arguing that Defendant's response was untimely. On May 7, 2013, Defendant notified the Court of a mistaken citation in Defendant's filings (ECF #24 & 25) and of two recent Court orders regarding Plaintiff (ECF #27) so that the Court could take judicial notice of them. *See* Fed. R. Evid. Rule 201. On May 8, 2013, Defendant objected to Plaintiff's reply (ECF #26) on the grounds of relevance, but represented to the Court that he would not object if Plaintiff requested permission to file a second reply due to its mistake regarding the filing deadline provided that Plaintiff asked the Court's permission first and didn't include any extraneous inflammatory material in its request. On May 9, 2013,

Plaintiff filed a "Plaintiff's Notice of Objection" (ECF #29) containing approximately fifteen pages of additional argument regarding the same issues being addressed in the pending sanctions motions.

Defendant asks the Court to strike ECF #29 for violating Local Rule 7.1 and for attorneys' fees and expenses in bringing this motion.

## Argument and Citation to Authority

A Court has the inherent authority to control its docket and to impose sanctions to ensure that errant lawyers comply with its orders. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974).[1]  This power includes the ability to sanction a party for failing to comply with the Federal Rules of Civil Procedure. *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006).  It also includes the power to striking improper filings from the docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991)).  The court may award costs and expenses attributable to the misconduct. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).

---

[1] Decisions of the former Fifth Circuit existing on September 30, 1981 are precedent. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Local Rule 7.1 only permits the filing of a motion, response, and reply. A party cannot file a "Notice of Objection" and attempt to "rehash all the arguments already presented in the response brief to get 'another bite at the apple.'" *Benton v. Cousins Properties, Inc.*, 230 F. Supp. 2d 1351, 1366-67 (N.D. Ga. 2002) *aff'd,* 97 F. App'x 904 (11th Cir. 2004). *See also Tishcon Corp. v. Soundview Communciations, Inc.*, CIV.A. 104CV524-JEC, 2005 WL 6038743 (N.D. Ga. Feb. 15, 2005) (striking affidavits attached to a reply brief because the opposing party was unable to respond); Exceptional Mktg. Grp., Inc. v. Jones, 749 F. Supp. 2d 1352, 1359 (N.D. Ga. 2010) (citing *Tishcon*).

      a)    **Improperly Filed "Noticed of Objection"**

Plaintiff filed a reply regarding its sanctions motion on May 6, 2013 (ECF #26). However, on May 8, 2013, Plaintiff filed a "Notice of Objection" containing almost fifteen additional pages of argument regarding the same general issues contained in the pending sanctions motions. (ECF #29). This was essentially an attempt by Plaintiff to get "another bite at the apple" in violation of Local Rule 7.1. *Benton* at 1366-67.

Imposing attorneys' fees and expenses associated with this Motion is appropriate considering Plaintiff's ***willful*** disregard of the Local Rules. First, Defendant informed Plaintiff that he would ***not object*** if it sought the Court's

permission prior to filing (and as long as the filing did not contain extraneous matters).  *See* ECF #28.  Plaintiff did not obtain the Court's permission, but instead filed ECF #29 clearly in violation of Local Rule 7.1, willfully increasing the costs of litigation.

Second, "Notice of Objection" violates **the very same rule** that it accuses Defendant of violating.  In other words, Plaintiff willfully filed a document accusing Defendant of violating Local Rule 7.1, a document that it knew violated the very same Rule.[2]  This type of brazen conduct should not go unpunished. Therefore, it would be appropriate for the Court to strike ECF #29 and award Defendant the costs and expenses of responding to it.  *Compare Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) ("... while extremely inappropriate, appellant's failure to comply with the court order was more a matter of negligence than purposeful delay or contumaciousness"); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974) (recognizing that a "seaman might find it difficult to comply with an order giving him only a very few days to find counsel

---

[2] To be clear, Defendant contends that he did not violate Local Rule 7.1 in the first instance.  Georgia Rule of Professional Conduct 3.3 prohibits an attorney from making a "false statement of material fact or law to a tribunal."  Thus, the first portion of Defendant's filing was to correct an incorrect citation that would have possibly misled the Court.  The second portion (and the two attached Court orders) was an attempt to seek judicial notice pursuant to F.R.E. 201(c)(2) which can be done "at any stage of the proceeding." F.R.E. 201(d).

in Mobile, Alabama").

      **b)**      **Continued Violation of Local Rule 3.3**

Local Rule 3.3 requires each party to file a certificate with the Court in the form specified in the Rule. Defendant has refused to file such a certificate in this case despite being given ample opportunity to do so. *See e.g.* ECF #24, page 6.

Respectfully submitted May 9, 2013:

           ____/s/ Blair Chintella_____
           Blair Chintella
           GA Bar No. 510109
           4615 Hicks Rd.
           Mableton, GA 30126
           (404) 579-9668
           bchintel1@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## Local Rule 7.1(D) Certification

I hereby certify that **Defendant's Motion to Strike and for Sanctions** and the accompanying **Memorandum of Law** comply with LR 5.1B.

Dated April 9, 2013:

                                                  Respectfully Submitted:

                                                  ____/s/ Blair Chintella_____
                                                  Blair Chintella
                                                  GA Bar No. 510109
                                                  4615 Hicks Rd.
                                                  Mableton, GA 30126
                                                  (404) 579-9668
                                                  bchintel1@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

### Certificate of Service

I hereby certify that on May 9, 2013, I filed the **Defendant's Motion to Strike and for Attorneys' Fees** with the Clerk of Court using the Court's CM/ECF system, which will automatically e-mail a copy to the following attorneys' of record:

**Jacques Nazaire (for Plaintiff)**

Dated May 9, 2013:

                   Respectfully Submitted:

                   ____/s/ Blair Chintella_____
                   Blair Chintella
                   GA Bar No. 510109
                   4615 Hicks Rd.
                   Mableton, GA 30126
                   (404) 579-9668
                   bchintel1@gmail.com