UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC,                          Civil Action No. 2:12-CV-00262-WCO

      Plaintiff,

v.

RAJESH PATEL,

      Defendant.

_____

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND DEFENDANT'S MOTION FOR SANCTIONS

On May 9, 2013, defendant filed a motion to strike and requested sanctions (ECF No. 30). The plaintiff by its attorney hereby opposes the motion as follows.

1. On May 8, 2013, the defendant filed a document which it termed as an objection (E.C.F. No. 27) to plaintiff's reply (E.C.F. No. 26) wherein it included as an exhibit a "sanctions order" from a different case. On May 9, plaintiff filed an objection (E.C.F. No. 29) to defendant's filing, arguing in essence that 1) defendant's filing was guised under the title of objection but was actually a Sur-Reply; 2) all documents regarding a pending motion were already fully submitted; and 3) the defendant failed to explain the role its attorney played in the case which was the subject of the notice.

1

2. Since the filing of E.C.F. No. 27 was not the first mention of that case (*Ingenuity 13, LLC v. John Doe,* C.D.Ca., Case No. 2:12-cv-08333) hereinafter referred to as the "California Case", plaintiff felt obligated to object to the submission of what defendant refers to as judicial notice but linked to plaintiff's Response to Reply.

3. While the defense argues that the plaintiff was making arguments to get "another bite of the apple" , nothing could be farther from the truth.

4. Plaintiff realized that the defense was filing so many documents regarding the California case that the filings became somewhat of a billing issue. Please see E.C.F No. 16, Exhibits "A", "F", "G", and "P". The defense should not be able to file every single document contained in that California case and bill for the same. The California case was decided based upon a different set of facts, not ideology.

5. The California case dealt with a California attorney's conduct (which is governed in part by the California rules regarding professionalism and ethics). The California case dealt with individuals who failed to testify and with individuals who plead the fifth. The California case dealt with several motions made directly against THAT Court. There have been no such motions made here. The California case dealt with a John Doe. Plaintiff is able to list many more differences between the two cases but for expediency will not do so.

6. It was earnestly believed that the defense was pleading to THIS Court to render a decision solely based upon the facts of the California case and whatever

state law relates to the same. It appeared that the defense was attempting to superimpose the California case upon this one. The foregoing is stated figuratively of course.

7.  It appears that the defense was attempting to superimpose the California case by filing unnecessary documents from that case into this docket. Allowing this to continue will cause confusion and will lead to unnecessary billing fees as well.

8.  The defense has done this once again, even after plaintiff's objection. The defendant has filed ECF No. 31 in THIS action, which contains Defendant's "Exhibit B". Defendant's exhibit contains a motion made directly against the California Court. That motion was NOT written by the undersigned; nevertheless the defense has filed it in THIS docket apparently for two reasons. 1) to bill for the same and 2) to give THIS Court the impression that either the undersigned or a friend of his drafted and filed the same. Once again the undersigned had absolutely nothing to do with that motion (E.C.F. No.31, Exhibit B). Furthermore, neither the plaintiff nor the defendant in this action is listed in the caption of that California motion. So the question remains as to why the defense has filed this exhibit/copy of the California motion into docket of this instant case.

9.  Why would the defendant in this case file a copy of a motion (ECF No. 31, Defendant's Exhibit B) from the California case and into THIS docket when that

motion has nothing to do with this case?

10. The undersigned does not know the answer to that question. However, it must be noted that defendants (not the one herein) in these types of cases, typically employ various crafty and intimidating schemes against prosecutors and plaintiff's attorneys. A newspaper article mentioning other types of intimidation is attached hereto as Plaintiff's **Exhibit A**.

11. Furthermore the undersigned has been personally harassed by these types of defendants (not the defendant in this instant case nor the individuals listed in Exhibit A) because of THIS case alone. (Please see Plaintiff's **Exhibit B** attached hereto).

12. The bottom line is that the undersigned herein is seeking a quick dismissal of this case and is not seeking to extend or delay this case. The undersigned has no incentive to file documents simply for joy. The undersigned is not billing anyone for filing any of these documents.

13. As to the alleged violations of Local Rule 3.3, the defendant is mistaken. The Plaintiff has already filed its Corporate Disclosure prior to voluntarily dismissing this case. If there is evidence that other corporations own AF Holdings, the undersigned will be more than willing to file a document indicating the same.  Additionally, A Notice of Deficiency has not been sent to the undersigned regarding the same and as such, sanctions are not warranted.

## Conclusion

**WHERFORE,** the plaintiff respectfully request that the Court denies defendant's motion and issues an Order closing this case.

Respectfully Submitted,
AF Holdings LLC,

DATED: May 22, 2013

/s/ Jacques Nazaire
Jacques Nazaire
(Bar No. 142388)
125 Town Park Drive,
Suite 300
Kennesaw, Georgia 30144
Telephone: (404) 923-0529
Facsimile: (678) 559-0798
*Attorney for Plaintiff*
Nazaire.jaques@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

<u>Local Rule 7.1(D) Certification</u>

I hereby certify that Plaintiff's Response In Opposition to Defendant's Motion comply with LR 5.1B.

Dated May 22, 2013:

                                               Respectfully Submitted:

                                               /s/ Jacques Nazaire_____
                                               Jacques Nazaire
                                               GA Bar No. 142388
                                               125 Town Park Drive
                                               Kennesaw, GA 30144
                                               Tel: (404) 923-0529
                                               Fax: (678) 559-0798
                                               nazaire.jacques@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 2:12-cv-00262-WCO |
| RAJESH PATEL, : | |
| : | |
| Defendant. : | |

Certificate of Service

    I hereby certify that on May 22, 2013, I filed the Plaintiff's Response to Defendant's Motion to Strike and for Sanctions with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the following attorney(s) of record:

    Blair Chintella

    Dated May 22, 2013:

                                          Respectfully Submitted:

                                          /s/ Jacques Nazaire_____
                                          Jacques Nazaire
                                          GA Bar No. 142388
                                          125 Town Park Drive
                                          Suite 300
                                          Kennesaw, GA 30144
                                          Tel: (404) 923-0529
                                          Fax: (678) 559-0798
                                          nazaire.jacques@gmail.com

8