## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No.<br>: 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| Defendant. | : |

## MEMORANDUM OF LAW

### Procedural History

On July 2, 2013, the Court entered a minute order permitting the parties sixty days' of discovery. On July 22, 2013, Defendant served a Notice of Deposition of Mark Lutz hereto attached to this Motion and Memorandum.

### Argument and Citation to Authority

Ordinarily, non-parties must be subpoenaed pursuant to Fed. R. Civ. P. Rule 45 to compel their attendance regarding a deposition. *See e.g. Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) ("If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a nonparty's attendance can be compelled only by subpoena."). However, there is authority supporting the proposition that a high-level employee such as a director, officer or managing agent can be compelled to attend a deposition via a notice to

1

the respective corporate or organizational party. *See e.g. E.I. DuPon de Nemours and Co. v. Kolon Industries, Inc.*, 268 F.R.D. 45, 48-49 (E.D. Va. 2010) (extensive discussion of factors relevant to determining whether a witness is a managing agent); *Calixto v. Watson Bowman Acme Corp.*, 2008 WL 4487679, * 2-3 (S.D. Fla. 2008) (engaging in a fact-specific analysis to determine if witness was a managing agent); *Vision Center Northwest Inc. v. Vision Value LLC*, 2008 WL 4276240, *2-3 (N.D. Ind. 2008, aff'd 2008 WL 4724722 (N.D. Ind. 2008) (discussing and applying factors relevant to determining whether a witness is a managing agent); *Phillips v. American Honda Motor Co., Inc.* 2005 WL 1527685, *1 (S.D. Ala. 2005); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005) (notice sufficient to compel production of officer, director, or managing agent); *Stone v. Morton Intl., Inc.*, 170 F.R.D. 498, 503-04 (D. Utah 1997)). *Compare O'Connor v. Trans Union Corp.*, No. 97-cv-4633, 1998 WL 372667, at *2 (E.D. Pa. May 11, 1998) (lower level employees must be subpoenaed).

Defendant was unable to find precedent addressing this specific issue, but argues in good faith that the notice attached as Exhibit A is sufficient to compel the attendance of Mark Lutz. First, at the hearing conducted on July 2, 2013, counsel for Plaintiff stated several times that he primarily relied upon Mr. Lutz for information concerning Plaintiff, and that it was Mr. Lutz that refused to produce

any information or documents (prior to filing) regarding the detection of the alleged download by Defendant.

Second, Mr. Lutz apparently filed, through Plaintiff's counsel, what purported[1] to be an affidavit in this case stating: "I am Plaintiff's managing member." (ECF No. 20-2). In another case, Mr. Lutz filed a declaration stating: "I am the CEO of AF Holdings, LLC, the plaintiff in this matter." *AF Holdings LLC v. Andrew Magsumbol*, N.D.Ca., Case No. 3:12-cv-04221, ECF # 57-2. Also, in that case Mr. Lutz apparently electronically signed an ADR Certification as "Corporate Representative" of Plaintiff. *Id*, ECF #29.

Defendant argues that these filings, along with Plaintiff's counsel's statements as to his conversations with Mr. Lutz, render Mr. Lutz compellable to a deposition here in Georgia pursuant to the above-cited authority. Moreover, that Mr. Lutz is not entitled to witness fees pursuant to Fed. R. Civ. P. Rule 45(c)(3), which states that a failure to pay witness fees is not grounds to quash a subpoena regarding "a party nor a party's officer."

Defendant files this motion as a precautionary measure. If a notice of deposition is sent out regarding the deposition of a non-party and they are not subpoenaed, the deposing party may be required to pay for the reasonable expenses

---

[1] Defendant has previously argued that this document is insufficient as an affidavit under Florida law governing notarizations. *See* ECF #

when/if the witness fails to attend because they were not compelled. *See generally* Fed. R. Civ. P. Rule 30(g).

Although Defendant contends that the attached notice is sufficient, Defendant is in the process of discovery to uncover the actual residence of Mr. Lutz. However, this endeavor has been difficult since Mr. Lutz, when he does appear in Court, states that his address is a UPS box in Washington D.C.. *See e.g. Ingenuity 13 LLC v. John Doe*, C.D. Ca., Case No. 2:12-cv-08333, ECF #202 (listing an address of "Mark Lutz, c/o Livewire Holdings, LLC, 2100 M. Street Northwest, Suite 170-417, Washington D.C. 20037.[2]

In the event that Plaintiff does not provide this information or the Court denies this motion, Defendant will need to provide "reasonable notice" of the cancellation of the deposition. *See generally Miller Dyuadic Intern., Inc.*, 2008 WL 2116590, *2 (S.D. Fla. 2008) (cancellation via e-mail 36 hours before deposition was unreasonable).

## Conclusion

Defendant asks the Court for a ruling that the attached notice is sufficient to compel the attendance of Mr. Lutz to a deposition. Defendant files this motion in

---

[2] Mr. Lutz lists this address even though this filing is *pro se*, and not on behalf of Livewire Holdings, LLC. Moreover, the filing did not contain a phone number or e-mail address as required by the procedural rules.

4

good faith due to the relatively short discovery period and to avoid unnecessary costs.

Respectfully submitted July 22, 2013:

                          ____/s/ Blair Chintella_____
                          Blair Chintella
                          GA Bar No. 510109
                          2483 Shoals Ter.
                          Decatur, GA 30034
                          (404) 579-9668
                          No fax.
                          bchintel1@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 2:12-cv-00262-WCO |
| RAJESH PATEL, : | |
| : | |
| Defendant. : | |

## Local Rule 7.1(D) Certification

I hereby certify that **Defendant's Motion for A Ruling on the Proper Method to Compel the Attendance of Mark Lutz for a Deposition** and the accompanying **Memorandum of Law** comply with LR 5.1B.

Dated July 22, 2013:

                                                        Respectfully Submitted:

                                                        \_\_\_\_/s/ Blair Chintella_____
                                                        Blair Chintella
                                                        GA Bar No. 510109
                                                        2483 Shoals Ter.
                                                        Decatur, GA 30034
                                                        (404) 579-9668
                                                        No fax.
                                                        bchintel1@gmail.com