IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

AF HOLDINGS, LLC,       :
                         :
      Plaintiff,         :
                         :
v.                    :       CIVIL ACTION
                         :       NO. 2:12-CV-00262-WCO
PATEL,              :
                         :
      Defendant.     :

## ORDER

The court has before it for consideration defendant's request for judicial notice of approximately 38 different documents.

### I.      General Factual and Procedural Background

On November 2, 2012, plaintiff filed a copyright infringement lawsuit against defendant, alleging that he illegally downloaded plaintiff's video, "Popular Demand," from the internet.  Although the clerk entered default against defendant on February 27, 2013, the defendant filed a motion to set aside the default.  Two weeks later, plaintiff voluntarily dismissed this action with prejudice.

On April 6, 2013, defendant filed a motion for sanctions against plaintiff, alleging that the lawsuit was filed in bad faith as (1) plaintiff had not intended to litigate the suit, and (2) plaintiff did not hold the exclusive copyright rights that defendant had allegedly infringed.  Thereafter, defendant requested judicial notice of

approximately 38 different documents.  (*See generally* Doc. 16, at 8; Doc. 24-1; Doc. 25-1; Doc. 31; Doc. 33; Doc. 37; Doc. 38.)  The majority of these documents were filed in other jurisdictions, and while they allegedly pertain to parties associated with or responsible for plaintiff, they were not made by and do not directly relate to the parties in this action.  Additionally, plaintiff has not directly objected to any of defendant's requests for judicial notice.

On July 2, 2013, the court held an initial hearing on all pending matters.  At this hearing, the court agreed to allow defendant a brief discovery period of 60 days.  Additionally, the court indicated that it would attempt to clarify the scope of this discovery by ruling on defendant's pending requests for judicial notice.  Those requests are the subject of this order.

## II.    Judicial Notice

The Federal Rules of Evidence permit courts to take judicial notice of certain facts if they are "not subject to reasonable dispute."  FED. R. EVID. 201(b).  A fact is not subject to reasonable dispute if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*  Judicial Notice may be taken *sua sponte* or at a party's request.  FED. R. EVID. 201(c).  If judicial notice is at a

party's request, the court must grant the request if it is "supplied with the necessary information." FED. R. EVID. 201(c)(2).

When a court takes judicial notice of a document, "[c]aution must . . . be taken to avoid admitting evidence . . . in contravention of the relevancy, foundation, and hearsay rules." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009). This is because "the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed . . . ." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Thus, for a fact to be subject to judicial notice, it must be one that "only an unreasonable person would insist on disputing." *Id.*

### III.   Analysis

Here, defendant requests judicial notice of approximately[1] 38 documents (the "Documents"), the majority of which have been pulled from the Public Access to Court Electronic Records (PACER) system. As the Documents are not matters of common knowledge, the court must determine whether PACER is a source whose "accuracy cannot reasonably be questioned." *See* FED. R. EVID. 201(b). If it is, the

---

[1] The court uses the word "approximately" due to the fact that defendant has requested judicial notice of hundreds of pages of documents. Additionally, defendant's references to these documents are often inconsistent or incomplete. (*See, e.g.*, Doc. 16, at 8 n.5 (requesting judicial notice of document "attached hereto as XXXX").) While the court has attempted to address every document for which judicial notice was requested, it is ultimately defendant's responsibility to present this information to the court in an orderly and concise fashion.

3

court will then determine whether defendant has provided the "necessary information" to permit judicial notice of the contents of the documents themselves.  FED. R. EVID. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").

