UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC,                       Civil Action No. 2:12-CV-00262-WCO

       Plaintiff,

v.

RAJESH PATEL,

       Defendant.

_____/

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

1. On July 2, 2013, the Court authorized Defendant to seek discovery for the brief period of sixty (60) days. The discovery authorized by the Court related to Defendant's Motion for Sanctions, in which Defendant challenged, among other things, Plaintiff's standing to initiate this lawsuit.

2. Plaintiff seeks entry of a protective order in this action, because Defendant has violated the Court's Order by serving a vast and sweepingly broad series of discovery requests upon Plaintiff, Plaintiff's counsel and third parties. Defendants' requests go far beyond the limited discovery that this Court contemplated, and Plaintiff requests that the Court enter a protective order (1) striking Defendant's third-party discovery; and (2) limiting the matters upon which Defendant seeks discovery to Plaintiff's standing to have initiated this lawsuit.

3. As the Court noted in its July 25, 2013 Order, Defendant has already sought "judicial notice" of thirty-eight (38) separate documents, comprised of hundreds of pages of documents. (ECF No. 45.) Among other things, the Court in its order directed Defendant, in

seeking judicial notice, to (1) specifically identify the fact of which he is requesting judicial notice, (2) ensure that he is submitting the "necessary information" for the judicial notice determination in accordance with Federal Rule of Evidence 201(c)(2), and (3) request judicial notice only of facts that are "not subject to reasonable dispute." FED. R. EVID. 201. (ECF No. 45).

   4. In a similar fashion to his requests for judicial notice, Defendant's discovery requests stray far beyond matters that have any relevance in this case, not to mention the matters referenced in the Court's July 2, 2013 Order (ECF #39). For example, Defendant has served interrogatories, requests for production and a deposition notice (*see* certificates of service at ECF No. 41, 42 and 43) that are vast in scope and represent nothing more than a fishing expedition on the part of Defendant on matters with nothing to do with this case. Defendant has also served subpoenas upon third parties who were not parties to this lawsuit upon matters with no relevance here. (**Exhibit A**)

   5. Moreover, Defendant filed a motion seeking an advisory opinion from the Court as to how to properly compel an individual to appear for a deposition. (ECF #44.) Courts, of course, typically do not issue advisory opinions.

   6. Plaintiff therefore respectfully request that the Court enter (1) striking Defendant's third-party discovery; and (2) limiting the matters upon which Defendant seeks discovery to Plaintiff's standing to have initiated this lawsuit. This is a "closed case". The sole reason defendant never requested discovery while this case was active was because it elected to ignore the summons and complaint properly served upon it and failed to file an Answer.

   7. Federal Rule of Civil Procedure 26(c) provides that a protective order may be granted upon a showing of good cause. Good cause, in turn, is a well-established legal phrase.

Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. In a different context, this Circuit has identified four factors for ascertaining the existence of good cause which include: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). In addition, this circuit applies "balancing of interests" approach to Rule 26(c). *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

8. Those elements justify entry of a protective order curtailing Defendant's discovery. *First,* there is a substantial likelihood of perceived harm because the Defendant's unbridled discovery requests will have the effect of reaching all matters that could have been addressed in a trial—and several matters even beyond that scope. The impact of having a full-blown discovery process for a case that was dismissed with prejudice, and requiring it to be completed in approximately one month from now, represents a very high burden upon the Plaintiff, and one that is not necessary to address the Plaintiff's standing to bring the suit. *Second,* the protective order may be very precisely drawn, limiting discovery to those matters about which the Court seeks further information. *Third,* there is not a less-onerous alternative; the Court allowed Defendant *limited* discovery, but the discovery demands, thus far, show no interest in limiting evidence to relevant issues. *Fourth,* the duration of the order need extend only to the short discovery period that the Court allowed.

9. Although the Court allowed some discovery, here, the defendant's discovery requests, and requests for judicial admission to the Court, are breathtakingly overly broad, and betray a motivation that extends far beyond seeking information relevant to this case. As such, Plaintiff

respectfully requests entry of a protective order (1) striking Defendant's third-party discovery; and (2) limiting the matters upon which Defendant seeks discovery to Plaintiff's standing to have initiated this lawsuit.

                                      Respectfully Submitted,

                                      AF Holdings LLC,

DATED: July 30, 2013

                                      By:      /s/ Jacques Nazaire

                                              Jacques Nazaire (Bar No. 142388).
                                              125 Town Park Drive, Suite 300
                                              Kennesaw, Georgia 30144
                                              Telephone: (404) 923-0529
                                              Facsimile: (678) 559-0798
                                              Nazaire.jacques@gmail.com
                                              *Attorney for Plaintiff*