## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 2:12-cv-00262-WCO |
| | : | |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

### Memorandum of Law

Comes now, Defendant, by and through counsel, and files this **Defendant's Emergency Motion to Extend the Discovery Deadline**, showing the Court as follows:

### Summary of Facts

On July 2, 2013, the court entered a minute order granting 60 days of discovery ending on September 2, 2013 (ECF #39). Pursuant to Fed. R. Civ. P. Rule 5(b)(2)(B)(i) and Rule 6(d), the last day to serve discovery requiring a response within the deadline for completing discovery is Friday, August 2, 2013. Thursday and/or Friday of this week, Defendant was planning on serving today one or more discovery devices on Plaintiff pursuant to Rule 5(b)(2)(B)(i) or personally. Declaration, ¶ 4. However, at approximately 9:40 AM this morning, counsel for Defendant discovered that his vehicle had been stolen last night. *Id*, ¶ 1. He

1

subsequently reported this to the Dekalb County Police Department and a true and correct copy of the card given to him by Officer E. Phillips #3141 is hereto attached as Exhibit A.  *Id*, ¶ 2  Counsel for Defendant also reported this to his insurance company (Progressive) and received a claim number that can be provided upon request.  *Id*, ¶ 3.

Defendant's discovery in this case at times been served via regular mail and pursuant to Rule 5(b)(2)(B)(i) – however, opposing counsel has also consented to discovery via e-mail.  *See* Exhibit B.  *Id*, ¶ 6.

Defendant files this Emergency Motion asking the Court to extend the discovery deadline within which to file a response, up to and including September 5, 2013.  This would enable counsel for Defendant to serve the discovery to opposing counsel's e-mail address of nazaire.jacques@gmail.com on Thursday or Friday, pursuant to their agreement, and still have a response due within the discovery deadline.  Otherwise, discovery that was planned on being served pursuant to Rule 5(b)(2)(B)(i), if e-mailed, would create a response deadline beyond the allotted discovery period.  *See* Rule 6(d) (providing an additional three days to respond when service is made pursuant to *inter alia* Rule 5(b)(2)(E) – by "electronic means.").

Counsel for Defendant has tried to contact opposing counsel before filing this motion by calling and leaving voice messages at both known numbers for him (646-210-8107, 404-923-0529), but has not received a response. *Id*, ¶ 5.

## Argument and Citation to Authority

LR 26.2, NDGa empowers the court to "shorten or lengthen the time for discovery . . . in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed."

Although a "Joint Preliminary Report and Discovery plan was not filed in this case, Defendant argues that a stolen vehicle is an "exceptional" case that is contemplated by LR 26.2, NDGa.

In the alternative, Defendant argues that Fed. R. Civ. P. 6(b) applies, which permits the Court to extend a deadline "for good cause . . . with or without motion or notice if the court acts, of if a request is made, before the original time or itx extension expires . . ."

Defendant also argues that since the Court granted limited discovery following the July 2, 2013 hearing that it has the inherent authority to regulate

3

discovery, including the ability to extend a deadline due to extenuating circumstances.

Due to the extremely time-sensitive nature of this Emergency Motion, Defendant requests that "good cause" exists" pursuant to LR 7.2, NDGa, which provides that "Upon written motion and for good cause shown, the court may waive the time requirements of this rule . . . The motion shall set forth in detail the necessity for such expedited procedure."

### Conclusion

Defendant request a short extension of the discovery period because counsel for Defendant's vehicle was stolen and he is thus unable to serve discovery as planned.

This 31 day of July, 2013:

2483 Shoals Ter.         **BLAIR CHINTELLA**
Decatur, GA 30034
404-579-9668
No Fax Number         Georgia Bar No. 510109
bchintel1@gmail.com     Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC     :
             :
     Plaintiff,    :
             :
v.            : Civil Action No.
             : 2:12-cv-00262-WCO
RAJESH PATEL,     :
             :
     Defendant.   :

### Certificate of Service

I hereby certify that on July 31, 2013, I filed the **Defendant's Emergency Motion to Extend the Discovery Deadline** by filing it through the CM/ECF system, which will e-mail a copy to Plaintiff's attorney at:

nazaire.jacques@gmail.com.

   Dated July 31, 2013:

              Respectfully Submitted:

              Blair Chintella
              GA Bar No. 510109
              2483 Shoals Ter.
              Decatur, GA 30034
              (404) 579-9668
              No fax.
              bchintel1@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC                :

                                   :

        Plaintiff,          :

                                   :   Civil Action No.

v.                             :   2:12-cv-00262-WCO

                                   :

RAJESH PATEL,              :

                                   :

        Defendant.      :

## Declaration of Blair Chintella

1.    On July 31, 2013 at approximately 9:40 AM, I went outside and notice that my vehicle was stolen.

2.    I reported that my vehicle had been stolen to the Dekalb County Police Department, and a true and correct copy of a card I was given is attached as Exhibit A to Defendant's Emergency Motion to Extend the Discovery Deadline.

3.    I subsequently called my insurance company (Progressive) and was given a claim number that I can provide upon request.

4.    As attorney for Defendant, I was planning on serving one or more discovery devices on Plaintiff pursuant to Rule 5(b)(2)(B)(i) or personally on Thursday or Friday of this week.

5.    As of the time of filing of Defendant's Emergency Motion to Extend the Discovery Deadline, I have not received a call back from Jacques Nazaire after leaving two voice mails at his phone numbers known to me: 646-210-8107 and

1

404-923-0529.

6.      Attached as Exhibit B to Defendant's Emergency Motion to Extend the Discovery Deadline is a true and correct copy of an e-mail exchange between myself and Jacques Nazaire.


I declare under penalty of perjury that the foregoing is true and correct:


Signature: _____ Date: ___7/31/2013_____
                        Blair Chintella

2

# <u>Exhibit A</u>

Non-emergency
4-294-2911



**DeKalb County Police Department**
1960 West Exchange Place
Tucker, GA 30084

Case #: 13-083579

Officer: E. Phillips #3141

Precinct: South

Phone: 4) 286-2911

Date: 7-31-13

# Exhibit B

Case 2:12-cv-00252-WCO Document 47-1 Filed 07/31/13 Page 11 of 11

**Subject:** Re: Patel case
**From:** Jacques Nazaire <nazaire.jacques@gmail.com>
**Date:** 7/10/2013 10:54 PM -0400
**To:** Bchintel1 <bchintel1@gmail.com>

Good Evening Blair:

Please do not serve any documents upon my client. I, however, am willing to accept documents via email.


Thank you.


-Jacques

On Tue, Jul 9, 2013 at 10:47 AM, Bchintel1 <bchintel1@gmail.com> wrote:

Hi Jacques:

Regarding service of documents, is your client willing to accept service via e-mail?

Sincerely,

Blair Chintella
404-579-9668
www.chintellalaw.com


--
Jacques Nazaire, Esq.