UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC,                                   Civil Action No.
                                                    2:12-CV-00262-WCO
                        Plaintiff,

v.

RAJESH PATEL,

                        Defendant.

_____

**PLAINTIFF'S SECOND MOTION FOR PROTECTIVE ORDER
WITH MOTION TO QUASH and MOTION TO SEAL**

1.      On July 2, 2013, the Court authorized Defendant to seek discovery for
the brief period of sixty (60) days. The discovery authorized by the Court related to
Defendant's Motion for Sanctions, in which Defendant challenged, among other
things, Plaintiff's standing to initiate this lawsuit.

2.      Plaintiff seeks entry of a protective order in this action, because
defendant has served a vast and sweepingly broad series of discovery requests.
defendants' requests go far beyond the limited discovery that this Court
contemplated, and Plaintiff requests that the Court enter a protective order (1)
striking Defendant's 2nd and 3rd discovery requests; (2) quashing defendant's
subpoenas and (3) Allowing all documents in this matter to be filed under seal.

3.      As the Court noted in its July 25, 2013 Order, Defendant has already
sought "judicial notice" of thirty-eight (38) separate documents, comprised of

hundreds of pages of documents. (ECF No. 45.)  Among other things, the Court in its order directed Defendant, in seeking judicial notice, to (1) specifically identify the fact of which he is requesting judicial notice, (2) ensure that he is submitting the "necessary information" for the judicial notice determination in accordance with Federal Rule of Evidence 201(c)(2), and (3) request judicial notice only of facts that are "not subject to reasonable dispute." FED. R. EVID. 201. (ECF No. 45).

4.   In a similar fashion to his requests for judicial notice, Defendant's discovery requests stray far beyond matters that have any relevance in this case, not to mention the matters referenced in the Court's July 2, 2013 Order (ECF #39). For example, Defendant has served interrogatories and requests for production and Admissions which are vast in scope, excessive and represent nothing more than a fishing expedition. (True and correct copies of Defendant's first set of discovery requests to Plaintiff are attached hereto at ***Exhibits "A,B,C"***). (True and correct copies of Defendant's second and third set of discovery requests to Plaintiff are attached hereto at ***Exhibits "D-I"***). Defendant has also served subpoenas upon third parties who were not parties to this lawsuit upon matters with no relevance here. (See ***Exhibits J-M***).

5.   Federal Rule of Civil Procedure 26(c) provides that a protective order may be granted upon a showing of good cause.  Good cause, in turn, is a well-established legal phrase. Although difficult to define in absolute terms, it generally

signifies a sound basis or legitimate need to take judicial action. In a different context, this Circuit has identified four factors for ascertaining the existence of good cause which include: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). In addition, this circuit applies "balancing of interests" approach to Rule 26(c). *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

6. Those elements justify entry of a protective order curtailing Defendant's discovery. *First,* there is a substantial likelihood of perceived harm because the Defendant's unbridled discovery requests will have the effect of reaching all matters that could have been addressed in a trial—and several matters even beyond that scope. The impact of having a full-blown discovery process for a case that was dismissed with prejudice, and requiring it to be completed in approximately one month from now, represents a very high burden upon the Plaintiff, and one that is not necessary to address the Plaintiff's standing to bring the suit. *Second,* the protective order may be very precisely drawn, limiting discovery to those matters about which the Court seeks further information. *Third,* there is not a less-onerous alternative; the first set of discovery demands should be sufficient. *Fourth,* the duration of the order need extend only to the short discovery period that the Court

allowed, which concludes in less than one month. The defendant should not be entitled to second and third discovery requests. The first set of request should be sufficient in such a short discovery period in a closed case.

7.      Defendant's discovery requests labeled as Exhibits D-I   are breathtakingly overly broad and excessive. There is no justification that would allow defendant to be entitled to second and third sets of discovery in such a period of time. In total, defendant has served, upon plaintiff, four(4) sets of request for admissions. As such plaintiff seeks a protective order against the two second and one third requests for admissions.

