## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC          :
:
        Plaintiff,       :
:
                       :   Civil Action No.
v.                   :   2:12-cv-00262-WCO
:
RAJESH PATEL,        :
:
       Defendant.     :

### Defendant's First Interrogatories

Pursuant to Fed. R. Civ. 33 and the local rules of this Court, Plaintiff is hereby served this **Defendant's First Interrogatories:**

### Construction

As used herein, (i) the singular of any word or phrase includes the plural and the plural of any word or phrase includes the singular, and (ii) "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests for production any information, documents or tangible things that might be otherwise be construed to be outside the scope of these requests for production.

### Definitions

1.   "6881" means 6881 Forensics, LLC listed on docket item 4-1 in the Prior Lawsuit.

2.   "Action" means the above-styled case.

3.   "Alan Cooper" means the Person that purportedly signed the copyright assignment relevant to this case.

4.   "Allan Mooney" means Allan Mooney the client of Paul Hansmeier.

5.   "ALG" mean Anti-Piracy Law Group, LLC, an Illinois entity.

6.   "Alpha" means Alpha Law Firm, LLC, a Minnesota LLC.

7.   "Angel Van Den Hemel" means an employee of Prenda.

8.   "AF Holdings" means the plaintiff in this Action.

9.   "Bessemer" means Bessemer Films, LLC, Delaware and Florida entities.

10.  "Brett Gibbs" means the attorney licensed in California that was at one point affiliated with Prenda.

11.  "Contact Information" means all legal name, all business and residential addresses, all business and personal phone numbers, all business and personal e-mail addresses, and the Identity of all officers, directors, shareholders, employees, independent contractors, "corporate representatives" or other agents.

12.  "Document" means the broad meaning of that term as defined and interpreted under the Federal Rules of Civil Procedure, including but not limited to digital and non-digital document formats, the original of a document and each non-identical copy (whether different from the original

2

by means of notes made on such copy or otherwise), and – if the original is not in existence or subject to your control – each copy, regardless of origin or location, of any handwritten, typewritten, printed, computerized, electronically stored, recorded, transcribed, punched, taped, photocopied, photostatic, "telexed," filmed, microfilmed or otherwise prepared matter, however produced or reproduced, including but not limited to all electronically stored information, email messages, letters, correspondence, memoranda, telegrams, telexes, cables, memoranda or minutes of meetings or conversations (in person or telephonic), reports, notes, computer discs, tapes and files, legal documents, electronica data and writings of every description.

13. "File" means the file that Plaintiff alleges that Defendant downloaded via the bittorrent protocol as set forth in Plaintiff's Complaint, including its HASH value, size, name, and file type (e.g. .mov versus .mpeg).

14. "Heartbreaker" means Heartbreaker Digital, LLC, a Nevada entity.

15. "Identify," "Identity" or "Describe" means: (a) as to any Individual, their Contact Information, job title; (b) as to any Document, the type of document (e.g., correspondence, memorandum, etc.), where it is located, the format that it is (e.g. electronic PDF, paper, etc.), the Person who has custody or

control of it, and a brief description of the subject matter thereof; (c) as to Knowledge, any information or knowledge concerning the subject matter of the interrogatory posed, including the Identity of any Person who authored or worked on a Document, experiences dealing with the subject matter, actions performed in regard thereto, the identity of persons consulted or from whom information or advice was obtained (regardless of whether it is hearsay), devices used, and events took place or that will take place; (iv) as to any "Settlement," the Identity of the Persons to the agreement, date the agreement was signed by each party, and the amount of any monies paid by any party including to whom monies were paid and when.

16. "Individual" means a human being.

17. "ISP" means, unless the context indicates otherwise, the internet service provider subpoenaed in order to obtain the defendants alleged Internet account information.

18. "Jayme Steele" means the relative of John Steele.

19. "Joseph Perea" means attorney licensed in Florida that is/was affiliated with Prenda.

20. "Kerry Steele" means the wife of John Steele (aka Kerry Eckenrode).

21. "Knowledge" or "knowledge" means any actual knowledge that a person has, facts told to a person that have not been verified (regardless of whether hearsay), speculation, experiences, and any other information pertaining to a subject matter regardless of whether have been verified as true or not.

22. "Livewire" means Livewire Holdings, LLC.

23. "Mark Lutz" means the Person that claims to be the CEO of Plaintiff.

24. "Nazaire" means Jacques Nazaire.

25. "MCG" means Media Copyright Group, LLC, a Minnesota entity.

