# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 2:12-cv-00262-WCO |
| | : | |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## Defendant's Second Request for Production

Pursuant to Fed. R. Civ. 34 and the local rules of this Court, Defendant hereby serves this **Defendant's Second Request for Production**, requesting that Plaintiff produce for inspection and copying the documents and other tangible things requested below, within and in the manner required by law and as agreed to by counsel.

## Construction

As used herein, (i) the singular of any word or phrase includes the plural and the plural of any word or phrase includes the singular, and (ii) "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests for production any information, documents or tangible things that might be otherwise be construed to be outside the scope of these requests for production.

## Form of Production

1

Produce the documents in their native format. For example, for any electronically stored information produce it in a .PDF, .JPG, .DOCX or other format. For paper Documents, produce the originals. Anything requested to be produced should be produced to 2483 Shoals Ter., Decatur, GA 30034 at 9:00 AM on the date that compliance is required. Any electronically stored documents may be e-mailed to bchintel1@gmail.com or mailed on a CD/DVD to the above address. Originals of paper production should not be scanned and put in a CD if its authenticity might be challenged. Plaintiff should communicate with Defendant when there is any question as to authenticity; for example, documents with signatures on them, time sensitive documents, etc.

### Definitions

1. "6881" means 6881 Forensics, LLC listed on docket item 4-1 in the Prior Lawsuit.

2. "Action" means the above-styled case.

3. "Alan Cooper" means the Person that purportedly signed the copyright assignment relevant to this case.

4. "Allan Mooney" means Allan Mooney the client of Paul Hansmeier.

5. "ALG" mean Anti-Piracy Law Group, LLC, an Illinois entity.

6. "Alpha" means Alpha Law Firm, LLC, a Minnesota LLC.

2

7. "Angel Van Den Hemel" means an employee of Prenda.

8. "AF Holdings" means the plaintiff in this Action.

9. "Bessemer" means Bessemer Films, LLC, Delaware and Florida entities.

10. "Brett Gibbs" means the attorney licensed in California that was at one point affiliated with Prenda.

11. "Contact Information" means all legal name, all business and residential addresses, all business and personal phone numbers, all business and personal e-mail addresses, and the Identity of all officers, directors, shareholders, employees, independent contractors, "corporate representatives" or other agents.

12. "Document" means the broad meaning of that term as defined and interpreted under the Federal Rules of Civil Procedure, including but not limited to digital and non-digital document formats, the original of a document and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise), and – if the original is not in existence or subject to your control – each copy, regardless of origin or location, of any handwritten, typewritten, printed, computerized, electronically stored, recorded, transcribed, punched, taped, photocopied, photostatic, "telexed," filmed, microfilmed or otherwise prepared matter,

however produced or reproduced, including but not limited to all

electronically stored information, email messages, letters, correspondence,

memoranda, telegrams, telexes, cables, memoranda or minutes of meetings

or conversations (in person or telephonic), reports, notes, computer discs,

tapes and files, legal documents, electronica data and writings of every

description.

13.  "File" means the file that Plaintiff alleges that Defendant downloaded via the

bittorrent protocol as set forth in Plaintiff's Complaint, including its HASH

value, size, name, and file type (e.g. .mov versus .mpeg).

14.  "Heartbreaker" means Heartbreaker Digital, LLC, a Nevada entity.

15.  "Identify," "Identity" or "Describe" means: (a) as to any Individual, their

Contact Information, job title; (b) as to any Document, the type of document

(e.g., correspondence, memorandum, etc.), where it is located, the format

that it is (e.g. electronic PDF, paper, etc.), the Person who has custody or

control of it, and a brief description of the subject matter thereof; (c) as to

Knowledge, any information or knowledge concerning the subject matter of

the interrogatory posed, including the Identity of any Person who authored

or worked on a Document, experiences dealing with the subject matter,

actions performed in regard thereto, the identity of persons consulted or

4

from whom information or advice was obtained (regardless of whether it is hearsay), devices used, and events took place or that will take place; (iv) as to any "Settlement," the Identity of the Persons to the agreement, date the agreement was signed by each party, and the amount of any monies paid by any party including to whom monies were paid and when.

16. "Individual" means a human being.

17. "ISP" means, unless the context indicates otherwise, the internet service provider subpoenaed in order to obtain the defendants alleged Internet account information.

18. "Jayme Steele" means the relative of John Steele.

