# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 2:12-cv-00262-WCO |
| | : | |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S THIRD REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. 36, Defendant hereby requests that Plaintiff respond to the following Requests for Admissions:

## INSTRUCTIONS

Respond to the following statements with either "admitted" or "denied" or a qualified statement, but only if a qualified statement is essential to providing an accurate response to an otherwise imperfect request for admission. See generally Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 247, F.R.D. 198, 203 (D.D.C. 2008) (compound questions require a compound response). However, do not qualify an answer based on the "information and belief" of Plaintiff. See generally Interland, Inc. v. Bunting, 2005 WL 2414990 * 11 (N.D. Ga. 2005). A reasonable investigation must be conducted before responding. See generally M & T Mortg. Corp. v. Miller, 2008 WL 4163141 (E.D. N.Y. 2008) (party's failure to

inspect records in possession of third parties but to which the party had access

resulted in requests being deemed admitted). This duty includes but is not limited

to consulting any documents or other information within Plaintiff's custody or

control. See generally Bouchard v. U.S., 241 F.R.D. 72, 76-77 (D. Me. 2007);

Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 44 (D.

Conn. 2004) (inquiry may, in limited circumstances, extend to non-parties). The

duty also includes inquiring of an expert. See generally Drutis v. Rand McNally &

Co., 236 F.R.D. 325, 331 (E.D. Ky. 2006). If a lack of knowledge is claimed,

specifically state such under oath and specify the steps taken in attempting to

response. See generally Rule 36(a) advisory committee's note (1970) & 37(c)(2),

House v. Giant of Maryland LLC, 232 F.R.D. 257, 262 (E.D. Va. 2005), and

Interland at *10. If a request is supposedly "vague or ambiguous," it is advisable

to confer with Defendant's counsel prior to responding. See generally TK Power,

Inc. v. Textron, Inc., 2006 WL 733494 * 6 (N.D. Cal. 2006).

### Definitions

1.    "6881" means 6881 Forensics, LLC listed on docket item 4-1 in the Prior

      Lawsuit.

2.    "Action" means the above-styled case.

3. "Alan Cooper" means the Person that purportedly signed the copyright assignment relevant to this case.

4. "Allan Mooney" means Allan Mooney the client of Paul Hansmeier.

5. "ALG" mean Anti-Piracy Law Group, LLC, an Illinois entity.

6. "Alpha" means Alpha Law Firm, LLC, a Minnesota LLC.

7. "Angel Van Den Hemel" means an employee of Prenda.

8. "AF Holdings" means the plaintiff in this Action.

9. "Bessemer" means Bessemer Films, LLC, Delaware and Florida entities.

10. "Brett Gibbs" means the attorney licensed in California that was at one point affiliated with Prenda.

11. "Heartbreaker" means Heartbreaker Digital, LLC, a Nevada entity.

12. "Individual" means a human being.

13. "ISP" means, unless the context indicates otherwise, the internet service provider subpoenaed in order to obtain the defendants alleged Internet account information.

14. "Jayme Steele" means the relative of John Steele.

15. "Joseph Perea" means attorney licensed in Florida that is/was affiliated with Prenda.

16. "Kerry Steele" means the wife of John Steele (aka Kerry Eckenrode).

17. "Livewire" means Livewire Holdings, LLC.

18. "Mark Lutz" means the Person that claims to be the CEO of Plaintiff.

19. "Nazaire" means Jacques Nazaire.

20. "MCG" means Media Copyright Group, LLC, a Minnesota entity.

21. "MCGIP" means MCGIP, LLC, a Minnesota entity.

22. "Michael Dugas" means the attorney licensed in Minnesota that is affiliated with Prenda.

23. "Paul Duffy" means the purported principal of Prenda.

24. "Paul Hansmeier" means the person deposed as a representative of AF Holdings.

25. "Peg Leg" means Peg Leg Productions, LLC, a Florida entity.

26. "Person" means any Individual, corporation, proprietorship, partnership, trust, association or any other entity.

27. "Peter Hansmeier" means the brother of Paul Hansmeier.

28. "Peter Hansmeier" means the person identified in docket item 4-1 in the Prior Lawsuit.

29. "Prenda" means Prenda Law, Inc., an Illinois entity.

30. "Prior Lawsuit" means the lawsuit filed in the United States District Court for the District of Columbia: *AF Holdings, LLC v. Does 1,058*; 1:12-cv-00048.

