## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC            :
                        :
       Plaintiff,      :
                        :    Civil Action No.
v.                     :    2:12-cv-00262-WCO
                        :
RAJESH PATEL,        :
                        :
       Defendant.    :

## <u>DEFENDANT'S SECOND REQUEST FOR ADMISSIONS</u>

Pursuant to Fed. R. Civ. 36, Defendant hereby requests that Plaintiff respond to the following Requests for Admissions:

## <u>INSTRUCTIONS</u>

Respond to the following statements with either "admitted" or "denied" or a qualified statement, but only if a qualified statement is essential to providing an accurate response to an otherwise imperfect request for admission.  <u>See generally</u> <u>Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.</u>, 247, F.R.D. 198, 203 (D.D.C. 2008) (compound questions require a compound response).  However, do not qualify an answer based on the "information and belief" of Plaintiff.  <u>See generally</u> <u>Interland, Inc. v. Bunting</u>, 2005 WL 2414990 * 11 (N.D. Ga. 2005).  A reasonable investigation must be conducted before responding.  <u>See generally</u> <u>M & T Mortg. Corp. v. Miller</u>, 2008 WL 4163141 (E.D. N.Y. 2008) (party's failure to

inspect records in possession of third parties but to which the party had access resulted in requests being deemed admitted). This duty includes but is not limited to consulting any documents or other information within Plaintiff's custody or control. See generally Bouchard v. U.S., 241 F.R.D. 72, 76-77 (D. Me. 2007); Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 44 (D. Conn. 2004) (inquiry may, in limited circumstances, extend to non-parties). The duty also includes inquiring of an expert. See generally Drutis v. Rand McNally & Co., 236 F.R.D. 325, 331 (E.D. Ky. 2006). If a lack of knowledge is claimed, specifically state such under oath and specify the steps taken in attempting to response. See generally Rule 36(a) advisory committee's note (1970) & 37(c)(2), House v. Giant of Maryland LLC, 232 F.R.D. 257, 262 (E.D. Va. 2005), and Interland at *10. If a request is supposedly "vague or ambiguous," it is advisable to confer with Defendant's counsel prior to responding. See generally TK Power, Inc. v. Textron, Inc., 2006 WL 733494 * 6 (N.D. Cal. 2006).

## **Definitions**

1.    "6881" means 6881 Forensics, LLC listed on docket item 4-1 in the Prior Lawsuit.

2.    "Action" means the above-styled case.

3.    "Alan Cooper" means the Person that purportedly signed the copyright
      assignment relevant to this case.

4.    "Allan Mooney" means Allan Mooney the client of Paul Hansmeier.

5.    "ALG" mean Anti-Piracy Law Group, LLC, an Illinois entity.

6.    "Alpha" means Alpha Law Firm, LLC, a Minnesota LLC.

7.    "Angel Van Den Hemel" means an employee of Prenda.

8.    "AF Holdings" means the plaintiff in this Action.

9.    "Bessemer" means Bessemer Films, LLC, Delaware and Florida entities.

10.   "Brett Gibbs" means the attorney licensed in California that was at one point
      affiliated with Prenda.

11.   "Heartbreaker" means Heartbreaker Digital, LLC, a Nevada entity.

12.    "Individual" means a human being.

13.   "ISP" means, unless the context indicates otherwise, the internet service
      provider subpoenaed in order to obtain the defendants alleged Internet
      account information.

14.   "Jayme Steele" means the relative of John Steele.

15.   "Joseph Perea" means attorney licensed in Florida that is/was affiliated with
      Prenda.

16.   "Kerry Steele" means the wife of John Steele (aka Kerry Eckenrode).

17.    "Livewire" means Livewire Holdings, LLC.

18.    "Mark Lutz" means the Person that claims to be the CEO of Plaintiff.

19.    "Nazaire" means Jacques Nazaire.

20.    "MCG" means Media Copyright Group, LLC, a Minnesota entity.

21.    "MCGIP" means MCGIP, LLC, a Minnesota entity.

22.    "Michael Dugas" means the attorney licensed in Minnesota that is affiliated with Prenda.

23.    "Paul Duffy" means the purported principal of Prenda.

