AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | | |
|---|---|---|
| AF Holdings, LLC | ) | |
| *Plaintiff* | ) | Civil Action No. 2:12-cv-00262-WCO |
| v. | ) | |
| Rajesh Patel | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Georgia ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable Communications Management, LLC c/o Corporation Process Company, 2180 Satellite Blvd., Suite 400, Duluth, GA 30097

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All names, account information, phone numbers, addresses or other identifying information for the customers associated with the IP addresses attached hereto.

| Place: | Date and Time: |
|---|---|
| Blair Chintella | |
| 2483 Shoals Ter., Decatur,GA 30034 | 08/30/2013 9:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/08/2013

*CLERK OF COURT*

OR _____

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Rajesh Patel
, who issues or requests this subpoena, are:

Blair Chintella; 2483 Shoals Terr., Decatur, GA 30043; 404-579-9668

| IP Address | Date | Time (hh:mm:ss) | Time Zone Identifier |
|---|---|---|---|
| 75.72.88.156 | 4/25/2013 | All Day | UTC |
| | 4/19/2013 | All Day | UTC |
| | 3/27/2013 | All Day | UTC |
| | 3/6/2013 | All Day | UTC |
| | 3/5/2013 | All Day | UTC |
| | 2/28/2013 | All Day | UTC |
| | 1/14/2013 | All Day | UTC |
| 75.72.99.17 | 12/26/2012 | All Day | UTC |
| | 12/4/2012 | All Day | UTC |
| | 12/3/2012 | All Day | UTC |
| | 11/26/2012 | All Day | UTC |
| 75.74.0.37 | 4/13/2013 | All Day | UTC |
| | 2/28/2013 | All Day | UTC |

Blair Chintella

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

### 2:12-cv-00262-WCO
### AF Holdings, LLC v. Patel
### Honorable William C. O'Kelley

Minute Sheet for proceedings held In Open Court on 07/02/2013.

TIME COURT COMMENCED: 10:00 A.M.
TIME COURT CONCLUDED: 2:40 P.M.          COURT REPORTER: Alicia Bagley
TIME IN COURT: 3:40                       DEPUTY CLERK: Don Stanhope
OFFICE LOCATION: Gainesville

ATTORNEY(S)          Blair Chintella representing Rajesh Patel
PRESENT:             Jacques Nazaire representing AF Holdings, LLC

PROCEEDING           Motion Hearing(Motion Hearing Non-evidentiary);
CATEGORY:

MINUTE TEXT:         The court reviewed all pending matters with the parties. Defense counsel
                     presented case background, argued their [16] and [30] Motion's for
                     Sanctions, plaintiff's counsel responded to [16] and [30] Motion's for
                     Sanctions, argued their [21] Motion for Sanctions. Defense counsel
                     responded to the courts questions regarding, evidence to initiate case,
                     number of other cases filed concerning same plaintiff, identification on
                     pleadings, unprofessional accusations against defense counsel,
                     inappropriate comments about California courts, corporate disclosure
                     statements. Defense counsel rebuttal, requested brief discovery period.
                     The court stated that he will go through and decide which documents
                     judicial notice will be taken of. The court allowed sixty (60) days of
                     discovery, hearing date to be set in October, 2013.

Case 2:12-cv-00262-WCO  Document 60-13  Filed 08/13/13  Page 5 of 5



bbc-Master bbc-Account <bbc.master.acct@gmail.com>

## Activity in Case 2:12-cv-00262-WCO AF Holdings, LLC v. Patel Set Discovery Deadline(s)

**ganddb_efile_notice@gand.uscourts.gov** <ganddb_efile_notice@gand.uscourts.gov>

Wed, Jul 3, 2013 at 8:55 AM

To: CourtMail@gand.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Northern District of Georgia

### Notice of Electronic Filing

The following transaction was entered on 7/3/2013 at 8:55 AM EDT and filed on 7/3/2013

Case Name:     AF Holdings, LLC v. Patel
Case Number:   2:12-cv-00262-WCO
Filer:
WARNING: CASE CLOSED on 03/18/2013
Document Number: 40(No document attached)

Docket Text:
**Discovery ends on 9/2/2013. (dcs)**

**2:12-cv-00262-WCO Notice has been electronically mailed to:**

Blair Chintella &nbsp &nbsp BChintel1@gmail.com

Jacques Nazaire &nbsp &nbsp nazaire.jacques@gmail.com, docket@wefightpiracy.com

**2:12-cv-00262-WCO Notice has been delivered by other means to:**