# THE LAW FIRM OF BLAIR B. CHINTELLA

PHONE: 404-579-9668 • E-MAIL: bchintel1@gmail.com • WEB SITE: www.chintellalaw.com

July 5, 2013

## PRESS RELEASE

On July 3, 2013 a hearing was held in the Northern District of Georgia regarding *AF Holdings, LLC v. Rajesh Patel*, 2:12-cv-00262-WCO, in which I represent Mr. Patel. This Release is to briefly summarize the legal aspects and my client's position on how it went.

The hearing began by defense counsel giving a brief overview of Prenda Law, Inc. and those affiliated with it, including John Steele, Paul Hansmeier, Paul Duffy, and Mark Lutz. Argument was made that Prenda Law (and Co.) are involved in a closely-knit nationwide litigation model of filing for the purpose of pressuring people into settling with no intention of actually litigating a case, as shown by the over 200 cases filed that have all been dismissed.

Initially, the Court instructed defense counsel to focus more on the evidence stemming from this case. Defense counsel pointed out that Prenda's entire business model makes it next to impossible to obtain such evidence because the case was already dismissed just as in other Prenda cases. Ultimately, the Court granted 60 days discovery so that Mr. Patel could obtain more evidence to support his arguments.

The Court also granted discovery to the plaintiff but asked Nazaire what he would use it for. Nazaire stated that he would probably depose Mr. Patel but defense counsel objected as to relevance since the case was dismissed with prejudice. Nazaire back peddled, stating that he would probably just send interrogatories.

The Court questioned Nazaire on several issues over the course of the hearing. Here are a few of the potentially legally significant statements/representations:

- Nazaire claims to have spoken with Mark Lutz multiple times regarding the case.
- He claims that he asked to see Hansmeier's technical evidence before filing the case but Prenda refused…but he nonetheless filed the case.
- Nazaire claims that it was Steele who informed him that there was acrimony between Steele and defense counsel, which was his reason for including it in the plaintiff's motion.[1]
- Nazaire admitted never having met Raymond Rogers.
- Nazaire received documents from Prenda for the case, and admitted called Prenda's office for information, at one point speaking with "Mrs. Dugas."

The Court made clear that the legal and professionalism issues were separate. Regarding professionalism, the Court chastised opposing counsel Jacques Nazaire, at one point saying that the statements made were "despicable" and "unprofessional" and that Mr. Nazaire had a large

---

[1] On this point, defense counsel stated on the record several times for the Court that he has only spoken to Steele once to the best of his recollection, so there is no basis to allege some kind of acrimony with Steele.

hole to dig himself out of. However, the Court advised both parties that any unprofessional behavior will only <u>harm</u> rather than help one's case.

In a true sign of comity, the Court also chastised Nazaire for his statements regarding California. He also chastised him regarding the statements regarding DUI and supposed "terrorist" goals.

Overall, from Mr. Patel's position, we are quite pleased the way the hearing went. Initially, the judge seemed skeptical of information stemming from outside cases, but the more that Prenda's business model was explained and the connections were shown – e.g. Lutz as paralegal, registered agent for Prenda in Florida, CEO or "corporate representative" for multiple companies, etc. – it's our opinion that the Court granted discovery out of a concern for people like Mr. Patel who may be pressured into settling. Notably, the Court at one point referenced the multiple other nearly identical cases in the district that have been dismissed, and said several times that this case "concerned him."

Mr. Patel looks forward to discovery in order to vindicate his Due Process rights. On the following pages are several pieces of evidence that were submitted to the Court. Finally, the undersigned would like to personally thank Andrew Norton who showed up to be an expert witness.

**Approved for Release July 5, 2013**:              _____/s/ Blair Chintella_____
                                                                                    Blair Chintella