IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC          :
                          :
       Plaintiff,         :
                          :   Civil Action No.
v.                        :   2:12-cv-00262-WCO
                          :
RAJESH PATEL,             :
                          :
       Defendant.         :

### Memorandum of Law

Comes now, Defendant, by and through counsel, and files **Defendant's Response to Plaintiff's Second Motion for Protective Order with Motion to Quash and Motion to Seal**, showing the Court as follows:

### Relevant Case Summary

On July 2, 2013, the court entered a minute order granting sixty days of discovery ending on September 2, 2013 (ECF #39).  This deadline was subsequently extended up to and including September 5, 2013.  On July 17, 2013, Defendant served Plaintiff with interrogatories and a request for production (ECF # 41, 42).  On July 30, 2013, Defendant served Plaintiff with two requests for admissions, one interrogatory (containing only 1 interrogatory), and a second request for production.  ECF # 54, 55, 56, 57.  On July 31, 2013, Defendant served

Plaintiff with another request for production, ECF # 58, as well as a third request for admissions on August 2, 2013 (ECF # 59).

On July 30, 2013, Plaintiff filed **Plaintiff's Motion for Protective Order** asking the Court to "strike" the entirety of Defendant's "third-party discovery" and limit "the matters upon which Defendant seeks discovery to Plaintiff's standing to have initiated this lawsuit." ECF # 46, ¶9. None of the discovery served on Plaintiff was attached to Plaintiff's motion nor were any specific discovery requests discussed therein. *Id.* The motion also failed to include the "meet and confer" requirement of Fed. R. Civ. P. 26(c)(1). The "metadata" of the motion indicates that it was authored by "Paul Duffy."[1] Apart from multiple other cases, Paul Duffy has been identified in this case as the nominal principal of an Illinois law firm named Prenda Law, Inc. *See* ECF # 16, page 6.

On July 31, 2013, the Court denied Plaintiff's motion, reasoning that Plaintiff did not "attach the allegedly overbroad discovery requests or even point to the specific requests it finds objectionable," and because the motion failed to comply with Rule 26(c)(1)'s "meet and confer" requirement. ECF # 50, page 3. In a footnote, the Court also reasoned that "it is impossible to evaluate the merits of

---

[1] The concept of "metadata" was discussed in Defendant's filing, ECF # 25, pages 5-8. It can be accessed by "File" menu of a PDF and selecting "Properties" in most PDF readers.

plaintiff's objection since it fails to specifically articulate why defendant's requests are irrelevant . . ." *Id*, page 4, fn. 1.

On August 3, 2013, Plaintiff sent Defendant an e-mail essentially demanding that he withdraw any interrogatories, requests for admission, and requests to produce after the first set, with no explanation other than the statement that they were "unduly burdensome and unnecessary." The e-mail also demanding that Defendant withdraw all subpoenas "sent to 3rd parties regarding IP addresses . . . NOT at issue in this case," also with no explanation except the conclusory statement that they would "harass innocent third parties and embarrass them." A true and correct copy of this e-mail is attached as <u>Exhibit A</u>,

On August 4, 2013, Defendant responded in a manner that attempted to comply with the Court's first denial of Plaintiff's motion for a protective order. Defendant's e-mail stated that he would not agree that the "entirety" of the discovery requests were "unduly burdensome" and that the parties should discuss which ones in particular might be objectionable (even ones pertaining to the first batch of discovery, which Plaintiff did not even refer to in its e-mail). A true and correct copy of the e-mail is hereto attached as <u>Exhibit B</u>. Defendant also asked whether Plaintiff was only objecting to the subpoenas "regarding IP addresses, not any others right?" Defendant concluded by citing case law holding that that party

generally lacks standing to assert the rights of third-parties, and explaining his position that without a more detailed discussion a sufficient "meet and confer" has not taken place.

No response was received until, on August 13, 2013, Plaintiff filed **Plaintiff's Second Motion for Protective Order with Motion to Quash and Motion to Seal** moving the court to (1) strike "Defendant's 2nd and 3rd discovery requests;" (2) quash "defendant's subpoenas;" and (3) allow "all documents in this matter to be filed under seal." ECF # 60. Attached to the motion were multiple discovery requests and three subpoenas.[2] Also attached was a "good faith certification," which basically admits that Plaintiff's concept of a "good faith meet and confer" consists of demanding that Defendant "blanketly" withdraw numerous discovery requests without discussing any particular discovery request. ECF # 60, page 6. The metadata from this Motion *also* indicates that it was authored by "Paul Duffy."

