# Exhibit B



**bbc-Master bbc-Account <bbc.master.acct@gmail.com>**

## Re: Excess Discovery Demands-2nd Notice

**Bchintel1** <bchintel1@gmail.com>  Sun, Aug 4, 2013 at 4:44 PM
To: Jacques Nazaire <nazaire.jacques@gmail.com>

Dear Mr. Nazaire:

I just got your e-mail.  The First Request for Admissions were mailed to you, but I subsequently re-served the revised ones.  The only difference was the date, so you can disregard the First Request for Admissions.

Regarding the "second" and "third" discovery devices, it's my client's position that the ***entirety*** of the requests for admissions are not unduly burdensome.  There may be one or more specific requests/roggs that are arguably burdensome, but we can't agree that they are unduly burdensome *in toto*.  So we're willing to discuss them when it's convenient for you, even the first ones, just in case there are some in there that you think are unduly burdensome.  However, without discussing which ones in particular might be unduly burdensome it's my client's position that a sufficient meet and confer has not occurred...If you'd rather discuss them via e-mail I'm amendable to that but I think it'd be more efficient to talk.

We're also willing to discuss the subpoenas and whether they should be withdrawn.  To clarify, you're just referring to the ones regarding IP addresses, not any others right?  Anyhow, we're willing to discuss them, but without any explanation as to how they might cause embarrassment we can't just ***blakently*** agree to withdraw them.  Moreover, AF Holdings can't assert the rights of third parties....but we're still wiling to discuss your client's concerns.  *See e.g. Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (defendants lacked standing to raise third-party's rights to quash subpoena); *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 24 (D.D.C. 2005), on reconsideration, 232 F.R.D. 6 (D.D.C. 2005) (same).

Anyhow, feel free to contact me at your earliest convenience to discuss.  Unless we can talk or e-mail in more details as to why discovery request might be unduly burdensome or that the subpoenas would cause embarrassment, it's our position that a sufficient meet and confer has ***not*** occurred yet...*See e.g. Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 109 (E.D. Pa. 2010) (stressing the need to cooperate during discovery).

Sincerely,

Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com

Case 2:12-cv-00262-WCO   Document 61-2   Filed 08/14/13   Page 3 of 3