UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC,

          Plaintiff,

v.

RAJESH PATEL,

          Defendant.

Civil Action No.
2:12-CV-00262-WCO

_____

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
SECOND MOTION FOR PROTECTIVE ORDER**

1.    It has been alleged that a good faith effort has not been made to meet and confer. The facts however demonstrate that, on August 3 and August 4, a good faith effort was made to have the excess discovery demands in this case withdrawn. Because of the unnecessary publicity garnished by press releases in this case (See **Exhibit A**), it is difficult for plaintiff's attorney to call to discuss confidential and privileged matters regarding this case. The telephone and live conversations will more than likely be taped and played on the internet. The confidential matters discussed via email will more than likely be posted as a publicity campaign on the internet. Given the environment that has been created, the plaintiff has made the best effort possible to confer regarding discovery. Plaintiff has not issued any press releases or tweets regarding this matter.

2. The Eleventh Circuit has recognized that there is no common-law right of access to discovery materials not filed with the court, see In *re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (holding that the news organizations' "common-law right of access does not extend to information collected through discovery which is not a matter of public record"), and that news organizations "possess no First Amendment rights to the protected [discovery] information. The court explained that a protective order could be issued under Rule 26(c) upon a showing of good cause, and elaborated:

3. "Good cause" is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action, *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). In addition, this circuit has superimposed a "balancing of interests" approach to Rule 26(c). See *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Id. at 356.

4. The court explained that agreed protective orders can be necessary to facilitate discovery. Because parties often resist the exchange of confidential

5. Protective measures requested by the parties incorporating umbrella orders have been approved by other courts pursuant to Rule 26(c); see also Estate of *Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002)


6. The realities of today's world have shown that discovery and the exchange of information can become extremely difficult. Busy courts are simply unable to hold hearings every time someone wants to obtain judicial review concerning the nature of a particular document. Complex litigation where document-by-document review of discovery materials would be impracticable, and when the parties consent to an umbrella order restricting access to sensitive information in order to encourage maximum participation in the discovery process, conserve judicial resources and prevent the abuses of annoyance, oppression and embarrassment, a district court may find good cause and issue a protective order pursuant to Rule 26(c); 820 F.2d at 356–57.

7. Public disclosure of discovery material is subject to the discretion of the trial court and the federal rules that circumscribe that discretion. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 2208, 81 L. Ed. 2d 17[] (1984). Where discovery

8. The standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential. *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

9. The purpose of discovery is to resolve legal disputes between parties, not to provide newsworthy material; *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)

10. To facilitate prompt discovery and the timely resolution of disputes, this Court has upheld the use of umbrella protective orders similar to the one used in this case. See, e.g., *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); In re *Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

11. In connection with sealing documents filed with the court, the Eleventh Circuit has also recognized that the court has an independent duty to scrutinize requests for sealing. The common-law right of access to the courts is not absolute. Id. at 1365–66.

12. The Eleventh Circuit has declared that the good cause standard, rather than the compelling interest test, satisfies any First Amendment concerns." Id. (second alteration in original) (citing Chicago Tribune, 263 F.3d at 1316; Citizens First Nat'l Bank, 178 F.3d at 946).

13. For the reasons set forth herein, plaintiff respectfully request that the Judge grants its motion in its entirety.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | AF Holdings LLC, |
| DATED: August 15, 2013 | By:    /s/ Jacques Nazaire |

                                                 Jacques Nazaire (Bar No. 142388).
                                               125 Town Park Drive, Suite 300
                                               Kennesaw, Georgia 30144
                                               Telephone: (404) 923-0529
                                               Facsimile: (678) 559-4499
                                               nazaire.jacques@gmail.com
                                               *Attorney for Plaintiff*

<div style="text-align:center">

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

</div>

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

<div style="text-align:center">

Local Rule 7.1(D) Certification

</div>

I hereby certify that Plaintiff's Reply complies with all sections of LR5.1



Dated: August 15, 2013:


                                                      Respectfully Submitted:

                                                    ____/s/ Jacques Nazaire_____
                                                    Jacques Nazaire
                                                    GA Bar No. 142388
                                                    125 Town Park Drive
                                                    Kennesaw, GA 30144
                                                    Tel: (404) 923-0529
                                                    Fax: (678) 559-0798
                                                    nazaire.jacques@gmal.com

<div align="center">

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

</div>

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

<div align="center">Certificate of Service</div>

I hereby certify that on August 15, 2013, I filed the Plaintiff's Reply to Defendant's Response to its Second Motion for Protective Order with Motion to Quash with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the following attorney(s) of record:

Blair Chintella

Dated: August 15, 2013:

                                              Respectfully Submitted:

                                              /s/ Jacques Nazaire_____
                                              Jacques Nazaire
                                              GA Bar No. 142388
                                              125 Town Park Drive
                                              Suite 300
                                              Kennesaw, GA 30144
                                              Tel: (404) 923-0529
                                              Fax: (678) 559-0798
                                              nazaire.jacques@gmail.com