IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 2:12-cv-00262-WCO |
| RAJESH PATEL, : | |
| : | |
| Defendant. : | |

**Defendant's Motion for Civil Contempt Against Non-Party Comcast**

COMES NOW, Rajesh Patel, by and through counsel, filing this **Defendant's Motion for Civil Contempt Against Non-Party Comcast**, requesting the following relief:

(a)   A finding of civil contempt and an order compelling non-party Comcast to comply with the subpoena served July 25, 2013.

Respectfully Submitted August 19, 2013:

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 579-9668
No fax.
bchintel1@gmail.com

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| Plaintiff, | : |
| v. | : Civil Action No.<br>: 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| Defendant. | : |

### Memorandum of Law

On July 25, 2013, Defendant served on non-party Comcast Cable Communications Management, LLC ("Comcast") the subpoena attached hereto as Exhibit A. Comcast did not comply with the subpoena by the due date and Defendant subsequently tried to discuss this non-compliance as set forth in Exhibit B. Comcast did not object to the subpoena within fourteen days of being served and has not yet complied with it. On August 13, 2013, Plaintiff filed a motion seeking to *inter alia* quash all of "defendant's subpoenas" (ECF #60, page 1).

### Argument and Citation to Authority

Defiance of a subpoena is the equivalent of defiance of a court order even if it was signed by an attorney. *See e.g. U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010 (attorney-issued subpoena has same force as one issued by clerk); *Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 893 F.2d 605 (3d

2

Cir. 1990); *Fisher v. Marubent Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975). The issuing court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. rule 45(e). *See also Shillitani v. United States Pappadio v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 (1994) (stating that a purpose of a finding of civil contempt is to coerce compliance with the Court's orders).

Objecting to a subpoena pursuant to Rule 465(c)(2)(B)(ii) generally suspends a person's duty to comply with a subpoena. *See e.g. U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693-94 (7th Cir. 2007). Similarly, objections not raised within fourteen days are deemed waived. *See e.g. Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 48 (D. Conn. 2007); *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425-26 (D. N.J. 2004). However, the fact that a court has not yet rules on a motion for a protective order does not discharge a person's duty to comply with discovery. *Hepperle v. Johnston*, 590 F.2d 600, 613 (5th Cir. 1979) (party still must show up for deposition even though a motion for a protective

order was pending);[1] *Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1317-18 (N.D. Okla. 2006) (same regarding a motion to quash).

Here, Comcast has refused to comply with the subpoena by its due date and time of August 15, 2013 at 10:00 AM. Therefore, a finding of civil contempt would be warranted in conjunction with an order by the Court compelling Comcast to comply. An order compelling Comcast to comply is warranted even though Plaintiff has pending a motion for a protective order seeking to quash "defendant's subpoenas," *Hepperle* at 613, and despite Comcast's statement in its e-mail that complying would violate 47 U.S.C. § 551. *See e.g. Warner Bros. Record Inc. v. Does 1-14*, 555 F. Supp.2d (D.D.C. 2008) ("47 U.S.C. § 551(c)(2)(B) . . . authorizes cable operators to disclose personally identifiable information when ordered to do so by a court.").

## Conclusion

Comcast did not object to the subpoena within fourteen days and should therefore be required to comply with the subpoena.

This 19 day of August, 2013:

---

[1] The Eleventh Circuit has adopted as precedent all cases of the former Fifth Circuit existing on or before October 1, 1981. *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

| | |
|---|---|
| 2483 Shoals Ter.<br>Decatur, GA 30034<br>404-579-9668<br>No Fax Number<br>bchintel1@gmail.com | **BLAIR CHINTELLA**<br><br>_____*/s/ Blair Chintella*_____<br>Georgia Bar No. 510109<br>Attorney for Defendant |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

### Local Rule 7.1(D) Certification

I hereby certify that **Defendant's Motion for Civil Contempt Against Non-Party Comcast** and the accompanying **Memorandum of Law** comply with LR 5.1B.

Dated August 19, 2013:

                                                Respectfully Submitted:

                                                _____/s/ Blair Chintella_____
                                                Blair Chintella
                                                GA Bar No. 510109
                                                2483 Shoals Ter.
                                                Decatur, GA 30034
                                                (404) 579-9668
                                                bchintel1@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

**Certificate of Service**

I hereby certify that on August 19, 2013, I served **Defendant's Motion for Civil Contempt Against Non-Party Comcast** on Plaintiff by filing it through the CM/ECF system and on Comcast through its registered agent Corporation Process Company located at 2180 Satellite Blvd., Suite 400, Duluth, GA 30097.

Dated August 19, 2013:

                      Respectfully Submitted:

                      ____*/s/ Blair Chintella*____
                      Blair Chintella
                      GA Bar No. 510109
                      2483 Shoals Ter.
                      Decatur, GA 30034
                      (404) 579-9668
                      No fax.
                      bchintel1@gmail.com