AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| AF Holdings, LLC | ) | |
| *Plaintiff* | ) | Civil Action No. 2:12-cv-00262-WCO |
| v. | ) | |
| Rajesh Patel | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Georgia ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Heartbreaker Digital, LLC; 512 Windmill Lane, #311, Las Vegas, NV 89123

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See the attached Exhibit A.

| Place: Blair Chintella c/o Randazza Legal Group 6525 W. Warm Springs Rd., Ste. 100 Las Vegas, NV 89118 | Date and Time: 08/22/2013 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/07/2013

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Blair Chintella on behalf of Mr. Patel. , who issues or requests this subpoena, are:

2483 Shoals Ter., Decatur, GA 30034; 404-831-5779; bchintel1@gmail.com.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

**(Mr. Patel requests that all information be produced on a CD in the electronic format – for example, the PDF file format. If a document cannot be converted into PDF, please put it into another electronic format that is accessible with frequently-used software. A paper printout is a last resort, but is acceptable. Please contact attorney Blair Chintella with any questions to clarify: 404-831-5779.)**

1)      Any **paper or electronic** document or record created or existing on or after **January 1, 2011** showing Heartbreaker Digital, LLC (or a predecessor or successor) or Raymond Rogers' **creation, purchase, receiving on escrow or any other method by which coming into possession,** of one or more copies of a copyrighted work titled **"Popular Demand,"** having copyright registration number: PA0001754383. To clarify the scope of this subpoena, "Popular Demand" stars an actress named "Nina Mercedez" and was released in approximately 2011. To further clarify, this request is aimed at documents such as contracts with Nina Mercedez agreeing to the terms of the creation of the work, documents evidencing the date that the work was performed, expenses associated with the work's creation, shipping orders from the copyright holder (if other than Heartbreaker Digital, LLC), distribution or purchase agreements showing the quantity, date, purchaser and purchase; agreements to sell on escrow on behalf of another person or entity, etc. Any information such as credit card numbers are **not** included in this subpoena and may be redacted, but this subpoena specifically encompasses the names, addresses, phone numbers, and any other contact information, as well as purchase dates, number of copies obtained, etc.. The subpoena also includes but is not limited to invoices, payment receipts, shipping orders, etc.

2)      Any and all paper or electronic document or record showing any type of agreement or contract, including but not limited to distributorship agreement, exclusive license, agreement to sell on escrow, purchase, distribute, copy, produce or any other type of contractual arrangement, between Heartbreaker Digital, LLC (or a predecessor company) or Raymond Rogers, and any or all of the following persons:
   a.  AF Holdings, LLC (unknown origin)
   b.  Livewire Holdings, LLC (unknown origin)
   c.  Heartbreaker Digital, LLC (Nevada)
   d.  Prenda Law, Inc. (Illinois)
   e.  Duffy Law Group, LLC (Ilinois)
   f.  Exile Pictures, LLC (California)
   g.  Esquisite Distribution
   h.  John Steele (individual)
   i.  Paul Duffy (individual)
   j.  Mark Lutz (individual)
   k.  Raymond Rogers (individual)
   l.  The actress in "Popular Demand" who is referred to as Nina Mercedez
   m. The husband of "Nina Mercedez"
   n.  International Video Distributors, LLC (New Jersey)
   o.  Paul Hansmeier; and

**p. any other person (defined broadly to include any individual human being, company, entity, trust, etc.) that in any way pertains to "Popular Demand."**

3) Any paper or electronic document created or existing on or after **January 1, 2011**, showing the total number of copies sold of "Popular Demand."

4) Any paper or electronic document created or existing on or after **January 1, 2011**, showing the total of number of copies of "Popular Demand" created, fabricated, produced or otherwise brought into existence.

5) A paper or electronic document showing any and all officers, directors, shareholders, members or other persons have an ownership and/or controlling interest in Heartbreaker Digital, LLC or any predecessor companies.

6) Any paper or electronic documents showing your ownership in or ability to control a web domain (for example: google.com).

7) Any paper or electronic documents in your possession showing websites or domains through which copies of "Popular Demand" are being sold with permission of whoever owns the copyright.

