IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. |
| | : | 2:12-CV-262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**NON-PARTY COMCAST CABLE COMMUNICATIONS MANAGEMENT,
LLC'S OPPOSITION TO DEFENDANT'S
MOTION FOR CIVIL CONTEMPT**

Comcast Cable Communications Management, LLC ("Comcast"), [1] a non-party to this action, opposes the Motion for Civil Contempt that was filed against it by Defendant Rajesh Patel. This Motion is legally improper and completely unnecessary. As discussed below, Defendant's Contempt Motion is based entirely on Comcast's alleged non-compliance with the second of Defendant's form subpoenas, not a court order. There is no Court order directed to Comcast in this proceeding or any order that was not complied with. Thus, at the outset there is no possible basis for contempt.

---

[1] Defendant's Motion is directed against "Comcast Cable Communications Management, LLC," but the proper entity is "Comcast Cable Communications, LLC."

Additionally, even considering that the Defendant is alleging non-compliance with the second subpoena, there is no basis for contempt. Comcast is not only complying with Defendant's second subpoena (just as Comcast complied with a first subpoena issued by Defendant), it is also adhering to its statutory obligations to protect subscriber privacy under 47 U.S.C. 551. Comcast explained all of this to movant's counsel. *See* Exhibit A hereto (also attached as Exhibit B to the Contempt Motion). Upon receipt of the second subpoena, Comcast gave the statutorily required notice of the order allowing 60 days of discovery and of the subpoena to affected subscriber(s), and is only waiting for the Court to resolve Plaintiff's Motion for Protective Order pertaining to the information that is the very subject of the subpoena *before* disclosing any personal information. Otherwise, Comcast, as a non-party, would effectively gut the right of Plaintiff, as a party, to seek lawful protection from production of this information, and violate the privacy protections afforded by federal law under Section 551.

Comcast complied with a prior subpoena served by Defendant in this action but only after the Court denied a Motion to Quash. Comcast will fully comply with this second subpoena that is the subject of the Contempt Motion if the Court denies Plaintiff's Motion for Protective Order. Comcast counsel clearly explained this to Defendant's counsel. However, he ignored the need to simply wait until the

Court ruled on the protective order motion, at which time Comcast would release immediately, and instead attempted an end-around that motion and needlessly sought to hold Comcast in contempt, thus adding expenses to a non-party and his own client, and unnecessarily occupying this Court's time. Accordingly the Court should award Comcast its fees and expenses in opposing Defendant's Motion and deny the Contempt Motion as premature and baseless.

## BACKGROUND

Non-party Comcast has no vested interest in the resolution of the parties' cross motions for sanctions. *See* Minute Entry (Dkt. 39). Nonetheless, pursuant to the Court's decision to "allow each [party] to have some discovery, … but not much," Tr. at 78:11-12 (Dkt. 64), Comcast began receiving subpoenas from Defendant on July 10, 2013. The subpoenas list certain IP addresses [2] and seek the names, addresses, phone numbers, e-mail addresses, and MAC addresses [3] for the Comcast subscriber(s) associated with those IP addresses.

---

[2] An "IP address" is the unique numerical address for each particular computer connected to the Internet, that all such connected computers have assigned either statically (*i.e.*, associated with one computer) or dynamically. *E.g.*, *U.S. v. Steiger*, 318 F.3d 1039, 1042 (11th Cir. 2003).

[3] A "MAC" or "media access control" address is a unique identifier for any piece of networked hardware, such as a cable modem, wireless router, or interface card, that a computer uses to connect to a network, *i.e.*, the Internet. *E.g.*, *Discount Video Ctr., Inc. v. Does 1-29*, 2012 WL 5464175, at *1 n.1 (D. Mass. Nov. 7, 2012).

However, because Comcast is a cable operator, the federal Communications Act's cable subscriber privacy provision bars Comcast from disclosing any subscriber's personally identifiable information ("PII") without prior consent of the subscriber, unless pursuant to a court order, and only then after the subscriber is notified and has an opportunity to object.   47 U.S.C. §§ 551(c)(2)(B) and (h). Failure to adhere to these restrictions can subject Comcast to liability for damages and attorneys' fees.  *Id*. §§ 551(f); *cf.*, *id*. § 501.

Accordingly, upon receipt of the first subpoena, Comcast gave the requisite notice to its affected subscriber(s), and on August 2, 2013, provided Defendant's counsel with the PII sought in that subpoena.  Though a Motion for a Protective Order (Dkt. 46) was filed between the time Comcast received the first subpoena and the date of return, Comcast was able to comply close to the subpoena's designated return date,[4] because the Court ruled on the motion just after the subpoena's due date (Dkt. 50).   In fact, counsel for Defendant and Comcast counsel communicated regarding the then-pending First Protective Motion filed by

---

[4]  The subpoena's return date was designated as July 31, 2013, and Comcast was able to provide the information requested on August 2, 2013.  *See* Exhibit B (attached).  Significantly, Defendant did not file for contempt or otherwise seek action from the Court given this delay, though the circumstances surrounding it were identical to those involving the subpoena underlying the current Motion.

Plaintiff, and Comcast counsel explained that it would not release any PII until the Court decided on the motion for protective order.  *See* Exhibit B.

On July 25, 2013, Defendant served a second subpoena on Comcast, with a return date of August 15, 2013.  Comcast promptly gave the affected subscriber(s) notice to allow timely compliance with this second subpoena.[5]  However, on August 13, 2013, Plaintiff filed its Second Motion for Protective Order with Motion to Quash and Motion to Seal (Dkt. 60) with respect to the July 25, 2013, subpoena.  *Id*. ¶ 8 & Ex. M.  The Second Protective Order Motion remains pending.  Comcast thus maintains the position, as is standard practice of which the Defendant is well aware, that *until* the Court rules on the motion, which may result in either denying or granting the Motion to Quash the remaining subpoenas from Defendant – including the second one that is the focus of the Contempt Motion and this Opposition – Comcast cannot release any information sought by the subpoenas.

---

[5]  Defendant served a third subpoena on Comcast on August 8, 2013 with a return date of August 30, 2013.  That subpoena is subject to a Motion to Quash filed by Plaintiff on August 26, 2013 (Dkt. 68).  Comcast sent the subscriber(s) notice and will await resolution of the pending motions or other order of the Court before releasing any PII in response to this third subpoena as well.

**ARGUMENT**

An order of civil "contempt" is proper only when the moving party proves that an underlying order was violated by the alleged contemnor by clear and convincing evidence, *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000); *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998), which establishes that:  (1) "the allegedly violated order was valid and lawful"; (2) "the order was clear and unambiguous"; and (3) "the alleged violator had the ability to comply." *FTC v. Leshin*, 618 F.3d 1221 (11th Cir. 2010); *see also Taylor v. Teledyne Tech., Inc.*, 338 F.Supp.2d 1323, 1345-46 (N.D. Ga. 2004).  A party sought to be held in contempt may defend on grounds that he was unable to comply.  *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992); *see also Smith v. Pefanis*, 652 F.Supp.2d 1308, 1339 (N.D. Ga. 2009).  Comcast's actions obviously do not satisfy these contempt criteria, as it has acted both in good faith and in strict adherence to its statutory obligations to not prematurely disclose the PII of its subscribers.

### 1.  Comcast Violated No Order

There was no order by this Court directed to Comcast that was violated; there was only a general discovery order allowing Defendant to take a modicum of discovery.  Such a general discovery court order is not a sufficient basis for

contempt because (1) it is not directed to Comcast specifically, and (2) Comcast is a non-party.   Rather, the proper approach here would have been for the Defendant simply to move the Court for an order compelling compliance with the subpoena, if Defendant did not simply want to wait for the Court to resolve Plaintiff's pending Motion for Protective Order.  *See also supra* note 4.  If the Court issued such an order compelling Comcast to comply, and Comcast refused to comply – which it has no intention of doing – *then* and only *then*, might a contempt motion be filed.

Defendant nonetheless claims contempt is proper because the subpoena "is the equivalent … of a court order."  Def. Mem. Supporting Contempt Mot. at 2. [6] It is not.  "Although on its face Rule 45(e) appears to permit a finding of contempt against a person who fails without adequate excuse to obey a subpoena, courts have generally been reluctant to invoke contempt powers for failure to comply with a subpoena *without the prior issuance of a court order compelling that compliance*."  *NXIVM Corp. v. Bouchy*, 2011 WL 5080322, at \*3 (N.D.N.Y. Oct. 24, 2011) (emphasis added).  This is true "particularly with respect to non-parties," such as Comcast here.  *Id*.  Thus, "[b]efore sanctions can be imposed … there <u>must</u>

---

[6]   This quote appears on the first page of the "Memorandum of Law," which was paginated by Defendant as page 2.  This Opposition nonetheless will use the pagination that appears on the face of the document.

*be a court order compelling discovery.*"  *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn 1994) (emphases added).  *See also Kant v. Seton Hall Univ.*, 2009 WL 5033927, at *1 (D.N.J. Dec. 14, 2009) (court involvement through some type of order must be present before contempt punishing failure to comply).

The rationale for such intermediate action by a court *before* making a contempt finding, is that "[a] subpoena [] from the Clerk of the Court, or issued by an attorney without any court involvement," the latter of which it is admitted is in issue here, *see* Mot. at 2-3, "is not of the same order as one issued by a judicial officer [resolving] a specific dispute."  *Cruz*, 159 F.R.D. at 368. [7]  Indeed, even the authority that Defendant cites, *SEC v. Hyatt*, 621 F.3d 687 (7th Cir. 2010), cited in Mot. at 2, recognizes this:

> It does not follow … that a contempt motion for disobedience of a nonparty subpoena should be treated in exactly the same way as a contempt motion for violation of another kind of court order ….
> '[B]ecause the command of the subpoena is not in fact uttered by a judicial officer, contempt should be very sparingly applied when the non-party witness has been overborne by a party or attorney.'

---

[7]  *See also Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364-65 (2d Cir. 1991) ("Court intervention serves to alert the offending party to the seriousness of non-compliance[,] permits judicial scrutiny of the discovery request[,] … functions as a final warning that sanctions are imminent, and specifically informs the recalcitrant party concerning its obligations.  A subpoena issued by counsel does not fulfill these purposes.").  "Judicial scrutiny of the discovery request" is especially relevant here, where the Protective Order Motion, which if granted would prohibit compliance with the subpoena, was pending on Comcast's deadline for responding to the subpoena and remains pending. *See also infra* 10.

*Id*. at 693-94 (quoting Rule 45(e) Advisory Committee Notes to 1991 Amendments).  Accordingly, "[w]here there is no involvement of a court (*e.g.*, an order to compel), sanctions are not available under Rule 45(e)." *Cruz*, 159 F.R.D. at 368; *see also Kant*, 2009 WL 5033927, at *1.

### 2. Federal Law Bars Comcast From Complying with the Subpoena Absent Further Action by the Court

Comcast is a cable operator that, as noted, cannot disclose PII of its subscribers without their consent, except in response to a court order, and then only after giving the subscriber notice and a chance to object to disclosure.  *See supra* 2, 4 (discussing 47 U.S.C. § 551) & 6 (alleged contemnor must have ability to comply with order purportedly violated) (citing *Leshin*, 618 F.3d 1221; *Taylor*, 338 F.Supp.2d at 1345-46).  Here, Plaintiff filed the Second Protective Order Motion requesting that subpoenas be quashed by the Court.  Had Comcast complied with the subpoena, its actions would have mooted the Motion by undermining the Court's authority to decide whether the subpoenas should be honored.

Defendant's Contempt Motion suggests Comcast should forsake its statutory obligations for Defendant's benefit and that Comcast should act regardless of a Court's discretion and authority.  Comcast is in no position to ignore the mandates of federal law or any court, nor is it Comcast's obligation to decide who is in the right between Defendant, who has served a subpoena on Comcast, the Plaintiff,

who has filed a Protective Order Motion, or any other objectors.  That is for the Court to decide.  Only after the Court issues an order resolving those matters may Comcast disclose any PII in compliance with federal law.

These circumstances thus clearly present an "inability" by Comcast to comply with the subpoena, so as to preclude a contempt finding even if the subpoena was deemed the equivalent of a court order.   In this respect, "'[i]nability,' as a defense to contempt, does not mean [] compliance must be totally impossible."  *Chairs*, 143 F.3d at 1437.  "Instead, [it] … requires only that the noncomplying party has made 'in good faith all reasonable efforts to comply.'" *Id.* (quoting *Citronelle-Mobile v. Watkins*, 943F.2d 1297, 1301 (11th Cir. 1991)). Comcast has done just that by putting itself in a position to satisfy the subpoena (*i.e.*, providing notice to its subscriber(s)) and awaiting an order by the Court before disclosing PII.  Indeed, the fact that the Court denied a prior protective order motion virtually immediately, but on the second Protective Order Motion is taking more time, suggests that the present motion might be receiving further consideration, and only reinforces Comcast's good faith in withholding the PII in dispute for now.

### 3.  Comcast Has Not "Waived" Any "Objection"

There is no merit to Defendant's suggestion that by not objecting in the first 14 days after receipt of the subpoena, Comcast "waived" its right to delay compliance when Plaintiff filed the Protective Order Motion.  Mot. at 3 (seeking application of F.R.C.P. 45(c)(2)(B), and citing cases).  As an initial matter, Comcast did not "object" to the subpoena but honored the federal statutory requirements to allow disputes over the disclosure of subscriber PII to play out. Plaintiff filed a motion for protective order and to quash, and Comcast simply "paused" its compliance to allow the Court to resolve those matters.  Indeed, "a motion to quash a subpoena is a *separate* procedural device from [] objections to the subpoena," and F.R.C.P. 45 "only state[s] that [a] motion to quash must be 'timely[.]'"  *COA Inc. v. Xiamei Houseware Group Co., Inc.*, 2013 WL 2332347, at *2 (W.D. Wash. May 28, 2013).  *Cf.*, *e.g.*, *Forsythe v. Browne*, 281 F.R.D. 577, 587 (D. Nev. 2012) ("objection must be served within fourteen days after service of the subpoena on non-party," yet "a party cannot object to a subpoena … served on a nonparty, but must [] file a motion to quash or seek a protective order").

In any event, for each of the fourteen days after service of the subpoena, Comcast had no grounds for objecting.  Only after the Protective Order Motion was filed was there need for Comcast to defer compliance.  Where intervening

events after the 14-day window for objection create grounds for withholding compliance, the chance to "object" is not lost due to that inconvenient timing.

Indeed, the "failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B)" will *not* constitute waiver and "may be forgiven in unusual circumstances and for good cause," which may include "concern" that "compliance could cause … legal consequences" to a subpoenaed non-party. *See Motorola Credit Corp. v. Uzan*, __ F.Supp.2d ___, 2013 WL 4125053, at *6 (S.D.N.Y. Aug. 12, 2013). Comcast also remained in contact with Defendant's counsel, who was "long [] aware of [Comcast's] concerns" under Section 551, *see* Exs. A & B, which mitigates against contempt. [8]

### 4. The Objection and Pending Motion Are Valid Grounds for Comcast to Temporarily Delay Compliance With the Subpoena

Finally, the cases Defendant cites for the proposition that the filing of a motion for a protective order or to quash does not "discharge a person's duty to comply with discovery" are inapposite. Mot. at 3-4 (citing *Hepperle v. Johnston*,

---

[8] *Id. Accord*, *Powell v. Time Warner Cable, Inc.*, 2010 WL 5464895, at *4 (S.D. Ohio Dec. 30, 2010) ("unusual circumstances exception" to 14-day limit for objecting to subpoenas applied where "subpoenaed party was a non-party; there was no showing of bad faith; the subpoenaed party had produced documents and cooperated with [] issuing party; and … subpoenaed and issuing parties … engaged in ongoing communications"); *Century 21 Real Estate, LLC v. All Prof. Realty, Inc.*, 2012 WL 2090434, at * 4-*5 (E.D. Cal. June 8, 2012) ("acting in good faith" and maintaining "regular contact … regarding production" excuse waiver and preclude finding of contempt for failure to comply).

590 F.2d 609 (5th Cir. 1979); *Batt v. Kimberly-Clark Corp.*, 438 F.Supp.2d 1315 (N.D. Okla. 2006)).    Those cases involve appearing at depositions, which a deponent can still attend without rendering a motion for a protective order or to quash moot – the deponent can refuse to answer questions that implicate the subject of the motion unless and until a court orders a response.   With, for example, a subpoena seeking disclosure of documentary information, that is not possible.   Once the information is disclosed, it cannot be "undisclosed," even if a court later upholds an objection and refuses to compel disclosure. [9]

The rule that pending motions for a protective order do not excuse attendance at a deposition does not apply to similar motions for written discovery. *E.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 500 (N.D. Cal. 2001).  *Nelson* distinguished *Pioche Mines*, relied upon in *Hepperle*, thusly:

> [A] motion for protective order does not ordinarily prevent a deposition from going forward absent the court's issuance of a protective order[, but] … the party responding to *written* discovery may either object … or seek a protective order.

---

[9]   Moreover, *Hepperle*, did not involve a contempt motion filed in response to a protective order filed in good faith to object to a subpoena seeking *written discovery*, but rather an appeal from dismissal for want of prosecution resulting from plaintiff's repeated failure to appear at a deposition, based on a frivolous pending motion for protective order despite numerous orders requiring attendance.  *See* 590 F.2d at 613 (citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)).  Meanwhile, in *Batt*, which involved a motion for sanctions for a non-party's failure to appear at a deposition, the defendant did not move to quash the notice or take any similar action to resolve the stalemate, 438 F.Supp.2d at 1316, while here, the Protective Order Motion bears directly on whether Comcast can comply with the subpoena.

*Id.* (citing Wright & Miller, *Federal Practice and Procedure* § 2035, at 152, 154 (3d ed. 2010) ("with regard to depositions, the [protective] order should ordinarily be obtained before the date set for the discovery and failure to move at that time has been held to preclude objection later," while for "interrogatories, requests for production … and requests for admission, proper procedure calls for the responding party to object" or to "seek[] a protective order")).  And critically, the cases Defendant cites do not involve a statutory bar to the disclosure of information by the entity from which discovery is sought.  The nature of the subpoena here, which seeks disclosure of PII that Comcast is statutorily barred from disclosing absent a court order, plainly does not permit compliance while motions for a protective order and to quash remain pending.  That would mean that Defendant unilaterally could render federal law a nullity.  There accordingly can be no finding of contempt.

## CONCLUSION

For the foregoing reasons, Comcast respectfully submits that the Defendant's Motion for Civil Contempt should be denied.  Further, as the

Contempt Motion is without basis and sanctionable, the Court should consider whether it merits an award of costs and fees. [10]

      Respectfully submitted this 30th day of August, 2013.

                    HAWKINS PARNELL
                    THACKSTON & YOUNG LLP

                    s/ *Michael J. Goldman*
                    Michael J. Goldman
                    Georgia Bar No.:  300100
                    Attorneys for Comcast Cable
                    Communications Management, LLC

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia  30308-3243
(404) 614-7400
mgoldman@hptylaw.com

John D. Seiver
Ronald G. London
Micah Ratner
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C.  20006
(202) 973-4200
johnseiver@dwt.com

Of Counsel

---

[10]   At a minimum, the Court should instruct Defendant to pay the customary charge Comcast imposes for researching, providing subscriber notice of, and fulfilling subpoenas that seek PII, for the subpoena that Comcast already satisfied, and for any further subpoenas that survive the Plaintiff's Protective Order Motion.  To date, Defendant has refused to agree to reimbursement or even to discuss the matter.

## <u>CERTIFICATE OF COUNSEL</u>

The undersigned hereby certifies that he has prepared the within and foregoing document in accordance with LR 5.1, NDGa., and LR 7.1D, NDGa. Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents except for footnotes in which he has used 12 point Times New Roman.

<u>**This 30th day of August, 2013.**</u>

                                                 HAWKINS PARNELL
                                                 THACKSTON & YOUNG LLP

                                                 <u>s/ *Michael J. Goldman*</u>
                                                 Michael J. Goldman
                                                 Georgia Bar No.:  300100
                                                 Attorneys for Comcast Cable
                                                 Communications Management, LLC

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia  30308-3243
(404) 614-7400
mgoldman@hptylaw.com

The undersigned hereby certifies that he has this day electronically filed with the Clerk of Court and served upon Defendant in the above-referenced matter a true and correct copy of the foregoing **OPPOSITION TO MOTION FOR CIVIL CONTEMPT** by filing on the Court's CM/ECF system, which will automatically send notification of same via e-mail to and/or via United States Mail, with First Class Postage affixed thereto, properly addressed as follows:

> Blair Chintella, Esq.
> 2483 Shoals Ter.
> Decatur, GA  30034

This 30th day of August, 2013.

> HAWKINS PARNELL
> THACKSTON & YOUNG LLP
>
>
> s/ *Michael J. Goldman*
> Michael J. Goldman
> Georgia Bar No.:  300100
> Attorneys for Comcast Cable
> Communications Management, LLC

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia  30308-3243
(404) 614-7400
mgoldman@hptylaw.com