# EXHIBIT A

-----Original Message-----
From: Mosley, Monica [mailto:Monica_Mosley@Comcast.com]
Sent: Thursday, August 15, 2013 12:41 PM
To: Bchintel1
Cc: Lewis, Gerard (Legal); Wilson, Stephanie; Padgett, Colin; Seiver, John
Subject: RE: Subpoena

Blair, the motion requests the court to halt your subpoenas and were the court to grant the motion and we had complied with the subpoena prior to that, while a known motion was pending, we would be subject to sanctions and fines under the Cable Act 47 U.S.C. 551. Consequently, we will release as soon as the Court denies the Motion, not before. If the court grants AF's motion, we will not release at all on any of the remaining subpoenas.

Monica Mosley
Comcast
Senior Counsel, Privacy & Law Enforcement
215-286-2890

---

From: bbc.master.acct@gmail.com [bbc.master.acct@gmail.com] on behalf of Bchintel1 [bchintel1@gmail.com]
Sent: Thursday, August 15, 2013 12:30 PM

To: Mosley, Monica
Cc: Lewis, Gerard (Legal); Wilson, Stephanie; Padgett, Colin; Seiver, John
Subject: Re: Subpoena

Dear Monica,

The filing of a motion by the plaintiff does not suspend Comcast's duty to produce the information.  Here is a cite.

A protective order does not prevent a party from disclosing information obtained other than through the court's processes.  Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984).  A court's inaction on a motion for a protective order does not relieve a person from complying with the discovery request.  See e.g. Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979) (regarding the taking of a deposition).[1]   See also Batt v. Kimberly-Clark Corp., 438 F. Supp. 2d 1315, 1317-18 (N.D. Okla. 2006) (motion to quash).  Precedent pursuant to Bonner v. Prichard, 661F.2d 1206 (11th Cir. 1981).

---

[1] Precedent pursuant to Bonner v. Prichard, 661F.2d 1206 (11th Cir. 1981).

Please let me know when/if you will produce the information or we will be filing a motion to compel.

Sincerely,

Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com<http://www.chintellalaw.com>

On Thu, Aug 15, 2013 at 10:56 AM, Mosley, Monica
<Monica_Mosley@comcast.com<mailto:Monica_Mosley@comcast.com>> wrote:

Blair, there was a Motion filed by AF on the 13th that requires a decision by the court before we will release.

Monica Mosley
Comcast
Senior Counsel, Privacy & Law Enforcement
215-286-2890

_____
From: bbc.master.acct@gmail.com<mailto:bbc.master.acct@gmail.com>
[bbc.master.acct@gmail.com<mailto:bbc.master.acct@gmail.com>] on behalf of Bchintel1
[bchintel1@gmail.com<mailto:bchintel1@gmail.com>]
Sent: Thursday, August 15, 2013 11:09 AM
To: Mosley, Monica
Cc: Lewis, Gerard (Legal); Wilson, Stephanie; Padgett, Colin; Seiver, John
Subject: Re: Subpoena

Hi Monica,

I'm writing in reference to a subpoena the production of which we didn't receive this morning.  The production was supposed to be sent at 10 AM.  Please let me know the status as soon as possible.  Much thanks!  Attached is the subpoena again for your reference.


Sincerely,

Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com<http://www.chintellalaw.com><http://www.chintellalaw.com>

On Fri, Aug 9, 2013 at 10:49 AM, Mosley, Monica
<Monica_Mosley@comcast.com<mailto:Monica_Mosley@comcast.com><mailto:Monica_Mosley@comcast.com< A>>>> wrote:
I already informed you I accepted that one.

Monica Mosley
Senior Counsel
Privacy and Law Enforcement
Comcast
1701 JFK Blvd., 50th floor
Philadelphia, PA  19103
Facsimile 215-286-8508
Direct line: 215-286-2890


From:
bbc.master.acct@gmail.com<mailto:bbc.master.acct@gmail.com><mailto:bbc.master.acct@gmail.com< A>>>
[mailto:bbc.master.acct@gmail.com<mailto:bbc.master.acct@gmail.com><mailto:bbc.master.acct@gmail.com< A>>>] On Behalf Of Bchintel1
Sent: Friday, August 09, 2013 11:46 AM
To: Mosley, Monica
Cc: Lewis, Gerard (Legal); Wilson, Stephanie; Padgett, Colin; Seiver, John
Subject: Re: Subpoena

Ms. Mosley,

I am stepping out of the office for the rest of the day handling client matters but I wanted to quickly respond to your e-mail.  We don't believe that the subpoena is overly burdensome, especially considering that time and expense we've lost in haggling over stuff that could have been taken care of in the time it took to haggle.  Before you force us to file a motion to compel, I trust that you will consult with you client and colleagues before creating unnecessary time and expense for all parties involved.  As far as the Subpoena served on 7/25 is concerned, we have the objection deadline as being yesterday, so there should be no question that the documents will be produced.  Advise if otherwise.

Sincerely,
Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com<http://www.chintellalaw.com><http://www.chintellalaw.com>

On Fri, Aug 9, 2013 at 11:03 AM, Mosley, Monica
<Monica_Mosley@comcast.com<mailto:Monica_Mosley@comcast.com><mailto:Monica_Mosley@comcast.com< A>>>>  wrote:
Mr. Chintella, we received your email at 10:41 PM last night and I must ask that, since we technically can start today as our first day of counting for actual processing, you allow us later than 9:00 am on the release date if I am to agree, again, to this shortened 21 day turnaround time. By making it 9 am to release to you it effectively negates that entire day as being useful as it is the start of the day not the end of the day and short sheets our subscriber's available response time.

I propose that we will get notice out to our subscriber today and they will receive it Monday and we will give them until NOON on FRIDAY AUGUST 30th and then release to you immediately after that if there is no Motion filed by a subscriber by that time.  Please advise via return email that this is agreeable, otherwise I will need to officially object to this subpoena for that extra day, which will hold up your discovery deadline while you pursue rule 45 Motion to Compel to overcome my objection. I do not want to hold you up and
add to your time crunch so I am hoping we can resolve this with an email agreement.

Additionally, I want to point out that one of your requested dynamic IP addresses, 75.72.99.17, has all beyond-retention  dates listed so no information will be forthcoming for that IP. Our 180 retention period would only cover back through 2 -9 -13.  Consequently,  there will also be a date in January for IP address 75.72.88.156 that will not produce records.


Blair, it is also time we discuss fees as you have now given us three subpoenas beyond the initial one you indicated I was agreeing to as a courtesy for time and cost.  We have a $90 production fee per IP date release. (each IP address for each date requiring research to identify subscriber for dynamic IP address).  Shall we send the invoices to the address listed on the subpoena at the Shoals Terrace location?  I will maintain no charge for the first one but the three subsequent subpoenas need to be paid for pursuant Rule
45.

Thank you.

Monica Mosley
Senior Counsel
Privacy and Law Enforcement
Comcast
1701 JFK Blvd., 50th floor
Philadelphia, PA  19103
Facsimile 215-286-8508
Direct line: 215-286-2890


From:
bbc.master.acct@gmail.com<mailto:bbc.master.acct@gmail.com><mailto:bbc.master.acct@gmail.com< A>>>
[mailto:bbc.master.acct@gmail.com<mailto:bbc.master.acct@gmail.com><mailto:bbc.master.acct@gmail.com< A>>>] On Behalf Of Bchintel1
Sent: Thursday, August 08, 2013 10:41 PM
To: Lewis, Gerard (Legal); Mosley, Monica; Wilson, Stephanie
Subject: Subpoena

Dear Ms. Mosley et al.,
Attached is a final subpoena that we served today on Comcast's registered agent in Duluth, GA.  I put the response deadline as far out as possible but still within the discovery deadline of 9/2/2013.  Please feel free to contact me if you have any questions.

Sincerely,
Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com<http://www.chintellalaw.com><http://www.chintellalaw.com>



<><><><><><>