**EXHIBIT B**

**Sent:** Tuesday, July 30, 2013 3:14 PM
**To:** 'Bchintel1'; Padgett, Colin
**Cc:** Wilson, Stephanie (Stephanie_Wilson@Cable.Comcast.com); Ford, Kate
**Subject:** AF Holdings v Rajesh Patel 00262-WCO

M. Chintella, as counsel for the defendant, I am sure you have seen on today's PACER docket that a Protective Motion has been filed regarding the subpoenas you have presented to Comcast. Consequently, as is our SOP, we will not release any information responsive to any subpoenas pending a decision by the Court on the Motion.
Thank you.

**Monica Mosley**
**Senior Counsel**
**Privacy and Law Enforcement**
**Comcast**
**1701 JFK Blvd., 50th floor**
**Philadelphia, PA  19103**
**Facsimile 215-286-8508**
**Direct line: 215-286-2890**


**From:** bbc.master.acct@gmail.com [mailto:bbc.master.acct@gmail.com] **On Behalf Of** Bchintel1
**Sent:** Tuesday, July 30,
2013 10:40 AM **To:** Padgett,
Colin; Mosley, Monica
**Subject:** First Subpoena

My current fax number is: 866-298-3664.  But can you also mail me a copy please.  Also, how do you normally certify that the records produced are authentic?  I have a short declaration that whoever processed the subpoena can sign, which basically states that this is the full amount of information pursuant to the subpoena.  I'll need to authenticate the information in court...or is there a different method you usually use?  Thanks!

Sincerely,

Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com

**From:** bbc.master.acct@gmail.com [mailto:bbc.master.acct@gmail.com] **On Behalf Of** Bchintel1
**Sent:** Thursday, August 01, 2013 4:55 PM
**To:** Wilson, Stephanie
**Cc:** Mosley, Monica
**Subject:** Subpoena

Hello Ms. Wilson,

Attached is a court order denying the plaintiff's motion for a protective order.  Please fax the production to my fax at: 866-298-3664.  Also, please let me know your policy for authenticating the records.  I've never served a subpoena on Comcast before - do you always include an affidavit or declaration?  I believe that I forwarded one to you but I can send it again?


Sincerely,

Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

AF HOLDINGS, LLC,                    :
                                     :
        Plaintiff,                   :
                                     :
v.                                   :    CIVIL ACTION
                                     :    NO. 2:12-CV-00262-WCO
PATEL,                               :
                                     :
        Defendant.                   :

## ORDER

The court has before it for consideration defendant's "Motion for a Ruling on the Proper Method to Compel the Attendance of Mark Lutz for a Deposition" [44], plaintiff's "First Motion for Protective Order" [46], and defendant's "Emergency Motion for Extension of Time to Complete Discovery" [47].

## I.    Defendant's Motion for a Ruling

On July 22, 2013, defendant asked the court to rule that its notice was legally sufficient to compel a third-party, Mark Lutz, to attend a deposition. (*See* Def.'s Mot. for Ruling, ECF No. 44.) Unfortunately, the court cannot provide defendant the instruction he requests. Article III of the United States Constitution limits the judicial power of the federal courts to "cases" and "controversies." U.S. CONST., art. III, § 2. No case or controversy is presented when a court is called on to issue advisory

opinions. *See, e.g.*, *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Defendant's motion does not present a justiciable case or controversy. (Br. Supp. Def.'s Mot. for Ruling 3 ("Defendant files this motion as a precautionary measure.").) Therefore, ruling on defendant's motion would constitute an impermissible advisory opinion and it must be **DENIED**.

## II.     Plaintiff's Motion for a Protective Order

On July 30, 2013, plaintiff filed a motion for a protective order. In this motion, plaintiff contends that defendant's discovery requests "go far beyond the limited discovery that this Court contemplated" and requests a protective order "(1) striking Defendant's third-party discovery; and (2) limiting the matters upon which Defendant seeks discovery to Plaintiff's standing to have initiated this lawsuit." (Pl.'s Mot. 1, ECF No. 46.)

Under Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id. See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (noting the term "relevant" is "construed broadly to encompass any matter that

bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case"). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1).

Here, plaintiff states simply that defendant's discovery requests are "vast in scope and represent nothing more than a fishing expedition." (Pl.'s Mot. 2.)  Plaintiff does not attach the allegedly overbroad discovery requests or even point to the specific requests it finds objectionable.  In short, plaintiff asks the court to simply take it at its word that defendant's discovery requests are too broad.  These conclusory and vague objections fail to constitute "good cause" for entering a protective order.  Even if they did, a motion seeking a protective order "*must* include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  FED. R. CIV. P. 26(c)(1) (emphasis added).  Plaintiff has not provided this certification with its motion. Accordingly, plaintiff's "First Motion for a Protective Order" [46] must be **DENIED**.

### III.   Defendant's Motion for an Extension of Discovery

On July 31, 2013, defendant filed an emergency motion requesting a short extension of the discovery period.  Under Federal Rule of Civil Procedure 6, the court "may, for good cause, extend the time . . . with or without motion or notice if the court

acts, or if a request is made, before the original time or its extension expires . . ." subject to certain exceptions which do not apply here. FED. R. CIV. P. 6(b)(1)(A), 6(b)(2). After reviewing defendant's motion, the court finds that "good cause" exists for extending the discovery period as defendant requests. Therefore, the court will **GRANT** defendant's motion.[1]

## IV.    Conclusion

In accordance with the foregoing, the court hereby **DENIES** defendant's "Motion for a Ruling on the Proper Method to Compel the Attendance of Mark Lutz for a Deposition" [44], **DENIES** plaintiff's "First Motion for Protective Order" [46],

---

[1] Plaintiff's response in opposition argues that "the defendant is not seeking discovery but is merely seeking to have the plaintiff authenticate 153 irrelevant documents. However, such a task is one belonging to the clerk of court and not plaintiff." (Pl.'s Resp. 1, ECF No. 48.) Again, it is impossible to evaluate the merits of plaintiff's objection since it fails to specifically articulate why defendant's requests are irrelevant and why the Clerk should be responsible for authenticating the requested documents instead of plaintiff. Requests for admission are commonly used to authenticate documents. In fact, this process is specifically provided for in the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 36(a)(1)(B) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . the genuineness of any described documents.").

The court also disagrees with plaintiff's conclusory assertion that defendant failed to set forth "the necessity for . . . expedited procedure." (Pl.'s Resp. 2.) Defendant stated that he was planning to serve discovery devices on plaintiff on Wednesday, July 31, 2013, which would have given plaintiff until the last day of the discovery period to respond. However, defense counsel discovered his car had been stolen that morning and he was unable to serve the discovery requests as planned. Accordingly, if the court denied defendant's motion, he would have only two days to figure out an alternative means of service before the deadline for serving discovery requests expired. The court finds this sufficient under Local Rule 7.2(B).

and **GRANTS** defendant's "Emergency Motion for Extension of Time to Complete Discovery" [47].

**IT IS SO ORDERED**, this 1st day of August, 2013.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge

5

**From:** bbc.master.acct@gmail.com [mailto:bbc.master.acct@gmail.com] **On Behalf Of** Bchintel1
**Sent:** Friday, August 02, 2013 5:31 PM
**To:** Wilson, Stephanie
**Cc:** Mosley, Monica; Padgett, Colin
**Subject:** Re: Subpoenaed Information

I received a three-page fax: a cover sheet and two letters for the IP addresses on the first subpoena.  Thanks.

Sincerely,

Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com

On Fri, Aug 2, 2013 at 3:54 PM, Wilson, Stephanie <Stephanie_Wilson@cable.comcast.com> wrote:

Mr. Chintella,

The fax response has been faxed to you at 3:50 pm to fax number (866) 298-3664. Please confirm receipt.

Thank you,

Stephanie Wilson

Sr. Legal Analyst

Comcast Legal Response Center

Legal Quality Assurance and Disclosure

Moorestown, NJ

856-675-5135 Phone

866-947-5587 Fax

stephanie_wilson@cable.comcast.com



This e-mail transmission may contain information that is proprietary, privileged and/or confidential and is intended exclusively for the person(s) to whom it is addressed. Any use, copying, retention or disclosure by any person other than the intended recipient or the intended recipient's designees is strictly prohibited. If you are not the intended recipient or their designee, please notify the sender immediately by return e-mail and delete all copies.

**From:** Mosley, Monica
**Sent:** Friday, August 02, 2013 12:49 PM
**To:** Bchintel1
**Cc:** Wilson, Stephanie
**Subject:** RE: Subpoenaed Information

Stephanie still has to get the results QC'd as per our policy and she is in a meeting till about 3 pm and cannot get it to the QC folks till then. Your fax should come out to you about 4.

**Monica Mosley**

**Senior Counsel**

Privacy and Law Enforcement

Comcast

1701 JFK Blvd., 50th floor

Philadelphia, PA  19103

Facsimile 215-286-8508

**Direct line: 215-286-2890**

**From:** bbc.master.acct@gmail.com [mailto:bbc.master.acct@gmail.com] **On Behalf Of** Bchintel1
**Sent:** Friday, August 02, 2013 11:14 AM
**To:** Mosley, Monica
**Cc:** Wilson, Stephanie
**Subject:** Subpoenaed Information

I still haven't heard back regarding the subpoenaed information.  Please contact me as soon as possible.  Thanks.

Sincerely,

Blair Chintella

404-831-5779 (main)

404-579-9668 (backup)

www.chintellalaw.com

2