IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | Case No.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Related Civil Action No.: |
| | : | 2:12-cv-00262-WCO (N.D. Ga.) |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO COMPEL AND FOR CONTEMPT AGAINST NON-PARTY PAUL HANSMEIER

COMES NOW, Rajesh Patel, by and through counsel, filing this **Defendant's Motion to Compel and for Contempt Against Hansmeier**, requesting the following relief:

(a) An order compelling Paul Hansmeier to comply and a finding of contempt and imposing sanctions in the form of $500 per day payable to Mr. Patel until he purges himself.

Respectfully Submitted August 30, 2013:

GODFREAD LAW FIRM, P.C.

*s/ Paul Godfread*
Paul Godfread (389316)
GODFREAD LAW FIRM, P.C.
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(612) 284-7325
paul@godfreadlaw.com

SCANNED
SEP - 3 2013
U.S. DISTRICT COURT MPLS

13mc 68
PJS TNL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | Case No.: |
| | : | |
| Plaintiff, | : | |
| | : | Related Civil Action No.: |
| v. | : | 2:12-cv-00262-WCO (N.D. Ga.) |
| | : | |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND FOR CONTEMPT AGAINST PAUL HANSMEIER

This Motion and Memorandum stems from a case pending in the United States District Court for the Northern District of Georgia: *AF Holdings, LLC v. Patel*; Docket No. 2:12-00262-WCO ("Patel Case"). In that case, the Court granted the parties discovery for a time period up to and including September 5, 2013. Minute Order entered July 2, 2013 [Doc. No. 50].

On August 5, 2013, Paul Hansmeier ("Hansmeier") was served with a subpoena in connection with the Patel Case, a true and correct copy of which is attached as Exhibit A. Hansmeier did not serve an objection to the subpoena pursuant to Fed. R. Civ. P. Rule 45(c)(2)(B)(i), nor otherwise informally object, nor did he comply with it by its due date of August 20, 2013. *See* Declaration of Blair Chintella.

1

SCANNED
SEP - 3 2013
U.S. DISTRICT COURT MPLS

On August 22, 2013, defense counsel in the Patel Case Blair Chintella ("Chintella") left a voicemail with Hansmeier to attempt to resolve this non-compliance. *Decl. of Blair Chintella.* Hansmeier returned the phone call while Chintella was in the middle of a meeting so Hansmeier and Chintella exchanged e-mail addresses and Chintella told Hansmeier to e-mail him a formal request to extend the time to comply because he wanted to have a record of their correspondence. *Id.* Chintella did not promise Hansmeier an extension of time nor did Chintella ever receive an e-mail from Hansmeier requesting an extension of time. *Id.*

Chintella contacted Hansmeier yet again on August 27, 2013 to try and obtain compliance with the subpoena. *Id.* In response, Hansmeier falsely stated that Chintella had promised an extension of time up to and including August 30, 2013, but Hansmeier assured that he planed to comply and would comply by that date. *Id.* In good faith, on August 28, 2013 Chintella gave Hansmeier an additional week from when they spoke on the phone to comply with the subpoena, but made it clear that Mr. Patel as not waiving Hansmeier's failure to object within fourteen (14) days pursuant to Rule 45(c)(2)(B)(i). Hansmeier failed to comply with the subpoena a second time despite giving assurances that he would do so. *Id.*

# ARGUMENT

A subpoena is a court order and must be obeyed. *United States v. Allison*, 619 F.2d 1254 (8th Cir. 1980); *Fisher v. Marubent Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975). Pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i), the target of a subpoena has fourteen (14) days to object otherwise any possible objections are waived. *See e.g. Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 48 (D. Conn. 2007); *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425-26 (D. N.J. 2004). If a person properly serves an objection, it generally suspends a person's duty to comply with the subpoena. *See e.g. U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693-94 (7th Cir. 2007). Hansmeier did not object within 14 days of service, nor has he since then. Counsel for AF Holdings in the Georgia case has sought a protective order, which had been denied, and since renewed that request. However, even if such an order were eventually entered, under controlling law in Georgia, seeking a protective order *does not* suspend a person's duty to comply with discovery. *See e.g. Hepperle v. Johnston*, 590 F.2d 600, 613 (5th Cir. 1979) (a person is still required to attend a deposition despite the fact that the court had yet to rule on a motion for a protective order).[1] *Accord Batt v. Kimberly-Clark Corp.*,

---

[1] The Patel Case is pending in Georgia which is within the Eleventh Circuit. Although this citation is to a Fifth Circuit case, the Eleventh Circuit has adopted as *precedent* all "former" Fifth Circuit decisions existing on September 30, 1981. *See Bonner v. Prichard*, 661 F.2d 1206, (11th Cir. 1981).

438 F. Supp. 2d 1315, 1317-18 (N.D. Okla. 2006) (duty remains to comply with a subpoena).

After a person refuses to comply with a subpoena, the serving party may "move the issuing court for an order compelling production." Fed. R. Civ. P. 45(c)(2)(B)(i). The issuing court may also "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). *See also Shillitani v. United States Pappadio v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.").

It is undisputed that Hansmeier was properly served with a subpoena for the production of documents (Exhibit A) that he did not serve and objection to the subpoena (Exhibit B) and that he did not comply with it despite being given an extension of time. Therefore, it would be appropriate to compel Hansmeier to comply with the subpoena or to find him in contempt for his failure to comply. Because Hansmeier did not have an "adequate excuse" in refusing to comply, a finding of civil contempt would be appropriate. *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 (1994) (stating that a purpose of civil contempt is to coerce compliance with the Court's orders). No "excuse" was given for Hansmeier's non-compliance much less an "adequate" one.

Additionally, Patel has grave concerns that Hansmeier may be deliberately

4

delaying production of subpoenaed documents until after the discovery deadline in the Georgia case. Hansmeier has demonstrated a willingness to refuse to answer even the most basic questions relating to his affiliation with the plaintiff AF Holdings, LLC. By way of example, when ordered to appear and answer questions in an evidentiary hearing concerning AF Holdings, LLC and a related entity Ingenuity13, LLC, Hansmeier invoked the Fifth Amendment rather than testify in a civil case about his relationship or knowledge of AF Holdings or Ingenuity13. *See Ingenuity 13 LLC v. John Doe,* 12-cv-8333 ODW (C.D. Cal.) (April 2, 2013). This lead to the judge in that case to conclude that Hansmeier, along with others, is a *de facto* owner and officer of AF Holdings, and that AF Holdings and Ingenuity13 "have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared." *Id.* [Doc. 130 at 5]. The only reasonable conclusion to be drawn from Hansmeier's complete failure to comply with the subpoena is that Hansmeier has no intention of complying with the subpoena and intends to delay production as long as possible.

## CONCLUSION

Hansmeier did not object to the subpoena nor did he comply with it despite being given an extension of time. Therefore, he should be compelled to comply with the subpoena and held in contempt with a fine accruing of $500 per day, or any other amount this court finds reasonable and just, payable to Mr. Patel until he purges himself of that contempt.

Respectfully Submitted,

Dated: August 30, 2013

s/ Paul Godfread
Paul Godfread (389316)
GODFREAD LAW FIRM, P.C.
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(612) 284-7325
paul@godfreadlaw.com

*Attorney for Rajesh Patel*

BMC 68
PJS/TNL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | Case No.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Related Civil Action No.: |
| | : | 2:12-cv-00262-WCO (N.D. Ga.) |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF DEFENDANT'S MOTION TO COMPEL AND FOR CONTEMPT AGAINST NON-PARTY PAUL HANSMEIER

TO: PAUL HANSMEIER at Class Justice, PLLC, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402; also at Alpha Law Firm, LLC, 80 South 8th Street #900, Minneapolis, MN 55402; also at 225 Portland Avenue South, Unit #507, Minneapolis, MN 55401

Please take notice, that Defendant' Rajesh Patel, will bring a motion to compel and for contempt against Paul Hansmeier before this court at a date and time to be determined.

Dated: August 30, 2013        GODFREAD LAW FIRM, P.C.

                             *s/ Paul Godfread*
                             Paul Godfread (389316)
                             GODFREAD LAW FIRM, P.C.
                             100 South Fifth Street, Suite 1900
                             Minneapolis, MN 55402
                             (612) 284-7325
                             paul@godfreadlaw.com

SCANNED
SEP - 3 2013
U.S. DISTRICT COURT MPLS

BMC 68
PSSITNL

# EXHIBIT A

Affidavit of Thomas W. Farmer
Service of Subpoena on Paul Hansmeier

SCANNED
SEP - 3 2013
U.S. DISTRICT COURT MPLS

# AFFIDAVIT OF SERVICE

STATE OF MINNESOTA )
                        ) ss
COUNTY OF RAMSEY   )                   Court File No. 2:12-CV-00262-WCO

Thomas W. Farmer, being duly sworn, on oath says: that on the 5th day of August, 2013 at 10:40 AM he served the attached Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with Exhibit A upon Paul Hansmeier, therein named, personally at 300 South 4th Street, Suite 9W, Minneapolis, County of Hennepin, State of Minnesota, by handing to and leaving with Paul Hansmeier, a true and correct copy thereof.

Subscribed and sworn to before me
this 9th day of August, 2013.

Notary Public

Carrielynn M. Veitch
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31 2015

13mc 68
PJS/TNL

# EXHIBIT B

Copy of Subpoena - Paul Hansmeier



SCANNED

SEP - 3 2013

U.S. DISTRICT COURT MPLS

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Minnesota

| | | |
|---|---|---|
| AF Holdings, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:12-cv-00262-WCO |
| Rajesh Patel | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Georgia ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Paul Hansmeier

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Paul Godfread c/o Blair Chintella<br>100 S. 5th St., Ste. 1900<br>Minneapolis, MN 55402 | Date and Time:<br><br>08/20/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___08/04/2013___

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   ___Rajesh Patel___
_____ , who issues or requests this subpoena, are:

Blair Chintella; 2483 Shoals Ter., Decatur, GA 30034; bchintel1@gmail.com; 404-831-5779.

## Exhibit A

**(Mr. Patel requests that all information be produced in its native original format, no copies of original signatures, for example. If a Document is electronic, please produce it in its native format or convert it to a .PDF (but only if metadata will not be lost). A paper printout is a last resort but is acceptable if an electronic Document cannot be converted to a .PDF. Please contact attorney Blair Chintella with any questions or to clarify: 404-831-5779)**

### Definitions

1. "6881" means 6881 Forensics, LLC listed on docket item 4-1 in the Prior Lawsuit.
2. "Action" means lawsuit that this subpoena pertains to.
3. "Alan Cooper" means the Person that purportedly signed the copyright assignment relevant to this Action.
4. "ALG" mean Anti-Piracy Law Group, LLC, an Illinois entity.
5. "Alpha" means Alpha Law Firm, LLC, a Minnesota LLC.
6. "Angel Van Den Hemel" means a paralegal of Prenda.
7. "AF Holdings" means the plaintiff in this Action.
8. "Bessemer" means Bessemer Films, LLC, Delaware and Florida entities.
9. "Brett Gibbs" means the attorney licensed in California that was at one point affiliated with Prenda.
10. "Contact Information" means all legal name, all business and residential addresses, all business and personal phone numbers, all business and personal e-mail addresses, and the Identity of all officers, directors, shareholders, employees, independent contractors, "corporate representatives" or other agents.
11. "Document" means the broad meaning of that term as defined and interpreted under the Federal Rules of Civil Procedure, including but not limited to digital and non-digital document formats, the original of a document and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise), and – if the original is not in existence or subject to your control – each copy, regardless of origin or location, of any handwritten, typewritten, printed, computerized, electronically stored, recorded, transcribed, punched, taped, photocopied, photostatic, "telexed," filmed, microfilmed or otherwise prepared matter, however produced or reproduced, including but not limited to all electronically stored information, email messages, letters, correspondence, memoranda, telegrams, telexes, cables, memoranda or minutes of meetings or conversations (in person or telephonic), reports, notes, computer discs, tapes and files, legal documents, electronica data and writings of every description.
12. "Heartbreaker" means Heartbreaker Digital, LLC, a Nevada entity.
13. "Individual" means a human being.
14. "Jayme Steele" means the relative of John Steele.
15. "Joseph Perea" means attorney licensed in Florida that is/was affiliated with Prenda.
16. "Kerry Steele" means the wife of John Steele (aka Kerry Eckenrode).
17. "Livewire" means Livewire Holdings, LLC.
18. "Mark Lutz" means the Person that claims to be the CEO of Plaintiff.
19. "Nazaire" means Jacques Nazaire.

20. "MCG" means Media Copyright Group, LLC, a Minnesota entity.
21. "MCGIP" means MCGIP, LLC, a Minnesota entity.
22. "Michael Dugas" means the attorney licensed in Minnesota that is affiliated with Prenda.
23. "Paul Duffy" means the purported principal of Prenda.
24. "Paul Hansmeier" means the person deposed as a representative of AF Holdings.
25. "Peg Leg" means Peg Leg Productions, LLC, a Florida entity.
26. "Person" means any individual, corporation, proprietorship, partnership, trust, association or any other entity.
27. "Pertain" and "Pertaining" mean and include: refers to, contains, concerns, Describes, describes embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.
28. "Peter Hansmeier" means the brother of Paul Hansmeier.
29. "Prenda" means Prenda Law, Inc., an Illinois entity.
30. "Prior Lawsuit" means the lawsuit filed in the United States District Court for the District of Columbia: *AF Holdings, LLC v. Does 1,058*; 1:12-cv-00048.
31. "Relevant Persons" means Brett Gibbs, John Steele, Joseph Perea, Mark Lutz, Michael Dugas, Paul Duffy, Paul Hansmeier, Peter Hansmeier, Angela Van Den Hemel, Tommy Labriola, Alan Cooper, Brett Gibbs, Allan Mooney, AF Holdings, Salt Marsh, Jayme Steele, Kerry Steele, Ms. Dugas, APL, Prenda, Raymond Rogers, Heartbreaker, MCG, MCGIP, LLC, Alpha, Livewire, VPR, Peg Leg, Bessemer, Nazaire, Guava, LLC, VPR, and 6881.
32. "S&H" means Steele Hansmeier, PLLC, a Minnesota PLLC.
33. "Salt Marsh" means the "unidentified beneficiary" trust referred to by Paul Hansmeier in his deposition on behalf of AF Holdings.
34. "Tommy Labriola" means the purported employee of Livewire.
35. "VPR" means VPR Inc., a Nevada entity.
36. "Work" means the allegedly copyrighted work referred to in Plaintiff's Complaint in this action and the Prior Action.

## Subpoenaed Material

1) Any Documents that were shown or given to you in preparation for your deposition in California as a Rule 30(b)(6) designated person for AF Holding, LLC.
2) A Document showing *each aspect* of your Contact Information for the time period beginning November 2, 2012 until August 5, 2013.
3) Any Documents Pertaining to your ownership, control or ability to access any domains, including but not limited to the following: mediacopyrightgroup.com, wefightpiracy.com, wefightpiracy.org, dangerousxxx.com, livewireholdings.com, naughty-hotties.com, notissues.com, prendalawfirm.com, copyrightlitigationgroup.com, 6881forensics.com and perealawfirm.com.
4) The original assignment agreement attached to the complaint in this Action.
5) Any and all Documents constituting or forming part of a contract, agreement or retainer agreement between you, Alpha or S&H and any Person that Pertains to AF Holdings or this Action.

6) Any Document constituting or forming part of a contract or agreement between you, Alpha or S&H and any Relevant Person existing or created during the time period beginning January 22, 2010 until the present.

7) Any and all Documents evidencing the creation of the following Persons: AF Holdings, LLC, Livewire, Salt Marsh, S&H, Alpha, MCGIP, LLC, MCG, 6881, VPR, Guava, LLC, APL, and Ingenuity 13, LLC.

8) Any and all Documents identifying the Persons having ownership or ability to control Pertaining to the following Persons anytime during the time period beginning January 22, 2010 until the present: AF Holdings, Livewire, Guava, LLC, Salt Marsh, Alpha, S&H, MCGIP, LLC, MCG, 6881, VPR, APL, Ingenuity 13, LLC, and any other Person in which you, Alpha or S&H have or had an ownership or controlling interest at any time.

9) Any Document showing money received by you, Alpha or S&H from any Person during the time period beginning January 1, 2012 until August 5, 2013 Pertaining to AF Holdings or this Action.

10) Any Document showing money deposited into a bank account owned or controlled by you, S&H or Alpha Pertaining to: AF Holdings, LLC, VPR, MCGIP, LLC, Guava, LLC, Ingenuity 13, LLC, Livewire, APL, 6881 or Mark Lutz.

11) Any Document showing money withdrawn from a bank account owned or controlled by you, S&H or Alpha Pertaining to: AF Holdings, LLC, VPR, MCGIP, LLC, Guava, LLC, Ingenuity 13, LLC, Livewire, APL, 6881 or Mark Lutz.

12) Any Documents constituting or forming part of correspondence between you, Alpha or S&H Pertaining to AF Holdings, LLC or this Action.

13) Any Document Pertaining to a book keeper in Las Vegas named Cathy.

14) Any Document constituting or forming part of a contract or agreement between you, Alpha or S&H and any internet service provider.

Signed August 4, 2013:

Blair Chintella

3

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

AF HOLDINGS, LLC      :   Case No.:

    Plaintiff,      :

          :   Related Civil Action No.:

v.           :   2:12-cv-00262-WCO (N.D. Ga.)

          :

RAJESH PATEL,      :

          :

    Defendant.     :

### Declaration of Blair Chintella

1.   Attached to the Memorandum of Law in Support of Motion for Contempt are true and correct copies of e-mails between myself and Paul Hansmeier. Also attached are true and correct copies of the subpoena served on him and the proof of service.

2.   On July 22, 2013, I left a voicemail with Paul Hansmeier stating that we needed to discuss his non-compliance with a subpoena that my client served on him on August 5, 2013, which is attached to the above Motion.

3.   I was never served with an objection to the subpoena by Mr. Hansmeier and did not receive any production by its deadline of August 20, 2013.

4.   I received a call back from Mr. Hansmeier but I was in the middle of a meeting, so I exchanged e-mail addresses with him and told him to send me an e-mail formally requesting the extension of time that he was seeking (he asked for "one week") so we could have a record of our correspondence.

5.   During our phone conversation, I never promised Mr. Hansmeier that I

1



would grant an extension of time and I can provide one or more witnesses to that fact upon request.

6.      I never received an e-mail from Mr. Hansmeier after our conversation requesting an extension of time.

7.      On August 27, 2013 I contacted Mr. Hansmeier again via e-mail to discuss his non-compliance, and as the attached e-mails show, Mr. Hansmeier falsely stated that I had promised an extension time, and that he fully intended to comply with the subpoena by August 30, 2013.

8.      Despite this, I considered Mr. Hansmeier's initial request for one-week and agreed to a one-week extension of time to comply with the subpoena on behalf of my client.  However, as the e-mail explains, I made it clear that my client was not granting an extension of time for Mr. Hansmeier's failure to properly object to the subpoena pursuant to Rule 4(c)(2)(B)(i).

9.      As of signing this Declaration, I have yet to receive any production regarding the subpoena served on Mr. Hansmeier.


I declare under penalty of perjury that the foregoing is true and correct:


Signature:    _____*/s/ Blair Chintella*_____    Date:   ___8/30/2013_____
                            Blair Chintella


2

Handwritten: 13 mc 68
PJS/TNL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

AF HOLDINGS, LLC              :    Case No.:
                             :
        Plaintiff,         :
                             :
v.                           :    Related Civil Action No.:
                             :    2:12-cv-00262-WCO (N.D. Ga.)
RAJESH PATEL,                :
                             :
        Defendant.        :

## MEET AND CONFER STATEMENT

Pursuant to Local Rule 7.1(a), the undersigned as well as counsel for Defendant in Georgia made several attempts to meet and confer with Paul Hansmeier. We were unable to agree upon any part of the motion and Mr. Hansmeier steadfastly refuses to comply with the subpoena.

Dated: August 30, 2013         GODFREAD LAW FIRM, P.C.

                                      *s/ Paul Godfread*
                                        Paul Godfread (389316)
                                        GODFREAD LAW FIRM, P.C.
                                        100 South Fifth Street, Suite 1900
                                        Minneapolis, MN 55402
                                        (612) 284-7325
                                        paul@godfreadlaw.com



SCANNED
SEP - 3 2013
U.S. DISTRICT COURT MPLS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | Case No.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Related Civil Action No.: |
| | : | 2:12-cv-00262-WCO (N.D. Ga.) |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, I served **Defendant's Motion for Civil Contempt Against Paul Hansmeier** (including: Notice of Motion, Motion, Memorandum in Support, Exhibit A, Exhibit B, Declaration of Blair Chintella, this Affidavit of Service, LR 7.1 Certificate, Meet and Confer Statement) by mailing a copies via first class mail, postage prepaid on Paul Hansmeier at each of the following addresses:

Class Justice, PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402

Alpha Law Firm, LLC
80 South 8th Street #900
Minneapolis, MN 55402

225 Portland Avenue South, Unit #507
Minneapolis, MN 55401

Dated August 30, 2013:

s/ Paul Godfread
Paul Godfread (389316)
GODFREAD LAW FIRM, P.C.

SCANNED
SEP - 3 2013
U.S. DISTRICT COURT MPLS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

AF HOLDINGS, LLC         :   Case No.:
                                 :

          Plaintiff,     :

                                 :

v.                           :   Related Civil Action No.:
                                 :   2:12-cv-00262-WCO (N.D. Ga.)

RAJESH PATEL,        :
                                 :

         Defendant.     :

### CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, I served **Defendant's Motion for Civil Contempt Against Paul Hansmeier** (including: Notice of Motion, Motion, Memorandum in Support, Exhibit A, Exhibit B, Declaration of Blair Chintella, this Affidavit of Service, LR 7.1 Certificate, Meet and Confer Statement) by mailing a copies via first class mail, postage prepaid on Paul Hansmeier at each of the following addresses:

    Class Justice, PLLC
    100 South Fifth Street, Suite 1900
    Minneapolis, MN 55402

    Alpha Law Firm, LLC
    80 South 8th Street #900
    Minneapolis, MN 55402

    225 Portland Avenue South, Unit #507
    Minneapolis, MN 55401

Dated August 30, 2013:          s/ Paul Godfread
                                  Paul Godfread (389316)
                                  GODFREAD LAW FIRM, P.C.