UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC,                          Civil Action No. 2:12-CV-00262-WCO

      Plaintiff,

v.

RAJESH PATEL,

      Defendant.

_____

### AFFIRMATION IN OPPOSITION AND RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS AND MOTIONS TO COMPEL

1. In 2012, an action was commenced against the defendant herein. The Defendant failed to appear and a default was taken against him.

2. Due to Defendant's willful refusal to file an Answer, FRCP 26 initial disclosure was not triggered. As a result, no discovery was exchanged between the parties. Thereafter, defendant requested that plaintiff remove the default. The plaintiff agreed to do so.

3. On March 18, 2013, the plaintiff filed a voluntary dismissal which in effect removed the default as it had agreed to do.

4. On April 6, 2013, the defense filed a motion for sanctions (ECF No. 16.). In his motion, Defendant alleged that the plaintiff had commenced an action without fully investigating the allegations, although, the defendant had already

acknowledged negligent infringement by and through his affidavit.

5. On July 2, 2013 at a Court appearance, the defense was given every opportunity to prove its case in a day long hearing. The defense was unable to do so. The defense argued 1) that it could not do so without discovery and 2) the lack of discovery was due to the fault of plaintiff.

6. The record shows that the defendant is mistaken because 1) the defendant should have fully investigated the claim for vexatious litigation before filing its motion. The defense should not have a need for discovery considering that it was so adamant in its proclamation that plaintiff's action was vexatious. Although the defendant produced tons of unrelated and inflammatory documents, it failed to produce on ounce of evidence of a vexatious lawsuit. The defendant had committed the very same act which it alleged the plaintiff had committed (lack of investigation). The defense begged the Court for discovery. 2) It is the defendant herein who is to blame for the lack of discovery. FRCP 26 states as follows:

> (C) *Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

7. The defendant's refusal to submit an Answer on time clearly prevented initial

disclosure. Nevertheless, the defendant was granted discovery.

FRCP 26 further states:"

(b) DISCOVERY SCOPE AND LIMITS.

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discoveries are subject to the limitations imposed by [Rule 26(b)(2)(C)](Rule 26(b)(2)(C)).

8. While the discovery requested need not be relevant, it has to appear reasonably calculated to lead to the discovery of admissible evidence. In the defendants request for interrogatories, notice to produce and depositions, it seeks information that are not related to this action but rather related to actions in other jurisdictions. Clearly, Mark Lutz has been deposed before. Now the defense wants Mr. Lutz to fly to Georgia by his own expense for the sole purpose of being humiliated. The defense has not arranged to pay for Mr. Lutz's travel.

9. Additionally, Mr. Lutz has every reason not to appear for a deposition. The deposition is sought out, not for seeking discoverable evidence, but rather to ridicule him. Please see the attached **Exhibit A** which shows that all the private legal matters in this action are being displayed on a twitter account or feed for fodder.

10. The attached exhibit demonstrates that any new deposition of Mr. Lutz or any interrogatories or any production responses will be sought solely for the purpose of

providing a good laugh for the websites such as "Popehat", "dietrolldie" and "fightcopyrighttroll". (See twitter feed attached as **Exhibit A**).

11. It is respectfully requested that the Court takes judicial notice of the attached exhibit since the discussions therein can be easily verified by this Court. This Court can obtain true copies of the same by simply logging on. Plaintiff is not asking this Court to take judicial notice of the credibility of the statements made but rather to acknowledge that this twitter feed and the twitter account therein does exist.

12. Mr. Lutz has every reason not to appear at a deposition which may also be attend by individuals who follow a website named **die**troll**die** and which has identified him as a troll as well.

13. These websites mentioned have consistently attempted to ridicule any local attorney who takes on a Prenda cases. The purpose of their sites are attempts to influence Courts nationwide into believing that any attorney who represent any plaintiff's copyright case are in the wrong. These sites have consistently written false statements which they have falsely attributed to the undersigned in hopes that this court would believe said statements.

14. It is quite understandable why plaintiff would be apprehensive to turn over any documentation to anyone affiliated with such individuals.

15. Furthermore, the threads on the attached twitter account show that there is an "Alan Cooper" who constantly responds communicates with the twitter accountholder. While it is unknown if that "Alan Cooper" is the same one allegedly a witness against Prenda in out of state cases, the name alone should bring cause for concern to the plaintiff.

## Argument

16. The Court should deny Defendant's motion because it fails to establish a lawful basis for the relief he seeks. Additionally, the Court should consider awarding costs and fees to the plaintiff.

17. An order of civil "contempt" is proper only when the moving party proves that an underlying order was violated by the alleged contemnor by clear and convincing evidence, *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000); *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998), which establishes that: (1) "the allegedly violated order was valid and lawful"; (2) "the order was clear and unambiguous"; and (3) "the alleged violator had the ability to comply." *FTC v. Leshin*, 618 F.3d 1221 (11th Cir. 2010); *see also Taylor v. Teledyne Tech. Inc.*, 338 F.Supp.2d 1323, 1345-46 (N.D. Ga. 2004). Plaintiff's actions obviously do not satisfy these contempt criteria.

## Conclusion

Wherefore, it is respectfully requested that this Court deny Defendant's motions for sanctions and motions to compel and since defendant's Contempt Motions are without basis and sanction-able, the Court should consider whether its actions merit an award of costs and fees against defendant.

Respectfully Submitted,

AF Holdings LLC,

DATED: September 6, 2013

By: \_\_\_\_\_/s/ Jacques Nazaire\_\_\_\_\_

Jacques Nazaire
(Bar No. 142388)
125 Town Park Drive,
Suite 300
Kennesaw, Georgia 30144
Telephone: (404) 923-0529
Facsimile: (678) 559-0798
nazaire.jacques@gmail.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

Local Rule 7.1(D) Certification

I hereby certify that Plaintiff's Response to Defendant's Motion comply with LR 5.1B.

Dated September 6, 2013:

Respectfully Submitted:

_____/s/ Jacques Nazaire_____
Jacques Nazaire
GA Bar No. 142388
125 Town Park Drive- Suite 300
Kennesaw, GA 30144
(404) 923-0529
Fax: (678) 559-0798
nazaire.jacques@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

Certificate of Service

I hereby certify that on April 19, 2013, I filed the Response to Defendant's Motions with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the following attorney(s) of record:

Blair Chintella and all other parties.

Dated September 6, 2013:

Respectfully Submitted:

/s/ Jacques Nazaire_____
Jacques Nazaire
GA Bar No. 142388
125 Town Park Drive-Suite 300
Kennesaw, GA 30144
(404) 923-0529
Fax: (678) 559-0798
nazaire.jacques@gmail.com