## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. |
| v. | : 2:12-cv-00262-WCO |
| | : |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

### NOTICE OF DEPOSITION OF PLAINTIFF

TO:  Jacques Nazaire
125 Townpark Drive
Suite 300
Kennesaw, GA 30144

Pursuant to Fed R. Civ. P. Rule 30(b)(6), please take notice that Defendant, by and through counsel, will take the deposition by oral examination of **AF Holdings, LLC** on **September 3, 2013 at 09:30 AM at the 100 Peachtree St., 18th Floor Conference Room. The deposition will be recorded via stenography and audiovisual.** This deposition is taken for all purposes allowed under the Federal Rules of Civil Procedure and the Court's order permitting discovery. The capitalized terms in this Notice shall have the same meaning as how they are defined in Defendant's First Interrogatories.

Subject Matter. The subject matter of the deposition will encompass everything referred to or asked about in Defendant's discovery thus far directed at Plaintiff, including but not limited to all request to admit the authenticity of documents, all requests for admission, interrogatories, and requests for production served on Plaintiff, and specifically including all of the truthful responses thereto and matters Pertaining to how the answers were obtained. It shall also include the following:

1) Any and all business or personal relationship between any of the Relevant Persons listed in the discovery served thus far and Plaintiff, including but not limited to payments of money or other compensation made or received between them, duties performed between them, acts taken between them, assistance or services performed between them

regardless of compensation, actions performed in an agency relationship, and any other business or personal relationship.

2) Any payments of money or non-monetary compensation to Persons other than Relevant Persons by or between Plaintiff.

3) All circumstances Pertaining to the obtaining of the alleged assignment of the work at issue in this case "Popular Demand," including but not limited to the Contact Information for the Persons that actually signed the names of Raymond Rogers and Alan Cooper, Persons that took any action in obtaining the aforementioned signatures, Persons who had any role in negotiating the alleged assignment.

4) Any and all facts and circumstances surrounding the creation of the work titled Popular Demand, including where it was produced, the Person that produced it, the Contact Information for the actors/actresses filmed, cost of its production, any sales of the work or contracts entered into with respect to the work before during and after its creation.

5) Any and all facts and circumstances Pertaining to the sale, distribution, transfer, or a contract to do the same, regarding the work titled Popular Demand before during and after it was allegedly created, including but not limited to the term of contracts or agreements, bills of sale, price, licenses, distribution agreements, etc.

6) Any evidence obtained or actions taken to obtain evidence before the Prior Lawsuit or the instant actions was filed regarding Defendant's alleged download of the work titled Popular Demand, including but not limited to any technical reports, phone calls made to Defendant, letters sent to Defendant demanding settlement, preservation of evidence or other information.

7) The same information listed above but with respect to any other cases involving the work titled Popular Demand.

8) Any and all facts Pertaining to the formation, structure, operation, and business dealings of a trust supposedly called "Salt Marsh" or its predecessor and successor whatever its name. Any and all facts Pertaining to the formation, structure, operation, and business dealings of Plaintiff, including but not limited to any and all

9) Any and all information concerning who drafted, worked on or otherwise helped create or reviewed any document filed in this case on Plaintiff's behalf.

10) All Persons communicating with Jacques Nazaire prior to this action being filed Pertaining to this action, as well as their dates and times, and general subject matter.

11) Any and all evidence provided to Jacques Nazaire Pertaining to this action before this action was filed.

12) The settlements or other agreements resulting in the dismissal of lawsuits filed by Plaintiff in Georgia, including the terms of any contract or agreement, payment of any monies, where the money was transferred to, mailed to, the Persons handling such money or other consideration.

13) Any information Pertaining to costs or expenses paid by or on behalf of Plaintiff regarding lawsuits filed or contemplated in being filed in Georgia, including attorneys' fees, filing fees, costs of discovery, etc.

14) Every Person that Plaintiff corresponded or communicated with Jacques Nazaire Pertaining to this action including the general subject matter of such communication, mode such as via telephone or e-mail, and generally the time and date.

15) The circumstances and facts surrounding any Person having access to or the ability to control or read e-mails at docket@wefightpiracy.com , blgibbs@wefightpiracy.com, and any other e-mail addresses ending with "@wefightpiracy.com."

Signed this 19 day of August, 2013:


2483 Shoals Ter.                    **BLAIR CHINTELLA**
Decatur, GA 30034
404-579-9668
No Fax Number                       Georgia Bar No. 510109
bchintel1@gmail.com                 Attorney for Defendant