## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

### Defendant's Motion for Permission to File Motion(s)

COMES NOW, Rajesh Patel, by and through counsel, filing this **Defendant's Motion for Permission to File Motion(s)**, requesting the following relief:

(a)   An order permitting Defendant to file motions regarding outstanding discovery and to file a responses and replies to pending motions; or

(b)   In the alternative, the ability to make oral motions regarding discovery at an upcoming hearing; or

(c)   In the alternative, an order requiring Plaintiff to meet and confer in good faith to resolve all discovery disputes and an extension to complete discovery.

Respectfully submitted September 17, 2013:

1

_____ */s/ Blair Chintella*_____
Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 579-9668
bchintel1@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 2:12-cv-00262-WCO |
| | : | |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## <u>Memorandum of Law</u>

Defendant has served multiple written discovery as well as notice of depositions in this action. ECF # 41, 42, 43, 54, 55, 56, 57, 58, 59 & 83. Plaintiff has not produced *any* information in response to these requests nor did Mark Lutz appear for his deposition, nor AF Holdings for its deposition. Attached as <u>Exhibit A</u> is the entirety of Plaintiff's response to Defendant's written discovery.

Defendant has also moved to compel Comcast to comply with two subpoenas in this action, ECF # 63, to which Comcast filed a response, ECF # 72, and Defendant seeks to file a reply.

Lastly, Plaintiff has filed a motion that purports to ask the Court to quash subpoenas issued in other jurisdictions as well as the two Comcast subpoenas issued from this District, ECF # 68, and Defendant seeks to file a response. <u>Exhibit B</u> outlines the outstanding discovery and motions.

3

Also relevant, Plaintiff has filed a motion seeking a protective order seeking to strike all second and third discovery requests as well as quash all subpoenas. ECF # 60 and 68.

Also, on September 11, 2013, the Court entered an order prohibiting Plaintiff and Defendant from filing "a motion of any kind without the court's prior approval, stating that no "further motions or responses would serve to meaningfully advance the litigation at hand."  ECF # 82.

## Argument and Citation to Authority

Defendant is very conscious of the Court's instructions at the July 2, 2013 hearing to act professionally and cooperate throughout discovery.  Defendant has attempted to "meet and confer" with Plaintiff regarding *all discovery* conducted in this case.  However, since the July 2, 2013 hearing, Plaintiff has not returned a single phone call nor agreed to "meet and confer" via e-mail to discuss the specifics of *any and all discovery*.  Defendant is *still* willing to meet and confer regarding the outstanding discovery and the failure to appear at depositions. Unfortunately, Defendant began filing motions to compel and/or for sanctions because of his complete inability to discuss discovery with Plaintiff.

Defendant would prefer to resolve any issues regarding discovery by discussing them with Plaintiff rather than "lobbing motions for sanctions" and

4

further complicating this case.  Unfortunately, however, Defendant has expended a significant amount of time and effort in conducting discovery, has received *zero* information from Plaintiff (or even a meet and confer), and is unable to discern a more efficient way to obtain compliance in order to "meaningfully advance the litigation at hand."  ECF # 82, pg. 2.  Therefore, Defendant files this motion asking the Court's permission to file motions regarding the outstanding discovery and to file a response and reply to the pending motions (ECF # 63 and 68).

In the alternative, Defendant asks the Court's permission to make oral motions regarding the same at the upcoming hearing in order to save time and expense.  Also in the alternative, Defendant asks the Court's permission to file a motion to require Plaintiff to "meet and confer" in good faith regarding all outstanding discovery with an extension to complete discovery.

## Subpoenas Issued in Other Jurisdictions

Attached as Exhibit C is a list of the subpoenas issued thus far *in connection* with this case – but not issued from this District – and their relevant status. Defendant's understanding of the law is that a motion for a protective order does not suspend one's duty to comply with discovery, which arguably extends to compliance with a subpoena, especially concerning subpoenas issued from a non-Georgia District Court.  *See Hepperle v. Johnston*, 590 F.2d 609, 611-13 (5th Cir.

5

1979) (duty to attend a deposition); *Batt v. Kimberly-Clark Corp.*, 438 F.Supp.2d 1315, 1317-18 (N.D. Okla. 2006) (regarding a subpoena).  For example, Defendant has already filed in Minnesota a motion to compel compliance with that Court's process, ECF #73-1, and is in the process of finding local counsel in the other jurisdictions to file similar motions.  On September 17, 2013 at 10:30 AM, for example, Defendant has scheduled a "meet and confer" (with local counsel and opposing counsel) regarding a subpoena connected with a Miami, Florida resident who has an account with Atlantic Broadband (Miami), LLC – the very same subpoena referred to in Plaintiff's Motion to quash (ECF # 68) and arguably, by implication, Plaintiff's motion located at ECF # 60.

It is Defendant's understanding of the law, as argued in the motion filed in Minnesota (ECF # 73-1), that a subpoena is essentially a court order subject to the jurisdiction of the Court that issued it.  As such, Defendant would ask the Court for clarification regarding its September 11, 2013 order (ECF # 82) concerning the filing of motions/responses.

Defendant's current understanding of the law is that the Order only pertains to motions filed in Georgia and that any outstanding court orders (i.e. subpoenas) from other jurisdictions are not encompassed, and moreover would be solely subject to the Court that issued the process.  Defendant asks for clarification – not

6

an advisory opinion – considering that an issue exists as to whether filing motions to compel in non-Georgia jurisdictions violates the Courts ECF # 82 Order barring filing "motions" and "responses."

Defendant's current understanding of the law employed when conversing with local counsel is as follows: (1) applicable law in Georgia does not suspend one's duty to comply with discovery simply because the Court has not yet ruled on a motion for a protective order and (2) a subpoena is process subject to the Court that issued it, which, along with the Court's statements that "the court . . . is unable to immediately schedule a hearing on the motions" leads Defendant to interpret the Court's Order (ECF # 82) only pertains to motions/responses filling up the Court's docket.

It is also Defendant's understanding of the law that filing motions to compel such as these do not violate the well-known prohibition of conducting discovery beyond the time for discovery, based on an understanding of Fed. R. Civ. P. Rule 45(c)(2), which permits the filing of motions to compel at "any time" (and therefore trumps Local Rule 37.1 a time limit regarding motions to compel generally)[1]. Foreseeing this potential conflict between the Courts, Defendant has

---

[1] By way of example, and as a practical matter, to hold otherwise would mean that in the two months given for discovery in this case, Defendant would need to wait fourteen days for an objection to be filed regarding a subpoena issued, quickly

filed a notice with this Court regarding a motion to compel filed in Minnesota (ECF # 73-1) and intends to do the same regarding other potential motions filed.

Two more important factors informing Defendant's interpretation of the Court's order are the fact that an evidentiary hearing was initially scheduled for some time in October, that the parties need to "meaningfully advance the litigation at hand" and that there will be "a hearing . . . in the near future" (presumably an evidentiary one).  For example, attached as Exhibit D is discovery obtained from Domains By Proxy, LLC, showing that John Steele as the true owner of nomoretissues.com.  This is the same John Steele that Defendant attempted to serve with a subpoena, Exhibit E, and that was identified by Plaintiff as the sole person with information concerning who signed the assignment agreement relevant to this case.  ECF # 16-01 in this case, page 127 of the PDF ("Mr. Steele says, yes, the signature is authentic.") and page 130 of the PDF ("the only person who knows who this Alan Cooper is is John Steele . . .").

---

schedule a sufficient "meet and confer," and then file a motion compelling compliance, all within the discovery period.  But not only that, a serious question would then arise as to whether a "response" or "reply" could be filed if it was due outside of the discovery period.  Considering this, such a subpoena would have to had been served (successful at first attempt?) *at least* six weeks prior to the end of the discovery period not to mention timing it such that factoring in the logistics of the 3-day extension of Rule 6(d).

Also influential, as shown by Exhibit C, are the Local Rules from the relevant jurisdictions that similarly set time limits for motions to compel (even though Defendant still contends that the Rule 45's "any time" limit trumps).

## Conclusion[2]

Defendant asks the Court for permission to file motions regarding outstanding discovery and motions or alternatively for more time for discovery.

Respectfully Submitted September 17, 2013:

_____/s/ Blair Chintella_____
Blair Chintella
510109
2483 Shoals Ter.
Decatur, GA 30034
404-579-9668
bchintel1@gmail.com

---

[2] Defendant hereby attaches as Exhibit D the discovery responses that were improperly e-mailed (without an agreement) in further support of his Motion, without waiving any objection as to proper service.

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## <u>Local Rule 7.1(D) Certification</u>

I hereby certify that **Defendant's Motion for Permission to File Motion(s)**

and the accompanying **Memorandum of Law** comply with LR 5.1B.


Dated September 17, 2013:


Respectfully Submitted:


_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 579-9668
bchintel1@gmail.com

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC                      :
                                      :
            Plaintiff,                :
                                      :
v.                                    :     Civil Action No.
                                      :     2:12-cv-00262-WCO
RAJESH PATEL,                         :
                                      :
            Defendant.                :

## <u>Certificate of Service</u>

I hereby certify that on September 17, 2013, I served **Defendant's Motion for Permission to File Motion(s)** on Plaintiff and Comcast by filing it through the CM/ECF system, which will serve attorneys for Plaintiff and Comcast.

Dated September 17, 2013:

                              Respectfully Submitted:


                              _____/s/ Blair Chintella_____
                              Blair Chintella
                              GA Bar No. 510109
                              2483 Shoals Ter.
                              Decatur, GA 30034
                              (404) 579-9668
                              bchintel1@gmail.com