# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC,

    Plaintiff,

vs.                              CASE NO.: 2:12-CV-00262-WCO

RAJESH PATEL,

    Defendant.
_____/

## DECLARATION OF DAVID TAMAROFF

**I, David Tamaroff, declare under penalty of perjury as follows:**

1. My name is David Tamaroff. I am over the age of 18 and a citizen of the United States of America.

2. The following is based on my personal knowledge and if called upon to do so, I will testify that the facts stated herein are true and correct.

3. Attached as Exhibit A is a true and correct copy of a Warranty Deed that I downloaded from the County Recorder's Office Record Search website for the Clerk of the Courts for Miami-Dade County, Florida: https://www2.miami-dadeclerk.com/public-records/Search.aspx

4. Attached as Exhibit B is a true and correct copy of a subpoena (hereinafter the "Subpoena") that I was given by Blair Chintella to serve on John Steele.

5. On July 29, 2013, I attempted to serve the Subpoena on John Steele at the address listed on the Warranty Deed provided in Exhibit A: 50 Samana Drive, Miami, Florida 33133. Nobody answered the door when I knocked. On the doorknob, I found a notice from the Miami-Dade Water & Sewer Department informing that the water had been shut off at the property

1

(hereinafter the "Notice"). Attached as Exhibit C is a picture of the Notice that I took with my cell phone. Also, I looked in through a window and could see that the floor was torn up as if the house was being remodeled.

**FURTHER DECLARANT SAYETH NAUGHT**

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED**, this 16th day of September, 2013

David Tamaroff

CFN: 20130313328 BOOK 28593 PAGE 220
DATE:04/22/2013 11:42:53 AM
DEED DOC 4,596.00
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Prepared by and return to:
Santiago Eljaiek III, Esq.
Marin, Eljaiek & Lopez, P.L.
2601 South Bayshore Drive
Suite 850
Coconut Grove, FL 33133
305-444-5969

File Number: 0020-003

___

(Space Above This Line For Recording Data)

# Warranty Deed

**This Warranty Deed** made this **17th day of April, 2013**, between **Julio E. Diaz and Elizabeth M. Diaz, his wife** whose post office address is **34 Old House Creek Drive, Hilton Head Island, SC 29026**, grantor, and **John Steele and Kerry Steele, husband and wife** whose post office address is **50 Samana Drive, Miami, Florida 33133**, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in the **Miami-Dade County, Florida**, to-wit:

> Lot 6, Block 3, BAY HEIGHTS, according to the plat thereof as recorded in Plat Book 50, Page 93, Public Records of Miami-Dade County, Florida.
>
> Parcel Identification Number: 01-4114-006-0310

**TOGETHER**, with all the tenements, hereditaments and appurtenances thereto or appertaining.

**TO HAVE AND TO HOLD**, the same unto Grantee, its heirs, legal representatives, successors and assigns, in a fee simple forever.

**AND** Grantors hereby fully warrant the title to the Property and will defend the same against the lawful claims of all persons whomsoever.



*Warranty Deed* - Page 1

**IN WITNESS WHEREOF,** Grantors have executed this warranty deed the day and year first above written.

Signed, sealed and delivered in our presence:

_____        _____
Witness Name: Vanessa L. Martin          Julio E. Diaz, by Santiago Eljaiek III, Esq., as Attorney-in-Fact

_____
Witness Name: L. Lancri

_____        _____
Witness Name: Vanessa L. Martin          Elizabeth M. Diaz, by Santiago Eljaiek III, Esq., as Attorney-in-Fact

_____
Witness Name: L. Lancri

State of Florida
County of Miami-Dade

The foregoing instrument was acknowledged before me this 17th day of April, 2013, by **Santiago Eljaiek III, Esq.**, who (✓) are personally known to me or ( ) have produced _____ as identification.



VANESSA L. MARTIN
MY COMMISSION # EE 195173
EXPIRES: July 18, 2016
Bonded Thru Notary Public Underwriters

_____
Notary Public
Printed Name: Vanessa L. Martin
My Commission Expires: 7-18-2016

*Warranty Deed* - Page 2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| AF Holdings, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No. 2:12-cv-00262-WCO |
| v. | ) | |
| Rajesh Patel | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Georgia ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: John Steele

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See the attached Exhibit A.

| Place: Blair Chintella c/o Tamaroff & Tamaroff, P.A.<br>169 E. Flagler St., Ste. 1633<br>Miami, FL 33131 | Date and Time:<br>08/16/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/25/2013

CLERK OF COURT

OR  /s/ Blair Chintella

_____           _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Blair Chintella on behalf of Mr. Patel _____, who issues or requests this subpoena, are:

2483 Shoals Ter., Decatur, GA 30034; bchintel1@gmail.com; 404-579-9668.

**EXHIBIT B**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

The following should be produced in paper format or, if normally kept in electronic format, the electronic format in which they are usually kept, without altering any metadata.

1) The original assignment agreement purportedly signed by "Alan Cooper" and "Raymond Rogers" regarding a work titled "Popular Demand."
2) Landline or cell phone account call records statements, billing statements, and similar statements or records provided by any carrier or company, which show the numbers called, duration of the calls, length of call, etc., for the time period beginning 5/21/2011 and ending July 5, 2013. This subpoena shall pertain to any accounts registered in part or full to the name of John Steele, the recipient of this subpoena. Moreover, records are only sought regarding the calls made to/from the following persons (any others may be redacted):
   a. Paul Hansmeier
   b. Paul Duffy
   c. Mark Lutz
   d. Prenda Law, Inc.
   e. Livewire Holdings, LLC
   f. AF Holdings, LLC
   g. "Salt Marsh"
   h. Heartbreaker Digital, LLC
   i. Nina Mercedez
   j. Raymond Rogers
   k. Brett Gibbs
   l. Joseph Perea
   m. The employees, independent contractors or agents of any of the persons listed in a-k above.
3) Metadata for e-mails sent or received from the following e-mail addresses for the time period beginning 5/21/2011 and ending July 4, 2013:[1]
   a. johnlsteele@gmail.com
   b. jlsteele@wefightpiracy.com
   c. john@steele-law.com
   d. **Any other e-mail address whether under the domain and/or company name of Livewire Holdings, LLC, 6881 Forensics or any other third party**, which was created by John Steele or accessible by John Steele.
4) Any documents evidencing an ownership interest in, financial interest in or ability to control or manage Steele Hansmeier, PLLC (or any current or past client), Prenda Law, Inc. (or any current or past client) Livewire Holdings, LLC, AF Holdings, LLC, a trust supposedly named "Salt Marsh," Heartbreaker Digital, LLC, Heartbreaker Digital, and LW Systems.
5) Any documents or audio recordings evidencing interviews done, including but not limited to e-mails with reporters, audio recordings of interview.

---

[1] Metadata includes the date and time sent, the recipient's e-mail address, and the file name of any attachments to the e-mail.

6) Any documents evidencing the existence, structure or other characteristics of a trust supposedly formed in St. Kitts & Nevis called "Salt Marsh."
7) Any documents showing compensation received from Steele & Hansmeier, PLLC, Livewire Holdings, LLC, Prenda Law, Inc, "Salt Marsh" or any other person or entity for the time period of May 1, 2011 to July 4, 2013.
8) Any legal retainer agreements by or between John Steele and Steele Hansmeier, PLLC, Prenda Law, Inc., or Livewire Holdings, LLC, AF Holdings, LLC, a trust supposedly named "Salt Marsh," Heartbreaker Digital, LLC, and LW Systems
9) Any documents or contracts entered into between or signed by John Steele and any or all of the following persons:
    a. Prenda Law, Inc.
    b. Livewire Holdings, LLC
    c. AF Holdings, LLC
    d. Heartbreaker Digital, LLC
    e. Paul Duffy
    f. Paul Hansmeier
    g. Mark Lutz
    h. Joseph Perea
    i. 6881 Forensics, LLC
    j. Peter Hansmeier
    k. Any person, company or entity located in St. Kitts/Nevis.
10) Contracts between Livewire Holdings and AF Holdings (or Heartbreaker Digital, LLC) pertaining to the work "Popular Demand" and the acquisition of AF Holdings.



bbc-Master bbc-Account <bbc.master.acct@gmail.com>

## Activity in Case 2:12-cv-00262-WCO AF Holdings, LLC v. Patel Set Discovery Deadline(s)

ganddb_efile_notice@gand.uscourts.gov <ganddb_efile_notice@gand.uscourts.gov>  
Wed, Jul 3, 2013 at 8:55 AM

To: CourtMail@gand.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Northern District of Georgia

### Notice of Electronic Filing

The following transaction was entered on 7/3/2013 at 8:55 AM EDT and filed on 7/3/2013
Case Name:     AF Holdings, LLC v. Patel
Case Number:   2:12-cv-00262-WCO
Filer:
WARNING: CASE CLOSED on 03/18/2013
Document Number: 40(No document attached)

Docket Text:
**Discovery ends on 9/2/2013. (dcs)**

2:12-cv-00262-WCO Notice has been electronically mailed to:

Blair Chintella &nbsp &nbsp BChintel1@gmail.com

Jacques Nazaire &nbsp &nbsp nazaire.jacques@gmail.com, docket@wefightpiracy.com

2:12-cv-00262-WCO Notice has been delivered by other means to:

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

## 2:12-cv-00262-WCO
## AF Holdings, LLC v. Patel
## Honorable William C. O'Kelley

Minute Sheet for proceedings held In Open Court on 07/02/2013.

TIME COURT COMMENCED: 10:00 A.M.
TIME COURT CONCLUDED: 2:40 P.M.
TIME IN COURT: 3:40
OFFICE LOCATION: Gainesville

COURT REPORTER: Alicia Bagley
DEPUTY CLERK: Don Stanhope

ATTORNEY(S) PRESENT: Blair Chintella representing Rajesh Patel
Jacques Nazaire representing AF Holdings, LLC

PROCEEDING CATEGORY: Motion Hearing(Motion Hearing Non-evidentiary);

MINUTE TEXT: The court reviewed all pending matters with the parties. Defense counsel presented case background, argued their [16] and [30] Motion's for Sanctions, plaintiff's counsel responded to [16] and [30] Motion's for Sanctions, argued their [21] Motion for Sanctions. Defense counsel responded to the courts questions regarding, evidence to initiate case, number of other cases filed concerning same plaintiff, identification on pleadings, unprofessional accusations against defense counsel, inappropriate comments about California courts, corporate disclosure statements. Defense counsel rebuttal, requested brief discovery period. The court stated that he will go through and decide which documents judicial notice will be taken of. The court allowed sixty (60) days of discovery, hearing date to be set in October, 2013.

# MIAMI-DADE WATER & SEWER DEPARTMENT
*DEPARTAMENTO DE AGUA Y ALCANTARILLADO DE MIAMI-DADE*

**Service Address / Dirección:** 50 Samana Drive

**Account No. / Número de Cuenta:** _____  **Date / Fecha:** 7/25  **Time / Hora:** 8:55 pm  **Representative Name / Nombre del Representante:** HR

**Dear Valued Customer, Sorry We Missed You. Today We:**
*Estimado cliente, sentimos no habernos encontrado con usted. Nosotros hoy:*

1. **Turned On Your Water Service**
   *Conectamos su servicio de agua*
   Still no water? Please check all plumbing fixtures and valves prior to contacting one of our Customer Service Centers listed on the reverse side.
   *¿Sigue sin agua? Por favor fíjese en todas las salidas de agua, artefactos que usan agua y válvulas antes de avisar a uno de nuestros Centros de Servicio al Cliente que aparecen al dorso.*

2. [✓] **Were Requested to Stop the Water Service**
   *Se nos pidió que suspendiéramos el servicio de agua*
   The account holder at this service address has requested a disconnection of the water service. To request water service in your name, please contact one of our Customer Service Centers listed on the reverse side.
   *El dueño de la cuenta de esta dirección nos ha pedido que suspendamos el servicio de agua. Si desea solicitar servicio de agua a nombre suyo, por favor póngase en contacto con uno de nuestros Centros de Servicio al Cliente que aparece al dorso.*

3. [✓] **Turned Off Your Water Service (Disconnected)**
   *Suspendimos su servicio de agua (Desconectado)*
   Your water service was disconnected because of an unpaid balance in the amount of: $149.13 Amount Due/Cantidad
   *Desconectamos su servicio de agua debido a un saldo pendiente de:*

   - Please make a payment immediately and call or visit our Customer Service Centers in order to request to have the water service reconnected. Payment can be made in person, over the phone, or electronically as listed on the reverse side. For electronic payments, a confirmation number will be required prior to the water service being restored.
   *Por favor pague inmediatamente para poder solicitar que el servicio de agua sea restaurado. Usted puede pagar en persona, por teléfono o electrónicamente como aparece al dorso. Si desea pagar electrónicamente, necesitará un número de confirmación antes de que su servicio de agua pueda ser restaurado.*

4. **Attempted to Turn Off Your Water Service (Disconnect)**
   *Tratamos de suspender su servicio de agua (Desconectar)*
   We attempted to disconnect your water service because of an unpaid bill but were unable to do so due to:
   *Tratamos de desconectar su servicio de agua debido a un saldo pendiente pero no pudimos hacerlo porque:*

   - To avoid further collection actions, please make a payment immediately or contact one of our Customer Service Centers for additional information. Payment can be made in person, over the phone, or electronically as listed on the reverse side.
   *Si usted desea evitar futuras acciones para colectar una deuda, sírvase hacer un pago de inmediato o póngase en contacto con los Centros de Servicio al Cliente para obtener más información. Usted puede pagar en persona, por teléfono o electrónicamente como aparece al dorso.*
   $_____ Amount Due/Cantidad

5. **Were Unable to:** [ ] Connect   [ ] Reconnect   [ ] Disconnect
   *No Pudimos:     Conectar       Reconectar       Suspender*

   **For the Following Reasons:** [ ] Dog in Yard   [ ] Gate Locked   [ ] Trash/Car Over Meter
   *Por las razones siguientes:  Perro Suelto en el Jardín   Portón Cerrado   Basura o Automóvil estacionado sobre el medidor*

   [ ] Other/Otra: _____

**Please call:** _____ to make further arrangements to complete your service request.
*Sírvase llamar para coordinar la entrega del servicio que solicitó.*

Note: A service charge is applied to your account for all field visits to connect, collect and/or disconnect due to non-payment, or reconnect water service.
*Nota: Un cargo adicional se agregará a su cuenta para compensar por cualquier visita nuestra para conectar, colectar una deuda y/o desconectar debido a un saldo pendiente, o para reconectar el servicio de agua.*

All fees and charges are imposed according to the Miami-Dade Water and Sewer Department's schedule of Rates, Fees and Charges.
*Todas las tarifas y cargos se imponen de acuerdo con la tabla de tarifas y cobros del Departamento de Agua y Alcantarillado de Miami-Dade.*

Please see the reverse side for a listing of Customer Service Centers as well as important phone numbers.
*Al dorso encontrará una lista de Centros de Servicio y números de teléfonos importantes.*

Thank you / Gracias

**EXHIBIT C**