IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| AF HOLDINGS, LLC | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 2:12-cv-00262-WCO |
| | : | |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

**Defendant's Notice of Bankruptcy Stay**

COMES NOW, Rajesh Patel, by and through counsel, filing this **Defendant's Notice of Bankruptcy Stay**.

Unfortunately, on October 29, 2013, attorney for Debtor was forced to file a bankruptcy petition in the Northern District of Georgia: case number 13-73481-bem. Upon realizing the bankruptcy law's broad definition of a "claim,"[1] counsel subsequently amended his petition on November 19, 2013 to include as "claims" any motions in this action targeting defense counsel's finances specifically[2] (or lack thereof rather).

Pursuant to 11 U.S.C. § 362(a), the filing the petition automatically stayed:

---

[1] The bankruptcy code defines a "claim" as a: "Right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured". 11 U.S.C. §101(5)(A).

[2] E.g. –Plaintiff's Motion at ECF #20, page 2 targets "Defendant's counsel."

1

> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose[3] before the commencement of the case under this title;
>
> . . .
>
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> . . .
>
> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> . . .
>
> **(7)** the setoff of any debt[4] owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

Defendant therefore files this Notice to apprise the Court of the bankruptcy case so it can enter any necessary orders in regard thereto. It is defense counsel's current understanding, however, that the stay *only* applies to motions targeting defense counsel financially and should not inhibit the Court's ability to resolve discovery disputes generally or any other aspects of Mr. Patel's case. *See e.g. In re Smith*, 180 B.R. 311, 319 (Bankr. N.D. Ga. 1995) (Murphy) (". . . the Contempt Order was entered in an effort to collect its judgment against Debtor . . . therefore .

---

[3] It is defense counsel's understanding that a claim "arises" when the actions forming the basis of it occur, and not when liability is ultimately determined.

[4] Bankruptcy law defines "debt" as "liability on a claim" but does not define "liability." *See* 11 U.S.C. § 101(12).

. . . was subject to the automatic stay."); *Forsberg v. Pefanis*, CIVA107CV03116JOF, 2010 WL 2331465 (N.D. Ga. June 7, 2010) (Forrester) (unreported) ("its civil contempt order . . . *does not require the transfer of any money* . . . simply requires the production of certain documents and information . . .") (emphasis added).

Therefore, the other parts of Mr. Patel's case should not be inhibited by the stay. *See e.g. Mar. elec. Co., Inc. v. United Jersey Bank*, 959, F.2d 1194, 1204-05 (3d Cir. 1991) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis."). Moreover, the stay does not apply to third persons. *See e.g. First Wisconsin Nat. Bank of Milwaukee v. Grandlich Dev. Corp.*, 565 F.2d 879 F.2d 880 (5th Cir. 1978) ("counterclaim was not a proceeding against the debtors");[5] *Paul v. Joseph*, 212 Ga. App. 122, 123-24 (1994) (stay did not apply to joint tortfeasor). *Compare Strauss Fuchs Org., Inc. v. LaFitte Investments, Ltd.*, 177 Ga. App. 891, 894 (1986) ("Although a stay as to one co-defendant does not always require its application to other co-defendants . . . appellant's liability is derivative"). And it would not apply to defense counsel's post-petition actions and any proceedings instituted thereon. *See e.g. Matter of Creative Cuisine, Inc.*, 96 B.R. 144, 147 (Bankr. N.D. Ill. 1989) ("All relevant

---

[5] Decisions of the former Fifth Circuit existing on September 30, 1981 are precedent. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

actions . . . occurred post-petition . . . The automatic stay is therefore inapplicable.").

Bankruptcy law draws a similar distinction between "pre-" and "post-" filing activity when determining what is ultimately dischargeable.[6] *See e.g. In re Sure-Snap Corp.*, 983 F.2d 1015, 1018-19 (11th Cir. 1993):

> The confirmation of Sure-Snap's Chapter 11 plan *discharged* its *pre-confirmation* liabilities . . The attorney fees Bradford seeks were incurred by Bradford . . . *post-confirmation* . . .

*Casas-Rodriguez v. Cosmopolitan on Lindbergh Condo. Ass'n, Inc.*, A13A1103, 2013 WL 5422307 (Ga. Ct. App. Sept. 30, 2013) ("The trial court's judgment expressly awarded only post-bankruptcy attorney fees against Casas-Rodrigues personally . . . This was proper."); *In re Archer*, 277 B.R. 825, 832 (Bankr. M.D. Ga. 2001) (Hershner) ("The Court is persuaded that Defendant's obligation for the attorney services rendered postpetition is not discharged."); *Bush v. Pers*, 59 U.S. 82 (1855) (post-bankruptcy breach of warranty not dischargeable).

A 341 "meeting of the creditors" will be held on November 25, 2013 and defense counsel will, after discussing the case with the Trustee and as the case progresses, keep the Court apprised of any potential issues such as any motions for

---

[6] Defense counsel's case was filed under Chapter 7 and the date of filing primarily determines what is dischargeable. Chapter 11 and 13 cases hinge upon slightly different dates but the general concept is the same.

stay relief and/or motions to determine the dischargeability of a claim.

Respectfully submitted November 21, 2013:

                                           ____*/s/ Blair Chintella*_____
                                           Blair Chintella
                                           GA Bar No. 510109
                                           2483 Shoals Ter.
                                           Decatur, GA 30034
                                           404-931-2090
                                           bchintel1@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

**Certificate of Service**

I hereby certify that on November 21, 2013, I filed the **Defendant's Notice of Bankruptcy Stay** the using the Court's CM/ECF, which will automatically e-mail a copy to the following persons:

**Jacques Nazaire (counsel for Plaintiff)**
**Michael Goldman (counsel for Non-Party Comcast)**

Dated November 21, 2013:

                                                    Respectfully Submitted:

                                                    ____*/s/ Blair Chintella*_____
                                                    Blair Chintella
                                                    GA Bar No. 510109
                                                    2483 Shoals Ter.
                                                    Decatur, GA 30034
                                                    404-931-2090
                                                    bchintel1@gmail.com