IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. |
| | : | 2:12-CV-262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

NON-PARTY COMCAST'S MOTION FOR
ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1927

COMES NOW Non-Party Comcast Cable Communications Management, LLC ("Comcast") and hereby respectfully moves the Court, pursuant to Fed. R. Civ. P. 54(d)(2) and 28 U.S.C. § 1927, for an order requiring counsel for Defendant Rajesh Patel to personally satisfy the attorney's fees and costs Comcast reasonably incurred opposing Defendant's unjustified and wholly unnecessary Motion for Contempt against Comcast that had no basis and was denied by this Court in its Order dated December 18, 2013 (Document #90).  As Comcast told Defendant's counsel before he filed the Motion, all he had to do was to wait briefly while the Court resolved Plaintiff's pending Motion for Protective Order.  Instead, he tried to bully Comcast into violating federal law – something that Comcast was

obviously unwilling to do – rather than let the Court resolve the issue in the normal, intended manner.  Indeed another subpoena served by Defendant on Comcast was quashed.  (Document #90 at 8).

The subpoena that was the subject of Defendant's Motion for Contempt here (Document #63) was dated July 25, 2013 (Document #63-1)("July 25 Subpoena") . Plaintiff's Motion for Contempt, along with a number of other motions, was denied by the Court on December 18, 2013 (Document #90).  As explained in Comcast's Opposition to Defendant's Motion for Contempt (Document #72), it notified its subscriber(s) of the July 25 Subpoena as required pursuant to 47 U.S.C. § 551 and indicated it would respond to the July 25 Subpoena if and when the Court denied Plaintiff's Motion for Protective Order.  In its December 18 Order, the Court recognized both Comcast's federal obligation to provide notice and that Comcast would comply after the Court resolved Plaintiff's outstanding motion pertaining to the July 25 Subpoena:

> Comcast's refusal to obey the subpoena is entirely justified. The court declines to sanction Comcast for satisfying its obligations under federal law. Furthermore, Comcast complied with prior subpoenas issued by defendant after the subscriber notice and objection period expired. (Resp. Def.'s Mot. Contempt 4, ECF No. 72.) There is no indication that Comcast will fail to comply with this subpoena after this court's disposal of the pending motions. Therefore, because the court sees no need to coerce Comcast's compliance with the subpoena, holding Comcast in civil contempt is inappropriate. *See In re Lawrence*, 279 F.3d 1294, 1300 (11th Cir. 2002) (citation omitted). Defendant's motion is denied.

December 18, 2013 Order (Document #90) at 10.[1] Accordingly, Comcast is now seeking its fees for being forced to respond to the ill-advised Motion for Contempt.

Pursuant to 28 U.S.C. § 1927 Comcast is entitled to an award of "excess costs, expenses, and attorneys' fees" reasonably incurred due to the unreasonable and vexatious conduct of Defendant's counsel.  Sanctions are properly awarded under § 1927 for such amounts against "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously…".

---

[1] Comcast's only remaining concern is that counsel for the Defendant has refused to reimburse Comcast for its costs of resolving the IP addresses and notifying subscribers.  The internal costs to Comcast are $570 to date.   The information responsive to the July 25 Subpoena has been provided to Defendant with the invoice and an expectation that the invoice will be paid within 10 days, or January 9, 2014.  In the event the invoice is not paid, Comcast will ask the Court to order payment at the hearing scheduled for January 24, 2013 (document #91).   Another Subpoena dated August 8, 2013, was quashed by the Court in its December 18, 2013 Order (document #90) at 8. Comcast will preserve information responsive to that subpoena in the event the Court permits Defendant to serve Comcast with a new Subpoena for that same information.

3

Here, Defendant's filing of the Motion for Contempt was entirely unjustified and was no more than an attempt to use the legal system to threaten and coerce. This is a clear example of vexatious behavior. Comcast complied with a prior non-party subpoena served by Defendant after the Court denied Plaintiff's Motion to Quash. Comcast explained early on to Defendant's Counsel that it would fully comply with the July 25 subpoena if the Court denied Plaintiff's Motion for Protective Order (Document #72). Although Comcast's counsel clearly explained this (Documents #72-1 and #72-2), Defendant's counsel ignored the need to simply wait until this Court ruled. Instead, he needlessly and vexatiously moved to hold Comcast in contempt, forcing Comcast to oppose the motion. This compounded expenses for a non-party and unnecessarily occupied this Court's time. The Court should find that Defendant's counsel's arguments in support of the motion were "without support or foundation, and [Defendant's Counsel's] conduct in filing [the motion for contempt] was reckless, especially in light of [Comcast's] letter to [Defendant's] counsel apprising him of the clarity of the applicable law." *Hall v. Great-West Healthcare*, 2006 WL 211716 at *2 (N.D.Ga.).

It is not necessary to find that Defendant's counsel acted in "bad faith" in the Eleventh Circuit. The standard requires "merely that counsel's conduct sunk so far beneath a reasonable standard of competence, much deeper than mere negligence,

that it became essentially indistinguishable from bad faith." *Id.* at 1, *citing Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1178 (11th Cir.2005). Here, the Motion for Contempt was clearly unnecessary, unreasonable, and also indistinguishable from bad faith. The Court has already commented on the conduct of Defendant's counsel in other aspects of the case and this is yet another example to add to that litany. A fair estimate of attorney's fees for opposing the motion for contempt is $13,000.

In addition, the Court should instruct Defendant's counsel to pay Comcast's customary charge for researching, providing subscriber notice of, and fulfilling subpoenas that seek subscriber information, for the subpoena that Comcast already satisfied, for the July 25, 2013 Subpoena, and any further subpoenas that the Court may permit Defendant to serve, which total $570. To date, Defendant's counsel has refused to agree to reimbursement or even to discuss the matter. (Document #72-1 at 3)

Accordingly, the Court should award Comcast its fees and expenses pursuant to 28 U.S.C. § 1927 in opposing Defendant's baseless and unnecessary Motion for Contempt and also direct the reimbursement of the costs involved in responding to Subpoenas served on Comcast by Defendant's counsel. Comcast

will submit the precise fee and cost amounts either by affidavit or at a subsequent hearing, as the Court may direct.

This 31st day of December, 2013.

                              HAWKINS PARNELL THACKSTON
                                    & YOUNG LLP

                              s/ *Michael J. Goldman*
                              Michael J. Goldman
                              Georgia Bar No.:  300100
                              Attorneys for Comcast Cable
                              Communications Management, LLC

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia  30308-3243
(404) 614-7400
mgoldman@hptylaw.com

## **CERTIFICATE OF COUNSEL**

The undersigned hereby certifies that he has prepared the within and foregoing document in accordance with LR 5.1, NDGa., and LR 7.1D, NDGa. Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents except for footnotes in which he has used 12 point Times New Roman.

This 31st day of December, 2013.

HAWKINS PARNELL THACKSTON
& YOUNG LLP

s/ *Michael J. Goldman*
Michael J. Goldman
Georgia Bar No.: 300100
Attorneys for Comcast Cable
Communications Management, LLC

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
(404) 614-7400
mgoldman@hptylaw.com

The undersigned hereby certifies that he has this day electronically filed with the Clerk of Court and served upon Defendant in the above-referenced matter a true and correct copy of the foregoing **COMCAST'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1927** by filing on the Court's CM/ECF system, which will automatically send notification of same via e-mail to and/or via United States Mail, with First Class Postage affixed thereto, properly addressed as follows:

>Blair Chintella, Esq.
>2483 Shoals Ter.
>Decatur, GA  30034

This 31st day of December, 2013.

>HAWKINS PARNELL THACKSTON
>    & YOUNG LLP
>
>s/ *Michael J. Goldman*
>Michael J. Goldman
>Georgia Bar No.:  300100
>Attorneys for Comcast Cable
>Communications Management, LLC

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia  30308-3243
(404) 614-7400
mgoldman@hptylaw.com