IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | 2:12-cv-00262-WCO |
| : | |
| RAJESH PATEL, : | |
| : | |
| Defendant. : | |

**Defendant and Chintella's Response to Non-Party Comcat's Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927**

What began as a simple misunderstanding due to unartful motion practice has unfortunately escalated into allegations of bad faith and vexatious behavior.

**Summary**

Defendant has served four subpoenas on Comcast thus far:

| Subpoena | Issue/Service Date | Compliance Deadline | Citation |
|---|---|---|---|
| "7/10 Subpoena" | 7/10/2013 | 7/31/2013 | ECF #46-1 (subpoena) & ECF #61-15 (production) |
| "7/15 Subpoena" | 7/15/2013 | 8/5/2013 | ECF #61-16 (production) |
| "7/25 Subpoena" | 7/25/2013 | 8/15/2013 | ECF #63-1 (subpoena) |
| "8/8 Subpoena" | 8/8/2013 | 8/30/2013 | ECF #60-13 (subpoena) & 68-8 (subpoena) |

With respect to the "7/25 Subpoena, Comcast has consistently taken the position that Plaintiff's motion for a protective order [ECF #60] prohibited it from

1

complying even though the subpoena was not attached to the motion. Exhibit D. In contrast, is Defendant's position that the "7/25 Subpoena" (which formed the basis for his motion to compel and for contempt against Comcast) was *not* part of Plaintiff's motion.[1]

### A    The Subpoena and Plaintiff's First Motion

As required by Rule 45, Defendant gave Plaintiff a copy of the "7/25 Subpoena" before it was served. Exhibit A. On August 13, 2013, Plaintiff filed its motion for a protective order asking the court quash "defendant's subpoenas," [ECF #60, page 1], and it specifically identified the subpoenas to be quashed as follows: ". . . subpoenas upon third parties who were not parties to this lawsuit upon matters with no relevance here (See **Exhibits J-M)**." [page 2]. Further down, on page 4 of Plaintiff's motion it referred to "subpoenas containing other IP addresses should be quashed," yet in the *very next sentence* yet again specifically identified the subpoenas a follows: "Plaintiff is seeking to quash subpoenas listed in Exhibits J-M." [page 4].[2] The "7/25 Subpoena" *was not* attached to the motion

---

[1] Admittedly Chintella has been confused by the Comcast subpoenas and varying motions regarding them in prior correspondence. But Defendant filed the motion for contempt primarily because of the belief that nothing was pending against that particular subpoena.
[2] This was confusing in and of itself because none of the attachments to the motion had coversheets designating the exhibits as "J" or "M," for example, which might have enabled Defendant to identify if an exhibit was missing.

and nowhere did the motion otherwise refer to the subpoena. The only Comcast subpoena attached to the motion was the "8/8 Subpoena." [ECF #60-13].

### B. Defendant's Motion to Compel and for Contempt

On August 19, 2013, Defendant filed a motion against Comcast asking the court for a finding of "civil contempt and an order compelling non-party Comcast to comply with the subpoena served July 25, 2013." [ECF #63, page 1]. This motion only pertained to the "7/25 Subpoena," because Comcast had already complied with the "7/15 Subpoena" [ECF #61-16][3] and the "8/8 Subpoena" was not yet due.[4]

On August 30, 2013, Comcast responded to Defendant's motion [ECF #72] arguing that paragraph 8 of Plaintiff's motion made it clear that it pertained to the

---

[3] The "7/15" Subpoena was the second subpoena served on Comcast. Perhaps likewise confused by the complexity of these proceedings, Comcast's response [ECF #72] repeatedly refers to the "7/25 Subpoena" as the second subpoena:

[page 1] – "second of Defendant's subpoena"
[page 2] – "second subpoena"
[page 2] – "a prior subpoena"
[page 2] – "second subpoena that is the subject of the Contempt Motion"

[4] This is an important distinction because the "8/8 Subpoena" was not due at the time Defendant filed his motion, yet Comcast's response to Defendant's motion has attached to it correspondence regarding the "8/8 Subpoena." And Defendant never filed a motion to compel and/or for contempt regarding this subpoena.

"7/25 Subpoena." [ECF #72, page 5]. Paragraph 8 of Plaintiff's motion in its entirety states:

> 8. Defendant has also served third parties with subpoena which are either irrelevant, may embarrass the third parties or contain the incorrect dates or incorrect IP addresses. The IP address relevant in this case is 75.89.36.80. The subpoenas containing other IP addresses should be quashed.[5] Plaintiff is seeking to quash subpoenas listed in Exhibits J-M.[6]

As discussed above, the "7/25 Subpoena" was *not* attached to the motion and nothing in the motion referenced it. Moreover, the sentence above that Comcast will undoubtedly argue is favorable to its cause, was immediately followed by a clear statement as to what subpoenas were encompassed by the motion: "Plaintiff is seeking to quash subpoenas listed in Exhibits J-M." Comcast also cites as support Exhibit "M" of Plaintiff's motion, but as discussed above the exhibits do not have coversheets.

Nevertheless, Comcast argued in its response that Defendant was trying to force Comcast to "forsake its statutory obligations" and "violate the privacy

---

[5] Comcast will obviously find this sentence favorable to its position.
[6] Chintella obviously finds this sentence favorable to his position (in addition to other sentences discussed herein).

4

protections afforded by federal law under [47 U.S.C. § 551]." [ECF #72, pages 2 & 7].[7]

*After* Defendant filed his motion against Comcast but *before* Comcast filed its response, Plaintiff filed its "motion to quash" and attached multiple subpoenas. [ECF #68]. Similar to its previous motion, Plaintiff specifically asked the court to "quash the attached subpoenas." [ECF #68, page 1]. Some of the subpoenas had been previously attached to ECF #60, some had not, and one was *not* attached to the motion even though it was attached to ECF #60:[8]

| **Subpoena** | **Attached to ECF #60** | **Attached to ECF #68** |
|---|---|---|
| Paul Hansmeier | Yes – ECF #60-10 | Yes – ECF #68-5 |
| Mark Lutz | Yes – ECF #60-11 | Yes – ECF #68-6 |
| Biz Xpress, LLC | Yes – ECF #60-12 | No |
| "8/8 Subpoena" | Yes – ECF #60-13 | Yes – ECF #68-8 |
| Google | No | Yes – ECF #68-1 |
| Google | No | Yes – ECF #68-2 |
| Atlantic Broadband | No | Yes – ECF #68-3 |
| Domains by Proxy | No | Yes – ECF #68-4 |
| Heartbreaker Digital | No | Yes – ECF #68-7 |

---

[7] The fact that Comcast relies on ECF #60's vague language to support this argument is disingenuous. Comcast has since released information in response to the "7/25 Subpoena" even though the court granted ECF #68, which arguably contains stronger language (*See infra.*) that it (rather than ECF #60) encompassed the "7/25 Subpoena."

[8] It is not clear why Plaintiff would attached to ECF #68 every subpoena that had been attached to ECF #60 except the one for Biz Xpress, LLC, but Chintella argues that this at least evidences an intelligent choice of what subpoenas to attach.

| "7/25 Subpoena" | No | No |

Noticeably absent as an attachment to *both motions* was the "7/25 Subpoena,"[9] the basis for Defendant's motion to compel and for contempt. However, in ECF #68, Plaintiff *arguably* made an oblique reference to the subpoena:

> 14. The defendant's counsel has filed his subpoena as part of his motion for Contempt; however the subpoena displays neither his facsimile number nor a bar number. . . . . the fact that its facsimile number and bar number is missing from the subpoenas render each and every subpoena defective."

As alluded to above, Comcast has since complied with the "7/25 Subpoena," and having done so, it is hard to reconcile its position that ECF #60's vague language somehow encompassed the "7/25 Subpoena" yet the above language from ECF #68 is *less* vague such that it did not.

### B. The Court's Order

On December 18, 2013, the court denied Defendant's motion stating: "Comcast's refusal to obey the subpoena is entirely justified. The court declines to sanction Comcast for satisfying its obligation under federal law." [ECF #90, page 10]. The court further stated that "There is no indication that Comcast will fail to comply with this subpoena after this court's disposal of the pending motions."

---

[9] The only Comcast subpoena attached to the motion was yet again the "8/8 Subpoena." *See* ECF #68-8.

6

[ECF #90, page 10]. Comcast complied with the "7/25 Subpoena" on December 31, 2013, the same day that it filed its motion for sanctions. Exhibit H.

### C. Further Confusion

It has been admittedly confusing regarding the subpoenas and the less-than-clear motions and responses filed regarding all of the subpoenas in this case. Both Defendant Comcast have faltered. For example, Corporate counsel for Comcast has repeatedly referred to the "7/25 Subpoena" as the "second" subpoena (as well as asserting the same in its Response). Exhibit D. Moreover, Comcast has complied with this subpoena despite the language in ECF #68 cited above. Moreover, the court in a pending motion to compel in Minnesota recently issued an opinion finding that the subpoena served on Paul Hansmeier was *not* quashed by this court based on the issue of standing addressed by the court in its recent order [ECF #90]. Exhibit J. Yet the Hansmeier subpoena was attached to Plaintiff's first motion [ECF #60-10] (which was denied), but was also attached to Plaintiff's second motion [ECF #68-5] (which was granted).[10] Also, in the court's recent order [ECF #90] it stated that ECF #60 only pertained to "three third-party subpoenas and a subpoena to plaintiff's corporate representative, Mark Lutz" [ECF #90, page 6. This corresponds with Chintella's understanding of ECF #60, that it,

---

[10] Defendant intends to notify the court of the discrepancy in the next few days just in case and has already spoken to local counsel about it.

7

in total, only had four (4) subpoenas *attached to it* (not including the "7/25 Subpoena). It then said that it was *not* quashing to subpoena served on Mark Lutz [page 6 of the order], that "The remaining subpoena to Mark Luz is valid" but that it was "unduly broad" [page 7] and then modified the subpoena [Id.]. Yet, on Page 8 of the order, the Court quashed the same subpoena because "Defendant did not file a response within fourteen days, so plaintiff's motion to quash is granted."[11]

Chintella argues that his attempts to try and discern what type of motion ECF #60 was (no citation to Rule 45, for example) as well as what it encompassed was reasonable under the circumstances and clearly not "vexatious," especially considering Plaintiff's refusal to communicate, and that Plaintiff intentionally omitted the "7/25 Subpoena" from both ECF #60, which was the basis for Defendant's contempt motion, as well as ECF #68.

### Argument and Citation to Authority

28 U.S.C. § 1927 provides that an attorney that "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs". Thus, there are three elements: (1) attorney must engage in unreasonable and vexatious conduct that (2) multiplies the

---

[11] This subpoena was quashed because it was attached Plaintiff's second motion as ECF #68-8. It was actually attached to both motions as ECF #60-11 and ECF #68-8, respectively…

proceedings and (3) dollar amount of sanction must bear a financial nexus to the excess proceedings, i.e., sanction may not exceed the costs, expenses, and attorney' fees reasonably incurred because of such conduct. *Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252 (11th Cir. 2007). It is not intended as a "catch-all" provision for sanctioning objectionable conduct. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220 (11th Cir. 2003). An attorney's conduct must be "particularly egregious" to warrant sanctions under § 1927. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230 (11th Cir. 2007). Thus, falsifying corporate documents, taking advantage of a family trust, and opening accounts in a fictitious name has been held sanctionable. See Wachovia Bank v. Tien, 406 Fed.Appx 378 (11th Cir. 2010).

Here, Defendant sought compliance with the subpoena that the court subsequently recognized was *not* part of Plaintiff's ECF #60. [*See* ECF #90, page 6]. And although ECF #68 had arguably stronger language incorporating the subpoena, the subpoena was yet again not attached to the motion, and in any event, ECF #68 was filed *after* Defendant files his motion against Comcast.

## Conclusion

Chintella is somewhat embarrassed by the how complex this case has become and heeds the court's admonitions to simplify the proceedings, but

9

Chintella has throughout tried to adhere to the Federal Rules of Procedure, write clear briefs, and seek clarification when necessary.  Therefore, "bad faith" conduct, or conduct "tantamount" to bad faith does not exist here.  Defendant did not file a similar motion against Comcast regarding the "8/8 Subpoena," which *was* attached to Plaintiff's motion.  Therefore, Comcast's motion should be denied.

Respectfully submitted January 14, 2014:

**BLAIR CHINTELLA**

2483 Shoals Ter.
Decatur, GA 30034           ___/s/ Blair Chintella____
404-931-2090                Georgia Bar No. 510109
bchintel1@gmail.com         Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

### Notice of Defendant's Certificate of Service

I hereby certify that on January 14, 2014, I served **Defendant and Chintella's Response to Non-Party Comcast's Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927** on Plaintiff and Comcast by filing it through the CM/ECF system, which will serve attorneys for Plaintiff and Comcast.

Dated January 14, 2014:

                                                    Respectfully Submitted:

                                                    ____*/s/ Blair Chintella*____
                                                    Blair Chintella
                                                    GA Bar No. 510109
                                                    2483 Shoals Ter.
                                                    Decatur, GA 30034
                                                    404-931-2090
                                                    bchintel1@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AF HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : 2:12-cv-00262-WCO |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

**Notice of Local Rule 7.1(D) Certification**

I hereby certify that **Defendant and Chintella'd Response to Non-Party Comcast's Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927** complies with LR 5.1B.

Dated January 14, 2014:

                                          Respectfully Submitted:

                                          _____/s/ Blair Chintella_____
                                          Blair Chintella
                                          GA Bar No. 510109
                                          2483 Shoals Ter.
                                          Decatur, GA 30034
                                          404-931-2090
                                          bchintel1@gmail.com