# Exhibit A

## Subpoena

---

**Bchintel1** <bchintel1@gmail.com>                                    Mon, Jul 15, 2013 at 4:07 PM
To: Jacques Nazaire <nazaire.jacques@gmail.com>

Hi Jacques:

Attached is another subpoena sent to Comcast.

Sincerely,

Blair Chintella
404-579-9668
www.chintellalaw.com

---

 **20130715 - signed full subpoena to comcast.pdf**
1924K

# Exhibit B

RE: Subpoena

**Mosley, Monica** <Monica_Mosley@comcast.com>                    Thu, Aug 15, 2013 at 12:41 PM
To: Bchintel1 <bchintel1@gmail.com>
Cc: "Lewis, Gerard (Legal)" <Gerard_Lewis@comcast.com>, "Wilson, Stephanie"
<Stephanie_Wilson@cable.comcast.com>, "Padgett, Colin" <Colin_Padgett@cable.comcast.com>, "Seiver, John"
<johnseiver@dwt.com>


Blair, the motion requests the court to halt your subpoenas and were the court to grant the motion and we had
complied with the subpoena prior to that, while a known motion was pending, we would be subject to sanctions and
fines under the Cable Act 47 U.S.C. 551. Consequently, we will release as soon as the Court denies the Motion, not
before. If the court grants AF's motion, we will not release at all on any of the remaining subpoenas.
Monica Mosley
Comcast
Senior Counsel, Privacy & Law Enforcement
215-286-2890

Case 2:12-cv-00262-WCO   Document 100-1   Filed 01/15/14   Page 5 of 31

Case 2:12-cv-00262-WCO   Document 100-1   Filed 01/15/14   Page 6 of 31

# Exhibit C

# Re: Subpoena

**Bchintel1** <bchintel1@gmail.com>               Thu, Aug 15, 2013 at 11:09 AM
To: "Mosley, Monica" <Monica_Mosley@comcast.com>
Cc: "Lewis, Gerard (Legal)" <Gerard_Lewis@comcast.com>, "Wilson, Stephanie"
<Stephanie_Wilson@cable.comcast.com>, "Padgett, Colin" <Colin_Padgett@cable.comcast.com>, "Seiver, John"
<johnseiver@dwt.com>

     Hi Monica,

     I'm writing in reference to a subpoena the production of which we didn't receive this morning.  The production was
     supposed to be sent at 10 AM.  Please let me know the status as soon as possible.  Much thanks!  Attached is the
     subpoena again for your reference.


     Sincerely,

     Blair Chintella
     404-831-5779 (main)
     404-579-9668 (backup)
     www.chintellalaw.com


     >

---

    📄 **20130725 - signed subpoena to comcast.pdf**
       371K

# Exhibit D

RE: Subpoenas

---

**Mosley, Monica** <Monica_Mosley@comcast.com>      Fri, Aug 30, 2013 at 9:48 AM
To: Bchintel1 <bchintel1@gmail.com>, "mgoldman@hptylaw.com" <mgoldman@hptylaw.com>
Cc: "Seiver, John" <johnseiver@dwt.com>, "Wilson, Stephanie" <Stephanie_Wilson@cable.comcast.com>, "Padgett, Colin" <Colin_Padgett@cable.comcast.com>

Chintella, the pending Second Motion for Protective Order filed by the Plaintiff covers ALL pending subpoenas so it should be obvious why we did not release on this third subpoena either, given our stated position. Additionally, I am also aware another Motion to Quash has been filed on this third subpoena so I am surprised you are expecting us to release on it.

Mr. Goldman is not handling the motion regarding the "*first* subpoena" as you state below because the Court ruled on that motion immediately and we released on the FIRST subpoena you submitted on August 2nd. This is for the second and subsequent subpoenas.

File whatever you feel you need to and we will also and the Court will decide. Our position has not changed from the email you already shared with the Court: we defer to a Judge to determine if we should comply with a subpoena being challenged by a party.

.

**Monica Mosley**

**Senior Counsel**

Privacy and Law Enforcement

Comcast

1701 JFK Blvd., 50th floor

Philadelphia, PA  19103

Facsimile 215-286-8508

**Direct line: 215-286-2890**

Case 2:12-cv-00262-WCO   Document 100-1   Filed 01/15/14   Page 11 of 31

# Exhibit E

Case 2:12-cv-00262-WCO   Document 100-1   Filed 01/15/14   Page 13 of 31

## RE: Subpoenas

**Mosley, Monica** <Monica_Mosley@comcast.com>                    Fri, Aug 30, 2013 at 11:04 AM
To: Bchintel1 <bchintel1@gmail.com>
Cc: "mgoldman@hptylaw.com" <mgoldman@hptylaw.com>, "Seiver, John" <johnseiver@dwt.com>, "Wilson, Stephanie"
<Stephanie_Wilson@cable.comcast.com>, "Padgett, Colin" <Colin_Padgett@cable.comcast.com>

Chintella, I know you understand exactly what you have submitted and what you have gotten.  No we
did not respond to two subpoenas, only one, the first one that we agreed to release on 7-31-13 but
then the First Protective Motion was filed so we delayed pending the court decision, which occurred
8-1-13 and we released to you on 8-2-13.

**Monica Mosley**

**Senior Counsel**

Privacy and Law Enforcement

Comcast

1701 JFK Blvd., 50th floor

Philadelphia, PA  19103

Facsimile 215-286-8508

**Direct line: 215-286-2890**

Case 2:12-cv-00262-WCO   Document 100-1   Filed 01/15/14   Page 15 of 31

# Exhibit f

Case 2:12-cv-00262-WCO    Document 100-1    Filed 01/15/14    Page 17 of 31

## Re: Subpoenas

**Bchintel1** <bchintel1@gmail.com>                Fri, Aug 30, 2013 at 10:55 AM
To: "Mosley, Monica" <Monica_Mosley@comcast.com>
Cc: "mgoldman@hptylaw.com" <mgoldman@hptylaw.com>, "Seiver, John" <johnseiver@dwt.com>, "Wilson, Stephanie"
<Stephanie_Wilson@cable.comcast.com>, "Padgett, Colin" <Colin_Padgett@cable.comcast.com>

I was somewhat confused by your e-mail. Am I correct in understanding that you saying that Comcast responded to
the first 2 subpoenas but that they will not respond to the second 2? And if so, who should I serve a motion on
regarding the fourth subpoena (we've already filed one regarding the third subpoena)? Goldman I'm assuming?

Sincerely,

Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com

Case 2:12-cv-00262-WCO   Document 100-1   Filed 01/15/14   Page 18 of 31

# Exhibit G

## Re: Subpoenas

**Bchintel1** <bchintel1@gmail.com>                 Fri, Aug 30, 2013 at 11:44 AM
To: "Mosley, Monica" <Monica_Mosley@comcast.com>
Cc: "mgoldman@hptylaw.com" <mgoldman@hptylaw.com>, "Seiver, John" <johnseiver@dwt.com>, "Wilson, Stephanie" <Stephanie_Wilson@cable.comcast.com>, "Padgett, Colin" <Colin_Padgett@cable.comcast.com>

You've confused me once again...I've sent four subpoenas to Comcast thus far, two of which you've complied with, 1 which is subject to a motion for civil contempt, and one that was due today.  Is that correct?  So my very simple question is should I serve Goldman with a motion regarding the fourth subpoena that was not complied with today or was he only retained for the third one and the currently pending motion.  Goldman, feel free to chime in here.


Sincerely,

Blair Chintella
404-831-5779 (main)
404-579-9668 (backup)
www.chintellalaw.com

Case 2:12-cv-00262-WCO   Document 100-1   Filed 01/15/14   Page 22 of 31

# Exhibit H

## A.F Holdings v. Patel

**Goldman, Michael J.** <MGOLDMAN@hptylaw.com>                    Tue, Dec 31, 2013 at 1:28 PM
To: "Bchintel1 (bchintel1@gmail.com)" <bchintel1@gmail.com>
Cc: "Seiver, John" <JohnSeiver@dwt.com>


Mr. Chintella:


Attached is Comcast's response to the July 25th Subpoena.


You are also well aware that you have not paid Comcast's customary fees for IP address identifications and responses to subpoenas. See ECF No. 72-1 at 3. To that end, I also attach Comcast's invoice for the prior responses for which you have yet to pay, plus the charges relating to the retrieval of information relating to the July 25th Subpoena. Since you appear to be interested in renewing your August 8th Subpoena, we have included the costs for responding to it as well.


We expect you will pay this invoice promptly, i.e., within 10 days. You may send me the check payable to Comcast and I will forward it to the proper authority.  We are also asking the Court to order you to pay Comcast's attorney's fees for opposing your ill-conceived motion for contempt. Inasmuch as you have obviously read the recent Order, the basis for Comcast's request for fees should be clear to you now.  If the basis is not already clear, it will be spelled out in our motion to be filed shortly.


Michael J. Goldman
**HAWKINS PARNELL**
     **THACKSTON & YOUNG** LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308-3243
D 404.614.7503   | M 404.422.7881
O 404.614.7400  | F  404.614.7500
mgoldman@hptylaw.com
www.hptylaw.com
Atlanta • Austin • Charleston • Dallas
Los Angeles • New York • St. Louis • San Francisco


**2 attachments**

**492814 7-25-2013 Suboena Release Letter.pdf**
26K

**chintella invoice.pdf**
366K

# Exhibit I

Re: AF Holdings v. Patel, N.D.Ga. 2:12-cv-00262

---

**Bchintel1** <bchintel1@gmail.com>                                Tue, Jan 14, 2014 at 10:38 PM
To: "mgoldman@hptylaw.com" <mgoldman@hptylaw.com>, "Seiver, John" <johnseiver@dwt.com>

Dear Mr. Goldman,

I wanted to clarify my previous e-mail.  It has been my position that the plaintiff's first motion, which was styled as a motion for a protective order, did not encompass the July 25, 2013 subpoena.  I've had to go through all of the information over the last 3-4 days to sort everything out, but basically it was my position at the time when dealing with Ms. Mosley that the first motion did NOT include the July 25th subpoena because it was not attached and didn't otherwise reference it.  Please disregard anything indicating otherwise.  My position regarding the second motion, which was titled a "motion to quash," was the same, but it was actually filed after I had filed my motion for contempt, so it gets a little confusing as how it relates to Comcast's motion for sanctions...

Another thing, in preparing a response to Comcast's motion I noticed that there's a vague reference to the July 25th subpoena in the motion (ECF #68).  I highly recommend that you review this, which is what I wanted to talk with you about the other day, because as you know, Comcast has already complied with the July 25th subpoena.  The Court denied Plaintiff's first motion but granted the second (ECF 90).  I will hold onto the information and not disclose it to the public until we can get clarification from the court.

Feel free to contact me in the AM to discuss.


Sincerely,

Blair Chintella
404-931-2090
www.chintellalaw.com

# Exhibit J

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AF Hodlings, LLC,                                    Case No. 13-mc-68 (JNE/FLN)

       Plaintiff,

v.

                             **ORDER**

Rajesh Patel,

       Defendant.

_____

Paul Hansmeier, *pro se.*
Paul Godfread for Defendant.

_____

**THIS MATTER** came before the Undersigned Magistrate Judge in October, 2013 on Defendant's motion to compel a subpoena response and for contempt (ECF No. 1). This motion stems from a case pending in the Northern District of Georgia. Case. No. 12-262. Pursuant to Patel's efforts in that case, Attorney Paul Hansmeier was served with a third-party subpoena in Minnesota on August 5, 2013. The subpoena seeks information pertaining to, *inter alia*, Hansmeier's relationship with AF Holdings. ECF No. 4-1. Later in August, AF Holdings filed a second motion for a protective order in the Georgia case. The motion sought, in part, to quash the third-party subpoenas issued earlier in August. Hence, when this motion was filed on August 30, 2013, the question of whether the third-party subpoena's should be quashed was pending before the court in the Northern District of Georgia. Case. No. 12-262 at ECF No. 60.

On December 18, 2013 the Northern District of Georgia denied AF Holding's motion to quash the third-party subpoenas. *Id.* at ECF No. 90. The Court stated:

A party has standing to challenge a subpoena when the party "alleges a personal right

1

or privilege with respect to the materials subpoenaed." *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 554-55 n.3 (N.D. Ga. 2001) (collecting cases) (internal quotation marks omitted). A party may not object to a third-party subpoena absent an alleged threat to a personal right or privilege. *See Maxwell v. Health Ctr. Of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) (citations omitted). Plaintiff did not state any reason to quash the third-party subpoenas beyond a completely unsupported allegation that the requested information "may embarrass the third parties or contain the incorrect dates or incorrect IP addresses." (Pl.'s Mot. Protective Order 4, ECF No. 60.) None of these alleged threats have any relationship to plaintiff's rights or privileges.

In regard to the subpoena served on Hansmeier, Patel argues that Hansmeier has waived all objections to the subpoena because he did not object within 14 days of being served. ECF No. 2; Fed. R. Civ. P. Rule 45(c)(2)(B)(I). Hansmeier, however, maintains that he was not properly served. ECF No. 11 at 5. The Court finds that service was proper and that Hansmeier must now comply with the subpoena.

Hansmeier was served on August 5, 2013 at the U.S. District Court of Minnesota Courthouse after completion of a status conference on the *AF Holdings v. Doe* cases that are pending before this Court. *See* ECF Nos. 12-1445-49. Relying on *Lamb v. Schmitt,* Hansmeier argues that service was improper because "[i]t has long been established that those who come before a court are immune from service of process in other suits." 285 U.S. 222, 225 (1932). The Court is not persuaded by Hansmeirer's reading of *Lamb.* As explained by the Court in *Lamb* "[t]he privilege [] asserted . . . is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with the process while attending upon the court []." *Id.* at 225, *citing Parker v. Hotchkiss*, Fed. Case. 10,739. However, the Court in *Lamb* affirmed the lower court's conclusion that service of an attorney on a matter related to the one for which he appeared before the court was proper. *Id.* at 226. Granting immunity from service, the court reasoned, "might paralyze the arm of the court and defeat the ends of justice in the

very cause for the protection of which the immunity is invoked." *Id.* A similar conclusion is appropriate here. The interests of justice support finding that service was proper.

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Patel's motion to compel and for contempt (ECF No. 1) is **GRANTED in part** and **DENIED in part**, as follows:

1.  To the extent Patel seeks to compel Hansmeier to respond to the subpoena served on Hansmeier on August 5, 2013, the motion is **GRANTED**. Hansmeier shall reply to the subpoena in full by January 24, 2014.

2.  To the extent Patel seeks to hold Hansmeier in contempt, the motion is **DENIED**.

DATED: January 13,  2014        *s/Franklin L. Noel*

                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge