## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| BLAIR B. CHINTELLA, | § | CASE NO. 13-73481-bem |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| COMCAST CABLE COMMUNI- | § | |
| CATIONS MANAGEMENT, LLC | § | |
| | § | |
| Movant, | § | **JUDGE ELLIS-MONRO** |
| | § | |
| v. | § | **CONTESTED MATTER** |
| | § | |
| BLAIR B. CHINTELLA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## <u>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ANNULMENT</u>

**COMES NOW COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC** ("Comcast"), by and through its undersigned counsel, and hereby moves this Court pursuant to 11 U.S.C. § 362 for an order confirming that the automatic stay does not apply to Comcast's motion for sanctions under 28

1

U.S.C. § 1927 (this "Motion") against Blair Chintella ("Debtor"), an attorney, for his unreasonable and vexatious conduct in *AF Holdings v. Patel*, Case No., 2:12-cv-00262-WCO (the "*AF Holdings* Case").   Debtor represents the defendant Rajesh Patel in the *AF Holdings* Case, a copyright infringement action.

The *AF Holdings* Case is before Judge William C. O'Kelley of the Northern District of Georgia (the "District Court").   On December 18, 2013, the District Court held that, in connection with cross-sanctions motions brought by plaintiff's counsel and Debtor against each other, that the "governmental unit" exception to the automatic stay applied and the District Court could award sanctions against Debtor (the "December 18 Order").   [*AF Holdings* ECF No. 90][1].   The District Court currently intends to hold a "Show Cause" hearing on January 28, 2014 to determine sanctions against both plaintiff and Debtor.   [*AF Holdings* ECF No. 91].

---

[1] In connection with this Motion, Comcast relies upon certain filings and a court order filed in the *AF Holdings* Case.   In considering the Motion, the Court may consider matters filed before other courts in the Northern District of Georgia. "Bankruptcy judges . . . constitute a unit of the district court to be known as the bankruptcy court for that district." 28 U.S.C. § 151.   Therefore, in appropriate circumstances, a bankruptcy judge may take judicial notice of the district court's files. *See Cash Inn of Dade, Inc. v. Metropolitan Dade County*, 938 F.2d 1239 (11th Cir. 1991) ("a district court may take judicial notice of public records within its files relating to particular case before it **or to other related cases**") (emphasis added); *In re Wright*, 187 B.R. 826, 829 (Bankr. D. Conn. 1995) (the bankruptcy court made an independent review and took judicial notice of the contents of the action in the district court's file); *In re Walters*, 176 B.R. 835, 856 n. 12 (Bankr. N.D. Ind. 1994) (the bankruptcy court took judicial notice of a file from the district court because the bankruptcy court is a unit of the district court).

In response to the District Court's findings in the December 18 Order regarding Debtor's conduct and the automatic stay, Comcast brought a motion for sanctions under 28 U.S.C. § 1927 (the "Sanctions Motion"). [*AF Holdings* ECF No. 93].

However, Debtor still maintains that the automatic stay applies to Comcast's Sanctions Motion. Comcast agreed to extend Debtor's time to respond to the Sanctions Motion, but Debtor did not avail himself of the extension. Comcast seeks this order out of an abundance of caution and to avoid uncertainty about whether the automatic stay prohibits the District Court from sanctioning Debtor for his unreasonable and vexatious conduct. As explained below, courts hold that sanctions motions, even when brought by private parties, are exercises of court power to curb bad conduct in litigation, and so fall under the "governmental unit" exemption to the automatic stay.

In the alternative, Comcast requests that the Court enter an order annulling the stay or otherwise modifying or granting relief from stay to the extent necessary to permit Comcast's Sanctions Motion to be adjudicated by the District Court.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein is § 362(b)(4) and § 362(d) of Title 11, Chapter 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

5.      Debtor is an attorney who represents the defendant in the *AF Holdings* Case.  In that case, plaintiff has alleged that defendant violated plaintiff's copyright by downloading plaintiff's copyrighted work over a peer-to-peer file sharing network.

6.      Debtor served several third-party subpoenas on Comcast, seeking personally identifiable information ("PII") of Comcast subscribers.  Comcast agreed to comply with those subpoenas, but explained to Debtor that federal law prohibited Comcast from disclosing subscribers' PII without consent unless the information is disclosed pursuant to a court order, and the affected subscriber is first given notice and opportunity to object.  47 U.S.C. § 551.  If Comcast fails to give notice to its subscribers, it may be liable for disclosures of PII, including liquidated damages. 47 U.S.C. § 551(f).  As a result, Comcast could not comply with the subpoena without first giving its customers proper notice and an

4

opportunity to object. Comcast also explained that it would need to wait until the court resolved plaintiff's motion for a protective order, which objected to defendant's subpoenas of Comcast.

7.     Debtor and Comcast amicably resolved Debtor's first subpoena, dated July 10, 2013. Once the court resolved plaintiff's motion for a protective order, Comcast promptly complied with Debtor's subpoena.

8.     Debtor then served on Comcast a second subpoena, dated July 25, 2013. As with the first subpoena, plaintiff brought a motion for protective order. As with the first subpoena, Comcast explained to Debtor that it would comply with the July 25, 2013 subpoena, but not until the court ruled on plaintiff's new motion for a protective order. This time, however, Debtor, decided not to wait for the District Court to resolve plaintiff's motion for a protective order.

9.     Instead, on August 19, 2013, Debtor brought a "Motion for Civil Contempt" against Comcast seeking to hold Comcast in contempt for not responding to the subpoena before the District Court resolved plaintiff's objection to the subpoena. Comcast opposed that motion and on December 18, 2013, the District Court denied the Motion for Civil Contempt in an order which also resolved several other sanctions and discovery motions brought by both plaintiff and Debtor.

5

10.     With respect to the Motion for Contempt Debtor filed against

Comcast, the District Court held that:

> Comcast's refusal to obey the subpoena is entirely justified. The court
> declines to sanction Comcast for satisfying its obligations under
> federal law. Furthermore, Comcast complied with prior subpoenas
> issued by defendant after the subscriber notice and objection period
> expired. There is no indication that Comcast will fail to comply with
> this subpoena after this court's disposal of the pending motions.
> Therefore, because the court sees no need to coerce Comcast's
> compliance with the subpoena, holding Comcast in civil contempt is
> inappropriate.[2]

December 18 Order at 10.

11.     The District Court's order also addressed the effect of Debtor's

bankruptcy filing on the various motions for sanctions that had been filed in the *AF

Holdings* case.   Debtor filed his bankruptcy petition on October 29, 2013.   On

November 21, 2013, Debtor filed a "Notice of Bankruptcy Stay" in the District

Court [*AF Holdings ECF* No. 89] which was apparently meant to assert that that

the automatic stay applies to sanctions motions against Debtor personally, rather

than his client:

> It is defense counsel's current understanding, however, that the stay
> only applies to motions targeting defense counsel financially and

---

[2]   In the December 18 Order the District Court also denied a motion for a protective order with
respect to the July 25, 2013 Subpoena but granted a motion to quash with respect to an August 8,
2013 Subpoena to Comcast.  Comcast responded to the July 25, 2013 Subpoena on December
31, 2013, and is preserving with respect to the quashed August 8, 2013 Subpoena in the event the
District Court allows a new subpoena for that same information to be served.

6

should not inhibit the Court's ability to resolve discovery disputes generally or any other aspects of Mr. Patel's case.

*Id* at 2.

12.    In the December 18 Order, the court held that the automatic stay did not stay the resolution or award of sanctions against Debtor:

> Chintella recently filed for bankruptcy, which has no effect on this court's ability to hold a show cause hearing. The court is a "governmental unit" and is free to determine whether the imposition of sanctions is appropriate even if the potentially sanctioned party is in bankruptcy. *See, e.g., Berg v. Good Samaritan Hosp. (In re Berg)*, 198 B.R. 557, 561-63 (9th Cir. 1996); *McAtee v. The Florida Bar (In re McAtee)*, 162 B.R. 574, 578 (Bankr. N.D. Fla. 1993). Additionally, the court is aware that sanctions other than monetary damages are available in such cases. Therefore, the court is free to go forward with the show cause hearing despite Chintella's ongoing bankruptcy.

December 18 Order at 22.

13.    Comcast reviewed the December 18 Order and, in light of its findings regarding Debtor's contempt motion and the automatic stay, Comcast filed a motion for attorney fees in the *AF Holdings* case in District Court under 28 U.S.C. § 1927 which permits the court to award attorney fees as a sanction against attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously." [*AF Holdings ECF* No. 93].

7

14.    Comcast agreed to provide Debtor an extension to respond to the Sanctions Motion.  However, Debtor, rather than avail itself of that extension, responded to the Sanctions Motion instead and now contends that the automatic stay applies to Comcast's pending sanctions motion. [AF Holdings ECF No. 97, 100].

## RELIEF REQUESTED

15.    Comcast respectfully requests entry of an order confirming that the automatic stay does not apply to its Sanctions Motion, or, in the alternative, Comcast respectfully requests that the Court enter an order annulling the stay or otherwise modifying or granting relief from stay to the extent necessary to permit the Sanctions Motion to be adjudicated by the District Court.

## BASIS FOR RELIEF

### A.    Sanctions Motions Are Exempt From The Automatic Stay As They Are An Exercise of the Courts' Police and Regulatory Powers.

16.    The Seventh Circuit, in *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993) (Posner, C.J.), held that sanctions motions are exempt under 11 U.S.C. § 362(b)(4), as an "action brought pursuant to governmental police or regulatory powers" (citations omitted).  There, as here, the sanctions motion was brought by a private party who was the victim of improper litigation conduct.  The court found that a

8

private party's motions for sanctions (there under Fed. R. Civ. P. 11 or "Rule 11")

qualified under the governmental unit exception because the sanctions were

imposed by the court, not the private party, and the purpose of the sanctions are to

curb improper litigation conduct:

> Rule 11 is not a simple fee-shifting provision, designed to reduce the
> net cost of litigation to the prevailing party . . . It directs the
> imposition of sanctions for unprofessional conduct in litigation, and
> while the form of sanction is often and was here an order to pay
> attorney's fees to the opponent in the litigation, it is still a sanction,
> just as an order of restitution in a criminal case is a sanction even
> when it directs that payment be made to a private person rather than to
> the government. The Rule 11 sanction is meted out by a governmental
> unit, the court, though typically sought by a private individual or
> organization-a nongovernmental litigant, the opponent of the litigant
> to be sanctioned. There is no anomaly, given the long history of
> private enforcement of penal and regulatory law. The private enforcer,
> sometimes called a "private attorney general," can be viewed as an
> agent of the "governmental unit," the federal judiciary, that
> promulgated Rule 11 in order to punish unprofessional behavior. The
> fact that the sanction is entirely pecuniary does not take it out
> of section 362(b)(4).

11 F.3d at 690.

17.    The court in *Petrano v. Nationwide Mut. Fire Ins. Co.*, No. 1:12-CV-

86, 2013 WL 811876 (N.D. Fla. Mar. 4, 2013), relying on *Alpern*, found a Rule 11

sanctions proceeding was exempt under the "governmental unit" exception to the

automatic stay. *Id.* at *2-*3.  *Petrano* also noted that other circuits had reached the

same conclusion.  *Id.* at *3 (citing *Sabre Group, Inc. v. European American Travel,*

9

*Inc.,* 192 F.3d 126, 126 (5th Cir. 1999) (sanctions under Fed. R. Civ. P 16(f) for

failing to appear at a settlement conference were exempt from automatic stay); *In

re Berg,* 198 B.R. 557, 559 (9th Cir. BAP 1996) (*sua sponte* sanctions under Fed.

R. App. P. 38 exempt from automatic stay even though the sanctions were to be

paid to private litigant).

18.     While none of those cases were sanctions assessed under 28 U.S.C.

§ 1927, sanctions imposed by a court under that provision are equally an exercise

of the court's "governmental police or regulatory power" as court sanctions

pursuant to Rule 11. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 n.6 (11th

Cir. 2005) (likening § 1927 sanctions to sanctions under courts' inherent powers).

Further, Rule 11 sanctions serve the same broad purpose as the sanction provisions

in the above-cited cases, to "punish unprofessional behavior." *Alpern*, 11 F.3d at

690. *See, e.g., O'Rear v. Am. Fam. Life Assurance Co. of Columbus, Inc.,* 144

F.R.D. 410, 413 (M.D. Fla. 1992) ("[t]he purpose of § 1927 is to deter frivolous

litigation and abusive practices by attorneys and to ensure that those who create

unnecessary costs bear them."); *see also Schwartz v. Millon Air, Inc.,* 341 F.3d

1220, 1225 (11th Cir. 2003) ("the statute was designed to sanction attorneys who

willfully abuse the judicial process by conduct tantamount to bad faith.")

(quotation omitted).

10

**B.     Annulment of the Stay Is Appropriate Here and Will Promote Judicial Efficiency.**

19.     In the alternative, Comcast requests that the Court annul or grant prospective relief from the stay pursuant to 11 U.S.C. § 362(d) which provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, **annulling**, modifying, or conditioning such stay" for cause.

20.     Good cause exists to grant relief from stay.  Whether cause exists is a "totality of the circumstances."  *In re Feingold*, 730 F.3d 1268, 1278 (11th Cir. 2013).  Comcast anticipates it will file a nondischargeability complaint alleging that, among other grounds, any sanctions award for Debtor's misconduct will be nondischargeable as a malicious and willful injury under 11 U.S.C. 523(a)(6). Nondischargeability may be weighted heavily in the cause analysis, though no one factor is sufficient.  *Id.* at 1278.  Further, unless Comcast is granted relief from stay, Debtor will, in a practical sense, be free to engage in misconduct without any worry that plaintiff, or Comcast, or another third-party-subpoena recipient, might hold him accountable.  That would permit Debtor to turn the shield of the automatic stay into a sword.  This is especially a concern when one considers that

11

the District Court is currently considering sanctions motions both by and against the Debtor and Plaintiff's counsel in the *AF Holdings* proceeding.

21.  Here, annulment is preferable to purely prospective relief from stay. Annulment is permissible in "appropriately limited circumstances to grant retroactive relief from the automatic stay." *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),* 749 F.2d 670, 675 (11th Cir. 1984).  Courts apply a holistic analysis with a concern as to which party will suffer prejudice, if the stay is annulled.  *See, e.g. In re Ford*, 296 B.R. 537 (Bankr. N.D. Ga. 2003) (denying annulment when it would mean "61 year old man with physical and mental difficulties will lose his home in which he has resided for 24 years and in which there is significant equity" and no competing equities in favor of annulment).

22.  Here, annulling the stay is a relatively low-stakes proposition, as the only act that has been taken so far is Comcast's filing of the Sanctions Motion. However, equity favors granting annulment.  If the Court were to only grant prospective stay relief, the only practical impact would be that Comcast would need to re-file its Sanctions Motion.  Therefore, annulment promotes judicial efficiency in the District Court by simplifying the District Court's docket and calendaring process.  Annulment would not affect Debtor's deadlines to respond to

12

the Sanctions Motion as Debtor has already responded to Comcast's Sanctions

Motion notwithstanding Comcast's offer of an extension.

### CONCLUSION

23.     For the foregoing reasons, Comcast requests that the Court grant its

Motion and hold that the Sanctions Motion is exempt from the automatic stay.

Alternatively, if the Court determines that the stay applied and grants relief

therefrom, then Comcast requests that such relief be effective immediately and that

the stay provided in Bankruptcy Rule 4001(a)(3) does not apply.

### No Previous Request

No previous requests for relief have been made by Comcast.

### Notice

Comcast has provided notice of this Motion to (i) the Chapter 7 trustee; (ii)

counsel for the Debtor; (iii) the Office of the United States Trustee; and (iv) all

parties who have filed a request for notice pursuant to Bankruptcy Rule 2002 in

these Chapter 7 cases.

Dated:  January 17, 2014.

**HAWKINS PARNELL THACKSTON
& YOUNG LLP**

*/s/ Carl H. Anderson, Jr.*
Michael J. Goldman

13

11047739v.1

Georgia Bar No.: 300100
Carl H. Anderson, Jr.
Georgia Bar No.: 016320

*Counsel for Movant Comcast Cable*
*Communications Management, LLC*

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone:  (404) 614-7400
Telecopier:  (404) 614-7500
E-mail:      mgoldman@hptylaw.com
            canderson@hptylaw.com

14

11047739v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| BLAIR B. CHINTELLA, | § | CASE NO. 13-73481-bem |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| COMCAST CABLE COMMUNI-CATIONS MANAGEMENT, LLC | § | |
| | § | |
| | § | |
| Movant, | § | **JUDGE ELLIS-MONRO** |
| | § | |
| v. | § | **CONTESTED MATTER** |
| | § | |
| BLAIR B. CHINTELLA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## <u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

The undersigned counsel of records hereby certifies that (s)he has this day electronically filed and served, or caused to be served, the within and foregoing **COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ANNULMENT** in this Case on the Court's CM/ECF System and that he has

1

served a courtesy copy of same upon counsel of record in these proceedings, by electronic filing on the Court's CM/ECF System, and by U.S. First Class Mail as required by instructions supplied on the Court's Electronic Filing Receipt.  The undersigned further certifies that he has provided a copy by electronic mail, or U.S. Mail to the following persons:

**<u>Debtor/Attorney for Debtor:</u>**

Blair B. Chintella, Esq., appearing *pro se*
2483 Shoals Ter.
Decatur, GA 30034
Telephone:  (404) 931-2090
Telecopier:  None listed.
Email:        bchintel1@gmail.com

**<u>Trustee:</u>**

Robert Trauner, Esq.
1 Glenlake Parkway, NE, Suite 700
Atlanta, GA 30328-3496
Telephone:  (678) 638-6397
Telecopier:  (678) 638-6398
Email:        rtrauner9@gmail.com

**<u>U.S. Trustee:</u>**

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303
Telephone:  (404) 331-4437
Telecopier:  None listed.
Email:        None listed.

Dated:  January 17, 2014.

**HAWKINS PARNELL THACKSTON
& YOUNG LLP**

*/s/ Carl H. Anderson, Jr.*
Michael J. Goldman
Georgia Bar No.: 300100
Carl H. Anderson, Jr.
Georgia Bar No.: 016320

*Counsel for Movant Comcast Cable
Communications Management, LLC*

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone:  (404) 614-7400
Telecopier:  (404) 614-7500
E-mail:      mgoldman@hptylaw.com
             canderson@hptylaw.com

3

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| BLAIR B. CHINTELLA, | § | CASE NO. 13-73481-bem |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| COMCAST CABLE COMMUNI- | § | |
| CATIONS MANAGEMENT, LLC | § | |
| | § | |
| Movant, | § | **JUDGE ELLIS-MONRO** |
| | § | |
| v. | § | **CONTESTED MATTER** |
| | § | |
| BLAIR B. CHINTELLA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## NOTICE OF HEARING ON COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ANNULMENT

**PLEASE TAKE NOTICE** that Comcast Cable Communications

Management, LLC ("Comcast"), by and through its undersigned counsel has filed

a Motion for Relief from the Automatic Stay and Annulment ("Motion"). The

purpose of this Motion is so that the District Court can resolve the pending §1927

Motion against the Debtor/Respondent.

1

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on Comcast's Motion in **Courtroom 1402, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia** on **February 11, 2014 at 9:30 a.m.**

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Spring Street, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on Comcast's Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty (30) days of filing the motion and agrees to a hearing on the earliest possible date.

Dated:  January 17, 2014.

HAWKINS PARNELL THACKSTON
& YOUNG LLP

*/s/ Carl H. Anderson, Jr.*
Michael J. Goldman
Georgia Bar No.: 300100
Carl H. Anderson, Jr.
Georgia Bar No.: 016320

*Counsel for Movant Comcast Cable*
*Communications Management, LLC*

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone:  (404) 614-7400
Telecopier:  (404) 614-7500
E-mail:        mgoldman@hptylaw.com
                 canderson@hptylaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| BLAIR B. CHINTELLA, | § | CASE NO. 13-73481-bem |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| COMCAST CABLE COMMUNI-CATIONS MANAGEMENT, LLC | § | |
| | § | |
| | § | |
| Movant, | § | **JUDGE ELLIS-MONRO** |
| | § | |
| v. | § | **CONTESTED MATTER** |
| | § | |
| BLAIR B. CHINTELLA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned counsel of records hereby certifies that (s)he has this day

electronically filed and served, or caused to be served, the within and foregoing

**NOTICE OF HEARING ON COMCAST CABLE COMMUNICATIONS**

**MANAGEMENT, LLC'S MOTION FOR RELIEF FROM THE**

**AUTOMATIC STAY AND ANNULMENT** in this Case on the Court's CM/ECF

1

11047739v.1

Case 1:18-cv-00262-WCO Document 1-1 Filed 01/17/18 Page 22 of 23
Case 17-54812-bem Doc 103 Filed 11/14/18 Page 22 of 23 Desc Main
Document     Page 22 of 23

System and that he has served a courtesy copy of same upon counsel of record in these proceedings, by electronic filing on the Court's CM/ECF System, and by U.S. First Class Mail as required by instructions supplied on the Court's Electronic Filing Receipt. The undersigned further certifies that he has provided a copy by electronic mail, or U.S. Mail to the following persons:

**Debtor/Attorney for Debtor:**

Blair B. Chintella, Esq., appearing *pro se*
2483 Shoals Ter.
Decatur, GA 30034
Telephone:  (404) 931-2090
Telecopier:  None listed.
Email:        bchintel1@gmail.com

**Trustee:**

Robert Trauner, Esq.
1 Glenlake Parkway, NE, Suite 700
Atlanta, GA 30328-3496
Telephone:  (678) 638-6397
Telecopier:  (678) 638-6398
Email:        rtrauner9@gmail.com

**U.S. Trustee:**

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303
Telephone:  (404) 331-4437
Telecopier:  None listed.
Email:        None listed.

Dated:  January 17, 2014.

**HAWKINS PARNELL THACKSTON
& YOUNG LLP**

*/s/ Carl H. Anderson, Jr.*
Michael J. Goldman
Georgia Bar No.: 300100
Carl H. Anderson, Jr.
Georgia Bar No.: 016320

*Counsel for Movant Comcast Cable
Communications Management, LLC*

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone:  (404) 614-7400
Telecopier:  (404) 614-7500
E-mail:       mgoldman@hptylaw.com
              canderson@hptylaw.com

3