## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 2:12-cv-00262-WCO |
| | : | |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

### Defendant's Notice of Supplemental Objection

COMES NOW, Rajesh Patel, by and through counsel, filing this

**Defendant's Notice of Supplemental Objection**, showing the Court as follows:

### Summary

On July 2, 2013, the Court permitted the parties sixty days of discovery.

[#39].  Between July 17, 2013 and August 2, 2013, Plaintiff was served with:

| Date Served | Title | ECF # |
|---|---|---|
| 7/17/2013 | Defendant's First Interrogatories | 41 |
| 7/17/2013 | Defendant's First Request for Production | 42 |
| 7/30/2013 | Defendant's Revised First Request for Admissions | 54 |
| 7/30/2013 | Defendant's Second Request for Admissions | 55 |
| 7/30/2013 | Defendant's Second Interrogatories | 56 |
| 7/30/2013 | Defendant's Second Request for Production | 57 |
| 7/31/2013 | Defendant's Third Request for Production | 58 |

1

| 8/2/2013 | Defendant's Third Request for Admissions | 59[1] |
|---|---|---|

On July 30, 2013, only two weeks after discovery began, Plaintiff filed a

"Motion for Protective Order." [#46]. The motion did not attach the pertinent

written discovery but did reference the certificates of service located at #41 & 42.

*Id*. And three subpoenas *were* attached to the motion but their respective

attachments describing what was being subpoenaed were omitted:

| Subpoena | Issue/Service | Deadline | Citation/ECF # |
|---|---|---|---|
|  |  |  |  |
| Comcast | 7/10/2013 | 7/31/2013 | ECF #46-1 |
| Domains by Proxy, LLC | 7/10/2013 | 7/31/2013 | ECF #46-1 |
| GoDaddy, LLC | 7/10/2013 | 7/31/2013 | ECF #46-1 |

Plaintiff's motion asked the Court to strike the entirety of Defendant's "third-party

discovery" and to limit "the matters upon which Defendant seeks discovery" to

"Plaintiff's standing to have initiated this lawsuit." [#46, p.1].

On August 1, 2013, the Court denied Plaintiff's motion stating that Plaintiff

did not "attach the allegedly overbroad discovery requests or even point to the

specific requests it finds objectionable," and that the motion failed to comply with

Rule 26(c)(1)'s "meet and confer" requirement. ECF # 50, page 3. In a footnote,

the Court also reasoned that "it is impossible to evaluate the merits of plaintiff's

---

[1] The certificates of service were not filed on the same date as service, but were filed "within a reasonable time after service" in accordance with Fed. R. Civ. P. 4(d).

objection since it fails to specifically articulate why defendant's requests are irrelevant . . ." *Id*, page 4, fn. 1.

On August 13, 2013, Plaintiff filed a motion titled "Motion for Protective Order with Motion to Quash and Motion to Seal." [#60]. Attached to the motion was the *entirety* of the written discovery served on Plaintiff up until that point. Yet the requests for admission *did not* contain their respective attachments specifying what was to be admitted or denied. *See* ECF #60-1, 60-4, 60-7, 60-9. Several subpoenas were also attached (discussed below). #60-10 through 60-13.

Defendant responded on August 14, 2013, parroting the Court's prior ruling that "conclusory objections" were insufficient and also arguing *inter alia* that Defendant "repeated the same mistake in its first motion by not attaching the necessary documents that a large portion of its Motion seeks to address." ECF #61, p.6-7. Defendant also argued that that Plaintiff did not have standing to quash subpoenas targeting non-parties and that Plaintiff has the burden of establishing standing. [#61, p.7-8].

On August 26, 2013, while its #60 motion was still pending, Plaintiff filed a motion that titled a "Motion to Quash." [#68]. In summary, the following subpoenas were attached to the ECF #60 and #68 motions:

| Subpoena | Attached – ECF #60? | Attached – ECF #68? |
|---|---|---|

| Comcast – 7/25/13 | No. | No. |
|---|---|---|
| Hansmeier – 8/4/13 | Yes - #60-10 | Yes - #68-5 |
| Lutz – 8/4/13 | Yes - #60-11 | Yes #68-6 |
| Biz Xpress – 8/7/13 | Yes - #60-12 | No. |
| Heartbreaker Digital – 8/7/13 | No | Yes - #68-7 |
| Comcast – 8/8/13 | Yes - #60-13 | Yes - #68-8 |
| Google – 8/16/13 | No. | Yes - #68-1 |
| Google – 8/20/13 | No. | Yes - #68-2 |
| Atlantic Broadband – 8/20/13 | No. | Yes - #68-3 |
| Domains by Proxy– 8/20/13 | No. | Yes - #68-4 |

Noticeably absent from both motions was the 7/25/2013 subpoena served on

Comcast.

On August 30, 2013, Defendant, through local counsel, filed a motion in the

United States District court for the District of Minnesota regarding the subpoena

served on Mr. Hansmeier.  *See AF Holdings, LLC v. Rajesh Patel*, DMN, 0:13-mc-

00068-JNE-FLN.  Notice of the filing of this motion stated that "Defendant intends

to respond to [ECF #68] by the response deadline of September 12, 2013."  *Id*, p.1.

On September 3, 2013, Defendant filed a notice in this action regarding the

Minnesota Action.  [ECF #73].

On September 5, 2013, Defendant filed a motion to compel regarding his

first interrogatories [#74] and first requests to produce [#75], as well as a motion

for sanctions for Mr. Lutz's failure to attend his deposition [#76].

On September 11, 2013, the Court issued a broad injunction order that

specifically listed the following docket entries [#82, p.1-2]:

| ECF # | Date Filed | Title |
|---|---|---|
| 16 | 4/6/2013 | Defendant's Motion for Sanctions |
| 20 | 4/20/2013 | Plaintiff's Cross-Motion for Sanctions and Response to Defendant's Motion for Sanctions |
| 21 | 4/20/2013 | Plaintiff's Cross-Motion for Sanctions and Response to Defendant's Motion for Sanctions |
| 25 | 5/6/2013 | Defendant's Response to Defendant's [*sic*] Motion for Sanctions |
| 26 | 5/6/2013 | Plaintiff's Reply to Defendant's Response to Plaintiff's Cross-Motion for Sanctions |
| 30 | 5/9/2013 | Defendant's Motion to Strike and for Sanctions |
| 32 | 5/22/2013 | Response in Opposition to Defendant's Motion to Strike and Defendant's Motion for Sanctions |
| 60 | 8/13/2013 | Plaintiff's Second Motion for Protective Order with Motion to Quash and Motion to Seal |
| 61 | 8/14/2013 | Defendant's Response [ECF #60] |
| 62 | 8/15/2013 | Plaintiff's Reply to [ECF #61] |
| 63 | 8/19/2013 | Defendant's Motion for Civil Contempt Against Non-Party Comcast[2] |
| 68 | 8/26/2013 | Plaintiff's Motion to Quash |
| 72 | 8/30/2013 | Non-Party Comcast Cable Communications Management, LLC's Opposition to [ECF #63] |
| 74 | 9/5/2013 | Defendant's Motion to Compel a Response to Defendant's First Interrogatories and for Sanctions |
| 75 | 9/5/2013 | Defendant's Motion to Compel a Response to Defendant's First request for Production and for Sanctions |
| 76 | 9/5/2013 | Defendant's Motion for Sanctions for Mark Lutz's Failure to Appear at his Deposition |
| 78 | 9/6/2013 | Affirmation in Opposition and Response to Defendant's Motion for Sanctions and Motions to Compel |
| 79 | 9/6/2013 | Affirmation in Opposition and Response to Defendant's Motion for Sanctions and Motions to Compel |

---

[2] The motion filed against Comcast a non-party was also listed.

| 80 | 9/6/2013 | Affirmation in Opposition and Response to Defendant's Motion for Sanctions and Motions to Compel |
|---|---|---|

The order stated that "[t]he court believes that the current motions *on the table* are

sufficient to articulate both sides' alleged grievances." *Id*, p.2 (emphasis added).

It also stated that it would "set a hearing on *all pending motions* in the near future."

*Id* (emphasis added).  When this order issued, all of the above motions were still

"on the table" – i.e. "pending" – including ECF #68.

The order also stated that the "court does not believe that further motions *or*

*responses* would serve to meaningfully advance the litigation at hand."  *Id*, p.2

(emphasis added).  At the time, the following response deadlines had not lapsed:

| ECF # | Service Date | Response Deadline |
|---|---|---|
| Plaintiff's #68 | 8/26/2013 | 9/12/2013 |
| Defendant's #74 | 9/5/2013 | 9/23/2013 |
| Defendant's #75 | 9/5/2013 | 9/23/2013 |
| Defendant's #76 | 9/5/2013 | 9/23/2013 |

With that being said, Plaintiff had already responded to ECF #74, 75, and 76 prior

to the injunction.  S*ee* ECF #78, 79, and 80.  Therefore, **the only remaining**

**response deadline was regarding ECF #68**, Plaintiff's "Motion to Quash."

Defendant did not file a response to ECF #68 the following day and this was

the sole reason to grant Plaintiff's ECF #68, apparently[3] quashing some of the subpoenas: "Defendant did not file a response within fourteen days, so plaintiff's motion to quash is granted."  ECF #90, p.8.

Defendant did not file a response to ECF #68 because of the following statements that he believed were part of the ECF #82 injunction:

- ". . . the current motions on the table are sufficient to articulate both sides' alleged grievances."

- ". . . court does not believe that further motions or responses would serve to meaningfully advance the litigation at hand."

- "The court will set a hearing on all pending motions in the near future."

Defendant believed that these statements conflicted with the following statement creating an ambiguity and/or vagueness in the order:

- ". . . plaintiff and defendant hereby **ENJOINED** from filing a *motion* of any kind without the court's prior approval."

(emphasis added).  The District Court has the power to construe and interpret the language of its original orders.  *S.E.C. v. Hermil, Inc.*, 838 F.2d 115 (11th Cir.

---

[3] Defendant uses the term "apparently" because the order ECF #90 granted ECF #68 and denied ECF #60, both of which had some of the same subpoenas attached to them.  For example, the subpoena served on Mr. Lutz was attached to both motions.  *See* ECF #60-11 & #68-6.  Moreover, the order stated that "The remaining subpoena to Mark Lutz is valid" despite granting a motion by Plaintiff seeking to quash or for a protective order regarding it.  ECF #90, p.7-8.

1988).  When a court order is ambiguous, is meaning must be determined by what preceded it and by what it was intended to execute.  *In re International Administrative Services, Inc.*, 408 F.3d 689 (11th Cir. 2005).  In an attempt to reconcile (and ultimately comply with) the injunction, Defendant came to the following conclusions:

- The Court stated that it would hold a hearing on all "pending" motions in the "near future," which would categorically include ECF #68. Therefore, filing a response was enjoined.

- The Court had determined that "current motions on the table" were sufficient to "articulate both sides' grievances," which would include ECF #68 since it was "on the table" at the time.  This statement, in conjunction with the court's statements that "further motions or responses" would not "advance the litigation at hand," meant that a response to ECF #68 was not "necessary," and in fact, was enjoined.

- Previously, in denying Plaintiff's first motion [ECF #46], the Court *sua sponte* ruled that "conclusory and vague objections"[4] were insufficient. ECF #50.  Therefore, it was already aware of Plaintiff's attempt to stymie discovery with vague and conclusory objections.  Therefore, filing a response to ECF #68 was enjoined.

- In responding to Plaintiff's second similar motion [#60], he had already raised the argument regarding vague and conclusory objections, even giving examples: "substantial likelihood of perceived harm" and "very

---

[4] *See* ECF #50, p.3 ("plaintiff states simply that defendant's discovery requests are 'vast in scope and represent nothing more than a fishing expedition.'")

8

high burden upon the Plaintiff." ECF #61, p.6-7 [5]  Therefore, the Court was *doubly* aware that this was Defendant's position, especially considering that ECF #68 had attached to it many of the same things as ECF #60; therefore, the injunction prohibited a response to ECF #68.

- ECF #68 contained similar vague and conclusory statements as ECF #46 and ECF #60.  Therefore, the Court's statement that's that the "current motions are the table . . . are sufficient" and "the court does not believe that further motions or responses would serve to meaningfully advance the litigation at hand" clearly applied and Defendant was enjoined from filing a response to ECF #68.  Examples in ECF #68 include:

  o "these subpoenas are issued for the sole purpose of gathering information of third parties and the undersigned and putting them in display on . . . websites . . ." (p.3)
  o "seek out documents believed to be covered by the attorney-client privilege" (p.1)
  o "Unless he can demonstrate that he is admitted in CA, the subpoena is defective" (p.1)
  o ". . . the subpoena appears to be issued by Nicholas Ranallo but is not signed by Mr. Ranallo." (p.2)
  o "Although Google is located in California, the production is to be made in Georgia, otherwise it cannot be authenticated."  (p.2).
  o "The same objections go for **Exhibits B, C, D, E F and G**."  (p.3)[6]

---

[5] And the Court's denial of ECF #60 in part relied on this.  *See* ECF #90, p.11 ("plaintiff failed to oppose defendant's motions to compel beyond claiming that any discovery is excessive.").

[6] Taken literally, this objection means that whatever objections might apply to the Google subpoena apply to all other subpoenas encompassed by the motion?  By trying to make a blanket objection rather than address the differences between the subpoenas, Plaintiff's objection is even more vague and conclusory  Moreover,

In short, Based on (1) the vague and conclusory statements in ECF #68 that essentially mimicked prior attempts to stymie discovery (2) the Court's previous *sua sponte* denial of ECF #46 on such grounds, and (3) Defendant already having raised this argument in response to ECF #60 (*See* ECF #61), Defendant concluded that filing a response to ECF #68 was prohibited by the injunction, especially since a hearing would be held on all "pending" motions in the "near future," which would categorically include ECF #68.  ECF #82, p.2.[7]  A hearing on all "pending" has not been held in this case thus far, and the Court's December 18, 2013 order disposed of several motions that were listed on injunction order #82.

On September 17, 2013, less than a week after the injunction issued, Defendant had filed a "Motion for Permission to File Motion(s)" as a precautionary measure, believing that a hearing regarding ECF #68 would be held in the "near future" as stated in ECF #82.  *See* ECF #84.  In this motion, Defendant raised the issue of the Court's jurisdiction to quash out-of-state subpoenas issued by other courts.  ECF #84, p.6.  The motion also briefly pointed what he viewed as

---

there were not any exhibits attached as exhibits "B" through "G," making it impossible to definitively determine what subpoenas were being talked about.
[7] Other arguments were already raised in response to ECF #60 that Defendant understood the Court to enjoin *inter alia*, a response to ECF #68; for example, argument as to standing (ECF #61, p.7) or the argument that necessary documents were not attached, *id*.

conflicting statements,[8] ECF #84, p.4, and asked for clarification regarding the "filing of motions/response" even asking whether the injunction applied to "'motions' and 'responses' filed in other jurisdictions. *Id*, p.6-7. Defendant attached as Exhibit C a summary of the deadlines pursuant to the local rules of various jurisdictions where subpoenas had been served. *Id*, p.9.

On September 30, 2013, apparently confused as well, Plaintiff electronically filed a letter to the Court asking for permission to file a "response" as well as a cross-motion. *See* ECF #86.

On December 18, 2013, the Court denied ECF #60, granted ECF #68, and denied ECF #84 (without discussion). *See* ECF #90. *Danley v. Allen*, 480 F.3d 1090 (11th Cir. 2007) ("orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.").

On December 31, 2013, Comcast filed a motion for sanctions against counsel for Defendant ("Chintella"). ECF #93. On January 9, 2014, Chintella sought clarification as to whether Comcast's sanctions motion would be heard at the January 28th hearing, ECF #96, and filed an objection he following day citing the existence of the automatic stay. ECF #97.

---

[8] "a motion of any kind without the court's prior approval" and that no "further motions or responses would serve to meaningfully advance the litigation at hand."

On January 13, 2014, the Court in Minnesota granted Defendant's motion in Minnesota compelling Mr. Hansmeier to comply with the subpoena but denying contempt.  Minnesota Action, ECF #14.  On January 16, 2014, Defendant filed a notice in this court stating his intention to notify the Minnesota Court of a possible conflict, and stating further that "Defendant does not intend to seek to admit as evidence or otherwise use such information at the upcoming hearing unless/until this court, before or during the hearing gives Defendant explicit permission to do so."  ECF #102, page 1.  Later that day, Defendant's local counsel e-mailed a letter to the Minnesota Court regarding the possible conflict.  Mr. Hansmeier subsequently filed on the docket in the Minnesota Action a letter regarding the same issue.  Minnesota Action, ECF #15.  Defendant was subsequently given permission to file the letter on the docket and did so on January 21, 2014. Minnesota Action, ECF #16.

On January 14, 2014, Defendant and counsel for Defendant responded to a sanctions motion that Comcast filed against him.  ECF #98 & 100.  In this motion, Chintella again raised the issue of some potential confusion regarding ECF #60, #68 and the Court's December 18, 2013 order.  *Id*.  The response also notified the Court in good faith the confusion that the order was having in Minnesota in connection with a motion filed there regarding the subpoena served on Mr.

12

Hansmeier; for example, the Minnesota District Court's initial interpretation that Plaintiff lacked standing to quash a subpoenas served on a non-parties.  ECF #98 & 100, p.7 and Exhibit J.  Defendant also notified the Court in good faith of the steps that he took in Minnesota regarding the potential conflict between the two orders.  ECF #102.  Following this, a second order was then issued in Minnesota stating that the subpoena served on Mr. Hansmeier was quashed by the October 19, 2013 order, which caused more uncertainty.

Due to the continuing confusion, Defendant filed a "Notice of Objection" on January 21, 2014 in another attempt to obtain clarification.  *See* ECF #104, p.3-4. The next day, in a personal letter addressed to the Court that was filed electronically, Mr. Nazaire questioned the propriety of this objection by stating that he would "like to know whether or not such a filing violates Order #82."  ECF #105.

On January 16, 2014, the Court issued an order regarding Comcast's sanctions motion stating that "it is inappropriate for the court to allow a judicial proceeding against a debtor in an ongoing bankruptcy case."  ECF #101.  The next day, Comcast filed a motion in Chintella's bankruptcy case seeking a determination that the automatic stay did not apply or alternative an order for relief, *see* ECF #103-1, and subsequently commenced an adversary proceeding

13

against him (#14-05027-bem) ("Adversary Proceeding").

A hearing was held in this case on January 28, 2014, *see* ECF #91, at which Mr. Nazaire was allowed to withdraw and Plaintiff was ordered to find new counsel within ten days and the Court stated that a continuation of the hearing would be "rescheduled shortly." ECF #109.[9] On February 7, 2014, exactly ten (10) days after the hearing, the Clerk entered a notice on the docket stating that it had received a *pro hac vice* application for Mr. Duffy to represent Plaintiff, Dkt. Entry entered at 3:44 PM EST, but the Court did not approve the application until September 11, 2014. ECF #115.

In the meantime, Comcast and Chintella continued to litigate in the Bankruptcy Case and the Adversary Proceeding while Mr. Nazaire was apparently on deployment. During this time, evidence is submitted to the United States Court of Appeals for the Seventh Circuit supporting the argument that Prenda law and its principals John Steele and Paul Hansmeier are hiding assets while simultaneously claiming an inability to pay sanctions awards connected with their frivolous litigation (luckily discovered by Defendant).[10] Exhibits G and H. On December

---

[9] The Court also stated at the hearing that failing to find substitute counsel might result in a "default" being entered.

[10] regarding a recent opinion affirming the District Court's finding *inter alia* that Paul Duffy, John Steele, and Paul Hansmeier are the principals of Prenda and were intimately involved this nation-wide campaign of litigation. *See* ECF #114-5.

29, 2013, a certificate was finally filed in this case listing Prenda Law, Inc. and Paul Duffy as having an interest in this case.  ECF #92.  Exhibits G and H are from the appeal in the *Lightspeed* case, the same case that Defendant requested judicial of an opinion entered finding *inter alia* that Paul Duffy, John Steele, and Paul Hansmeier are the principals of Prenda Law, Inc. and oversaw its nationwide campaign of litigation.  *See* ECF #114-5.  The November 13, 2014 hearing in this case was partially continued because of the November 12, 2014 hearing in that case upon remand.  *See* ECF #119-2.

Thus, it appears that while Plaintiff was trying raising issues with the Court and trying to get clarification, Plaintiff's attorneys ultimately controlling it were possibly intentionally stalling discovery and moving assets.

In the bankruptcy court, similar to the issues raised in this Court, there was conflicting briefing regarding the subpoenas served on Comcast, which motions filed by Plaintiff pertained to which subpoenas, and the scope and meaning of the Court's orders.  This confusion was pointed out by the Bankruptcy Court itself at one point.  For example, the Bankruptcy Court's order at ECF #44, p.4 quoted language in the ECF #90 order and characterized Comcast's position as follows: "Apparently relying on this language, Comcast filed the Sanctions Motion under 28 U.S.C. § 1927 . . .. *Id.*

15

The Bankruptcy Court reiterated this Court's statement in ECF #101, p.2 that "it is inappropriate for the court to allow a judicial proceeding against a debtor in an ongoing bankruptcy case." *Id* at 4-5. It then discussed (but did not decide) whether the "governmental unit" prong was satisfied with respect to Comcast's motion, but it did rule that the second prong *was not* satisfied – namely, that an action be "undertaken in exercise or for enforcement of the court's police or regulatory power." *Id* at 8.

On July 7, 2014, counsel for Defendant filed a motion seeking clarification of this order. ECF #46 in the Bankruptcy Case. On August 13, 2014, the Bankruptcy Court clarified that its order "did not express any opinion or make any ruling regarding the underlying litigation, discovery disputes or hearings held or to be held in the District Court." ECF #50, p.2 in the Bankruptcy Case.[11]

On October 12, 2014, Debtor received his bankruptcy discharge nearly a full year after filing for Chapter 7 bankruptcy protection. ECF #56 in the Bankruptcy Case. On October 27, 2014, Comcast notified this Court that a settlement had been reached, withdrew its sanctions motion in this case, ECF #117, dismissed the Adversary Proceeding, Case No. 14-05027, ECF #17, and withdrew its motion in

---

[11] On November 14, 2014, Mr. Nazaire attached this order as ECF #126-3 in arguing that Plaintiff's requests to file motions for disobedience to the Court's orders should be denied.

the Bankruptcy Case, #13-73481, ECF #59.

Between the Court order permitting Mr. Nazaire to withdraw as counsel and Mr. Duffy's application for *pro hac vice* admission, there was a period of approximately seven months where Plaintiff did not have counsel of record and local counsel had not filed a notice of appearance on the docket.[12]  On or around the beginning of September, 2014, not having received a notice from the Clerk's office regarding the status of Mr. Duffy's application for *pro hac vice* admission and not sure the extent that he could discuss the case's discovery-related issues in particular with Mr. Duffy or Mr. Delus, Defendant contacted the Clerk's office as well as the Court's Deputy to check on the status of the application.[13]  Also, on September 3, 2014 he sent a general e-mail regarding possible settlement to Mr. Duffy and Ms. Delus.  Exhibit A.

Mr. Duffy responded on September 3, 2014 stating in full:

> As you know I am not attorney of record in this case.  Do not send me messages (under your name or pseudonyms) unless and until I am.  Also, please stop harassing my family.

Exhibit B.  Defendant asked for an explanation for this accusation but Mr. Duffy

---

[12] ECF #110 is Mr. Duffy's application filed by Ms. Delus, for example, but a separate notice of appearance is not filed.

[13] At this juncture the Court could very well have denied Mr. Duffy's *pro hac vice* application.

did not provide one.  Defendant then asked Mr. Duffy about the status of his

application for *pro hac vice* admission, Exhibit C, but did not receive a response.

Defendant did receive a response from Ms. Delus, however, on September 5, 2014,

stating that she would discuss this matter with Mr. Duffy.  Exhibit F.

On September 11, 2014, the Court granted "with reservation" Mr. Duffy's

application.  ECF #115.  The Court also stated that it did not immediately

reschedule the January 28th hearing because "[r]ather than conduct piecemeal

proceedings, the court elected to refrain from continuing the hearing until after the

expiration of Mr. Nazaire's tour of active duty."  *Id*.  The order also rescheduled to

November 13, 2014, *id*, which was continued to November 20.  ECF #121.

Defendant respectfully files this notice of supplemental objections:

Shortly after the September 11, 2013 injunction, Defendant sought clarification

regarding the order and/or permission to file motions and responses.  In its

December 18, 2013 order, the Court denied this motion without explanation and

despite no opposition from Plaintiff.  This confusion was compounded by the fact

that the Minnesota District Court initially interpreted this Court's order as holding

that Plaintiff lacked standing to challenge the third-party subpoena but later

changed its order.  Defendant raised this issue as well as the issue of jurisdiction

again when notifying the Court of the Minnesota proceeding and in filing his

18

objection in January, 2014, which specifically highlighted the importance of several Google subpoenas as well as the jurisdictional issue. The notices of electronic filings in this case, for example, show that these notices were also going to "docket@wefightpiracy.com," and e-mail address used by Prenda Law, Inc. and owned by John Steel pursuant to evidence provided by Godaddy.com, LLC in this case. This very important issue was not addressed either before or after January 28th hearing.

And even if Defendant did not properly raise this issue, a court must address its jurisdiction"regardless of whether any objection is raised by the parties. See, e.g., *Rembert v. Apfel*, 213 F.3d 1331, 1333-34 (11th Cir.2000) ("As a federal court of limited jurisdiction, we must inquire into our subject matter jurisdiction sua sponte even if the parties have not challenged it."); *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999) (jurisdiction "cannot be waived or otherwise conferred upon the court by the parties")." *Woodne v Board of Regents University System of Georgia* (11th Cir., 2001), No. 00-14322, May 1, 2001.

Whether the injunction applied to in-state subpoenas or out-of-state subpoenas was also not addressed at any point, which created confusion as to what information was properly obtained, could be used as evidence, as highlighted by

19

Comcast's sanctions motion and Chintella's bankruptcy proceedings.  For example, the December 18, 2013 simultaneously granted and denied two motions that had some of the same discovery devices attached to them, and some of which had already been filed on the docket and for which Plaintiff has not objected to or asked permission to file a motion to seal.  *See generally* the exhibits to ECF #61 containing the Godaddy and Domains By Proxy, LLC production.

Another example, the Court's December 18, 2013 order states that Comcast's non-compliance with the 7/25/2013 subpoena was justified even though this particular subpoena was not attached to either of Plaintiff's ECF #60 and #68 motions.  Clarification was sought several times as time passed in Defendant's case and the litigation between Comcast and Chintella began to ramp up.  And this issue remains unclear.  Was the 7/25/2013 subpoena encompassed by ECF #60 or #68 even though it was not attached?  Was its inclusion in ECF #60 #68 that made Comcast's non-compliance "justified" or was it something else?  ECF #60 was denied and ECF #68 was granted, neither had this subpoena attached to them.  Both motions had some of the same discovery attached to.

On page 6 of the December 18, 2014 order it characterizes ECF #60 as objecting to "three third-party subpoenas and a subpoena to plaintiff's corporate representative, Mark Lutz" – for a total of four subpoenas – which matched the

20

number of subpoenas actually attached to the motion.  Based off of this, it
appeared that what subpoenas were encompassed by Plaintiff's respective motions
was determined, in the Court's view, by what was actually attached to them.
Defendant asked for clarification based in part because of this, giving as an
example the Court's ruling Comcast's non-compliance was justified even though
the 7/25/2013 subpoena was not attached to ECF #60 or #68.  Defendant could not
have gauge how the Court was interpreting Plaintiff's motions so as to file an
appropriate objection or request to file a motion (a motion for reconsideration, for
example).  Defendant attempted to raise this issue several times, and would have
raised it again sooner except for the fact that Plaintiff was without counsel of
record for approximately seven months and no attorney had filed a notice of
appearance as required by the local rules.  Most recently, Defendant has filed ECF
#124 and #125, not sure of whether permission was required before including in
the "supplemental brief" granted in the December 18, 2013 order facts concerning
Plaintiff's continued failure to comply with discovery as well as obedience to the
Court's order compelling compliance, of if this is something that Defendant must
file a separate motion regarding after obtaining the Court's permission?

Until the Court granted Mr. Duffy's application, it very well could have
been denied, in which case the Court may have entered a "default" as it forewarned

at the January 28, 2014 hearing.  Therefore, Defendant was left in the pickle of not

having clarification regarding any of the issues raised,[14] not having an attorney of

record to work with while Mr. Duffy's application was pending for seven months.

Local Rule 83.1D(1) states that an attorney "must file a notice of appearance with

the clerk" when they file a "subsequent leading or paper on behalf of a party."  The

consequence is that "[a]n attorney whose appearance has not been previously

noticed will not be permitted to represent a party at trial or in any other court

proceeding until the attorney has filed a notice of appearance with the clerk."  *Id*.

The docket does not reflect a notice of appearance being filed by Ms. Delus.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) (failure to rule

on significant pretrial motions before issuing dispositive orders can be abuse of

discretion).

The Federal Rules of Civil Procedure were amended on December 13, 2013.

At this time the subpoenas in this case had already been served and their

compliance deadlines had lapsed and the old version of Fed. R. Civ. P. 45 applied

under 28 U.S.C. § 2074.  *Galustian v. Peter*, 591 F.3d 724, 730 n.4 (4th Cir. 2010)

(applying version of Rule 15(a) setting forth time to amend as of right that was in

effect when the plaintiff made its motion to amend); *Roberts ex rel. Johnson v.*

---

[14] Except the issue of whether the automatic stay applied to Comcast's motion.

*Galen of Virginia, Inc.*, 325 F.3d 776 (6th Cir. 2003) (applying pre-2000 version of Rule 37 were all relevant discovery was conducted before effective date of amendments and the district court's Rule 37 order denying sanctions was issued on November 30, 2000).  Precedent interpreting the pre-amendment Rule 45 held that only the issuing court has jurisdiction to quash a subpoena.

The initial injunction was overbroad in that it prohibited Defendant from filing any motion whatsoever without prior permission from the Court, without a history of filing frivolous motions in this case.  Litigiousness alone does not support such a broad injunction, an injunction that essentially required Defendant to telegraph his litigation strategy by filing a request to file a motion, which may or may not be granted, based on criteria that was not specified.  If the injunction was not initially overbroad it became so when objections were made and clarification was sought over the following months, especially on or after the January 28, 2014.

The injunction was also improper initially or became improper so when  at some point after when a hearing was not held on all "pending" motions as stated in the injunction.

The issue of the Court's subject matter jurisdiction regarding the subpoenas was not addressed and cannot be waived even if Defendant was not actually enjoined from filing a response to ECF #68.  Subpoenas are the process of the

Court that issues them.

The Court ruled that Plaintiff lacked standing to quash subpoenas served on non-parties but in the same order apparently granted Plaintiff's motion regarding multiple third-party subpoenas.  Standing is an issue that cannot be waived, and it was not waived by Defendant because it was raised *inter alia* in response to ECF #60, which was sufficient under the language of the #82 injunction.  Or this non-waiver became clear after clarification was sought and objections were made.

There was no discussion in the December 18, 2013 nor afterwards regarding the refusal to provide clarification at that time or when the issue was subsequently raised again.  *See Danley v. Allen*, 480 F.3d 1090 (11th Cir. 2007) ("orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.").

And even if the history of this litigation leads to the conclusion that granting ECF #68 was proper, it is contrary to the intent of the Federal Rules of Civil Procedure.  *See Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities.").


Respectfully submitted November 18, 2014:

24

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 931-2090
No fax.
bchintel1@gmail.com

**IN THE UNITED STATESDISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

AF HOLDINGS, LLC         :
                                  :
              Plaintiff,       :
                                  :
v.                             :    Civil Action No.
                                  :    2:12-cv-00262-WCO
RAJESH PATEL,         :
                                  :
              Defendant.     :

**<u>Certificate of Service</u>**

I hereby certify that on November 18, 2014, I filed the **Defendant's Notice of Supplemental Objection** using the Court's CM/ECF system, which will e-mail a copy to the following persons/parties:

**Jacques Nazaire; Comcast; Plaintiff**

Dated November 18, 2014:

                                  Respectfully Submitted:

                                _____*/s/ Blair Chintella*_____
                                Blair Chintella
                                GA Bar No. 510109
                                2483 Shoals Ter.
                                Decatur, GA 30034
                                (404) 931-2090
                                No fax.
                                bchintel1@gmail.com