UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **AF HOLDINGS, LLC,**  *Plaintiff,*  *v.*  **RAJESH PATEL,**  *Defendant*. | Civil No. 2:12-cv-00262-WCO |

**PLAINTIFF AF HOLDINGS, LLC'S OPPOSITION TO DEFENDANT RAJESH PATEL'S MOTION FOR LEAVE TO FILE A MOTION FOR CONTEMPT AND MOTION FOR LEAVE TO FILE MOTIONS TO COMPEL AND FOR SANCTIONS**

Plaintiff AF Holdings LLC respectfully opposes Defendant Rajesh Patel's motions for leave to file a motion for contempt and request for leave to file a motion to compel and for sanctions. (Dkts. 124, 125.) AF Holdings believes it has fully complied with the Court's prior orders. To the extent that Patel disagrees, it is revealing that Patel waited nearly one year to raise his concerns.

The timing of Patel's most recent motions—seven days before the continued (and hopefully final) Show Cause hearing—suggests that Patel's motions have nothing to do with legitimate discovery concerns. Instead, Patel's motions appear to be aimed at further extending this multi-year sanctions odyssey. These

proceedings have been enormously burdensome on AF Holdings and have revealed little more than random and irrelevant facts about Mark Lutz's personal life. Perhaps recognizing that the evidence will never support the substance of his accusations, Patel appears to be resorting to a tactic of drawing out these post-dismissal proceedings for as long as possible in hopes of extracting a nuisance settlement from AF Holdings. Indeed, Patel's counsel has been actively soliciting a settlement from AF Holdings. His most recent demand: $90,000.

Nevertheless, AF Holdings acknowledges its obligation to fully comply with all of the Court's orders. To this end, AF Holdings asks that the Court deny Patel's motions and instruct Patel to engage in a meaningful meet and confer with AF Holdings' counsel. Patel's counsel reached out to the undersigned for the first time regarding these issues at 9:53 P.M. on November 13, 2014, i.e., on the very day he filed his requests for leave to file motions. Yet, despite repeated requests from the undersigned for clarification on what items, if any, remain outstanding, Patel's counsel has refused to specifically state what is at issue.

To the extent that Patel identifies a discovery response that slipped through the cracks during the transition of counsel in this matter, AF Holdings will make an expedited effort to respond—just as it would have done if Patel had previously made his concerns known to AF Holdings. AF Holdings has every interest in putting this matter to rest and will not delay in responding.

Patel has not been shy about communicating with AF Holdings for the purposes of demanding money, seeking information about entirely irrelevant topics and requesting continuances of the Show Cause hearing. Yet, he has refused to provide the very information that would allow AF Holdings to address his alleged concerns.

For all of these reasons the Court should deny Patel's request for leave to file another round of sanctions motions.

November 20, 2014                              AF HOLDINGS, Plaintiff

                                                By:   s/ Paul Duffy
                                                                         One of its attorneys
                                                                         Paul A. Duffy, Esq.
                                                                         Duffy Law Group
                                                                         321 N. Clark Street
                                                                         5th Floor
                                                                         Chicago, IL 60654
                                                                         312-952-6136
                                                                         Dated: November 19, 2014