UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>RAJESH PATEL,<br><br>*Defendant*. | Civil No. 2:12-cv-00262-WCO |

## NOTICE OF ORDER

AF Holdings, LLC respectfully submits this Notice of Order to the Court. On November 20, 2014, the Court, acting *sua sponte*, applied offensive, non-mutual preclusive effect to select findings of fact made in an order entered in *Ingenuity13 LLC v. John Doe*, No. 12-cv-8333 (C.D. Cal. May 6, 2013). (*See* Dkt. 135.) In light of this development, AF Holdings, LLC submits this Notice of Order entered in *AF Holdings, LLC v. John Doe*, No. 12-cv-1445 (D. Minn. Mar. 31, 2014).

In the referenced order (which is attached hereto for the Court's convenience) the U.S. District Court for the District of Minnesota concluded that the findings issued in *Ingenuity13* order did not give rise to a finding of misconduct before a third-party court. In overruling a magistrate judge's opposite

conclusion, the district judge found that the "Alan Cooper controversy" was irrelevant to whether AF Holdings LLC owned the copyright in the work, "Popular Demand." The court noted that the requirements of copyright transfer were: (a) a writing; and (b) signed by the assignor, and noted that neither of these requirements was in dispute. The court concluded that the Alan Cooper controversy—even if based in fact—was a separate matter that did not bear on the substance of AF Holdings' copyright infringement allegations.

The reasoning of the district court in Minnesota applies with even greater force in this matter, due to the Eleventh Circuit's decision in *Imperial Residential Design, Inc. v. Palms Dev. Group, Inc.*, 70 F.3d 96 (11th Cir. 1995). In *Imperial Residential*, the Eleventh Circuit made two holdings that are relevant to this case. First, the Eleventh Circuit held that a copyright is transferred if there is a writing signed by the assignor. *Id.* at 99. Neither of those elements is in dispute with respect to the "Popular Demand" copyright. The assignment was written and it was signed by the assignor, Raymond Rogers. Alan Cooper is not associated with the assignor; the controversy surrounding his signature does not bear on the substance of AF Holdings' copyright infringement claims. *See id.*

Second, the Eleventh Circuit held that a copyright owner's later execution of a writing which confirms an earlier oral agreement validates the transfer *ab inito*. *Id*. In other words, a writing signed by a copyright owner memorializing a prior

2

oral understanding will cure defects in standing, <u>even if it is signed after a suit was filed</u>. *See id.* (citing *Great Southern Homes v. Johnson & Thompson*, 797 F. Supp. 609, 611–612) (M.D. Tenn. 1992).

Thus, even if the Court were to completely disregard the assignment of the work, "Popular Demand," (available at Dkt. 1-2), the later executed Raymond Rogers affidavit (available at Dkt. 127-1) would cure any defects in AF Holdings' standing. *See id.* In his affidavit, Rogers states, "It is my understanding that all of the rights associated with the work[] titled … "Popular Demand" (PA 1-754-383) have been transferred to AF Holdings LLC.") (*See* Dkt. 127-1, at ¶ 5.) The affidavit is notarized and has not been challenged in any manner.

November 25, 2014                                AF HOLDINGS, Plaintiff

                                              By:    s/ Paul Duffy
                                                           One of its attorneys
                                                           Paul A. Duffy, Esq.
                                                           Duffy Law Group
                                                           321 N. Clark Street
                                                           5th Floor
                                                           Chicago, IL 60654
                                                           312-952-6136