IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : NO. 2:12-cv-00262-WCO |
| | : |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

## ORDER

Defendant has filed two motions for leave to file [124, 125]. The first seeks to file a motion for contempt related to plaintiff's failure to produce discovery [124]. The second seeks permission to file a motion to compel and a motion for sanctions–also related to allegedly deficient discovery [125].

The court held its first hearing on sanctions in July 2013 [39]. Troubled by evidence presented by defendant, the court authorized a sixty-day discovery period. Over the next sixty days, the litigation devolved as plaintiff refused to produce legitimate discovery responses and defendant appeared incapable of limiting his discovery requests to facts at issue *in this case*. On January 28, 2014, the court held a hearing to address whether plaintiff engaged in sanctionable conduct by filing this suit and whether plaintiff should be subject to sanctions for inadequate discovery

responses. Unfortunately, the hearing ended prematurely due to adverse weather conditions. Over 1.5 years after filing his original motion for sanctions and over ten months after the court held a hearing on discovery-related sanctions, defendant wishes to file additional motions related to discovery violations. Both motions are denied.

Despite a ten-month delay between the January sanctions hearing and the November continuance hearing, defendant did not file a motion for leave to file until the week before the hearing date.[1] As the court repeatedly emphasized during the January hearing, the hearing represented defendant's final opportunity to present his evidence and demonstrate that plaintiff engaged in sanctionable conduct. At the hearing, defendant doggedly stuck to peripheral matters and mentioned the complained-of discovery violations only in passing.

There is no more time. A case originally assigned sixty days of post-judgment discovery has spiraled into 1.5 years of severely flawed discovery and inept advocacy. Defendant had the opportunity to present relevant evidence on these matters and failed to do so. The court has more than indulged defendant's efforts to

---

[1] Defendant may protest to the contrary, but the court's order enjoining the parties from filing any motion without court approval was not remotely ambiguous. According to the order, if a party wanted to file a motion, then that party had to file a motion for leave to file. (Order, ECF No. 82). Defendant appeared to grasp the procedure fairly quickly; he filed a motion for leave to file motions six days after the court's injunction order. (*See* Mot. Leave, ECF No. 84).

establish sanctionable conduct but has reached the limit of what it can allow in good conscience. Further discovery will not occur. Further motions related to the discovery process will not be considered. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Parties are entitled to a reasonable opportunity to investigate the facts, but discovery is not a license to a never-ending exploration of every conceivable matter that captures an attorney's interest. The court will decide on the record before it whether defendant established that plaintiff engaged in sanctionable conduct. Both motions for leave to file [124, 125] are **DENIED**. The court will enter an order resolving the parties' requests for sanctions as soon as practicable.

**IT IS SO ORDERED**, this 16th day of December, 2014.

s/*William C. O'Kelley*
William C. O'Kelley
Senior United States District Judge