IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

### Declaration of Blair Chintella

I hereby swear and affirm that the following statements are true and correct:

1. Attached to form AO 133 regarding costs are true and correct invoices and receipts of amounts paid in this matter for which Defendant is currently seek costs.

2. The subpoenas to the various parties were necessary to this matter primarily in order to uncover/discover relationships between Plaintiff in this action and the individuals John Steele, Paul Hansmeier, Mark Lutz, Paul Duffy (and others) who were secretly controlling Plaintiff and this litigation. For example, records were subpoenaed from GoDaddy in order to uncover who had access to the accounts relating to the Prenda Law Firm website. IP Addresses were taken from this production and subpoenas were sent to the listed ISPs in order to uncover the account holders for the person(s)

accessing the pertinent websites and accounts.  Production from GoDaddy also uncovered customer service calls of John Steele and Paul Hansmeier posing as Mark Lutz.

3. Subpoena(s) served on Domains By Proxy were necessary because the GoDaddy records sometimes listed the registrar as Domains By Proxy, whereas the DBP records showed the true owner/registrar, payments made, etc.

4. Subpoenas served on Right Ascension and CD Universe (and International Video Distributors) were necessary in order to uncover the fact that the purported "Assignor" was still selling copies of the work at issue in this case while Plaintiff was simultaneously claiming that it was not distributing copies.  Along these lines, subpoenas were served on Biz Xpress to uncover the true owners of the purported assignor, which Defendant believed was the same persons controlling Prenda Law as well as Plaintiff.  Subpoenas were also served on Paul Hansmeier and Mark Lutz to discover their relationship with Plaintiff and to establish a business pattern/practice of using shell companies to litigate claims in order to extract settlements.

5. Transcript and deposition costs were necessary in order to hold depositions of Plaintiff as well as Mark Lutz, both of whom did not appear.  Transcripts of hearings in this case were necessary in order to assess legal rights and to

use for postponed/continued hearings, impeach witnesses, etc. Transcripts from the Navasca and Harris cases were crucial in order to impeach regarding the ownership or control of Plaintiff, the mystery "Salt Marsh" trust that supposedly owned Plaintiff, etc.

6. Defendant asks the Court to take judicial notice that the witness Graham Syfert resides in Florida and that the $200 requested regarding his attendance is far below the amount permitted by statute and does not include hotel costs. Mr. Syfert was to testify regarding the authenticity of multiple documents as well as the audio records of John Steele's voice, explain the GoDaddy records, and other matters.

I declare under penalty of perjury that the foregoing is true and correct:

Signature: __/s/ Blair Chintella___   Date: _____8/10/2015_____

**Defendant hereby renews his objection under Fed. R. Civ. 59 in that if ECF #148 constitutes a final order/judgment that it be entered on a separate document, and reserves any right (if any) to re-file for costs once this is done. However, Defendant files this out of caution. The costs hereby requested are not a conclusive total of all costs…**