IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : NO. 2:12-cv-262-WCO |
| RAJESH PATEL, | : |
| Defendant. | : |

## ORDER

### I. Introduction

The court has before it for consideration defendant's bill of costs [151] and plaintiff's notice of objection to same [153]. On November 2, 2012, plaintiff filed suit alleging copyright infringement. Defendant failed to answer, and plaintiff moved for a clerk's entry of default. On March 1, 2013, however, defendant's counsel filed a notice of appearance and sought to set aside default. Thereafter, on March 18, plaintiff filed a notice of voluntary dismissal. Although technically closed at that time, the case proceeded for a determination on sanctions. In its order dated July 9, 2015, the court sanctioned plaintiff in the amount of $9,828.70 in attorney's fees payable to defendant and made plaintiff's counsel jointly and severally liable for $1,828.70 of that amount. Defendant now submits a bill of costs for review pursuant to 28 U.S.C. § 1920 and Local Rule (LR) 54.1.

In his bill of costs, defendant seeks expenditures related to (a) transcripts from various proceedings, (b) deposition fees, (c) a witness's fees, (d) subpoenas and process servers, and (e) copies and exemplifications. (Def.'s Bill of Costs, ECF No. 151.) Defendant has attached an affidavit verifying actual and necessary costs as required by 28 U.S.C. § 1924. (*See* Ex. 5 to Def.'s Bill of Costs, ECF No. 151-5.)

Plaintiff objects to defendant's bill on the following six grounds: (1) there has been no judgment in this case, (2) defendant's request constitutes an expense incident to attorney's fees pursuant to the Local Rules, (3) the expenses are not authorized by the Federal Rules of Civil Procedure, (4) the expenses are unnecessary, (5) defendant incurred no costs as a result of crowdfunding, and (6) defendant's bill of costs is frivolous and should be sanctioned.

**II.    Costs**

Rule 54 of the Federal Rules of Civil Procedure provides that district judges may award costs to the "prevailing party." FED. R. CIV. P. 54(d)(1); *see also* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."). A party "prevails" when it has been afforded *some* relief by the court. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 599, 603 (2001) (holding award of attorney's fees was inappropriate under a

"catalyst" theory). Likewise, a party need not win on all issues to justify an award of costs. *Fulton Fed. Sav. & Loan Ass'n of Atl. v. Am. Ins. Co.*, 143 F.R.D. 292, 294 (N.D. Ga. 1991).

That being so, Rule 54 does not give the district court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Rather, courts must limit costs awarded in this manner to those set forth in 28 U.S.C. § 1920 or other statutory provisions. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 427, 445 (1987). If costs are provided by statute, the court must inquire as to whether the items were necessarily obtained for use in the case and whether the party incurring the expense sought pretrial approval. *Fulton Fed. Sav. & Loan Ass'n of Atl.*, 143 F.R.D. at 295. Under § 1920, the district court may assess the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.

Any party challenging a cost bears the burden of proving it is unreasonable or unnecessary. *See Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) ("[T]he court should routinely award costs unless the other party can show a reason that the court should not award costs."). However, the burden shifts to the prevailing party to demonstrate the necessity of costs that are exclusively within the knowledge of that party. *See Daugherty v. Westminster Sch. Inc.*, 174 F.R.D. 118, 123–24 (N.D. Ga. 1997).

### III. Objections

The court construes plaintiff's first objection, regarding an entry of judgment, as an argument that defendant cannot be considered a prevailing party. As plaintiff points out, the case was closed on March 18, 2013. (Obj. To Def.'s Bill of Cost 1, ECF No. 153.) Before defendant filed his answer in this case, plaintiff sought voluntary dismissal under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, which does not require a court order. Although bare assertions in plaintiff's objections cite to none, there is authority suggesting that a voluntary dismissal under Rule 41(a)(1)(A)(ii) would not qualify a party as "prevailing." *See, e.g.*, *Tidwell v. Krishna Q Invs., LLC*, 935 F. Supp. 2d 1354, 1358–60 (N.D. Ga. 2012) ("A notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) does not constitute relief from the court on the merits of a claim or a judicial *imprimatur* altering the legal relationship between the parties . . . for the purpose of

4

an award of costs . . . ."); *Gibson v. Walgreen Co.*, No. 6:07-cv-1053-Orl-28KRS, 2008 WL 2607775, at *3 (M.D. Fla. July 1, 2008).

Notwithstanding this principle, a party *can* recover reasonable expenses in the preparation and filing of a motion to award sanctions. *See Sussman v. Salem, Saxon, & Nielsen, P.A.*, No. 91-776-CIV-T-17C, 152 F.R.D. 648 (M.D. Fla. Jan. 25, 1994). While there has been no judgment on the merits of the underlying copyright claim, defendant has clearly prevailed on his motion for sanctions. Accordingly, he can recover costs in preparation of that motion and hearings that followed.

Second, plaintiff asserts that recovering costs here is contrary to Local Rule 54.2A as an expense incident to attorney's fees. Plaintiff incorrectly characterizes this rule. Under the Local Rules, default procedures applying to the award of fees and accompanying expenses deal with costs "*not ordinarily allowable as taxable costs.*" LR 54.2A, NDGa (emphasis added). Plaintiff has not asserted that any of the items requested by defendant are of this variety. On the contrary, the costs requested here are categorically recognized as taxable in the course of litigation. *See* 28 U.S.C. § 1920.

Third, plaintiff cites Rule 54(d)(2)(E) to indicate that costs do not apply to an award of sanctions. Plaintiff ignores once again that 54(d)(2) provides instructions on how to seek attorney's fees and other *nontaxable* expenses. Rule 54(d)(1), as

discussed above, explains the recovery of taxable costs. Subparagraph (E) applies to attorney's fees, not taxable costs.

Fourth, plaintiff argues that defendant's claimed expenses were unnecessary. The court disagrees. Defendant has shown that the requested costs, including a subpoena of Paul Hansmeier, were necessary for uncovering interested parties and the larger scheme at issue in this case. The opportunity to depose these individuals and seek transcripts from proceedings in other jurisdictions was a necessary and reasonable cost in preparation of seeking sanctions. Moreover, the request associated with Tamaroff & Tamaroff, P.A. (to which plaintiff objects) is merely certified copies of state filings and not legal services.

Fifth, plaintiff contends that defendant has incurred no cost as a result of crowdfunding in this litigation. Evidence provided by plaintiff merely speculates as to how defendant is linked to crowdfunding and whether defendant has potentially reimbursed the contributors. Defendant has provided receipts, invoices, and checks for each requested cost. Costs materialized in this case, and they were paid as a result; the source of these funds is another matter. If plaintiff believes defendant has violated some ethics rule, that is an issue for another tribunal. Crowdfunding here does not affect the court's analysis on costs. *See Preston v. Bd. of Trustees of Chi. State Univ.*, No. 14 C 3423, 2015 WL 327369, at *4 (N.D. Ill. Jan. 26, 2015) ("Given plaintiffs' overall financial status, the fact that they were able to obtain a modest amount of

donated funds for the purpose of defraying their attorneys' fees and costs does not alter the fact that they are, and remain, indigent.").

Sixth, regarding frivolity, the court finds nothing to suggest defendant's bill of costs to be frivolous. Defendant prevailed on the issue of sanctions, and he should be allowed to recover necessary and reasonable costs incurred in pursuing them. Hence, plaintiff's objections are overruled.

Plaintiff bore the onus to properly object to these costs. *See Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). In spite of this fact, plaintiff filed its notice of objection in vain. The filing is nearly devoid of legal authority or analysis, and—short of the Hansmeier subpoena—it merely presents umbrella challenges to defendant's bill as a whole. Absent any meritorious objections before it, the court grants defendant's claimed costs.

## IV.  Conclusion

Defendant's bill of costs is hereby **GRANTED**. The clerk is **DIRECTED** to tax costs against plaintiff and in favor of defendant in the amount of $2075.28.

IT IS SO ORDERED, this 4th day of February, 2016.

                                          s/*William C. O'Kelley*
                                          William C. O'Kelley
                                          Senior United States District Judge