### A.   PACER

PACER is an electronic public access service provided by the federal judiciary that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts via the Internet.  *See* PACER, www.pacer.gov.  Several federal district and appellate courts have taken judicial notice of court records available to the public through PACER.  *See, e.g.*, *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of California Court of Appeal opinion and briefs found on PACER); *C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D. Cal. 2009) (taking judicial notice of court records available through PACER); *Barnhardt v. Mitchell*, *C.A.*, No. 0:09-1452-RBH, 2009 WL 2430662 (D.S.C. Aug. 6, 2009); *Grandinetti v. Clinton*, 207-CV-275-WHA(WO), 2007 WL 1624817 (M.D. Ala. Apr. 5, 2007) (taking judicial notice of Party/Case Index from PACER).  While the Eleventh Circuit has not officially sanctioned the judicial notice of documents pulled from PACER, it has recognized that it is reasonable for parties and their counsel to rely on the accuracy of court filings found on PACER.  *See Hollins v. Dep't of Corr.*,

191 F.3d 1324, 1327 (11th Cir. 1999) ("By allowing parties and their counsel to monitor the progress of their cases . . . without traveling to court and placing demands upon the time of court personnel, systems such as PACER ease costs for both parties and the courts.  But that and other benefits of such systems will arise only if parties actually can *rely* on electronically available court information.") (emphasis in original).

After considering this supporting authority, the court agrees that PACER is a source whose "accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b)**.** Thus, finding a document in the PACER system establishes beyond reasonable dispute that the particular document was filed in litigation before a particular court. Accordingly, the court may take judicial notice of the fact that the Documents filed on PACER (1) are accurate copies of the court documents they purport to be, and (2) were filed in the course of litigation in a particular court.  However, this is the full extent of the verification permitted by the PACER system.  Whether the court may take judicial notice of the contents of these Documents is a separate and distinct question.

### B.    Declarations and Affidavits

Defendant has requested judicial notice of 16 declarations and affidavits:

(1)    December 21, 2012, Declaration by Brett Gibbs, *Sunlust Pictures, LLC v. Nguyen*, No. 8:12-CV-01685 (M.D. Fla. 2012) [hereinafter *Florida Action*] (ECF No. 44-2).  (Doc. 31-1, at 2.)[2]

(2)    April 11, 2013, Declaration by Brett Gibbs, *Florida Action* (ECF No. 49-1).  (Doc. 31-1, at 9.)

(3)    Affidavit of Mark Lutz and Accompanying Exhibits, *Florida Action* (ECF No. 51).  (Doc. 31-1, at 29–37.)

(4)    Affidavit of Alan Cooper, *Ingenuity 13, LLC v. Doe*, No. 2:12-CV-08333-ODW-JC (C.D. Cal. 2012) [hereinafter *California Action*] (ECF No. 19-1).  (Doc. 31-1, at 38.)

(5)    February 19, 2013, Declaration of Brett Gibbs, *California Action* (ECF No. 50).  (Doc. 31-1, at 39.)

(6)    March 1, 2013, Declaration of Brett Gibbs, *California Action* (ECF No. 58).  (Doc. 31-1, at 53.)

---

[2] This document does not appear to have the electronic filing indicator from the PACER system.  Accordingly, the court will not take judicial notice of this document.

(7)     March 4, 2013, Supplemental Declaration of Brett Gibbs, *California Action* (ECF No. 61).  (Doc. 31-1, at 58.)

(8)     March 8, 2013, Declaration of John Steele, *California Action* (ECF No. 83).  (Doc. 31-1, at 61.)

(9)     Declaration of Seth Schoen, *California Action* (ECF No. 117-3).  (Doc. 31-1, at 63.)

(10)    Declaration of Graham Syfert, *California Action* (ECF No. 124).  (Doc. 31-1, at 74.)

(11)    April 20, 2012, Declaration of John Steele, *AF Holdings, LLC v. Does 1–1058* (ECF No. 32).  (Doc. 31-1, at 84.)

(12)    Declaration of Paul Duffy, *AF Holdings, LLC v. Harris*, No. 2:12-CV-02144-PHX-GMS (ECF No. 12-1).  (Doc. 31-1, at 87.)

(13)    December 17, 2012, Affidavit of John Steele, *Florida Action* (ECF No. 40-5).  (Doc. 31-3, at 38.)

(14)    Affidavit of Paul Duffy, *Ingenuity 13, LLC v. Doe*, No. 13-55881 (9th Cir.).  (Doc. 37-1.)

(15)    Declaration of Delvan Neville, *First Time Videos, LLC v. Oppold*, No. 6:12-CV-01493-CEH (M.D. Fla.), (ECF No. 37-11).  (Doc. 38-1.)

(16)   April 25, 2013, Affidavit of John Steele and Accompanying

Exhibit, *Florida Action* (ECF No. 51).  (Doc. 31-1, at 25.)

After review, the court concludes that it may take judicial notice only of the following

facts in relation to these declarations and affidavits: (1) that they were filed on the

docket of the particular lawsuit as indicated on those documents themselves, and (2)

that the signing individual made the statements contained in the declaration or

affidavit under penalty of perjury.   These are the only facts presented in these

documents that are not subject to reasonable dispute.

The court believes it is entirely improper to take judicial notice of testimony

filed in another court.  *Accord Untied States v. Korman*, 08-81090-CIV, 2009 WL

1689085, at *1 n.1 (S.D. Fla. June 17, 2009) (declining to take judicial notice of a

deposition filed in another lawsuit), *aff'd* 373 F.App'x 922 (11th Cir. 2010)

(unpublished).  As defendant himself notes, these documents often present conflicting

accounts of the same facts, making them subject to dispute and thus improper subjects

of judicial notice.   Furthermore, these documents consist entirely of hearsay.  *See*

*Jones*, 29 F.3d at 1554 (noting filings made in another court are hearsay evidence and

inadmissible unless they fall under a hearsay exception).   While the hearsay analysis

does not directly apply to judicial notice, the presence of hearsay in the document to

be noticed necessarily means that the accuracy of its contents is subject to dispute.

*Accord id.*; 21B CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL

PRACTICE AND PROCEDURE § 5106.4 (noting parallel between indisputability standard

of judicial notice and hearsay analysis).  Therefore, while the court will take judicial

notice that these individuals made the statements presented in these court filings, the

court cannot take judicial notice that these statements are themselves true.[3]

### C.    Court Orders

Defendant has requested judicial notice of the five following court orders:

(1)    May 16, 2013 Order, *AF Holdings, LLC v. Harris*, No. 2:12-CV-02144

(D. Ariz. 2012) (ECF No. 12-1).  (Doc. 31-4, at 22.)

(2)    April 1, 2013 Order, *Voltage Pictures, LLC v. Does 1-31*, No.

4:13-CV-00037-GRS (S.D. Ga. 2013) (ECF No. 7).  (Doc. 31-2.)

(3)    May 7, 2013 Order, *Prenda Law Inc. v. Godfread*, No. 2:13-CV-00030

(D. Ariz. 2013) (ECF No. 12).  (Doc. 31-4, at 3.)

(4)    May 2, 2013 Order, *Florida Action* (ECF No. 54).  (Doc. 31-4, at 25.)

(5)    May 21, 2013 Order, *California Action* (ECF No. 164). (Doc. 33-1.)

Applying the principles recounted above to these documents, the court concludes that

it may take judicial notice only of the following facts: (1) the judicial act represented

---

[3] To the extent there were exhibits attached to these affidavits or declarations, the court takes judicial notice that the exhibit was filed with the affidavit or declaration but does not take judicial notice that the contents of these exhibits are themselves true.

by the order, and (2) the subject matter being litigated.  These are the only facts presented in these orders that are not subject to reasonable dispute.  *Accord Jones*, 29 F.3d at 1553 ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.") (citations omitted).  The court will not take judicial notice of the findings of fact or references to testimony made in these orders, as these are improper subjects of judicial notice.  *Accord id.* at 1554 (finding district court erred by accepting findings of fact and references to testimony in another court's order as true).

### D.    Other Court Filings

Defendant has requested judicial notice of the following court filings:

(1)    ADR Certification, *AF Holdings LLC v. Does 1-96*, No. 3:11-CV-03335 (N.D. Cal.) (ECF No. 17).  (Doc. 31-1, at 77.)

(2)    Rule 26(f) Report, *AF Holdings LLC v. Doe 1*, No. 4:11-CV-03067 (N.D. Cal. 2011) (ECF No. 26).  (Doc. 31-1, at 78).

(3)    Motion for Pro Hac Vice Admission of John Steele in the District Court for the District of Columbia as Of Counsel to Prenda Law, *AF Holdings LLC v. Does 1-1058*, No. 1:12-CV-00048 (D.D.C. 2012) (ECF No. 32). (Doc. 31-1, at 82).

(4)     Motion for Disqualification of Honorable Judge Otis D. Wright, II,
        *California Action* (ECF No. 35).  (Doc. 31-3, at 2.)

(5)     Memorandum of Non-Parties in Opposition to Defendant's Motion for
        Sanctions, *Florida Action* (ECF No. 40).  (Doc. 31-3, at 13.)

(6)     Court Status Report from Prenda Law listing contact information for
        Duffy, Steele, and Hansmeier, *AF Holdings, LLC v. Does 1-20*, No.
        11-CV-00491 (W.D.Ky. 2011) (ECF No. 9).  (Doc. 31-4, at 2.)

(7)     Motion for Sanctions, *AF Holdings, LLC v. Harris*, No. 12-02144 (D.
        Ariz. 2012) (ECF No. 51).  (Doc. 31-1.)

(8)     Memorandum of Non-Party John Steele in Support of Motion to Strike
        and Motion for Sanctions, *Florida Action* (ECF No. 51).  (Doc. 31-1, at
        11.)

Applying the principles recounted above to these court filings, the court concludes

that it may take judicial notice only of the following: (1) the fact of the litigation, (2)

the name of the party who filed the document, and (3) that the party who filed the

document submitted it and made the averments contained therein.  These are the only

facts presented in these filings that are not subject to reasonable dispute.  *Cf. Bryant*

*v. Avado Brans, Inc.*, 187 F.3d 1271, 1287 (11th Cir. 1999) (approving judicial notice

of SEC filings for the statements they contain but not for the truth of the matters

11

asserted in those documents) (citations omitted).  The court will not take judicial

notice of the contents of these documents for their truth.

### E.    News Articles and Press Releases

Defendant has requested judicial notice of the following:

(1)    an interview with John Steele that, according to defendant, establishes

that Steele has spoken publicly about making millions of dollars fighting

copyright infringement, (Doc. 31-1, at 88), and

(2)    two promotional releases discussing Nina Mercedes and the video at

issue in this case, (Doc. 31-3, at 40; Doc. 31-3, at 41).

While some federal courts will take judicial notice of newspaper articles and

television stories, it is improper to take judicial notice of a newspaper article as proof

of the statements contained therein.  *See, e.g.*, *Cofield v. Ala. Pub. Serv. Comm'n*, 936

F.2d 512, 517 (11th Cir. 1991) ("That a statement of fact appears in a daily newspaper

does not of itself establish that the stated fact is "capable of accurate and ready

determination by resort to sources whose accuracy cannot reasonably be

questioned.").  The mere publication of something by the media does not establish that

it is a fact "capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned." *Cf. id.*

After reviewing these news articles and press releases, the court believes they are not proper subjects of judicial notice.  As noted above, there are only a few circumstances where a court may properly take judicial notice of the contents of articles and press releases, even if those articles and press releases are drawn from well-known sources such as the New York Times or Wall Street Journal.  Here, defendant has provided the court with vague, unauthenticated reports from Internet-based news services that exclusively target the adult entertainment industry.  The court will not stretch the doctrine of judicial notice this far.  *Cf. Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (declining to take judicial notice of the unofficial conduct of one person based upon newspaper accounts or press releases about that conduct).

### F.    Internet Material

Defendant has requested judicial notice of the following Internet material:

(1)    A printout of the "Popular Demand" product page on www.cduniverse.com.  (Doc. 31-3, at 42.)

(2)    A printout of an online shopping cart including "Popular Demand" https://secure.excaluburfilms.com.  (Doc. 31-3, at 43.)

(3)    A printout of the "Nina Mercedez: Popular Demand" page on www.adultdvdempire.com.  (Doc. 31-3, at 44.)

13

(4)     Printout   of   the   Twitter   feed   of   Nina   Mercedez   on
        https://twitter.com/Nina-Mercedez.  (Doc. 31-3, at 45.)

(5)     Account documents that appear to be from GoDaddy indicating John
        Steele's access to and ownership of various websites and originally filed
        in *Prenda Law v. Godfread*, No. 3:13-CV-00207 (S.D.Ill. 2013) (No.
        25-3).  (Doc. 31-4, at 4.)[4]

In essence, these are unauthenticated hearsay statements drawn from websites that are
subject to being changed or modified over time.  Their relevancy and probative value
appear to be minimal.  Accordingly, while defendant may attempt to submit these
items into evidence (assuming they are ultimately authenticated to the extent required
by the Federal Rules of Evidence), they are not a proper subject of judicial notice.  *Cf.*
*Mullinax v. United Mktg. Grp., LLC*, No. 1:10-CV-03585-JEC, 2011 WL 4085933,
at *6 (N.D. Ga. Sept. 13, 2011) (Carnes, J.) (declining to take judicial notice of
screenshots of an enrollment process that had been changed, modified, and revised
over time); *Exime v. E.W. Ventures, Inc.*, No. 08-60099-CIV, 2009 WL 454278, at *2
(S.D. Fla. Feb. 11, 2009) (declining to take judicial notice where website printout
failed to comply with the self-authentication requirements of Federal Rule of Evidence

---

[4] Even though this item was drawn from another court's record, defendant fails to explain
what this document is, how it was originally obtained before it was filed on PACER, and how this
court can determine the accuracy or authenticity of its contents.

14

902 or Rule 201, and the relevancy and probative value of the printouts was far from certain).

### G.   Government Advisories

Defendant has also requested judicial notice of a July 2000 Advisory regarding "Transactions Involving St. Kitts & Nevis" (the "Advisory") published by the United States Department of the Treasury Financial Crimes Enforcement Network ("FinCEN").  (Doc. 31-4, at 27.)   The Advisory urges banks to deal cautiously with entities formed in St. Kitts and Nevis because those islands are known for money-laundering.  (*Id.*)

It is generally accepted that courts may take judicial notice of the contents of certain official government publications.  *See, e.g.*, *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 332 n. 10 (1961) (taking judicial notice of a United States Census Report); *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 978 n.2 (9th Cir. 2007) (taking judicial notice of the Defense Security Cooperation Agency's guidelines); *Clappier v. Flynn*, 605 F.2d 519, 535 (10th Cir. 1979) (taking judicial notice of a publication in the Federal Registry). Here, however, the court is unpersuaded that a single FinCEN Advisory is a proper subject of judicial notice.  Defendant has not provided anything to suggest that the contents of the Advisory are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned." *See* Fᴇᴅ. R. Eᴠɪᴅ. 201(b).  The court also has serious concerns about the reliability of the Advisory and its probative value in this case, since the Advisory itself is over a decade old.  Accordingly, the court declines to take judicial notice of this document.

## IV.    Conclusion

In conclusion, the court will take judicial notice of the Documents only to the extent identified in this order.[5]  If defendant seeks judicial notice of any other documents in the future, the court strongly advises defendant to (1) specifically identify the fact of which he is requesting judicial notice, (2) ensure that he is submitting the "necessary information" for the judicial notice determination in accordance with Federal Rule of Evidence 201(c)(2), and (3) request judicial notice only of facts that are "not subject to reasonable dispute."  Fᴇᴅ. R. Eᴠɪᴅ. 201.

**IT IS SO ORDERED**, this 25ᵗʰ day of July, 2013.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge

---

[5] Defendant requested judicial notice of two additional documents not discussed in this order: *AF Holdings LLC v. Does 1-96*, No. 4:11-CV-03067 (N.D. Cal. 2011) (ECF No. 20), and *AF Holdings v. Doe*, No. 3:12-CV-02396 (N.D. Cal. 2012) (ECF No. 8).  It appears that these documents were not actually submitted to the court.  As defendant has failed to provide the "necessary information" for a judicial notice determination in accordance with Federal Rule of Evidence 201(c)(2), the court will not take judicial notice of these documents.