8. Defendant has also served third parties with subpoenas which are either irrelevant, may embarrass the third parties or contain the incorrect dates or incorrect IP addresses. The IP address relevant in this case is 75.89.36.80. The subpoenas containing other IP addresses should be quashed. Plaintiff is seeking to quash subpoenas listed in Exhibits J-M.

9.      Additionally, the Plaintiff is respectfully requesting that any future filings in this case may be filed under seal. This case has generated much unneeded attention on the internet. Please see *Exhibits N-S*. While the writers listed in exhibits N-S have the right to post these articles, unfortunately, these articles and blogs have created an embarrassment, misleading characterizations and perhaps an

unsafe environment for plaintiff's counsel and third parties. As such, plaintiff is respectfully requesting that all future filings be permitted to be made under seal.

10.     Plaintiff 1) understands that the articles attached hereto have not been authenticated and apologizes to this Court for the same. In such a short notice of time, it is difficult to authenticate these press releases and postings; however, a search on any search engine will prove these articles and postings to be real; and 2) Plaintiff is not criticizing the authors of the press releases and postings and realizes that the attached postings were meant to be humorous and not spiteful; nevertheless, those not familiar with this case may misinterpret said postings. This may lead to anger by those not quite familiar with the case but yet familiar with the captions. As such, it may be best for the court to allow sealing further filings (which may include addresses and personal information of the parties and counsels herein).

Respectfully Submitted,

AF Holdings LLC,

DATED: August 12, 2013

By:       /s/ Jacques Nazaire
          Jacques Nazaire (Bar No. 142388).
          125 Town Park Drive, Suite 300
          Kennesaw, Georgia 30144
          Telephone: (404) 923-0529
          nazaire.jacques@gmail.com
          *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA


AF HOLDINGS, LLC,                                    Civil Action No. 2:12-CV-00262-
WCO


                    Plaintiff,


v.


RAJESH PATEL,


                    Defendant.
_____/

## GOOD FAITH CERTIFICATION

The undersigned certifies that on he has in good faith attempted to confer with the defendant's counsel in an effort to resolve the dispute without court action on August 3, 2013 and August 4, 2013 via email. However, the defense would not "blankently" agree to withdraw the discovery demands. With discovery nearing to a close, bickering over question by question would lead to waste of valuable time.


                                        Respectfully Submitted,


                                        AF Holdings LLC,


DATED: August 12, 2013


                                By:        /s/ Jacques Nazaire
                                        Jacques Nazaire (Bar No. 142388).
                                        125 Town Park Drive, Suite 300
                                        Kennesaw, Georgia 30144
                                        Telephone: (404) 923-0529
                                        Facsimile:  (678) 559-4499
                                        nazaire.jacques@gmail.com
                                        *Attorney for Plaintiff*

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC                        :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :   Civil Action No.
                                        :    2:12-cv-00262-WCO
RAJESH PATEL,                           :
                                        :
        Defendant.                      :

## Local Rule 7.1(D) Certification

I hereby certify that Plaintiff's Notice of Objection complies with all sections of

LR5.1

Dated: August 12, 2013:

                                        Respectfully Submitted:


                                        ____/s/ Jacques Nazaire_____
                                        Jacques Nazaire
                                        GA Bar No. 142388
                                        125 Town Park Drive
                                        Kennesaw, GA 30144
                                        Tel: (404) 923-0529
                                        Fax: (678) 559-0798
                                        nazaire.jacques@gmal.com

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

Certificate of Service

I hereby certify that on August 13, 2013, I filed the Plaintiff's Second

Motion for Protective Order with Motion to Quash with the Clerk of Court using

the CM/ECF system which will automatically send e-mail notification to the

following attorney(s) of record:

Blair Chintella

Dated:  August 12, 2013:

Respectfully Submitted:

/s/ Jacques Nazaire_____
Jacques Nazaire
GA Bar No. 142388
125 Town Park Drive
Suite 300
Kennesaw, GA 30144
Tel: (404) 923-0529
Fax: (678) 559-0798
nazaire.jacques@gmail.com

8