26. "MCGIP" means MCGIP, LLC, a Minnesota entity.

27. "Michael Dugas" means the attorney licensed in Minnesota that is affiliated with Prenda.

28. "Paul Duffy" means the purported principal of Prenda.

29. "Paul Hansmeier" means the person deposed as a representative of AF Holdings.

30. "Peg Leg" means Peg Leg Productions, LLC, a Florida entity.

31. "Person" means any individual, corporation, proprietorship, partnership, trust, association or any other entity.

32. "Pertain" and "Pertaining" mean and include: refers to, contains, concerns, Describes, describes embodies, mentions, constitutes, supports, corroborates,

demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

33. "Peter Hansmeier" means the brother of Paul Hansmeier.

34. "Peter Hansmeier" means the person identified in docket item 4-1 in the Prior Lawsuit.

35. "Prenda" means Prenda Law, Inc., an Illinois entity.

36. "Prior Lawsuit" means the lawsuit filed in the United States District Court for the District of Columbia: *AF Holdings, LLC v. Does 1,058*; 1:12-cv-00048.

37. "Relevant Persons" means Brett Gibbs, John Steele, Joseph Perea, Mark Lutz, Michael Dugas, Paul Duffy, Paul Hansmeier, Peter Hansmeier, Angela Van Den Hemel, Tommy Labriola, Alan Cooper, Brett Gibbs, Allan Mooney, AF Holdings, Salt Marsh, Jayme Steele, Kerry Steele, Ms. Dugas, APL, Prenda, Raymond Rogers, Heartbreaker, Media Copyright Group, Alpha, Livewire, VPR, Peg Leg, Bessemer, Nazaire, and 6881.

38. "S&H" means Steele Hansmeier, PLLC, a Minnesota PLLC.

39. "Salt Marsh" means the "unidentified beneficiary" trust referred to by Paul Hansmeier in his deposition on behalf of AF Holdings.

40.   "Settlement" means any contract or agreement pertaining to an alleged

infringement of the Work or any other cause of action Pertianing thereto; for

example, an appropriation of property claim based on a conspiracy theory –

whether it can be characterized as a settlement, promise not to sue or any

other type of contract or agreement that legally or, as a practical matter,

resolves a dispute regarding the Work.

41.   "Tommy Labriola" means the purported employee of Livewire.

42.   "VPR" means VPR Inc., a Nevada entity.

43.   "Work" means the allegedly copyrighted work referred to in Plaintiff's

Complaint in this action and the Prior Action.

## Interrogatories

1.    Identify[1] each lawsuit that Plaintiff filed in state or federal court on or before

November 2, 2012 that implicated one or more "John Doe" putative

defendants,[2] and for each lawsuit specify, if discovery was conducted prior

to service (or waiver of service) of the complaint:

---

[1] For purposes of this interrogatory, "Identify" means the style, jurisdiction, and docket number.

[2] A lawsuit filed against 1,058 "John Does" would quintessentially fall within the definition of a "'John Doe' putative defendant." However, for purposes of this interrogatory, the term also encompasses any Person over which discovery is sought. For example, if the lawsuit was filed against a single "John Doe" putative defendant and discovery was sought regarding multiple co-conspirators, the

a. the number of the "John Does" whose identifying information was sought, and the number of "John Does" whose information was obtained on or before November 2, 2012;

b. of the "John Does" whose identifying information was obtained, the number that Settled on or before November 2, 2012, before being named in the lawsuit and/or service of the complaint was attempted or waived;

c. of the "John Does" whose identifying information was obtained and <u>did not</u> Settle before service of the complaint was attempted or waived , the number that were named in the lawsuit on or before November 2, 2012 that <u>resided</u>[3] in the jurisdiction where the lawsuit was filed and the number that <u>did not reside</u> in the jurisdiction;

d. of the "John Does" that did not Settle and <u>were not</u> named in the lawsuit, the number that were subsequently named in a lawsuit filed in a different jurisdiction on or before November 2, 2012;

---

alleged co-conspirators would likewise fall within the definition even though not listed on the complaint as a putative defendant.

[3] For purposes of this interrogatory, a John Doe is considered to "reside" in the State reflected in the Internet subscriber information obtained.

    e. of the "John Does" whose identifying information was obtained and <u>were</u> named in the lawsuit, the number that were voluntarily dismissed on or before November 2, 2012 and before filing an answer or motion to dismiss;

    f. of the "John Does" whose identifying information was obtained and <u>were</u> named in the lawsuit, the number that conducted any discovery on or before November 2, 2012; and

    g. of the "John Does" whose identifying information was obtained and <u>were</u> named in the lawsuit, the number having a bench or jury trial that took place on or before November 2, 2012.

2. Identify (same meaning as in #1 above) each lawsuit that Plaintiff filed in <u>state or federal court</u> on or before November 2, 2012 that implicated one or more named defendants, and for <u>each lawsuit</u> specify the number of defendants that:

    a. On or before November 2, 2012, Settled <u>before</u> service of the complaint was attempted or waived, and the number that were served or that waived service of the complaint;

b. On or before November 2, 2012, Settled <u>after</u> being served or waiving service of the complaint but before filing an answer or motion to dismiss;

c. On or before November 2, 2012, Filed an answer or motion to dismiss and subsequently Settled;

d. On or before November 2, 2012, Settled after filing an answer or motion to dismiss but before conducting any discovery;

e. On or before November 2, 2012, Settled after conducting any discovery

f. On or before November 2, 2012, had a bench or jury trial that took place.

3. Provide the Contact Information for the Relevant Persons and location of any Documents Pertaining to the Contact Information for the Relevant Persons.

4. Identify all Persons having Knowledge and/or Documents Pertaining to the File, the supposed detection of the download of the File by Defendant, and any Person having Knowledge and/or Documents Pertaining to investigation of the facts surrounding the alleged download, and any attempts to obtain a Settlement with Defendant.

5.  Identify all Persons having the assignment or knowledge or Documents Pertaining to the purported copyright assignment attached to the complaint in this Action, including the location of any Documents, and specifically including any Contact Information of such Persons, including but not limited to Heartbreaker and Raymond Rogers.

6.  Identify and Provide the Contact Information for any Person having an Ownership interest, right to control, shareholder or other interest in any of the Relevant persons, and Identify and provide the Contact Information for any Person having Knowledge or Documents Pertaining to the foregoing.

7.  Identify any Documents Pertaining to a business or personal relationship <u>by or between</u> the following Persons, whether it can be characterizes as "associate," "independent contractor," "attorney-client," "corporate representative," "of counsel," "partner," "retainer," contract, e-mail memorializing an oral agreement, "sale and purchase agreement," merger agreement," "employment agreement," "stock transfer agreement," "partnership agreement," etc.: (1) Relevant Persons, and (2) between Relevant Persons and any third-party that is not a Relevant Person.

8.  Identify any Documents Pertaining to AF Holdings, including but not limited to article of formation, membership agreements, financial statements,

income/expense statements, formation, membership agreements, financial
statements, income/expense statements, tax returns, retainer agreements,
employee agreements, shareholder agreements, assignment agreements
regarding intellectual property or other property or assets, and Identify any
Person having Knowledge of the foregoing, their Contact Information, and
the location of any such Documents.

9.    Identify all Persons that wrote, helped write, provided, drafted, handled or
otherwise worked/facilitated any Document filed in this case on Plaintiff's
behalf.

10.   Identify any Documents or other information conferring Knowledge that
were given to Nazaire on or before November 2, 2012.

11.   Identify any Documents or other information Pertaining to the Prior Lawsuit
that was deleted, thrown away, destroyed or no longer available between the
time when the Prior Lawsuit was filed and this Action was filed, and
Identify any Documents or other information Pertaining to this Action that
were deleted, thrown away, destroyed or no longer available following the
filing of this Action.

12.   Identify each Person from whom you have obtained Knowledge, Documents
or information in answering each of these interrogatories and, with regard to

each Person, indicate the interrogatories on which the person was consulted and what was provided.

13. Identify the type (e.g. phone, e-mail) of all correspondence by or between the Relevant Persons Pertaining to the Prior Lawsuit or this Action, including the date and time, and any Documents Pertaining thereto, and the Contact Information of any Person have Knowledge or such Documents.

This 17 day of July, 2013:

2483 Shoals Ter.
Decatur, GA 30034
404-579-9668
No Fax Number
bchintel1@gmail.com

**BLAIR CHINTELLA**

Georgia Bar No. 510109
Attorney for Defendant

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## Certificate of Service

I hereby certify that on July 17, 2013, I filed the **Defendant's First Interrogatories** by mailing a copy via US mail with sufficient postage, to the following attorney for record for Plaintiff:

**Jacques Nazaire (for Plaintiff)**

Dated July 17, 2013:

Respectfully Submitted:

Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 579-9668
No fax.
bchintel1@gmail.com

14