19. "Joseph Perea" means attorney licensed in Florida that is/was affiliated with Prenda.

20. "Kerry Steele" means the wife of John Steele (aka Kerry Eckenrode).

21. "Knowledge" or "knowledge" means any actual knowledge that a person has, facts told to a person that have not been verified (regardless of whether hearsay), speculation, experiences, and any other information pertaining to a subject matter regardless of whether have been verified as true or not.

22. "Livewire" means Livewire Holdings, LLC.

23. "Mark Lutz" means the Person that claims to be the CEO of Plaintiff.

24. "Nazaire" means Jacques Nazaire.

25. "MCG" means Media Copyright Group, LLC, a Minnesota entity.

26. "MCGIP" means MCGIP, LLC, a Minnesota entity.

27. "Michael Dugas" means the attorney licensed in Minnesota that is affiliated with Prenda.

28. "Paul Duffy" means the purported principal of Prenda.

29. "Paul Hansmeier" means the person deposed as a representative of AF Holdings.

30. "Peg Leg" means Peg Leg Productions, LLC, a Florida entity.

31. "Person" means any individual, corporation, proprietorship, partnership, trust, association or any other entity.

32. "Pertain" and "Pertaining" mean and include: refers to, contains, concerns, Describes, describes embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

33. "Peter Hansmeier" means the brother of Paul Hansmeier.

34. "Peter Hansmeier" means the person identified in docket item 4-1 in the Prior Lawsuit.

35. "Prenda" means Prenda Law, Inc., an Illinois entity.

36.   "Prior Lawsuit" means the lawsuit filed in the United States District Court
      for the District of Columbia: *AF Holdings, LLC v. Does 1,058*; 1:12-cv-
      00048.

37.   "Relevant Persons" means Brett Gibbs, John Steele, Joseph Perea, Mark
      Lutz, Michael Dugas, Paul Duffy, Paul Hansmeier, Peter Hansmeier, Angela
      Van Den Hemel, Tommy Labriola, Alan Cooper, Brett Gibbs, Allan
      Mooney, AF Holdings, Salt Marsh, Jayme Steele, Kerry Steele, Ms. Dugas,
      APL, Prenda, Raymond Rogers, Heartbreaker, Media Copyright Group,
      Alpha, Livewire, VPR, Peg Leg, Bessemer, Nazaire, and 6881.

38.   "S&H" means Steele Hansmeier, PLLC, a Minnesota PLLC.

39.   "Salt Marsh" means the "unidentified beneficiary" trust referred to by Paul
      Hansmeier in his deposition on behalf of AF Holdings.

40.   "Settlement" means any contract or agreement pertaining to an alleged
      infringement of the Work or any other cause of action Pertianing thereto; for
      example, an appropriation of property claim based on a conspiracy theory –
      whether it can be characterized as a settlement, promise not to sue or any
      other type of contract or agreement that legally or, as a practical matter,
      resolves a dispute regarding the Work.

41.   "Tommy Labriola" means the purported employee of Livewire.

42. "VPR" means VPR Inc., a Nevada entity.

43. "Work" means the allegedly copyrighted work referred to in Plaintiff's Complaint in this action and the Prior Action.

## Interrogatories[1]

1. Produce the original of the assignment agreement attached to the Complaint in this case.

2. Produce any Documents created by 6881 Pertaining to the alleged download of the File constituting the Work.

3. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Heartbreaker.

4. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Mark Lutz.

5. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Livewire.

6. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Prenda.

7. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and John Steele.

---

[1] Documents requested herein do not need to be produced if they have already been produced in response to Defendant's First Request for Production.

8.  Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and any other Person Pertaining to the File or Work.

9.  Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Paul Hansmeier.

10. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Alpha.

11. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Jacques Nazaire.

12. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Angela Van Den Hemel.

13. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Ms. Dugas.

14. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and 6881.

15. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Peter Hansmeier.

16. Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Joseph Perea.

17.    Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Paul Duffy.

18.    Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Michael Dugas.

19.    Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Tommy Labriola.

20.    Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Salt Marsh.

21.    Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and Anthony Saltmarsh.

22.    Produce any Document that constitutes or forms part of a contract or agreement between Plaintiff and APL.


      This 30 day of July, 2013:


2483 Shoals Ter.                         **BLAIR CHINTELLA**
Decatur, GA 30034
404-579-9668
No Fax Number                            Georgia Bar No. 510109
bchintel1@gmail.com                      Attorney for Defendant