31. "Relevant Persons" means Brett Gibbs, John Steele, Joseph Perea, Mark Lutz, Michael Dugas, Paul Duffy, Paul Hansmeier, Peter Hansmeier, Angela Van Den Hemel, Tommy Labriola, Alan Cooper, Brett Gibbs, Allan Mooney, AF Holdings, Salt Marsh, Jayme Steele, Kerry Steele, Ms. Dugas, APL, Prenda, Raymond Rogers, Heartbreaker, Media Copyright Group, Alpha, Livewire, VPR, Peg Leg, Bessemer, Nazaire, and 6881.

32. "S&H" means Steele Hansmeier, PLLC, a Minnesota PLLC.

33. "Salt Marsh" means the "unidentified beneficiary" trust referred to by Paul Hansmeier in his deposition on behalf of AF Holdings.

34. "Settlement" means any contract or agreement pertaining to an alleged infringement of the Work or any other cause of action Pertianing thereto; for example, an appropriation of property claim based on a conspiracy theory – whether it can be characterized as a settlement, promise not to sue or any other type of contract or agreement that legally or, as a practical matter, resolves a dispute regarding the Work.

35. "Tommy Labriola" means the purported employee of Livewire.

36.   "VPR" means VPR Inc., a Nevada entity.

## **REQUESTS**

1.   Admit that the document attached as Exhibit 001 is authentic.

2.   Admit that the document attached as Exhibit 002 is authentic.

3.   Admit that the document attached as Exhibit 003 is authentic.

4.   Admit that the document attached as Exhibit 004 is authentic.

5.   Admit that the document attached as Exhibit 005 is authentic.

6.   Admit that the document attached as Exhibit 006 is authentic.

7.   Admit that the document attached as Exhibit 007 is authentic.

8.   Admit that the document attached as Exhibit 008 is authentic.

9.   Admit that the document attached as Exhibit 009 is authentic.

10.   Admit that the document attached as Exhibit 010 is authentic.

11.   Admit that the document attached as Exhibit 011 is authentic.

12.   Admit that the document attached as Exhibit 012 is authentic.

13.   Admit that the document attached as Exhibit 013 is authentic.

14.   Admit that the document attached as Exhibit 014 is authentic.

15.   Admit that the document attached as Exhibit 015 is authentic.

16.   Admit that the document attached as Exhibit 016 is authentic.

17.   Admit that the document attached as Exhibit 017 is authentic.

18. Admit that the document attached as Exhibit 018 is authentic.

19. Admit that the document attached as Exhibit 019 is authentic.

20. Admit that the document attached as Exhibit 020 is authentic.

21. Admit that the document attached as Exhibit 021 is authentic.

22. Admit that the document attached as Exhibit 022 is authentic.

23. Admit that the document attached as Exhibit 023 is authentic.

24. Admit that the document attached as Exhibit 024 is authentic.

25. Admit that the document attached as Exhibit 025 is authentic.

26. Admit that the document attached as Exhibit 026 is authentic.

27. Admit that the document attached as Exhibit 027 is authentic.

28. Admit that the document attached as Exhibit 028 is authentic.

29. Admit that the document attached as Exhibit 029 is authentic.

30. Admit that the document attached as Exhibit 030 is authentic.

31. Admit that the document attached as Exhibit 031 is authentic.

32. Admit that the document attached as Exhibit 032 is authentic.

33. Admit that the document attached as Exhibit 033 is authentic.

34. Admit that the document attached as Exhibit 034 is authentic.

35. Admit that the document attached as Exhibit 035 is authentic.

36. Admit that the document attached as Exhibit 036 is authentic.

37.   Admit that the document attached as Exhibit 037 is authentic.

38.   Admit that the document attached as Exhibit 038 is authentic.

39.   Admit that the document attached as Exhibit 039 is authentic.

40.   Admit that the document attached as Exhibit 040 is authentic.

41.   Admit that the document attached as Exhibit 041 is authentic.

42.   Admit that the document attached as Exhibit 042 is authentic.

43.   Admit that the document attached as Exhibit 043 is authentic.

44.   Admit that the document attached as Exhibit 043 is authentic.

45.   Admit that the document attached as Exhibit 045 is authentic.

46.   Admit that the document attached as Exhibit 046 is authentic.

47.   Admit that the document attached as Exhibit 047 is authentic.

48.   Admit that the document attached as Exhibit 048 is authentic.

49.   Admit that the document attached as Exhibit 049 is authentic.

50.   Admit that the document attached as Exhibit 050 is authentic.

51.   Admit that the document attached as Exhibit 051 is authentic.

52.   Admit that the document attached as Exhibit 052 is authentic.

53.   Admit that the document attached as Exhibit 053 is authentic.

54.   Admit that the document attached as Exhibit 054 is authentic.

55.   Admit that the document attached as Exhibit 055 is authentic.

56.   Admit that the document attached as Exhibit 056 is authentic.

57.   Admit that the document attached as Exhibit 057 is authentic.

58.   Admit that the document attached as Exhibit 058 is authentic.

59.   Admit that the document attached as Exhibit 059 is authentic.

60.   Admit that the document attached as Exhibit 060 is authentic.

61.   Admit that the document attached as Exhibit 061 is authentic.

62.   Admit that the document attached as Exhibit 062 is authentic.

63.   Admit that the document attached as Exhibit 063 is authentic.

64.   Admit that the document attached as Exhibit 064 is authentic.

65.   Admit that the document attached as Exhibit 065 is an authentic attachment to John Steele's Response to the bar complaint filed against John Steele in Florida.

66.   Admit that the document attached as Exhibit 066 is authentic.

67.   Admit that the document attached as Exhibit 067 is authentic.

68.   Admit that the document attached as Exhibit 068 is not a picture of Mark Lutz.

69.   Admit that the document attached as Exhibit 069 is authentic.

70.   Admit that the document attached as Exhibit 070 is authentic.

71.   Admit that the document attached as Exhibit 071 is authentic.

72. Admit that the document attached as Exhibit 72 is authentic.

73. Admit that the document attached as Exhibit 005 was filed in federal court through John Steele's ECF account.

74. Admit that ECF #4 in this action was not authored by Jacques Nazaire.

75. Admit that the metadata of the document attached as Exhibit 35 shows that it was "Authored" by "SH."

76. Admit that "John Steooe" in the document attaché as Exhibit 37 refers to John Steele.

77. Admit that the document attached as Exhibit 43 was not authored or created by Brett Gibbs.

78. Admit that on March 14, 2013, Plaintiff dismissed at least five cases pending in Illinois and elsewhere.

79. Admit that ECF #7 in this action was not created by Jacques Nazaire.

80. Admit that the document attached as Exhibit 55 was not authored by Paul Duffy.

81. Admit that the document attached as Exhibit 56 was not authored by Paul Duffy.

82. Admit that Mark Lutz does not have a valid driver's license.

83.    Admit that on 11/13/2012 the IP address of 75.72.88.156 was assigned to an Internet account owned or controlled by one of the Relevant Persons or S&H.

84.    Admit that on 11/14/2012 the IP address of 75.72.88.156 was assigned to an Internet account owned or controlled by one of the Relevant Persons or S&H.

85.    Admit that on 12/11/2012 the IP address of 75.72.88.156 was assigned to an Internet account owned or controlled by one of the Relevant Persons or S&H.

86.    Admit that on 02/14/2012 the IP address of 75.72.88.156 was assigned to an Internet account owned or controlled by one of the Relevant Persons or S&H.

87.    Admit that on 10/01/2012 the IP address of 75.72.88.156 was assigned to an Internet account owned or controlled by one of the Relevant Persons or S&H.

88.    Admit that Mark Lutz has accessed the Internet through a modem, router or computer assigned the IP address 75.72.88.165.

89.    Admit that the document attached as Exhibit 58 was authored by Paul Duffy.

90. Admit that the document attached as Exhibit 59 was not authored by Michael Dugas.

91. Admit that the document attached as Exhibit 60 was authored by Michael Dugas.

92. Admit that the document attached as Exhibit 62 was filed in federal court.

93. Admit that the document attached as Exhibit 62, if admitted that it was filed in federal court, constitutes a waiver of any attorney-client privilege between John Steele and Brett Gibbs.

94. Admit that the document attached as Exhibit 63 was filed in federal court.

95. Admit that the document attached as Exhibit 63, if admitted that it was filed in federal court, constitutes a waiver of any attorney-client privilege between Mark Lutz and Brett Gibbs.

96. Admit that the document attached as Exhibit 63, if admitted that it was filed in federal court, constitutes a waiver of any attorney-client privilege between Brett Gibbs and Plaintiff.

97.    Admit that one or more of the Relevant Persons or S&H has uploaded files to one or more torrent-indexing sites such as the "Pirate Bay" under the alias of "sharkmp4."

98.    Admit that one or more of the Relevant Persons or S&H has obtained a proxy IP address through Mullvad.

This 2 day of August, 2013:

2483 Shoals Ter.                          **BLAIR CHINTELLA**
Decatur, GA 30034
404-579-9668
No Fax Number                          Georgia Bar No. 510109
bchintel1@gmail.com                    Attorney for Defendant