24.    "Paul Hansmeier" means the person deposed as a representative of AF Holdings.

25.    "Peg Leg" means Peg Leg Productions, LLC, a Florida entity.

26.    "Person" means any Individual, corporation, proprietorship, partnership, trust, association or any other entity.

27.    "Peter Hansmeier" means the brother of Paul Hansmeier.

28.    "Peter Hansmeier" means the person identified in docket item 4-1 in the Prior Lawsuit.

29.    "Prenda" means Prenda Law, Inc., an Illinois entity.

30.  "Prior Lawsuit" means the lawsuit filed in the United States District Court
     for the District of Columbia: *AF Holdings, LLC v. Does 1,058*; 1:12-cv-
     00048.

31.  "Relevant Persons" means Brett Gibbs, John Steele, Joseph Perea, Mark
     Lutz, Michael Dugas, Paul Duffy, Paul Hansmeier, Peter Hansmeier, Angela
     Van Den Hemel, Tommy Labriola, Alan Cooper, Brett Gibbs, Allan
     Mooney, AF Holdings, Salt Marsh, Jayme Steele, Kerry Steele, Ms. Dugas,
     APL, Prenda, Raymond Rogers, Heartbreaker, Media Copyright Group,
     Alpha, Livewire, VPR, Peg Leg, Bessemer, Nazaire, and 6881.

32.  "S&H" means Steele Hansmeier, PLLC, a Minnesota PLLC.

33.  "Salt Marsh" means the "unidentified beneficiary" trust referred to by Paul
     Hansmeier in his deposition on behalf of AF Holdings.

34.  "Settlement" means any contract or agreement pertaining to an alleged
     infringement of the Work or any other cause of action Pertianing thereto; for
     example, an appropriation of property claim based on a conspiracy theory –
     whether it can be characterized as a settlement, promise not to sue or any
     other type of contract or agreement that legally or, as a practical matter,
     resolves a dispute regarding the Work.

35.  "Tommy Labriola" means the purported employee of Livewire.

36.    "VPR" means VPR Inc., a Nevada entity.

## REQUESTS

1.    Admit that counsel for Plaintiff asked one or more of the Relevant Persons for technical reports regarding the detection of the alleged download in this action prior to filing.

2.    Admit that technical reports regarding the detection of the alleged download in this action were not provided to counsel for Plaintiff in this case prior to filing.

3.    Admit that Plaintiff sent Defendant a letter discussing settlement prior to the filing of this action.

4.    Admit that no additional research or investigation was conducted regarding the specific Individual who allegedly downloaded the work in this action after Defendant was dismissed from the Prior Action.

5.    Admit that an IP address does not equal a person.

6.    Admit that an IP address can be "spoofed" or faked.

7.    Admit that counsel for Plaintiff in this case did not create all of the filings made in this action on Plaintiff's behalf.

8.    Admit that Defendant is seeking attorneys' fees in this action.

9.  Admit that the purported affidavit in this case by Mark Lutz does not comply with Florida Statute § 117.05.

10. Admit that ECF #26 referenced on page 7 of ECF # 25 in this action was not signed by an Individual named "Salt Marsh."

11. Admit that the assignment agreement pertinent to this case was not signed by an Individual named "Alan Cooper."

12. Admit that the assignment agreement pertinent to this case was not signed by an Individual named "Raymond Rogers."

13. Admit that, regarding ECF #8 and ECF #17 referenced on page 7 of ECF #25 in this action, an Individual names "Salt Marsh" did not read the alternative dispute handbook.

14. Admit that counsel for Plaintiff spoke with Paul Duffy regarding the filing of this action.

15. Admit that counsel for Plaintiff spoke with John Steele regarding the filing of this action.

16. Admit that counsel for Plaintiff spoke with Paul Hansmeier regarding the filing of this action.

17. Admit that counsel for Plaintiff spoke with Brett Gibbs regarding the filing of this action.

18. Admit that counsel for Plaintiff spoke with one or more of the Relevant Persons after this action was filed but before July 2, 2013 regarding Plaintiff's decision to dismiss the action with prejudice.

19. Admit that counsel for Plaintiff spoke with one or more of the Relevant Persons after this action was filed but before July 2, 2013 regarding Plaintiff's decision to file a motion for sanctions against Defendant and Defendant's counsel.

20. Admit that no written retainer agreement exists between counsel for Plaintiff and Plaintiff.

21. Admit that the metadata of filings made in this case indicating "Authored By" "Jacques" refers to counsel for Plaintiff.

22. Admit that the metadata of filings made in this case indicating "Authored By" "User," "Brett Gibbs," "SH01" or "SH" refers to a document created by a person other than counsel for Plaintiff.

23. Admit that a document filed in the Sunlust Action referred to on page 9 of ECF # 25 in this case is authentic.

24. Admit that all of the document(s) forming part of Exhibit A to ECF # 16 in this case is authentic.

25. Admit that all of the document(s) forming part of Exhibit B to ECF # 16 in this case is authentic.

26. Admit that all of the document(s) forming part of Exhibit C to ECF # 16 in this case is authentic.

27. Admit that all of the document(s) forming part of Exhibit D to ECF # 16 in this case is authentic.

28. Admit that all of the document(s) forming part of Exhibit E to ECF # 16 in this case is authentic.

29. Admit that all of the document(s) forming part of Exhibit F to ECF # 16 in this case is authentic.

30. Admit that all of the document(s) forming part of Exhibit G to ECF # 16 in this case is authentic.

31. Admit that all of the document(s) forming part of Exhibit H to ECF # 16 in this case is authentic.

32. Admit that all of the document(s) forming part of Exhibit K to ECF # 16 in this case is authentic.

33. Admit that all of the document(s) forming part of Exhibit M to ECF # 16 in this case is authentic.

34. Admit that all of the document(s) forming part of Exhibit N to ECF # 16 in this case is authentic.

35. Admit that all of the document(s) forming part of Exhibit O to ECF # 16 in this case is authentic.

36. Admit that all of the document(s) forming part of Exhibit A-1 to ECF # 31 in this case is authentic.

37. Admit that all of the document(s) forming part of Exhibit A-2 to ECF # 31 in this case is authentic.

38. Admit that all of the document(s) forming part of Exhibit B to ECF # 31 in this case is authentic.

39. Admit that all of the document(s) forming part of Exhibit C to ECF # 16 in this case is authentic.

40. Admit that all of the document(s) forming part of Exhibit O to ECF # 16 in this case is authentic.

41. Admit that "Popular Demand" is currently being sold through a website operated by Right Ascension, Inc.

42. Admit that "Popular Demand" is currently being sold through a website operated by one or more Individuals using the trade name CD Universe.

43. Admit that Settlement monies obtained from Georgia residents on Plaintiff's behalf have been sent directly to Prenda.

44. Admit that Settlement monies obtained from Georgia residents on Plaintiff's behalf have not gone through the IOLTA account of counsel for Plaintiff.

45. Admit that 6881 is not licensed as a private investigator in Georgia.

46. Admit that Plaintiff has accepted e-mail service of discovery in this case via e-mail to counsel for Defendant.

47. Admit that the investigation of Defendant's alleged IP address constitutes engaging in a "private detective business" as defined by O.C.G.A. § 43-38-3(3).

48. Admit that one or more of the Relevant Person has received a portion of any proceeds from Settlements obtained from Georgia residents on Plaintiff's behalf.

49. Admit that if Defendant would have Settled after being dismissed from the Prior Action but before this action was filed that one or more of the Relevant Persons or Prenda would have received a percentage.

50. Admit that Prenda or its agents or employees provided services in connection with this action.

51. Admit that the metadata referenced in ECF #24, page 8 regarding filings made in this case is accurate.

52. Admit that the metadata referenced in ECF #24, pages 8-9 regarding filings made in cases other than this action is accurate.

53. Admit that John Steele has an ownership interest in Plaintiff.


This 29 day of July, 2013:


2483 Shoals Ter.
Decatur, GA 30034
404-579-9668
No Fax Number
bchintel1@gmail.com

**BLAIR CHINTELLA**

Georgia Bar No. 510109
Attorney for Defendant