Plaintiff's Motion should be denied primarily because it did not "meet and confer" in good faith pursuant to Rule 26(c)(1) with respect to some or all of the discovery encompassed within the Motion. Even if a sufficient "meet and confer"

---

[2] There are additional subpoenas outstanding that were not attached, so Defendant will only address the subpoenas that were attached, to the extent that it can.

4

did take place, Plaintiff's Motion should be denied because "good cause" does not exist.

## Argument and Citation to Authority

### I. Lack of a Meet and Confer

Before a party can move for a protective order they "*must* include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Rule 26(c)(1) (emphasis added). In this case, Plaintiff did not make a "good faith" effort to resolve the discovery dispute before filing this Motion. Exhibit A and Exhibit B constitute the entirety of Plaintiff's supposed "good faith" efforts. When Defendant tried to comply with the Court's prior admonition by suggesting that the parties talk in more detail, Plaintiff refused and instead filed this Motion.

### II. Lack of Good Cause

Even if a sufficient "meet and confer" did occur, Plaintiff has not satisfied its burden of proving that "good cause" exists. The movant has the burden of establishing that "good cause" exists to warrant a protective order. *Estate of Manship v. U.S.*, 240 F.R.D. 700 (N.D. Ga. 2006). Although Rule 26 uses the phrase "good cause," the courts have "superimposed" a more "demanding" balancing of interests approach to the rule. *Farnsworth v. Proctor & Gamble Co.*,

758 F.2d 1545 (11th Cir. 1985) (affirming a protective order in favor of the CDC because their ability to conduct scientific studies, which could be hampered, outweighed a manufacturer's interest in obtaining the names and addresses of participants in a particular study, reasoning that the manufacturer had a lot of other information to go by). Whether "good cause" exists must be determined by the "nature and character of the information in question." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001). Thus, it is an abuse of discretion to grant a protective order based on conclusory objections; for example, objections that discovery requests are unnecessary, too long, too broad, require too much time, too expensive to complete, irrelevant, improperly times, and entail unreasonable geographic compliance. *Panola Land buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).[3]

Here, Plaintiff only gives "conclusory" statements as to why a protective order is warranted. *Panola* at 1559. For example, Plaintiff argues that there is a "substantial likelihood of perceived harm" and that the discovery imposes a "very high burden upon the Plaintiff," ECF # 60, page 3, but fails to make a legal

---

[3] Plaintiff misleadingly cites *Kleiner v. First national Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985) for the proposition that the Court should consider four factors in determining whether "good cause" exists under Rule 26. ECF # 60, page 3. The issue *actually* addressed in *Kleiner* was whether the First Amendment bars sanctions against a defendant and counsel when they secretly solicit exclusion requests from potential members of a Rule 23(b)(3) class action. *Id* at 1196.

6

argument based on the "nature and character of the information in question." *Chicago Tribune* at 1315.  Due to this extreme lack of specificity, it is impossible for Defendant to respond to Plaintiff's assertion that, for example, *the entirety* of ECF # 60-4, 60-5, 60-6, 60-6, 60-7, 60-8, and 60-9 should be subject to a protective order.  This is doubly true since Plaintiff merely repeated the same mistake in its first motion by not attaching the necessary documents that a large portion of its Motion seeks to address.  For example, ECF 60-7 contains multiple requests to admit the authenticity of documents; however, although these documents were to attached to the original discovery requests they are missing from Plaintiff's Motion.

Other examples of Plaintiff's "conclusory" statements include: "Defendant's discovery requests stray far beyond matters that have any relevance in this case" (pg. 2), "are vast in scope, excessive and represent nothing more than a fishing expedition" (pg. 2),[4] "the first set of discovery demands should be sufficient" (pg. 3), "The defendant should not be entitled to second and third discovery requests" (pg. 4), "The first set of request should be sufficient in such a short discovery period in a closed case." (pg. 4), "There is no justification . . ." *ad infinitum.*

### III.   Plaintiff Cannot Quash the Out-of-State Subpoenas

---

[4] Plaintiff used the same statement in its first motion, which the Court admonished.

Plaintiff cannot, under the guise of a motion for a protective order, seek to "quash" subpoenas issued from different jurisdictions and which target non-parties. A motion for a protective order can only be filed by the person from whom the information is sought. *See e.g. Auto-Owners, Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (defendant's lacked standing to raise third-party's right to quash subpoena). Perhaps if Plaintiff had filed a corporate disclosure statement listing the persons with an interest in this litigation it would have a stronger argument as to its standing, but it has refused to do so. As it stands right now, the subpoenas that Plaintiff attaches to its Motion as ECF # 60-10, -11, and -12 pertain to non-parties (Hansmeier, Lutz, and Biz Xpress, LLC) and Plaintiff does not even argue standing despite having the burden of doing so. The fourth subpoena directed towards Comcast (ECF # 60-13) is issued from this Court but likewise involves a non-party.

## IV.   Information Received Through Subpoenas Thus Far

Plaintiff unabashedly asserts that "Defendant's discovery requests stray far beyond matters that have any *relevance* in this case" (emphasis added). ECF # 60, page 2. As an example, Plaintiff argues that the only "*relevant*" IP address in this case is the one supposedly assigned to Defendant at the time of the alleged

8

infringement: 75.89.36.80.  *Id*, page 4.  In the event that the Court finds that Plaintiff has standing, Defendant shows the Court as follows regarding relevance.

**(a)    Subpoenas to GoDaddy and Domains by Proxy**

Subpoenas have been served on GoDaddy.com, LLC ("GD") and Domains by Proxy, LLC ("DBP").[5]  True and correct copies these subpoenas and verifications from their respective custodians of records are attached as Exhibits C and D.  A true and correct copy of the documents produced by GD are attached as Exhibits E, F, G, and H.[6]  GD also produced audio records of technical support calls, true and correct copies of which have been embedded in Exhibits GD1-9.  True and correct copies of the documents produced by DBP are attached as Exhibits I-N.

A brief review of these documents clearly shows that Defendant is seeking information that is "reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1) and that Plaintiff's claims of irrelevancy are nothing more than an obstruction tactic.  For example, a GD account in Steele's name was used to access a domain registered to one "Alan Cooper."[7]  Exhibit E, pages 2, 3,

---

[5] The law requires public disclosure of a registrar, so DBP's business model is to serve as a "proxy" for the true registrar.  Therefore, Defendant was forced to subpoena GD as well as DBP.

[6] Certain information such as account user names and passwords were redacted.

[7] There is a signature on the assignment in this case by one "Alan Cooper."

32; Exhibit K, page 4.  Although the registration of the domain was recently changed to "Mark Lutz"[8] the e-mail address has remained the same: **miamiadultshots@gmail.com**.  Exhibit N, page 5.  Coincidentally, this e-mail address is currently associated with multiple domains registered in the name of none other than "John Steele;" for example, **prendalaw.com**,[9] **6881forensics.com**,[10] **perealaw.com**, and **naughty-hotties.com**, and **wefightpiracy.org**[11] among others.  Exhibit M, page 6 & 8; Exhibit I, pages 7 & 15; Exhibit L, page 4; Exhibit N, page 7.

To give another example, regarding the *most recent* domain registered to "Alan Cooper" – dangerousxxx.com – GD produced a technical support call wherein a male voice identifies himself as "Alan Cooper."  Exhibit GD2.  However, a *same voice* identifies himself differently in multiple other phone calls:

| Exhibit | Self-Identification |
|---|---|
| GD1 | "John" |
| GD3 | "John Steele" |
| GD4 | "John Steele" |

---

[8] One can imagine why considering the controversy surrounding the allegedly forged signature of Mr. Cooper.
[9] Illinois Law firm headed by Duffy but controlled by Steele and Hansmeier. Exhibit GD7.
[10] 6881 Forensics, LLC is the company that supposedly detected Defendant's IP address in this case, and it is supposedly staffed by Hansmeier's brother, Peter Hansmeier, and it is the successor of a company that Hansmeier himself used to
[11] *See* Exhibit GD7 (discussing wefightpiracy.com and wefightpiracy.org).

| GD5 | "John" |
|---|---|
| GD6 | "John Steele" |
| GD7 | "John Steele" & "Associate on the phone Paul." |
| GD8 | "Mark Lutz" |
| GD9 | "Mark Lutz" |

There are a plethora of other examples – for example, the domain **notissues.com** was registered to an "Alan Cooper" supposedly having an Arizona address and using the e-mail address "johnlsteele@gmail.com."

**(b)    Information Obtained from Comcast**

The information obtained from Comcast further supports the conclusion that Steele and/or Hansmeier routinely pose as Mark Lutz, Alan Cooper or others and are connected with this case. For example, the IP address 75.72.88.156 was detected as accessing a GD account registered to "John Steele" on March 27, 2013. Exhibit H, page 13. The same IP address was apparently detected by Delvan Neville in connection with the alleged uploading of copyrighted works to the Internet. See ECF #38-1 in this case, specifically pages 26-30.[12] The GD records show the same address accessing wefightpiracy.com on April 25, 2013. Exhibit F, page 20. In essentially the same way that Defendant's contact information was

---

[12] Defendant will likely attempt to authenticate and admit this evidence through expert testimony in the hearing tentatively scheduled for October.

11

obtained via an IP address, 75.72.88.156 was assigned to Steele Hansmeier PLLC, the now-dissolved PLLC formed by John Steele and Hansmeier.  Exhibit P.

The other subpoenas directed at Comcast and Cox seek the same type of information in relation to significant events.  *See e.g.* Exhibit O (listing Steele Hansmeier, PLLC) & Exhibit Q (Listing Prenda Law with a Las Vegas address).[13]

### (c)     Lutz and Hansmeier Subpoenas

Plaintiff lacks standing to move for a protective order regarding subpoenas directed towards non-parties.  *Auto-Owners* at 429.  First, it is hard to imagine how a subpoena is irrelevant at least with respect to Lutz, who Plaintiff's counsel has identified as Plaintiff's sole officer.  Second, a motion to quash must be filed in the Court from which the subpoena was issued.  Lastly, but ***perhaps most importantly***, Plaintiff failed to conduct a good faith "meet and confer" with respect to this discovery as required by Rule 26(c).  As Exhibit A illustrates, Plaintiff only

---

[13] Coincidentally, the purported assignor in this case – Heartbreaker Digital, LLC – is a Nevada entity that lists a Las Vegas address for its registered agent.  Defendant attempted to subpoena Heartbreaker, but as it turn out this address is nothing more than a rental postal box that is owned by Biz Xpress, LLC.  This violates Nevada's requirement to list a registered agent's address who is able to accept process.  Defendant is currently subpoenaing Bix Xpress, LLC to uncover who it renting the box.  ***Noticeably, Plaintiff attached this subpoena to its Motion seeking a protective order while omitting several others that are outstanding.***

demanded[14] that Defendant withdraw subpoenas regarding "3rd parties regarding IP addresses which are NOT at issue in this case." Defendant attempted to find out if Plaintiff viewed other subpoenas as problematic but rather than respond Plaintiff simply filed the instant Motion. Exhibit B.

## Conclusion

Plaintiff's Motion should be denied because it did not conduct a "good faith" meet and confer prior to filing. And even if a sufficient meet and confer did take place, Plaintiff relies on nothing more than "conclusory" statements to try and establish "good cause" under Rule 26.

Defendant seeks attorneys' fees and expenses incurred in responding to Plaintiff's Motion.

This 14 day of August, 2013:

2483 Shoals Ter.  **BLAIR CHINTELLA**
Decatur, GA 30034
404-579-9668  ____/s/ Blair Chintella____
No Fax Number  Georgia Bar No. 510109
bchintel1@gmail.com  Attorney for Defendant

---

[14] How an unconditional demand can constitute a good faith meet and confer is inexplicable.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 2:12-cv-00262-WCO |
| RAJESH PATEL, : | |
| : | |
| Defendant. : | |

## Certificate of Service

I hereby certify that on August 14, 2013, I filed the **Defendant's Response to Plaintiff's Second Motion for Protective Order with Motion to Quash and Motion to Seal** by filing it through the CM/ECF system, which will e-mail a copy to Plaintiff's attorney at: nazaire.jacques@gmail.com.

Dated August 14, 2013:

                            Respectfully Submitted:

                            _____/s/ Blair Chintella_____
                            Blair Chintella
                            GA Bar No. 510109
                            2483 Shoals Ter.
                            Decatur, GA 30034
                            (404) 579-9668
                            No fax.
                            bchintel1@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 2:12-cv-00262-WCO |
| RAJESH PATEL, : | |
| : | |
| Defendant. : | |

**Local Rule 7.1(D) Certification**

I hereby certify that on August 14, 2013, I filed the **Defendant's Response to Plaintiff's Second Motion for Protective Order with Motion to Quash and Motion to Seal** in accordance with Local Rule 7.1(D).

Dated August 14, 2013:

Respectfully Submitted:

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 579-9668
No fax.
bchintel1@gmail.com

15