8) Any paper or electronic document signed by Raymond Rogers or Heartbreaker Digital, LLC (Raymond Rogers or any other person) that have been filed in federal or state court by or on behalf of the following persons/entities (please produce the originals unless they no longer exist):

   a. AF Holdings, LLC (unknown origin)
   b. Livewire Holdings, LLC (unknown origin)
   c. Heartbreaker Digital, LLC (Nevada)
   d. Prenda Law, Inc. (Illinois)
   e. Duffy Law Group, LLC (Ilinois)
   f. Exile Pictures, LLC (California)
   g. Esquisite Distribution
   h. John Steele (individual)
   i. Paul Duffy (individual)
   j. Mark Lutz (individual)
   k. Raymond Rogers (individual)
   l. The actress in "Popular Demand" who is referred to as Nina Mercedez
   m. The husband of "Nina Mercedez"
   n. International Video Distributors, LLC (New Jersey)
   o. Paul Hansmeier; and
   p. **any other person (defined broadly to include any individual human being, company, entity, trust, etc.) that in any way pertains to "Popular Demand."**

9)   Any paper or electronic document, e-mail or other tangible thing constituting or forming part of a retainer agreement between Heartbreaker Digital, LLC or Raymond Rogers, and any of the persons/entities listed in #8 above.

At your option, you may also mail the production to my address instead of delivering them to the address on the subpoena. The office address is:

Blair Chintella
2483 Shoals Ter.
Decatur, GA 30034

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

### 2:12-cv-00262-WCO
### AF Holdings, LLC v. Patel
### Honorable William C. O'Kelley

Minute Sheet for proceedings held In Open Court on 07/02/2013.

TIME COURT COMMENCED: 10:00 A.M.
TIME COURT CONCLUDED: 2:40 P.M.
TIME IN COURT: 3:40
OFFICE LOCATION: Gainesville

COURT REPORTER: Alicia Bagley
DEPUTY CLERK: Don Stanhope

ATTORNEY(S) PRESENT:
Blair Chintella representing Rajesh Patel
Jacques Nazaire representing AF Holdings, LLC

PROCEEDING CATEGORY:
Motion Hearing(Motion Hearing Non-evidentiary);

MINUTE TEXT:
The court reviewed all pending matters with the parties. Defense counsel presented case background, argued their [16] and [30] Motion's for Sanctions, plaintiff's counsel responded to [16] and [30] Motion's for Sanctions, argued their [21] Motion for Sanctions. Defense counsel responded to the courts questions regarding, evidence to initiate case, number of other cases filed concerning same plaintiff, identification on pleadings, unprofessional accusations against defense counsel, inappropriate comments about California courts, corporate disclosure statements. Defense counsel rebuttal, requested brief discovery period. The court stated that he will go through and decide which documents judicial notice will be taken of. The court allowed sixty (60) days of discovery, hearing date to be set in October, 2013.

# Gmail
by Google

bbc-Master bbc-Account <bbc.master.acct@gmail.com>

## Activity in Case 2:12-cv-00262-WCO AF Holdings, LLC v. Patel Set Discovery Deadline(s)

ganddb_efile_notice@gand.uscourts.gov <ganddb_efile_notice@gand.uscourts.gov>    Wed, Jul 3, 2013 at 8:55 AM

To: CourtMail@gand.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Northern District of Georgia

### Notice of Electronic Filing

The following transaction was entered on 7/3/2013 at 8:55 AM EDT and filed on 7/3/2013
Case Name:      AF Holdings, LLC v. Patel
Case Number:    2:12-cv-00262-WCO
Filer:
WARNING: CASE CLOSED on 03/18/2013
Document Number: 40(No document attached)

Docket Text:
**Discovery ends on 9/2/2013. (dcs)**

**2:12-cv-00262-WCO** Notice has been electronically mailed to:

Blair Chintella &nbsp &nbsp BChintel1@gmail.com

Jacques Nazaire &nbsp &nbsp nazaire.jacques@gmail.com, docket@wefightpiracy.com

**2:12-cv-00262-WCO** Notice has been delivered by other means to: